**The Office of**
**Minnesota Attorney General Keith Ellison**
helping people afford their lives and live with dignity, safety, and respect • www.ag.state.mn.us

November 23, 2022

The Honorable John R. Tunheim                                                                 Via ECF
United States District Judge, District of Minnesota
United States District Court
300 South Fourth Street
Minneapolis, MN 55415

   Re: *State of Minnesota v Fleet Farm LLC et al.*, Case No. 22-CV-02694

Dear Judge Tunheim:

  With the Court's permission, I write on behalf of the State of Minnesota to request that the Court stay Defendants' November 23, 2022 Motion to Dismiss (ECF No. 18) pending the Court's decision on the State's November 7, 2022 Motion to Remand to State Court (ECF No. 12).[1] Without a stay, the State would need to file a memorandum in opposition to Defendants' Motion to Dismiss by December 14, 2022, in accordance with District of Minnesota Local Rule 7.1(c) and Your Honor's Practice Pointers and Preferences. Further briefing on Defendants' Motion to Dismiss, however, would be both improper and wasteful.

  In the State's view, and as demonstrated in the State's Motion to Remand to State Court, this Court lacks jurisdiction over this matter. Thus, this Court should not be deciding Defendants' Motion to Dismiss. Jurisdiction is a threshold question for federal courts and must be decided before a court reaches the merits. *See Ex parte McCardle*, 74 U.S. 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."); *Roulo v. Keystone Shipping Co.*, No. 17-5538, 2018 WL 5619723, at *6 (D. Minn. Oct. 30, 2018) (stating that courts are "ordinarily required to resolve subject-matter jurisdiction issues before moving to the merits of the claim"); *Catholic Mutual Relief Society of America v. Arrowood Indemnity Company*, 334 F.Supp.3d 986, 992 (D. Minn. 2018) ("Federal

---

[1] On November 4, 2022, following Defendants' Notice of Removal and the parties' meet-and-confer call on the State's Motion to Remand, the State offered to further extend the deadline for Defendants to respond to the Complaint past November 23, 2022, but Defendants declined. *See* Ex. A at 2 ("[T]he State is not willing to extend the briefing schedule for the motion to remand, but the State would be amenable to considering further extending the deadline for Defendants to respond to the Complaint."). On November 21, 2022, when the parties met and conferred about Defendants' Motion to Dismiss, the State asked Defendants if they would agree to stay the motion, and they declined. Thus, Defendants are solely responsible for the timing and resource inefficiencies caused by filing a Motion to Dismiss today instead of waiting until the Court decides the State's Motion to Remand.

The Honorable John R. Tunheim
United States District Court
November 23, 2022
Page 2

courts have limited jurisdiction, and subject-matter jurisdiction is a threshold matter . . . ." (citing *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992)).

There is no question that the Court has full discretion to stay Defendants' Motion to Dismiss as the State requests. *See, e.g.*, *Sierra Club v. U.S. Army Corp of Engineers*, 446 F.3d 808, 816 (8th Cir. 2006) (explaining that a court has the inherent power and broad discretion to stay proceedings to control its docket, to conserve judicial resources, and to ensure that each matter is handled with economy of time and effort); *see also* D. Minn. L.R. 16.1(a) ("Each judge may prescribe any pretrial procedures that the judge deems appropriate and that are consistent with the Federal Rules of Civil Procedure and with these rules."); D. Minn. L.R. 40.1(b) ("Each judge independently schedules all matters.").

In evaluating whether to grant a stay, a court may consider multiple factors, including "conservation of judicial resources and the parties' resources, maintaining control of the court's docket, providing for the just determination of cases, and hardship or inequity to the party opposing the stay." *Frable v. Synchrony Bank*, 215 F. Supp. 3d 818, 821 (D. Minn. 2016). The relevant factors for evaluating a request to stay are easily satisfied here.

