## Katherine Moerke

| | |
|---|---|
| **From:** | Katherine Moerke |
| **Sent:** | Thursday, November 10, 2022 1:21 PM |
| **To:** | Davis, Andrew W.; Noteboom, Todd |
| **Cc:** | Markowitz, Sharon; Leiendecker, Andrew P.; Eric Maloney; Jason Pleggenkuhle; Deborah Poole |
| **Subject:** | RE: Minnesota v. Fleet Farm - State's Motion to Remand |

Andy,

As I indicated in my November 4, 2022, email, the State of Minnesota does not agree to an extension of the deadline for Defendants' response to the State's Motion to Remand. Extending the briefing schedule would further delay this matter, especially in light of December holidays, and extending the deadline is unnecessary.

Although the deadline falls on Monday, November 28, 2022, Defendants may file their briefing before that deadline and before Thanksgiving. Moreover, because the State's Motion to Remand is the direct result of Defendants' Notice of Removal, the State's Motion addresses the assertions and arguments first raised by Defendants in that 26-page document. Indeed, you and Todd emphasized the thoroughness of Defendants' Notice of Removal when we met and conferred. Thus, Defendants should have sufficient time to address the State's positions on the very issues first raised by Defendants, whether Defendants file a responsive memorandum in advance of the November 28 deadline or not.

Sincerely,
Katie

---

**From:** Davis, Andrew W. <andrew.davis@stinson.com>
**Sent:** Wednesday, November 9, 2022 4:51 PM
**To:** Katherine Moerke <Katherine.Moerke@ag.state.mn.us>; Noteboom, Todd <todd.noteboom@stinson.com>
**Cc:** Markowitz, Sharon <sharon.markowitz@stinson.com>; Leiendecker, Andrew P. <andrew.leiendecker@stinson.com>; Eric Maloney <Eric.Maloney@ag.state.mn.us>; Jason Pleggenkuhle <Jason.Pleggenkuhle@ag.state.mn.us>; Deborah Poole <Deborah.Poole@ag.state.mn.us>
**Subject:** RE: Minnesota v. Fleet Farm - State's Motion to Remand

Hi Katie,

We'd like an additional week for the deadline to file our brief in opposition to the State's motion to remand. The current deadline for the brief falls on the Monday immediately after the Thanksgiving holiday. In light of the long holiday weekend, we would appreciate the professional courtesy of one additional week to file the response brief. We are of course happy to extend a similar courtesy to you in light of the upcoming holidays in November and December.

Please advise - thanks very much.

Andy

**Andrew W. Davis**
Partner
Pronouns: He/Him

Exhibit A

STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Direct: 612.335.1556  \  Bio

Assistant: MPL.LSSTeam2@stinson.com  \  612.335.1966

**STINSON.COM**
This communication (including any attachments) is from a law firm and may contain confidential and/or privileged information.  If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.

**From:** Katherine Moerke <Katherine.Moerke@ag.state.mn.us>
**Sent:** Friday, November 4, 2022 9:50 AM
**To:** Davis, Andrew W. <andrew.davis@stinson.com>; Noteboom, Todd <todd.noteboom@stinson.com>
**Cc:** Markowitz, Sharon <sharon.markowitz@stinson.com>; Leiendecker, Andrew P. <andrew.leiendecker@stinson.com>; Eric Maloney <Eric.Maloney@ag.state.mn.us>; Jason Pleggenkuhle <Jason.Pleggenkuhle@ag.state.mn.us>; Deborah Poole <Deborah.Poole@ag.state.mn.us>
**Subject:** Minnesota v. Fleet Farm - State's Motion to Remand

**External Email – Use Caution**

Dear Andy and Todd,

I am following up about our meet-and-confer call on Wednesday, November 2, regarding the State of Minnesota's motion to remand to state court. We understand that Defendants oppose the motion.

You asked about a briefing schedule for the motion and whether the State considers the motion to remand to be a dispositive or non-dispositive motion under District of Minnesota Local Rule 7.1. The State considers the motion to remand to be a dispositive motion. The State's position is in accord with Judge Tunheim's decision in the Exxon case as well as every federal court of appeals that has considered the issue. *See Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 762-65 (5th Cir. 2016) ("We therefore join the uniform view of the courts of appeals that have considered this question and hold that a motion to remand is a dispositive matter . . . ."); *Flam v. Flam*, 788 F.3d 1043, 1046–47 (9th Cir. 2015); *Williams v. Beemiller, Inc.*, 527 F.3d 259, 266 (2d Cir.2008); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995–96 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142, 145–46 (3d Cir. 1998); *State of Minnesota v. American Petroleum Institute, Exxon Mobil Corp. et al*., Civil No. 20-1636, slip. op. at 30-32 (D. Minn. March 31, 2021). Thus, under Judge Tunheim's Practice Pointers and Local Rule 7.1, Defendants' response to the State's motion will be due 21 days after the State files its moving papers, and the State's reply brief will be due 14 days after Defendants file their response to the motion. The State anticipates filing the motion to remand early next week.

As we discussed during our call on Wednesday, the State is interested in moving this action forward promptly, especially given the delay caused by Defendants' Notice of Removal. Accordingly, the State is not willing to extend the briefing schedule for the motion to remand, but the State would be amenable to considering further extending the deadline for Defendants to respond to the Complaint.

Sincerely,
Katie

Office of the Minnesota Attorney General Disclaimer: This e-mail is intended to be read only by the intended recipient. This e-mail may be legally privileged or protected from disclosure by law. If you are not the intended recipient, any dissemination of this e-mail or any attachments is strictly prohibited, and you should refrain from reading this e-mail or examining any attachments. If you received this e-mail in error, please notify the sender immediately and delete this e-mail and any attachments. Thank you.