

Todd Noteboom
**PARTNER**
DIRECT: 612.335.1894
OFFICE: 612.335.1500

todd.noteboom@stinson.com

November 30, 2022

**Via ECF**

The Honorable John R. Tunheim
United States District Court for the District of Minnesota
300 South Fourth Street
Minneapolis, MN 55415

Re:   *State of Minnesota by its Attorney General, Keith Ellison v. Fleet Farm LLC, et al.*,
      Case No. 22-cv-02694 (JRT/JFD)

Dear Judge Tunheim:

With the Court's permission, I write in response to the State of Minnesota, by Attorney General Keith Ellison's ("Attorney General") November 23, 2022 letter informally requesting that the Court stay consideration of Defendants Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC's ("Fleet Farm") motion to dismiss, and all corresponding deadlines, pending a ruling on the Attorney General's remand motion. *See* ECF Doc. 24 at 1. The Attorney General's letter should be stricken because it is procedurally improper, but if the Court elects to consider the merits of the letter, the Attorney General's request for a stay should be denied because the Attorney General has not demonstrated that a stay is warranted.

   **1.   The Attorney General's letter requesting a stay is procedurally improper.**

The Court should strike the Attorney General's letter because it is procedurally improper. Federal Rule of Civil Procedure 7(b) is unambiguous that "[a] request for a court order ***must be made by motion***." Fed. R. Civ. P. 7(b) (emphasis added). Requests to fully or partially stay a proceeding must be brought in the form of a nondispositive motion. *E.g.*, *Lisa W. v. Kijakazi*, 2022 WL 4289040, at *7 (D. Minn. July 20, 2022) (rejecting "letter requesting that th[e] Court issue a stay" because a "request for a court order to stay proceedings must be made by motion" (cleaned up)); *Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, 2019 WL 1058241, at *1 (D. Minn. Mar. 6, 2019) (explaining stay motions are "nondispositive motions"); *Pioneer Power, Inc. v. St. Paul Park Refining Co.*, 2019 WL 446568, at *2 (D. Minn. Feb. 5, 2019) (same); 32 Am. Jur. 2d Fed. Courts § 129 (2d ed. Nov. 2022) (same); *see also* D. Minn. L.R. 7.1(b). The Attorney General's letter to the

The Honorable John R. Tunheim
November 30, 2022
Page 2

Court does not satisfy Local Rule 7.1(b)'s requirements for bringing a nondispositive motion. *See* D. Minn. L.R. 7.1(b)(1).[1]

Accordingly, the Attorney General's letter should be stricken, and the Court should not consider the Attorney General's informal stay request unless and until it has been presented in its proper form as a nondispositive motion. *E.g.*, *Kan. Pub. Emps. Retirement Sys. v. Reimer & Koger Assocs.*, 165 F.3d 627, 630 (8th Cir. 1999) (affirming district court's conclusion that a "letter to the district court seeking the opportunity to brief" an issue did not satisfy Rule 7); *Biron v. Carvajal*, 2021 WL 3047250, at *20 n.23 (D. Minn. July 20, 2021) (concluding it was improper to request a magistrate judge "reconsider" a decision by letter), *aff'd*, 2022 WL 2288534 (8th Cir. June 24, 2022). Put simply, "[t]he Federal Rules dictate the appropriate type of pleadings, including how motions are to be filed with the court," and "[l]etters addressed to the court do not qualify as a motion." *Davis v. Phui*, 2022 WL 453561, at *1 (E.D. Cal. Feb. 14, 2022); *see also, e.g.*, *Laughlin v. Stuart*, 2021 WL 689502, at *5 (D. Minn. Feb. 23, 2021) ("Letter requests … are not formal motions ….").

> **2.     If the Court elects to consider the Attorney General's letter, the Attorney General has not demonstrated that a stay of Fleet Farm's motion to dismiss is warranted.**

As evidenced by the Attorney General's letter (and this response), the issue of whether to stay Fleet Farm's motion to dismiss is not amenable to informal letter submissions, and instead deserves to be addressed through formal motion practice and a hearing, as required by the Federal and Local Rules. But if the Court elects to consider the merits of the Attorney General's letter, the request to stay the motion to dismiss should be denied.

