UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| State of Minnesota by its Attorney General, Keith Ellison, | Civil No: 22-CV-02694 (JRT/JFD) |
| Plaintiff, | |
| vs. | **DECLARATION OF ERIC J. MALONEY IN SUPPORT OF THE STATE'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| Fleet Farm LLC (f/k/a Mills Fleet Farm LLC), Fleet Farm Group LLC (f/k/a Mills Fleet Farm Group LLC), and Fleet Farm Wholesale Supply Co. LLC (f/k/a Fleet Wholesale Supply Co. LLC), | |
| Defendants. | |

I, ERIC J. MALONEY, declare as follows:

1.  I am an Assistant Attorney General licensed to practice law in the State of Minnesota. I am one of the attorneys representing the State of Minnesota in the above-captioned matter and am familiar with the facts underlying this action.

2.  Attached as **Exhibit A** is a true and correct copy of Order, *City of Kansas City, Missouri v. Jimenez Arms*, *Inc. et al.*, Case No. 2016-CV00829 (Mo. Cir. Ct. Nov. 17, 2022).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 14, 2022, in St. Paul, Minnesota.

/s/ Eric J. Maloney
ERIC J. MALONEY

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | |
|---|---|
| **CITY OF KANSAS CITY, MISSOURI,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | Case No. 2016-CV00829 |
| v. ) | Division 9 |
| ) | |
| ) | |
| **JIMENEZ ARMS, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

FILED
DIVISION 9
17-Nov-2022  10:27
CIRCUIT COURT OF JACKSON COUNTY, MO
BY Jennifer Johnson

## ORDER

Pending before the Court is CR Sales Firearms, LLC's ("CR Sales") Motion for Summary Judgment. For the following reasons, the Motion is denied in part and granted in part.

### Background

On January 7, 2020, the City of Kansas City, Missouri ("the City") filed a Petition against Jimenez Arms, Inc. ("Jimenez Arms"), James Samuels ("Samuels"), Iesha Boles ("Boles"), Herb William Butzbach III ("Butzbach"), Suzette Nelson ("Nelson"), and CR Sales, bringing claims arising from an alleged "unlawful scheme to traffic pistols into the Kansas City, Missouri area." More specifically, the City alleged claims of Public Nuisance, Negligent Entrustment, Negligence, Negligence Per Se, and Civil Conspiracy against all the Defendants. CR Sales filed the pending summary judgment motion arguing all of the City's claims against it fail as a matter of law. The City opposes the motion.

### Standard

Summary judgment is appropriate when the moving party demonstrates there is no genuine issue of material fact and is therefore entitled to judgment as a matter of law. *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 664 (Mo. 2009). A genuine issue of material fact must be real

1

Exhibit A

and substantial and cannot merely be made up of conjecture, theory and possibility. *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 378 (Mo. 1993). A defending party is entitled to summary judgment if "the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements." *Id*. at 381.

Analysis

CR Sales first argues the City is statutorily prohibited from bringing this lawsuit by Missouri law. Missouri Statute Section 21.750 provides:

> No county, city, town, village or any other political subdivision nor the state shall bring suit or have any right to recover against any firearms or ammunition manufacturer, trade association or dealer for damages, abatement or injunctive relief resulting from or relating to the lawful design, manufacture, marketing, distribution, or sale of firearms or ammunition to the public.

Mo. Stat. § Section 21.750.5. CR Sales relies on *City of St. Louis v. Cernicek* in support of its position that all of the City's claims against it must be dismissed pursuant to the statute. 145 S.W.3d 37, 38 (Mo. Ct. App. 2004). However, *Cernicek* focused on whether "tortious" and "unlawful" were interchangeable in the context of the statute's language. *Id.* at 43. Relying on statutory interpretation rules, the court found they were not, and held the statute "only prohibits suits relating to the 'unlawful' design, manufacturing, marketing, distribution, and sale" of firearms or ammunition and declined to apply tort theories of liability to the "significantly regulated industry of manufacturers, distributors, and dealers of firearms." *Id.* at 42-43. The City's allegation that CR Sales' actions were "unlawful" in violation of firearms statutes and regulations brings the claims within the suits permitted by the statute. Thus, CR Sales' motion is denied on that point.

