UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| State of Minnesota by its Attorney General, Keith Ellison,<br><br>      Plaintiff,<br><br>  v.<br><br>Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC,<br><br>      Defendants. | Case No.:  22-cv-02694 (JRT/JFD) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................... 1

    I.    Four of the AGO's claims are preempted ............................................ 1

    II.   The negligence claim lacks a viable common-law duty ..................... 4

    III.  The cited statutes cannot support the negligence per se and aiding-and-abetting claims ................................................................................... 5

    IV.  The aiding-and-abetting "theory" is not alleged plausibly ................. 7

    V.   The negligent-entrustment theory fails ............................................... 8

    VI.  The complaint has not alleged Fleet Farm contributed to a nuisance ................. 9

    VII. Proximate cause is not alleged plausibly .......................................... 10

CONCLUSION ............................................................................................................. 11

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alderman's Inc. v. Shanks*,
   536 N.W.2d 4 (Minn. 1995) ................................................................................. 6

*Appletree Square 1 Ltd. P'ship v. W.R. Grace & Co.*,
   815 F. Supp. 1266 (D. Minn. 1993) ................................................................... 10

*Ashley Cnty. v. Pfizer, Inc.*,
   552 F.3d 659 (8th Cir. 2009) ............................................................................. 10

*Brady v. Walmart Inc.*,
   2022 WL 2987078 (D. Md. July 28, 2022) ........................................................ 2

*Chiapperini v. Gander Mountain Co.*,
   13 N.Y.S.3d 777 (N.Y. Sup. Ct. 2014) ............................................................ 3, 4

*City of Boston v. Smith & Wesson Corp.*,
   2000 WL 1473568 (Mass. Super. Ct. July 13, 2000) ......................................... 9

*City of Gary v. Smith & Wesson Corp.*,
   801 N.E.2d 1222 (Ind. 2003) .............................................................................. 9

*City of New York v. A-1 Jewelry & Pawn, Inc.*,
   247 F.R.D. 296 (E.D.N.Y. 2007) ................................................................ 2, 3, 9

*City of New York v. Beretta U.S.A. Corp.*,
   524 F.3d 384 (2d Cir. 2008) ............................................................................ 2, 3

*City of Philadelphia v. Beretta U.S.A., Corp.*,
   126 F. Supp. 2d 882 (E.D. Pa. 2000) ................................................................ 10

*Corporan v. Wal-Mart Stores E., LP*,
   2016 WL 3881341 (D. Kan. July 18, 2016) ....................................................... 3

*Elder v. Allstate Ins. Co.*,
   341 F. Supp. 2d 1095 (D. Minn. 2004) ............................................................... 5

*Green Plains Otter Tail, LLC v. Pro-Environmental, Inc.*,
   953 F.3d 541 (8th Cir. 2020) ............................................................................. 11

*H. Christiansen & Sons v. City of Duluth*,
   31 N.W.2d 270 (Minn. 1948) ................................................................................ 10

*Haynes v. Abdelwahed*,
   1997 WL 406644 (Minn. Ct. App. July 22, 1997) .................................................... 7

*State ex rel. Humphrey v. Philip Morris, Inc.*,
   1995 WL 1937124 (Minn. Dist. Ct. May 19, 1995) ................................................. 5

*Ileto v. Glock Inc.*,
   349 F.3d 1191 (9th Cir. 2003) .................................................................................. 9

*Ileto v. Glock, Inc.*,
   565 F.3d 1126 (9th Cir. 2009) ....................................................................... 1, 2, 4, 9

*K-Mart Enters. of Fla., Inc. v. Keller*,
   439 So. 2d 283 (Fla. Dist. Ct. App. 1983) .............................................................. 11

*Knight v. Wal-Mart Stores, Inc.*,
   889 F. Supp. 1532 (S.D. Ga. 1995) ........................................................................ 11

*Kronzer v. First Nat'l Bank of Minneapolis*,
   235 N.W.2d 187 (Minn. 1975) .................................................................................. 6

