## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| State of Minnesota by its Attorney General, Keith Ellison,<br><br>      Plaintiff,<br><br>  v.<br><br>Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC,<br><br>      Defendants. | Case No.: 0:22-cv-02694-JRT-JFD<br><br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

Defendants Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC (together, "Fleet Farm") submit this response to Plaintiff's Notice of Supplemental Authority. *See* ECF Doc. 34.

On March 23, 2023, the Eighth Circuit issued its decision in *American Petroleum Institute, et al. v. State of Minnesota*, __ F.4th __, 2023 WL 2607545 (8th Cir. Mar. 23, 2023). As demonstrated by the excerpts of the decision quoted in Plaintiff's Notice, the court's analysis of *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), confirms Plaintiff's complaint necessarily raises a disputed and substantial question of federal law. *See* ECF Doc. 25 at 7–30. *American Petroleum* explains that, when considering the first prong of the *Grable* test, "[a] federal issue is necessarily raised when it is a *necessary* element of one of the well-pleaded state claims in [a] plaintiff's complaint." 2023 WL 2607545, at *4 (cleaned up). It also explains that for removal to be proper under *Grable*, "[a] removing defendant should be able to point to the specific elements of the plaintiff's state law claims that require proof under

- 1 -

federal law." *Id.* (cleaned up).  Simply put, where "the *merits* of [a plaintiff's] claims" require a court to "resolve . . . questions governed by federal law," a federal question is necessarily raised. *Id.*

As Fleet Farm has explained, the substantive allegations against it "are all premised on Fleet Farm's alleged violations of—or its alleged aiding-and-abetting violations of—purported legal duties arising out of the GCA and its implementing regulations."  ECF Doc. 25 at 12–16.  The existence of a duty, and whether such a duty was breached, are elements of Plaintiff's negligence and related tort claims. Accordingly, Plaintiff's claims will necessitate analyzing and applying federal law to determine: (1) the scope of Fleet Farm's duties relating to the commercial sale of firearms; and (2) whether Fleet Farm breached such duties.  *See id.*  The "*merits* of" Plaintiff's claims will thus require a court to "resolve . . . questions governed by federal law." *Am. Petroleum Inst.*, 2023 WL 2607545, at *4.

Dated:  March 28, 2023

*/s/ Andrew W. Davis*
Todd A. Noteboom (#0240047)
Andrew W. Davis (#0386634)
Sharon R. Markowitz (#0392043)
Andrew P. Leiendecker (#0399107)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
todd.noteboom@stinson.com
andrew.davis@stinson.com
sharon.markowitz@stinson.com
andrew.leiendecker@stinson.com

**ATTORNEYS FOR DEFENDANTS**