First, staying Defendants' motion to dismiss pending the Court's decision on the State's motion to remand would conserve judicial and party resources because unnecessary briefing would be avoided. The standards for deciding a motion to dismiss in federal court are different than the standards for deciding a motion to dismiss in Minnesota state court. That is because, in Minnesota state court, the plausibility pleading standard set forth in *Twombly* and clarified in *Iqbal* does not apply:

> We granted review in this case to decide a question of great interest and consequence to parties and their lawyers in civil cases: whether the plausibility standard announced in *Bell Atlantic Corp. v. Twombly* . . . and *Ashcroft v. Iqbal* . . . applies to civil pleadings in Minnesota state court. We conclude that it does not.

*Walsh v. U.S. Bank*, 851 N.W.2d 598 (Minn. 2014). Instead, "Minnesota is a notice-pleading state." *Id*. at 603. Thus, the standard for a motion to dismiss in Minnesota state court is different than the standard for a motion to dismiss in federal court: "A claim is sufficient against a motion to dismiss for failure to state a claim if it is possible on any evidence which might be produced, consistent with the pleader's theory, to grant the relief demanded." *Id*. at 604–05.

Defendants' Motion to Dismiss relies on the federal plausibility pleading standard that does not apply in Minnesota state court. *See, e.g.*, Fleet Farm Mem. (ECF No. 20) at 11 (page 2) (asserting that "the Attorney General has not stated plausible claims"); *id*. at 18 (page 9) (stating that, "[t]o survive a motion to dismiss, a complaint's allegations must be plausible"). Accordingly, addressing Defendants' Motion to Dismiss in this Court would necessarily utilize a standard that does not apply in Minnesota state court.

The Honorable John R. Tunheim
United States District Court
November 23, 2022
Page 3

      This distinction highlights the need to conserve party and judicial resources with a stay. If the Court grants the State's Motion to Remand, all of the time and effort put into Defendants' Motion to Dismiss in this Court will not be applicable and will need to be redone. On the other hand, deferring Defendants' Motion to Dismiss until and only if the Court denies the State's Motion to Remand does not prejudice or cause hardship to Defendants. Indeed, briefing by both sides in federal court on Fleet Farm's motion to dismiss will be for naught if and when the matter is remanded.

      Second, staying Defendants' motion to dismiss would comport with the Court's control over its docket. Indeed, the Court has already exercised this control *sua sponte*. On November 8, 2022, the Court stayed the entry of a pretrial scheduling order in this matter due to the State's pending Motion to Remand. *See* ECF No. 17 ("Due to the pending Motion to Remand to State Court 12 , the Court finds there is good cause to delay the entry of a pretrial scheduling order. The Court will schedule a pretrial conference, if needed, promptly after a decision is issued on the pending motion."). For the same reason, the Court should impose a similar, limited stay of Defendants' Motion to Dismiss.

      Third, staying Defendants' Motion to Dismiss pending the Court's decision on the State's Motion to Remand would be just given both the necessity of resolving subject matter jurisdiction before reaching the merits, as demonstrated above, and the likelihood that the State will prevail on its Motion to Remand. Defendants bear the steep burden of proving that the State's claims under Minnesota law satisfy the multi-factor *Grable* test or that the State's *parens patriae* lawsuit is somehow a class action, in spite of much caselaw to the contrary. Justice dictates that the State's Motion to Remand be decided before the underlying litigation proceeds.

      Fourth, requiring wasteful briefing would impose an unnecessary hardship on the State. As explained above, because the standards for deciding a motion to dismiss in federal and state court are different, briefing in this Court would need to be redone in State court.

      In conclusion, a stay of Defendants' Motion to Dismiss is well grounded and would conserve resources. The State requests that the Court stay further proceedings in this case, including Defendants' Motion to Dismiss, pending the Court's ruling on the State's Motion to Remand.

Sincerely,

/s/ Katherine A. Moerke
KATHERINE A. MOERKE
Assistant Attorney General

(651) 728-7174 (Voice)
katherine.moerke@ag.state.mn.us

cc: All counsel of record