The Attorney General "bears the burden of establishing its need" for a stay. *Parada v. Anoka Cnty.*, 2020 WL 6488794, at *2 (D. Minn. Nov. 4, 2020) (cleaned up). Relevant factors to the stay analysis include "conservation of judicial resources and the parties' resources, maintaining control of the court's docket, providing for the just determination of cases, and hardship or inequity to the party opposing the stay." *Id.* (citation omitted). For four main reasons, the Attorney General has failed show a stay is warranted.

***First***, the Attorney General is wrong to suggest a stay would "conserve judicial and party resources." ECF Doc. 24 at 2. Tellingly, this argument is a reversal from the rationale the Attorney General articulated for refusing to give Fleet Farm even a modest extension on the briefing deadline for its remand opposition. The Attorney General initially cited an "interest[] in moving this action forward promptly" as the reason for "not [being] willing to extend the briefing schedule for the motion to remand"—irrespective of the fact that Fleet

---

[1] Nor has the Attorney General complied with Local Rule 7.1(a)'s requirement to file a meet-and-confer statement alongside its stay request. *See* D. Minn. L.R. 7.1(a)(1).

The Honorable John R. Tunheim
November 30, 2022
Page 3

Farm's opposition brief was due the Monday after Thanksgiving and, "[i]n light of the … holiday weekend," Fleet Farm sought just "one additional week" to file the opposition. ECF Doc. 24-1 at 1-2. By abandoning this rationale, the Attorney General tacitly concedes its own requested stay would inhibit this action "moving … forward promptly," whether in federal or state court, by creating a lengthy delay in the completion of briefing on and consideration of Fleet Farm's motion to dismiss.

The Attorney General's argument also collapses under scrutiny. At bottom, the Attorney General argues "judicial and party resources" would be wasted because "[t]he standards for deciding a motion to dismiss in federal court are different than the standards for deciding a motion to dismiss in Minnesota state court." ECF Doc. 24-1 at 2. Although it is true that the Rule 12 standards differ between Minnesota and federal courts, the Attorney General's argument has no merit here: regardless whether the motion to dismiss is assessed under the federal or Minnesota Rule 12 standard, the Attorney General's complaint fails for the same reasons. With one minor exception, the *Twombly* plausibility standard is not implicated by Fleet Farm's motion to dismiss. Instead, the motion is based almost entirely on the procedural and elemental barriers to the Attorney General's claims. *See* ECF Doc. 20 at 9-21, 22-32.[2] These barriers are not dependent on *Twombly*'s application, and turn instead on the Attorney General's claims being preempted by federal law and/or premised on legal theories that are invalid as a matter of law. *See id.* Under either Rule 12 standard, the arguments for why these issues bar the Attorney General's claims will be the same, and dismissal is appropriate. *E.g.*, *Johnson v. U.S. Bancorp*, 2003 WL 22015838, at *2 (Minn. Ct. App. Aug. 26, 2003) (explaining a complaint should be dismissed if it does not "set forth a legally sufficient claim for relief").

Accordingly, staying the motion to dismiss will not allow the parties to avoid "unnecessary briefing"—it will merely allow the Attorney General to delay its briefing on legal arguments that have and will be raised regardless of whether the motion to dismiss is heard by this Court or a state court. Numerous courts—**including this Court**—have required motions to dismiss to be briefed and argued while a remand motion is pending. *See, e.g.*, *Protégé Biomedical, LLC v. Duff & Phelps Sec., LLC*, 2020 WL 5798516, at *8 (D. Minn. Sept. 29,

---

[2] The only argument in Fleet Farm's motion to dismiss that implicates the federal plausibility standard is Fleet Farm's one-paragraph argument that an alternative basis for dismissing the Attorney General's aiding-and-abetting claim is that the complaint alleges *zero* facts suggesting Fleet Farm had *actual* knowledge that Elwood or Horton were straw purchasers, it contains only legal conclusions. *See* ECF Doc. 20 at 21; ECF Doc. 1-1 ¶¶ 4, 36, 99. But even under Minnesota's Rule 12 standard, the complaint's silence on this issue is fatal to the aiding-and-abetting claim. *E.g.*, *Peterson v. Clark Lake Homes, Inc.*, 2022 WL 16910578, at *2 (Minn. Ct. App. Nov. 14, 2022) (explaining Minnesota state courts "are not bound by legal conclusions set forth in a complaint").