CR Sales next argues the Protection of Lawful Commerce in Arms Act ("PLCAA") confers "qualified civil immunity" that preempts the City's lawsuit. The PLCAA "prohibit[s] causes of action against manufacturers, distributors, dealers, and importers of firearms or ammunition products, . . . for the harm solely caused by the criminal or unlawful misuse of firearm products by others when the product functioned as designed and intended." 15 U.S.C. § 7901(b)(1). The parties agree the lawsuit and CR Sales fall within the purview of the PLCAA and instead focus the argument on the exceptions provided in the statute: the "predicate exception," the negligent entrustment exception, and the negligence per se exception. *Id.* at § 7903(5)(A)(iii).

The PLCAA predicate exception allows a plaintiff to bring a case against a FFL[1] that has knowingly violated gun laws:

> The term 'qualified civil liability action' . . . shall not include an action in which a manufacturer or seller of a qualified product knowingly violated a State or Federal statute applicable to the sale or marketing of the product, and the violation was a proximate cause of the harm for which relief is sought . . . .

15 U.S.C. at § 7903(5)(A)(iii). CR Sales advocates the dismissal of the City's civil conspiracy, negligence, and public nuisance claims because state tort law is preempted. It further argues these common law causes of action are not premised on the violation of a statute applicable to the sale or marketing of firearms or ammunition and if permitted to proceed, the predicate exception would "swallow the entirety of the statute."

A "predicate statute" is a statute that is "applicable to the sale or marketing of [firearms or ammunition]." 12 U.S.C. § 7903(5)(A)(iii). The City has alleged CR Sales violated numerous statutes and regulations, and CR Sales contends the statutory violations 18 U.S.C. § 2 (aiding and

---

[1] Federal Firearms Licensee.

3

abetting) and 18 U.S.C. § 371 (conspiracy)[2] and regulatory violations (27 C.F.R. §§ 478.29 (Out-of-State acquisition of firearms by nonlicensees), 478.99(a) (Certain prohibited sales or deliveries), 478.123(b) (Records maintained by manufacturers), 478.123(d) (Records maintained by manufacturers), and 478.124 (Firearms transaction record)) cannot serve as predicate statutes.

As noted by CR Sales, the only two federal circuit courts addressing the application of general statutes in the context of the PLCAA—the Second and Ninth Circuits—held that statutes of general applicability, that are wholly unrelated to the sale or marketing of firearms, cannot serve as predicate statutes. *See City of New York*, 524 F.3d 384, 403 (2nd Cir. 2008); *Ileto v. Glock, Inc.*, 565 F.3d 1126, 1136 (9th Cir. 2009). However, regarding the regulatory violations, as argued by the City, Congress made it a crime to violate record-keeping regulations. 18 U.S.C. § 922(m). Courts have found a statutory violation when such regulations are not followed. *See, e.g.*, *Shawano Gun & Loan, LLC v. Hughes*, 650 F.3d 1070 (7th Cir. 2011); *Corporan v. Wal-Mart Stores E., LP*, No. 16-2305-JWL, 2016 U.S. Dist. LEXIS 93307 (D. Kan. July 18, 2016). And, Courts have found alleged regulatory violations satisfied the predicate exception. *Chiapperini v. Gander Mountain Co., Inc.*, 48 Misc. 3d 865, 13 N.Y.S.3d 777, 787 (N.Y. Sup. Ct. 2014); *see also Williams v. Beemiller, Inc.*, 100 A.D.3d 143, 952 N.Y.S.2d 333, 339 (N.Y. App. Div. 2012). The violations alleged here can therefore satisfy the predicate exception.

Thus, because the Court finds the predicate exception applicable to this action, there is no need to engage in a claim-by-claim analysis.[3] *See Corporan*, 2016 U.S. Dist. LEXIS 93307 at *13-14 n.4 (approach consistent with statute language); *Chiapperini*,13 N.Y.S.3d at787 ("as long as one PLCAA exception applies to one claim, the entire action continues"); *Williams*, 952

---

[2] The City no longer relying on 18 U.S.C. § 4.
[3] The Court also finds the negligent entrustment exception applicable here as noted below.

N.Y.S.2d 333  (finding one applicable PLCAA exception and permitting entire case to go forward without addressing other exceptions as to remaining claims). CR Sales' summary judgment must be denied on this point as well.