*In re Medtronic, Inc. Sprint Fidelis Leads Prods. Liab. Litig.*,
   592 F. Supp. 2d 1147 (D. Minn. 2009) .................................................................... 6

*Peek v. Oshman's Sporting Goods, Inc.*,
   768 S.W.2d 841 (Tex. Ct. App. 1989) ..................................................................... 5

*Prescott v. Slide Fire Sols., LP*,
   410 F. Supp. 3d 1123 (D. Nev. 2019) ...................................................................... 2

*Schermer v. State Farm Fire & Cas. Co.*,
   702 N.W.2d 898 (Minn. Ct. App. 2005) ................................................................... 6

*Seim v. Garavalia*,
   306 N.W.2d 806 (Minn. 1981) .................................................................................. 6

*Soto v. Bushmaster Firearms Int'l, LLC*,
   2016 WL 8115354 (Conn. Super. Ct. Oct. 14, 2016) ........................................... 3, 4

*Soto v. Bushmaster Firearms Int'l, LLC*,
   202 A.3d 262 (Conn. 2019) ...................................................................................... 2

*State v. Back*,
   775 N.W.2d 866 (Minn. 2009) ............................................................................... 5

*State v. Juul Labs, Inc.*,
   2021 WL 2692131 (Minn. Dist. Ct. June 21, 2021) .............................................. 5, 10

*State v. Purdue Pharma L.P.*,
   2019 WL 11729023 (Minn. Dist. Ct. Jan. 4, 2019) .................................................. 10

*Tioga Pub. Sch. Dist. No. 15 v. U.S. Gypsum Co.*,
   984 F.2d 915 (8th Cir. 1993) ................................................................................... 10

*Varga v. U.S. Bank Nat'l Ass'n*,
   952 F. Supp. 2d 850 (D. Minn. 2013) ....................................................................... 8

*Vind v. McGuire*,
   2013 WL 6152312 (Minn. Ct. App. Nov. 25, 2013) .................................................. 6

*Williams v. Beemiller, Inc.*,
   100 A.D.3d 143 (N.Y. App. Div. 2012) .......................................................... 3, 4, 11

*Witzman v. Lehrman, Lehrman & Flom*,
   601 N.W.2d 179 (Minn. 1999) ............................................................................. 7, 8

*Young v. Bryco Arms*,
   821 N.E.2d 1087 (Ill. 2004) ................................................................................... 11

**Statutes**

15 U.S.C. § 7903 ........................................................................................................ 1, 2, 3

Minn. Stat. § 609.74 ...................................................................................................... 2, 9

**Other Authorities**

58 Am. Jur. 2d Nuisances § 66 ......................................................................................... 10

**INTRODUCTION**

Fleet Farm has shown the Attorney General's ("AGO") claims are barred by federal law and unsupported by Minnesota common law. ECF Doc. 20 ("Opening Br."). Rather than address those arguments directly, the AGO relies on inapposite, non-precedential caselaw and distorts Minnesota common law. In doing so, the AGO confirms its approach to addressing the societal problem of gun violence—through an unprecedented expansion of tort law and targeting a single, law-abiding business—is deeply flawed. This Court should grant Fleet Farm's motion to dismiss.

**ARGUMENT**

**I.   Four of the AGO's claims are preempted.**

The PLCAA preempts four of the AGO's claims. Under the PLCAA, *all* claims against FFLs are preempted except, as relevant here, claims for "negligent entrustment or negligence per se" or for "knowingly violat[ing]" a statute ***specifically applicable*** to firearm sales (the "predicate exception"). 15 U.S.C. § 7903(5)(A)(ii)-(iii).