2020) (Tunheim, J.) (evaluating motion to remand before motion to dismiss and then explaining that "[b]ecause the remaining parties are completely diverse, the Court has subject matter jurisdiction and will decide [the defendants'] Motion to Dismiss"), *aff'd*, 2022 WL 1008281, at *1 (8th Cir. Apr. 2022); *Shepherd v. Baptist Health*, 916 F. Supp. 2d 891, 899-900 (E.D. Ark. 2012) (order simultaneously denying motion to remand and granting motion to dismiss); *Valdez v. Metro. Prop. & Cas. Ins. Co.*, 2012 WL 1132408, at *1 (D.N.M. Mar. 21, 2012) ("Because the Court committed to deciding the Motion to Remand before it decides the motions to dismiss or for summary judgment, and because there is no sound reason for the Plaintiffs to delay briefing on these motions-which would need to be decided whether the case remained in federal court or whether the Court remanded the case to state court-the Court will deny the Motion[s] to Stay ….").

**Second**, the Attorney General's statement that jurisdictional issues should be resolved before merits issues is true, but irrelevant. *See* ECF Doc. 24 at 3. The rule that subject-matter jurisdiction should be resolved before the merits means only that when dealing simultaneously with jurisdictional and merits issues, the Court should address the jurisdictional issues first, before proceeding (if necessary) to the merits issues. *E.g.*, *Gisairo v. Lenovo (U.S.) Inc.*, 516 F. Supp. 3d 880, 886, 894 (D. Minn. 2021) (explaining "[a]s a jurisdictional prerequisite, standing must be established before reaching the merits of a lawsuit," and partially dismissing motion to dismiss on the merits after concluding plaintiff had standing).

In the interest of judicial efficiency, this Court should—as it has done in other cases—hold a combined hearing on the Attorney General's remand motion and Fleet Farm's motion to dismiss. *E.g.*, *Protégé Biomedical, LLC*, 2020 WL 5798516, at *8.³ If the Court grants the Attorney General's remand motion, it need not address Fleet Farm's motion to dismiss. *See Saunders v. Countrywide Home Loans of Minn., Inc.*, 548 F. Supp. 2d 692, 694 (D. Minn. 2008) (granting remand motion and dismissing motion to dismiss as moot). But if the Court denies the Attorney General's remand motion, the ability to simultaneously address and resolve Fleet Farm's motion to dismiss will preserve and promote the Court's and the parties' resources by ensuring an efficient and expedient resolution of all threshold issues in this litigation. *E.g.*, *Wesenberg v. Zimmerman*, 2002 WL 1398539, at *1 (D. Minn. June 24, 2002) (simultaneously denying motion to remand and granting motion to dismiss).

**Third**, the Attorney General has identified no "unnecessary hardship." ECF Doc. 24 at 3. There is plainly no hardship here. The Attorney General has staffed this case with at least four assistant and deputy attorneys general, and in light of the upcoming holidays, Fleet

---

³ In *Protégé Biomedical*, this Court held a combined hearing regarding the plaintiff's remand motion and the defendants' motion to dismiss. *See* Case No. 0:19-cv-03152, ECF Doc. 45 (D. Minn. Apr. 29, 2020).

The Honorable John R. Tunheim
November 30, 2022
Page 5

Farm is happy to accommodate a reasonable extension of time for the Attorney General to prepare a brief in opposition to the motion to dismiss (as it has already conveyed to the Attorney General, *see* ECF Doc. 24-1 at 1). *E.g.*, *Fazio v. Fed. Home Loan Mortg. Corp.*, 2014 WL 6685214, at *2 (E.D. Cal. Nov. 25, 2014) (concluding plaintiffs did not show hardship based on the fact that they would need to simultaneously brief their motion to remand and a response to defendants' motion to dismiss). The only "hardship" identified by the Attorney General is that "the standards for deciding a motion to dismiss in federal and state court are different." ECF Doc. 24 at 3. But as discussed, the standards for deciding *this* motion to dismiss—with the exception of a minor, one-paragraph alternative argument—will be identical whether it is decided in federal or state court. Thus, if this case is remanded to state court, any briefing completed by the Attorney General in federal court may be reused in near entirety.