CR Sales next claims the City cannot establish, as a matter of law, CR Sales acted "knowingly," relying on Missouri's definition of "knowingly." Mo. Rev. Stat. § 562.016.3 ("A person 'acts knowingly', or with knowledge, (1) With respect to his conduct or to attendant circumstances when he is aware of the nature of his conduct or that circumstances exist; or (2) with respect to a result of his conduct when he is aware that his conduct is practically certain to cause that result."). When applying a federal statute, the Court must rely on federal court decisions interpreting that law. "Decisions of the United States Supreme Court interpreting federal statutes are binding on Missouri courts." *Hatfield v. Cristopher*, 841 S.W.2d 761, 767 (Mo. Ct. App. 1992) (citation omitted); *see also Wimberly v. Labor & Indus. Relations Com.*, 688 S.W.2d 344, 347 (Mo. 1985) ("[T]he courts of this state [Missouri] are bound to follow only our Supreme Court's decisions interpreting the federal Constitution and federal statutes."). Further, disputed facts remain as to whether CR Sales acted "knowingly," and therefore, summary judgment cannot be granted.

CR Sales then turns to the City's negligence per se claims arguing they fail as a matter of law because the City failed to establish a statutory duty or standard of care CR Sales allegedly violated.[4] "[A] properly pleaded negligent entrustment claim against a seller of firearms . . . is recognized in Missouri common law and falls within the exceptions to PLCAA preemption." *Elkins v. Acad. I, LP*, 633 S.W.3d 529, 534 (Mo. Ct. App. 2021) (citation omitted). However, to

---

[4] CR Sales acknowledges negligence per se and negligent entrustment claims are exceptions to the PLCAA. 15 U.S.C. § 7903(5)(A)(ii).

maintain a negligence per se cause of action, the statute at issue must be a statute upon which negligence per se may be premised. *See Lowdermilk v. Vescovo Bldg. & Realty Co.*, 91 S.W.3d 617, 628-29 (Mo. Ct. App. 2002). The court in *Elkins* made clear a plaintiff "cannot rely on federal criminal statutes related to the sale of firearms and ammunition as establishing a duty or standard of care for a negligence per se claim in Missouri's state courts." 633 S.W.3d at 539. Because the City has not identified a statute establishing a duty, CR Sales' summary judgment must be granted as to its negligence per se claim.[5]

Finally, CR Sales argues the City's negligent entrustment claim fails because the City cannot establish elements of the claim as a matter of law. Under Missouri law, to establish a prima facie case of negligent entrustment, the City must prove: "(1) the entrustee was incompetent by reason of age, inexperience, habitual recklessness or other; (2) the entrustor knew or should have known of the entrustee's incompetence; (3) there was entrustment of the chattel; and (4) the negligence of the entrustor concurred with the conduct of the entrustee to cause the plaintiff's injuries." *See Elkins*, 633 S.W.3d at 534 (quoting *Matysyuk v. Pantyukhin*, 595 S.W.3d 543, 549 (Mo. Ct. App. 2020)). CR Sales maintains the City cannot show the existence of an "incompetent entrustee." However, after review of the City's Petition, the Court finds it has properly alleged a negligent entrustment claim and CR Sales does not dispute Samuels was a firearms trafficker. The Court cannot find Samuels was not an "incompetent entrustee" as a matter of law. CR Sales also contends the City cannot establish CR supplied chattel to an incompetent party. But, there is evidence CR Sales had control over the guns at issue and transferred them to Samuels even though it knew it could refuse to transfer a firearm. *See Lockhart v. Carlyle*, 585 S.W.3d 310, 314 (Mo. Ct. App. 2019) (entrustor has

---

[5] The City also argues because it is a political entity, *Elkins* does not apply in this case, but the City has provided no legal support for this proposition.

"dominion" over an object "either through an ownership interest . . . or by her authority to control its use."). CR Sales' motion must be denied on this basis as well.

For the foregoing reasons, it is hereby

ORDERED CR Sales Firearms, LLC's Motion for Summary Judgment is granted in part and denied in part. The City of Kansas City, Missouri's negligence per se claim is dismissed with prejudice.

**IT IS SO ORDERED.**

| | |
|---|---|
| November 17, 2022 | *JoelFahnstock* |
| Date | **HONORABLE JOEL P FAHNESTOCK** |

**CERTIFICATE OF SERVICE**
I hereby certify that notice of the above and foregoing was sent through the Court's e-filing system to all attorneys of record on this 17th day of November, 2022. Copies of the above were also mailed to:

HERB BUTZBACH III, Defendant acting pro se, 1214 Linn Street, North Kansas City, Missouri 64116

*Jennifer Johnson*
Law Clerk, Division 9