The AGO's negligence, aiding-and-abetting, and public-nuisance claims fall outside the predicate exception. Opening Br. 11-12. The PLCAA's text, purpose, and history show that under the predicate exception, FFLs may be sued "only for statutory violations concerning firearm regulations or sales and marketing regulations." *Ileto v. Glock, Inc.*, 565 F.3d 1126, 1133-38 (9th Cir. 2009). Notably, that the PLCAA "does not preempt claims against [FFLs] for negligent entrustment or negligence per se ... demonstrates that Congress consciously considered how to treat tort claims," and "chose generally to preempt all common-law claims" while "carv[ing] out an exception for certain specified common-

- 1 -

law claims." *Id.* at 1135 n.6. Myriad courts agree. *E.g.*, *City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 404 (2d Cir. 2008); *Brady v. Walmart Inc.*, 2022 WL 2987078, at *8 (D. Md. July 28, 2022); *Prescott v. Slide Fire Sols., LP*, 410 F. Supp. 3d 1123, 1138-39 (D. Nev. 2019); *Soto v. Bushmaster Firearms Int'l, LLC*, 202 A.3d 262, 311 (Conn. 2019).

The predicate exception does not encompass the negligence claim. The AGO asserts this claim is premised on alleged common-law duties, ECF Doc. 28 ("Opp'n Br.") at 17-18, not "knowingly violating" laws specifically applicable to firearm sales, 15 U.S.C. § 7903(5)(A)(iii). Opening Br. 11-12.

Likewise, the predicate exception does not encompass the public-nuisance claim. This claim is premised on Minn. Stat. § 609.74, which criminalizes "maintain[ing] or permit[ting] a condition which unreasonably annoys, injures, or endangers" public safety. *Id.*, subd. (1). The statute is not specifically applicable to firearm sales. Indeed, the AGO cites no cases applying section 609.74 to firearm sales—it is a statute "of general applicability" that falls outside the predicate exception. *City of New York*, 524 F.3d at 404. Text and legislative history show the predicate exception "cannot be [read] so expansive[ly] as to fully encompass laws such as public nuisance statutes insofar as those laws reasonably might be implicated in any civil action arising from gun violence." *Soto*, 202 A.3d at 311; *accord City of New York*, 524 F.3d at 404; *Brady*, 2022 WL 2987078, at *8; *Prescott*, 410 F. Supp. 3d at 1138-39.[1]

---

[1] The AGO cites *City of New York v. A-1 Jewelry & Pawn, Inc.*, 247 F.R.D. 296 (E.D.N.Y. 2007), to argue any claim invoking the GCA satisfies the predicate exception. Opp'n Br. 15. But *A-1* reached that conclusion without citing ***any*** supporting authority, and the substantive claim there arose under a New York nuisance statute "specifically

Nor does the predicate exception encompass the aiding-and-abetting claim, as the AGO does not plausibly allege Fleet Farm actually knew Horton or Elwood made false statements when purchasing firearms or otherwise aided-and-abetted conduct covered by the exception.  Opening Br. 12.[2]  The AGO would have this Court read "knowingly violated" out of the predicate exception and hold "actual knowledge is not required," but cites no supporting caselaw.  Opp'n Br. 16.

The AGO has also failed to explain how its negligent-entrustment claim satisfies the PLCAA's negligent-entrustment exception, which does not apply if "the persons to whom [the FFL] sold the guns did not commit the underlying criminal acts."  *Soto v. Bushmaster Firearms Int'l, LLC*, 2016 WL 8115354, at *15 (Conn. Super. Ct. Oct. 14, 2016) (citation omitted); Opening Br. 12-14.  The AGO asserts this exception is "not ambiguous," but offers no supporting argument.  Opp'n Br. 12.  And despite the AGO's protestation, its negligent-entrustment claim is the exact type that falls outside the negligent-entrustment exception, alleging Fleet Farm "recklessly [sold] to gun traffickers

---

address[ing]" firearms.  247 F.R.D. at 351-52.  *A-1* also invoked a district court's interpretation of the predicate exception to encompass "any statute capable of being applied to" firearm sales, *id.* at 351, which the Second Circuit later reversed, *City of New York*, 524 F.3d at 403-04.  Regardless, the complaint fails to plausibly allege "knowing" GCA violations. Opening Br. 10-12, 22.  The AGO's other cited cases all stem from *A-1*, so are likewise unpersuasive.  *Williams v. Beemiller, Inc.*, 100 A.D.3d 143, 151 (N.Y. App. Div. 2012); *Chiapperini v. Gander Mountain Co.*, 13 N.Y.S.3d 777, 786-88 (N.Y. Sup. Ct. 2014); *Corporan v. Wal-Mart Stores E., LP*, 2016 WL 3881341, at *4 n.4 (D. Kan. July 18, 2016); ECF Doc. 29-1, Ex. A at 4-5.