On the flip side, Fleet Farm would suffer hardship if its motion to dismiss is stayed. Fleet Farm is entitled to contest the allegations in the Attorney General's complaint, and should not be forced to sit by idly while those allegations fester in the public domain. Indeed, the Attorney General referenced this action in public statements on at least six occasions in October alone.[4] The motion-to-dismiss briefing and hearing is Fleet Farm's first and only current opportunity to explain why the Attorney General's allegations are flawed, and completing briefing on the motion now will ensure Fleet Farm's motion is considered and decided as expeditiously as possible.

***Fourth***, the Court's interest in controlling its own docket does not countenance a stay here. *See* ECF Doc. 24 at 3. The Attorney General cannot identify any reason why requiring the parties to complete motion-to-dismiss briefing while the remand motion is pending will impact the Court's ability to manage its docket or consume significant judicial resources. On the contrary, this Court has already adjudged that its own interests do not warrant a stay.

---

[4] *See* WDIO, *Live: Debate Night in Minnesota*, YouTube at 41:36 (Oct. 23, 2022), https://www.youtube.com/watch?v=4K6ODm3GFyw; Almanac, *Minnesota Attorney General Candidates Debate Live*, TPT at 5:30, 20:00 (Oct. 21, 2022), https://www.tpt.org/almanac/video/minnesota-attorney-general-candidates-debate-live-39766/; WCCO Radio, *WCCO MN AG Debate*, YouTube at 9:39, 45:00, 1:18:00 (Oct. 17, 2022), https://www.youtube.com/watch?v=z5itz5r0i4M; Fox 9 Minneapolis-St. Paul, *Minnesota Attorney General debate hosted by MPR*, YouTube at 14:54, 18:51 (Oct. 14, 2022), https://www.youtube.com/watch?v=-4hkxKwlKuw; Fox 9 Minneapolis-St. Paul, *Keith Ellison sues Fleet Farm over alleged involvement in gun trafficking*, YouTube (Oct. 5, 2022), https://www.youtube.com/watch?v=7jvJqqNNtsE; The Office of Minnesota Attorney General Keith Ellison, *Attorney General Ellison sues Fleet Farm for negligently selling firearms to straw purchasers* (Oct. 5, 2022), https://www.ag.state.mn.us/Office/Communications/2022/10/05_FleetFarm.asp.

The Honorable John R. Tunheim
November 30, 2022
Page 6

On November 8, Magistrate Judge Docherty entered a text order "find[ing] there is good cause to delay the entry of a pretrial scheduling order" due to the Attorney General's remand motion, but declining to stay Fleet Farm's deadline to file a responsive pleading.  *See* ECF Doc. 17; *see also, e.g.*, *Scher v. Bureau of Prisons*, 2020 WL 2097618, at *1 (D. Minn. May 1, 2020) (recognizing magistrate judge's "discretionary authority" to modify responsive-pleading deadline).

*   *   *

The Attorney General has sought a stay through a procedurally improper method, and has proffered no valid justification for staying the motion to dismiss pending a ruling on the remand motion.  On the contrary, the interests of efficiency and moving forward with this litigation promptly favor completing motion-to-dismiss briefing now, so that this Court (or a state court) may immediately consider and resolve that motion following a decision on the remand motion.

Dated:  November 30, 2022

Respectfully submitted,

*/s/ Todd A. Noteboom*
Todd A. Noteboom (#0240047)
Andrew W. Davis (#0386634)
Sharon R. Markowitz (#0392043)
Andrew P. Leiendecker (#0399107)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
todd.noteboom@stinson.com
andrew.davis@stinson.com
sharon.markowitz@stinson.com
andrew.leiendecker@stinson.com

**ATTORNEYS FOR DEFENDANTS**

cc:   All Counsel of Record