[2] The predicate exception also exempts claims that FFLs knew or had "reasonable cause to believe" the "actual buyer" was ineligible under section 922(g) or (n).  15 U.S.C. § 7903(5)(A)(iii)(II).  The complaint does not allege Horton or Elwood were ineligible under those sections.

knowing (or with reason to know) [they] intend[ed] to resell the guns to criminals." 2016 WL 8115354, at *14-15.[3]

## II. The negligence claim lacks a viable common-law duty.

The AGO contends its negligence claim is based on Fleet Farm's purported duty to protect against third parties unlawfully using firearms purchased from its stores. Opp'n Br. 17. But the AGO does not identify any specific common-law duty owed to the public stemming from commercial firearm sales to competent adults. Opening Br. 14-15.

Instead, the AGO asserts only that Fleet Farm sold firearms to "straw purchasers and traffickers like Horton, Elwood, and others, even though [it] knew, or consciously avoided knowing, [they] were engaged in unlicensed dealing, firearms trafficking, and/or straw purchasing." Opp'n Br. 17 (citation omitted). The AGO cites no non-conclusory allegations supporting this assertion. Opening Br. 12, 22. And critically, the AGO does not allege that the volume of sales violated any laws, that Fleet Farm failed to report any sales, that NICS "denied" any sales, or that Fleet Farm completed any sales without federal authorization.

---

[3] The AGO cites *Chiapperini* for the supposed proposition that if "one PLCAA exception applies to one claim, the entire action continues." Opp'n Br. 9. This proposition is premised on **and misreads** a single case, *Beemiller*, which concluded it "need not address plaintiffs' further contention that this action falls within the PLCAA's negligent entrustment or negligence per se exception[s]" because it already concluded plaintiffs' claims satisfied the predicate exception. 100 A.D.3d at 151. *Beemiller* thus stands only for the proposition that if a claim satisfies the predicate exception, it need not **also** satisfy another exception. *Chiapperini* is wrong, and this Court should not follow it. *E.g.*, *Ileto*, 565 F.3d at 1132-38 (evaluating whether PLCAA preempts individual claims).

The complaint cannot overcome the presumption that defendants have "no duty to protect strangers from the criminal actions of a third party." *State v. Back*, 775 N.W.2d 866, 870 (Minn. 2009). The allegations show the State's purported harm occurred not because of Fleet Farm, but because third parties intentionally (and criminally) misused lawful products. Opening Br. 16, 29-32.[4]

### III. The cited statutes cannot support the negligence per se and aiding-and-abetting claims.

The AGO does not dispute its cited statutes lack private causes of action and protect the public as a whole. This is fatal to the negligence per se and aiding-and-abetting claims.

***First***, statutes are not predicates for negligence per se claims if they lack private causes of action. *Elder v. Allstate Ins. Co.*, 341 F. Supp. 2d 1095, 1100-02 (D. Minn. 2004). None of the AGO's cited laws create private causes of action. Opening Br. 17-18. The AGO would have the Court disregard this rule, arguing negligence per se may be based on statutes lacking private causes of action. Opp'n Br. 21-23. This misreads Minnesota law: negligence per se "does not create new causes of action." *Elder*, 341 F. Supp. 2d at 1102. To adopt the AGO's formulation would expand negligence per se into "a magic transforming formula that automatically creates a private right of action for the civil

---

[4] The AGO's cited caselaw is off-point. *Peek v. Oshman's Sporting Goods, Inc.*, addressed duties when selling to mentally incompetent purchasers, 768 S.W.2d 841, 844 (Tex. Ct. App. 1989)—not relevant here. In *State v. Juul Labs, Inc.*, there was no intervening criminal act between the point-of-sale and the State's alleged harm. 2021 WL 2692131, at *6-7 (Minn. Dist. Ct. June 21, 2021). In *State ex rel. Humphrey v. Philip Morris, Inc.*, the duty question arose in the context of the "Good Samaritan Rule" and a duty "voluntarily undertaken," 1995 WL 1937124, at *4-5 (Minn. Dist. Ct. May 19, 1995)—also not relevant here.

enforcement, in tort law, of every statute." *In re Medtronic, Inc. Sprint Fidelis Leads Prods. Liab. Litig.*, 592 F. Supp. 2d 1147, 1163 (D. Minn. 2009) (cleaned up).

In response, the AGO cites cases pre-dating the rule that if "the legislature did not provide a private cause of action … [plaintiffs] cannot pursue an action in negligence per se" based on that statute. *Vind v. McGuire*, 2013 WL 6152312, at *4 (Minn. Ct. App. Nov. 25, 2013); *accord Schermer v. State Farm Fire & Cas. Co.*, 702 N.W.2d 898, 905 (Minn. Ct. App. 2005). Regardless, those cases reinforce the flaws in the AGO's argument. *Kronzer v. First National Bank of Minneapolis* acknowledged negligence per se may be "based on violation of a penal statute," but concluded "[n]ot all penal statutes establish a tort duty of care under all circumstances." 235 N.W.2d 187, 192-93 (Minn. 1975). And *Alderman's Inc. v. Shanks* stands for the unremarkable proposition that "violations of regulations or ordinances … can result in negligence per se." 536 N.W.2d 4, 7 (Minn. 1995). Nothing in *Shanks* indicates negligence per se may be premised on statutes lacking private causes of action.[5]

**Second**, negligence per se may not be premised on statutes "designed to protect the public at large." *Kronzer*, 235 N.W.2d at 193. The AGO's cited statutes protect the general public, not particular classes of persons. Opening Br. 18-19. In opposition, the AGO attempts a sleight of hand. The AGO asserts its cited statutes "are intended to protect

---

[5] Similarly, *Seim v. Garavalia* involved a statute "permit[ting] a person attacked by a dog to recover damages simply by proving that the statute has been violated"—a private cause of action—and concluded statutes supplying the basis for negligence per se must "express a policy for the protection of a certain class of persons." 306 N.W.2d 806, 809-10 (Minn. 1981).

specific classes," but instead of focusing on the persons being **protected** (the public), it focuses on the persons being **regulated** (handgun owners and FFLs). Opp'n Br. 21. Caselaw is clear the relevant inquiry is whether the statutes were "designed to protect a particular class of persons," *Haynes v. Abdelwahed*, 1997 WL 406644, at *1 (Minn. Ct. App. July 22, 1997), and the AGO does not dispute the cited laws **protect** the general public. Opening Br. 18-19.

*Third*, the AGO does not dispute that if the negligence per se claim fails, the aiding-and-abetting "claim" fails. *Id.* at 20-21.

### IV.  The aiding-and-abetting "theory" is not alleged plausibly.

The aiding-and-abetting "claim" also fails because the AGO has not plausibly alleged Fleet Farm had actual knowledge of Horton's or Elwood's negligence or substantially assisted them. Opening Br. 21-23. The AGO's contrary arguments are unavailing.

*First*, the AGO does not dispute that a person cannot civilly aid-and-abet negligent conduct. *Id.* at 20.

*Second*, the AGO argues *Witzman v. Lehrman, Lehrman & Flom*, 601 N.W.2d 179 (Minn. 1999), "did not hold that 'actual knowledge' was required" to prevail on an aiding-and-abetting theory. Opp'n Br. 25. This would surprise the Minnesota Supreme Court, which held "defendants must *know* that the conduct they are aiding and abetting is a tort." *Witzman*, 601 N.W.2d at 186. Tellingly, the AGO is transparent that for it to prevail, this Court must ignore recent federal decisions applying Minnesota law. Opp'n Br. 25-26. Those decisions are unambiguous that—consistent with *Witzman*—"actual knowledge" is

required: "it is not enough to plead awareness of the conduct in question, that it raised 'red flags,' or even that it amounted to gross negligence." *Varga v. U.S. Bank Nat'l Ass'n*, 952 F. Supp. 2d 850, 857-58 (D. Minn. 2013) (cleaned up); Opening Br. 22-23. Instead, plaintiffs "must plead facts plausibly suggesting [defendants were] aware of the *wrongfulness* of the challenged conduct." *Varga*, 952 F. Supp. 2d at 858. The complaint contains no non-conclusory allegations that Fleet Farm ***knew*** certain firearms sold to Horton or Elwood would ultimately be used by ineligible persons. Opening Br. 21-22. The opposition brief confirms this—citing just three conclusory allegations. Opp'n Br. 24-25 (citing paragraphs alleging Fleet Farm "knew" individuals were "straw purchasing" and "not making bona fide purchases," but no supporting ***facts***).

***Third***, the AGO suggests—without support—that rendering "routine professional services" is "substantial assistance." *Id.* at 27. Although *Witzman* involved alleged aiding-and-abetting by accountants, its logic applies to retailers: if completing a commercial transaction constitutes substantial assistance, retailers may be subject to liability anytime they sell a lawful product to a person who "happen[s] to be a tortfeasor." 601 N.W.2d at 189. This Court should reaffirm that rendering routine services is not "substantial assistance." Opening Br. 22-23.

## V.    The negligent-entrustment theory fails.

The negligence-entrustment theory fails because the AGO does not plausibly allege that Horton or Elwood are "incompetent or inexperienced persons" or that Fleet Farm knew (or should have known) they would use firearms in a manner creating unreasonable risk of physical harm to others. Opening Br. 23-26. The crux of the AGO's opposing argument

seems to be that "otherwise" in "youth, inexperience, or otherwise" includes competent adults who later commit crimes. Opp'n Br. 28-29. No support is provided for this argument, and the AGO engages in no meaningful textual analysis. Although the AGO again points to allegations that Fleet Farm violated certain laws, none are cited to support the negligent-entrustment claim, ECF Doc. 1-1 ¶¶ 88-96, and the AGO acknowledges Fleet Farm does not have an "independent duty to investigate a purchaser," Opp'n Br. 30.

## VI. The complaint has not alleged Fleet Farm contributed to a nuisance.

The public-nuisance claim also fails. The opposition confirms the AGO relies solely on Minn. Stat. § 609.74 for its claim. Fleet Farm has explained this claim fails because its conduct did not interfere with public rights and it did not control the nuisance-causing instrumentality. Opening Br. 26-28.

In opposition, the AGO cites "other jurisdictions" that permit nuisance claims against FFLs, but *every* decision cited predates the PLCAA.[6] Opp'n Br. 34. Although courts are split on whether firearm sales may constitute a nuisance, the AGO has not explained *why* its position is the better one. By contrast, Fleet Farm has highlighted the pitfalls of broadly expanding Minnesota law, Opening Br. 26-27, and in the absence of

---

[6] The decisions are also unpersuasive and distinguishable. The California nuisance statutes in *Ileto v. Glock Inc.*, 349 F.3d 1191 (9th Cir. 2003), were later preempted by the PLCAA. *Ileto*, 565 F.3d at 1132-33. The *A-1* plaintiffs established a "direct" causal link between defendants' acts and their injuries, based partially on a "statistically significant relationship" between the defendants and the injuries. 247 F.R.D. at 345. *City of Boston v. Smith & Wesson Corp.*, alleged the entire supply chain created a nuisance. 2000 WL 1473568, at *14 (Mass. Super. Ct. July 13, 2000). And *City of Gary v. Smith & Wesson Corp.*, 801 N.E.2d 1222 (Ind. 2003), involved allegations against the entire supply chain, and specifically alleged defendants "intentionally provid[ed] guns to criminals." *Id.* at 1231.

controlling state authority,[7] this Court should avoid doing so "in ways not foreshadowed by state precedent," *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 673 (8th Cir. 2009) (citation omitted).

The AGO also contends Fleet Farm need not control the nuisance-causing instrumentality when the nuisance occurred. Opp'n Br. 36-37. But caselaw is clear one must control the nuisance-causing property (real or personal) when the nuisance occurred to be held liable. *E.g.*, *Appletree Square 1 Ltd. P'ship v. W.R. Grace & Co.*, 815 F. Supp. 1266, 1274 n.13 (D. Minn. 1993); *City of Philadelphia v. Beretta U.S.A., Corp.*, 126 F. Supp. 2d 882, 910-11 (E.D. Pa. 2000).

Lastly, whether the nuisance is characterized as "firearms" or the "illegal secondary market," Opp'n Br. 37, Fleet Farm did not "control" the instrumentality when the nuisance occurred—the firearms were not in Fleet Farm's possession when they entered the illegal market or were used to commit crimes. *Tioga Pub. Sch. Dist. No. 15 v. U.S. Gypsum Co.*, 984 F.2d 915, 920 (8th Cir. 1993); Opening Br. 27-28.

## VII. Proximate cause is not alleged plausibly.

Finally, all of the AGO's claims fail because the AGO does not allege proximate causation plausibly.[8] Opening Br. 29-32. Numerous superseding events—including third-

---

[7] *Juul* and *Purdue Pharma* are not controlling, and did not address whether firearms may constitute a nuisance or whether a defendant may be liable if they do not control the nuisance-causing property when the nuisance occurs. *Juul*, 2021 WL 2692131, at *3-5; *State v. Purdue Pharma L.P.*, 2019 WL 11729023, at *4 (Minn. Dist. Ct. Jan. 4, 2019).

[8] Nuisance claims require establishing proximate causation. *E.g.*, *H. Christiansen & Sons v. City of Duluth*, 31 N.W.2d 270, 276 (Minn. 1948) (public nuisance); *accord* 58 Am. Jur. 2d Nuisances § 66. The AGO cites no contrary caselaw.

party criminal acts—"break[] the chain of causation and prevent[] [Fleet Farm] from being liable for the final injury." *Green Plains Otter Tail, LLC v. Pro-Environmental, Inc.*, 953 F.3d 541, 547 (8th Cir. 2020) (cleaned up). The pleaded superseding events include: NICS authorizing the transaction, the purchasers selling firearms to other persons, further transfer(s) of firearms into the "black market," potential theft, and the ultimate criminal use. Opening Br. 31. The many causal steps between Fleet Farm selling a firearm and its criminal use is fatal to proximate causation. *Id.* at 30-32. This is confirmed by *Ashley County* and *Young v. Bryco Arms*, 821 N.E.2d 1087 (Ill. 2004)—neither of which are addressed by the AGO.[9]

## CONCLUSION

The Court should dismiss the AGO's complaint.

---

[9] The AGO's cited cases involve different causal chains. *See Knight v. Wal-Mart Stores, Inc.*, 889 F. Supp. 1532, 1540-42 (S.D. Ga. 1995) (concluding purchaser's death by suicide may be foreseeable based on store's knowledge of purchaser's mental state); *Beemiller*, 100 A.D.3d at 152 (concluding intervening crime may not break causal chain where defendants allegedly sold "87 handguns in a single transaction"); *K-Mart Enters. of Fla., Inc. v. Keller*, 439 So. 2d 283, 284-87 (Fla. Dist. Ct. App. 1983) (concluding FFL could be liable where store did not require purchaser to complete Form 4473).

Dated:  December 28, 2022               Respectfully submitted,

*/s/ Todd A. Noteboom*
Todd A. Noteboom (#0240047)
Andrew W. Davis (#0386634)
Sharon R. Markowitz (#0392043)
Andrew P. Leiendecker (#0399107)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
todd.noteboom@stinson.com
andrew.davis@stinson.com
sharon.markowitz@stinson.com
andrew.leiendecker@stinson.com

**ATTORNEYS FOR DEFENDANTS**