**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| State of Minnesota by its Attorney General, Keith Ellison, <br><br> Plaintiff, <br><br> v. <br><br> Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC, <br><br> Defendants. | Case No.: 0:22-cv-02694-JRT-JFD <br><br> **DEFENDANTS FLEET FARM LLC, FLEET FARM GROUP LLC, AND FLEET FARM WHOLESALE SUPPLY CO. LLC'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendants Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC (together, "Fleet Farm"), through the undersigned attorneys, respond to the allegations in Plaintiff's complaint with the following Answer and Affirmative Defenses.

**ANSWER**

For its Answer to Plaintiff's complaint, Fleet Farm states as follows:

Fleet Farm denies all allegations contained in the Complaint unless admitted specifically. Moreover, any factual allegation admitted below is admitted only as to the specific facts stated therein and not as to any conclusions (legal or otherwise), characterizations, implications, or speculation in the averment or the Complaint as a whole. To the extent an averment includes a mix of alleged factual assertions and legal conclusions, Fleet Farm denies such commingled allegations except those that are admitted specifically. Fleet Farm denies any allegations set forth in the headings of the Complaint.

- 1 -

Fleet Farm incorporates this Preliminary Statement into each numbered paragraph of this Answer.

In response to Plaintiff's unnumbered introductory statement to the Complaint, Fleet Farm states that the introductory statement contains Plaintiff's characterization of its claims and legal conclusions, to which no response is required. To the extent a response is required, Fleet Farm denies that it has aided and abetted criminals or contributed to gun trafficking in Minnesota, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining assertions in the introductory statement, and on that basis denies those assertions.

**INTRODUCTION**

1. In response to Paragraph 1, Fleet Farm admits that Jerome Horton and Sarah Elwood purchased certain firearms from multiple Fleet Farm stores, which are separate Federal Firearm Licensees ("FFLs"), and states that each of these sales occurred after the Fleet Farm retail stores received a "Proceed" message from the National Instant Criminal Background Check System ("NICS"). Fleet Farm lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegation that "gun trafficking and gun violence surged in Minnesota during the pandemic," and on that basis denies the allegation. The remaining allegations in Paragraph 1 are denied.

2. Fleet Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2, and on that basis denies the allegations.

- 2 -

3.    Fleet Farm denies that it engaged in any "careless" conduct.  Fleet Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 3, and on that basis denies the allegations.

4.    In response to the first sentence in Paragraph 4, Fleet Farm admits that Jerome Horton and Sarah Elwood purchased certain firearms from multiple Fleet Farm stores, which are separate FFLs, and states that each of these sales occurred after the Fleet Farm retail stores received a "Proceed" message from NICS.  Fleet Farm also states that, when required, the Fleet Farm stores also generated and submitted the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosive ("ATF") Form 3310.4 to both the ATF and the Minnesota Bureau of Criminal Apprehension ("BCA") after the relevant sale.  Fleet Farm denies any and all allegations in the first sentence of Paragraph 4 that are inconsistent with the foregoing.  The allegations in the second and third sentences of Paragraph 4 are legal conclusions to which no response is required.  To the extent a response is required, Fleet Farm denies the allegations in the second and third sentences of Paragraph 4.

5.    Fleet Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second and third sentences in Paragraph 5, and on that basis denies the allegations.  The first and fourth sentences in paragraph 5 contain legal conclusions to which no response is required.  To the extent a response is required, Fleet Farm denies that it was negligent, denies the allegations in the fourth sentence in Paragraph 5, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first sentence in Paragraph 5, and on that basis denies the allegations.

6.      Paragraph 6 contains Plaintiff's characterization of its claims, to which no response is required.  To the extent a response is required, Fleet Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6, and on that basis denies the allegations.

**PARTIES**

7.      Paragraph 7 states legal conclusions to which no response is required.  To the extent a response is required, Fleet Farm states that Minnesota law speaks for itself, and denies any characterizations inconsistent therewith.

8.      Fleet Farm admits that allegations in Paragraph 8.

9.      Fleet Farm admits the allegations in Paragraph 9, except for the allegations regarding Minnesota tax court records.  As to those allegations, Fleet Farm states that those tax court records speak for themselves, and denies any characterizations inconsistent therewith.

10.     Fleet Farm admits the allegations in Paragraph 10.

11.     Fleet Farm admits the allegations in Paragraph 11.

12.     Paragraph 12 contains Plaintiff's characterization of their claims, to which no response is required.  To the extent a response is required, Fleet Farm admits that Plaintiff's Complaint purports to collectively refer to Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC as "Fleet Farm" or "Defendants."

13.     Fleet Farm admits the allegations in Paragraph 13, except that the following Fleet Farm retail stores currently have different FFL license numbers as a result of three-year FFL renewals.  These are:

| Store City | Current FFL Number |
|---|---|
| Blaine | 3-41-003-01-6G-02607 |
| Cambridge | 3-41-059-01-5H-04306 |
| Hermantown | 3-41-137-01-5G-05118 |
| Lakeville | 3-41-037-01-6F-21947 |
| Monticello | 3-41-171-01-6G-05380 |

## JURISDICTION AND VENUE

14. Paragraph 14 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 14.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm admits that it owns and uses property in Minnesota and has transacted business in Minnesota. Fleet Farm denies that it has "caus[ed] injury to the Minnesota public and in violation of Minnesota law," and denies the remaining allegations in Paragraph 15.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm states that it has "done business in Hennepin County." Fleet Farm denies that it has committed "unlawful acts," and denies the remaining allegations in Paragraph 16.

## FACTUAL ALLEGATIONS

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 17.

18. In response to the allegations in Paragraph 18, Fleet Farm admits that the Fleet Farm retail stores identified in Paragraph 13 of the Complaint are each separate FFLs. The remaining allegations in Paragraph 18 are Plaintiff's characterizations of federal law.

Fleet Farm states that federal law speaks for itself, and denies any characterizations inconsistent therewith.

19.     Paragraph 19 contains Plaintiff's characterizations of federal and Minnesota law.  Fleet Farm states that federal and Minnesota law speaks for itself, and denies any characterizations inconsistent therewith.

20.     In response to Paragraph 20, Fleet Farm admits that ATF provides certain training to FFLs relating to firearm sales, and states that Fleet Farm includes straw-purchase awareness as part of its overall firearm sales training, straw-purchase awareness is reviewed on a regular basis via a firearms training webinar, Fleet Farm retail stores have displayed "Don't Lie for the Other Guy" posters (or prior versions of the posters) from the National Shooting Sports Foundation ("NSSF") for employee and customer reference, and require all firearm-trained employees and new firearm-trained employees to watch the NSSF "Don't Lie for the Other Guy" video.  The remaining allegations in Paragraph 20 are Plaintiff's characterizations of federal law.  Fleet Farm states that federal law speaks for itself, and denies any characterizations inconsistent therewith.

21.     Paragraph 21 contains Plaintiff's characterizations of federal law.  Fleet Farm states that federal law speaks for itself, and denies any characterizations inconsistent therewith.

22.     Paragraph 22 contains Plaintiff's characterizations of federal law and ATF Form 4473.  Fleet Farm states that federal law and ATF Form 4473 speak for themselves, and denies any characterizations inconsistent therewith.

23. Fleet Farm admits that Congress passed the Bipartisan Safer Communities Act in June 2022. The remaining allegations in Paragraph 23 are Plaintiff's characterizations of federal law. Fleet Farm states that federal law speaks for itself, and denies any characterizations inconsistent therewith.

24. Fleet Farm admits that the Minn. Stat. § 624.7133 was enacted in 2015. The remaining allegations in Paragraph 24 are Plaintiff's characterizations of Minnesota law. Fleet Farm states that Minnesota law speaks for itself, and denies any characterizations inconsistent therewith.

25. Fleet Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 25, and on that basis denies the allegations. The remaining allegations in Paragraph 25 are Plaintiff's characterizations of an ATF document. Fleet Farm states that the document referenced in Paragraph 25 speaks for itself, and denies any characterizations inconsistent therewith.

26. Paragraph 26 contains Plaintiff's characterizations of federal law and ATF Form 4473. Fleet Farm states that federal law and ATF Form 4473 speak for themselves, and denies any characterizations inconsistent therewith.

27. Paragraph 27 contains Plaintiff's characterizations of ATF Form 4473. Fleet Farm states that ATF Form 4473 speaks for itself, and denies any characterizations inconsistent therewith.

28. Paragraph 28 contains Plaintiff's characterizations of federal law. Fleet Farm states that federal law speaks for itself, and denies any characterizations inconsistent therewith.

29.     Paragraph 29 contains Plaintiff's characterizations of Minnesota law.  Fleet Farm states that Minnesota law speaks for itself, and denies any characterizations inconsistent therewith.

30.     Paragraph 30 contains Plaintiff's characterizations of federal law, ATF Form 3310.4, and ATF Form 4473.  Fleet Farm states that federal law, federal regulations, and ATF Forms 3310.4 and 4473 speaks for themselves, and denies any characterizations inconsistent therewith.

31.     Paragraph 31 contains Plaintiff's characterizations of federal law.  Fleet Farm states that federal law speaks for itself, and denies any characterizations inconsistent therewith.

32.     Paragraph 32 contains Plaintiff's characterizations of federal law and an ATF document.  Fleet Farm states that federal law and the cited ATF document speak for themselves, and denies any characterizations inconsistent therewith.  Fleet Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 32, and on that basis denies the allegations.

33.     Paragraph 33 contains Plaintiff's characterizations of federal law and the ATF acknowledgment form. Fleet Farm states that federal law and the ATF acknowledgement form speak for themselves, and denies any characterizations inconsistent therewith.  Answering further, Fleet Farm states that when ATF completes an inspection at one of Fleet Farm's retail stores, ATF will hold a Closing Conference with the store, at which time the store's general manager or other responsible party will review and sign an acknowledgement of the applicable federal firearm laws and regulations.  Fleet

Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 33, and on that basis denies the allegations.

34. Fleet Farm admits that there are seventeen Fleet Farm retail stores in Minnesota and that each are separate FFLs, that Fleet Farm is headquartered in Wisconsin, and that Fleet Farm operates retail stores in Iowa, Minnesota, North Dakota, South Dakota, and Wisconsin. Fleet Farm also admits the allegations in the third sentence of Paragraph 34. The fourth and fifth sentences of Paragraph 34 contains Plaintiff's characterizations of certain news articles. Fleet Farm states that those articles speak for themselves, and denies any characterizations inconsistent therewith. Fleet Farm denies the remaining allegations in Paragraph 34.

35. In response to the first sentence in Paragraph 35, Fleet Farm admits that the seventeen Fleet Farm retail stores identified in Paragraph 13 of the complaint are each separate FFLs, and that those stores sell various firearms and ammunition. Fleet Farm further states that Fleet Farm retail stores do not ship firearms to purchasers. Fleet Farm denies any allegations in the first sentence in Paragraph 35 inconsistent with the foregoing. The second sentence in Paragraph 35 contains Plaintiff's characterizations of Fleet Farm's website. Fleet Farm states that the website speaks for itself, and denies any characterizations inconsistent therewith.

36. In response to Paragraph 36, Fleet Farm admits that the seventeen Fleet Farm retail stores identified in Paragraph 13 of the complaint are each separate FFLs. The remaining allegations in Paragraph 36 are legal conclusions and Plaintiff's

characterizations of its claims, to which no response is required.  To the extent a response is required, Fleet Farm denies the remaining allegations in Paragraph 36.

37.    Paragraph 37 contains Plaintiff's characterizations of certain documents filed in federal court.  Fleet Farm states that those documents speak for themselves, and denies any characterizations inconsistent therewith.

38.    In response to Paragraph 38, Fleet Farm admits that multiple Fleet Farm retail stores, which are separate FFLs, sold a total of 24 firearms to Jerome Horton between June 15, 2021 and October 17, 2021, admits that the chart in Paragraph 38 correctly describes the location, date, firearm make, model, and caliber, and serial number for each transaction, and states that each of these sales occurred after the Fleet Farm retail stores received a "Proceed" message from NICS.  Fleet Farm also states that, when required, the Fleet Farm stores also generated and submitted the ATF Form 3310.4 to both the ATF and the BCA after the relevant sale.  Fleet Farm denies any and all allegations in Paragraph 38 that are inconsistent with the foregoing.

39.    In response to Paragraph 39, Fleet Farm admits that multiple Fleet Farm retail stores, which are separate FFLs, sold a total of 24 firearms to Jerome Horton between June 15, 2021 and October 17, 2021, admits that the chart in Paragraph 38 correctly describes the location, date, firearm make, model, and caliber, and serial number for each transaction, and states that each of these sales occurred after the Fleet Farm retail stores received a "Proceed" message from NICS.  Fleet Farm also states that, when required, the Fleet Farm stores also generated and submitted the ATF Form 3310.4 to both the ATF and

the BCA after the relevant sale.  Fleet Farm denies any and all allegations in Paragraph 39 that are inconsistent with the foregoing.

40.    Paragraph 40 contains legal conclusions and Plaintiff's characterizations of its claims, to which no response is required.  To the extent a response is required, Fleet Farm denies the allegations in Paragraph 40.

41.    In response to the first and fourth sentences of Paragraph 41, Fleet Farm admits that multiple Fleet Farm retail stores, which are separate FFLs, sold a total of 24 firearms to Jerome Horton between June 15, 2021 and October 17, 2021, admits that the chart in Paragraph 38 correctly describes the location, date, firearm make, model, and caliber, and serial number for each transaction, and states that each of these sales occurred after the Fleet Farm retail stores received a "Proceed" message from NICS.  Fleet Farm also states that, when required, the Fleet Farm stores also generated and submitted the ATF Form 3310.4 to both the ATF and the BCA after the relevant sale.  Fleet Farm denies any and all allegations in the first and fourth sentences of Paragraph 41 that are inconsistent with the foregoing.  The allegations in the second and third sentences of Paragraph 41 are Plaintiff's characterizations of federal law and an ATF document.  Fleet Farm states that federal law and the ATF document speaks for itself, and denies any characterizations inconsistent therewith.

42.    Paragraph 42 contains Plaintiff's characterizations of an affidavit filed in federal court.  Fleet Farm states that the affidavit speaks for itself, and denies any characterizations inconsistent therewith.  Answering further, Fleet Farm states that the

Fleet Farm Oakdale store contacted ATF regarding Horton's October 17, 2021 application to purchase a firearm, and was directed to proceed.

43.   In response to Paragraph 43, Fleet Farm denies that it sold any firearms to Horton after October 17, 2021.   The remaining allegations in Paragraph 43 are legal conclusions and Plaintiff's characterizations of its claims, to which no response is required. To the extent a response is required, Fleet Farm denies the remaining allegations in Paragraph 43.

44.   Fleet Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44, and on that basis denies the allegations.  Paragraph 44 also contains Plaintiff's characterizations of a federal indictment. Fleet Farm states that the indictment speaks for itself, and denies any characterizations inconsistent therewith.

45.   In response to Paragraph 45, Fleet Farm admits that four of its separately licensed retail stores sold certain firearms to Jerome Horton after August 13, 2021, and states that these sales occurred after those retail stores received "Proceed" messages from NICS.  Fleet Farm also states that, when required, the Fleet Farm stores also generated and submitted the ATF Form 3310.4 to both the ATF and the BCA after the relevant sale.  Fleet Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 45, and on that basis denies the allegations. Paragraph 45 also contains Plaintiff's characterizations of a criminal complaint filed in Hennepin County District Court.  Fleet Farm states that the complaint speaks for itself, and denies any characterizations inconsistent therewith.

46.     In response to Paragraph 46, Fleet Farm admits that three of its separately licensed retail stores sold certain firearms to Jerome Horton after September 6, 2021, and states that these sales occurred after those retail stores received "Proceed" messages from NICS. Fleet Farm also states that, when required, the Fleet Farm stores also generated and submitted the ATF Form 3310.4 to both the ATF and the BCA after the relevant sale. Fleet Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 46, and on that basis denies the allegations.

47.     In response to Paragraph 47, Fleet Farm admits that three of its separately licensed retail stores sold certain firearms to Jerome Horton on or after September 26, 2021, and states that these sales occurred after those retail stores received "Proceed" messages from NICS. Fleet Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 47, and on that basis denies the allegations. Paragraph 47 also contains Plaintiff's characterizations of a criminal complaint filed in Hennepin County District Court. Fleet Farm states that the complaint speaks for itself, and denies any characterizations inconsistent therewith.

48.     In response to Paragraph 48, Fleet Farm admits that two of its separately licensed retail stores sold certain firearms to Jerome Horton after September 30, 2021, and states that these sales occurred after those retail stores received "Proceed" messages from NICS. Fleet Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 48, and on that basis denies the allegations. Paragraph 48 also contains Plaintiff's characterizations of a criminal

complaint filed in Hennepin County District Court. Fleet Farm states that the complaint speaks for itself, and denies any characterizations inconsistent therewith.

49. In response to Paragraph 49, Fleet Farm admits that two of its separately licensed retail stores sold certain firearms to Jerome Horton after October 10, 2021, and states that these sales occurred after those retail stores received "Proceed" messages from NICS. Fleet Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 49, and on that basis denies the allegations. Paragraph 49 also contains Plaintiff's characterizations of certain documents filed in federal and state courts. Fleet Farm states that these documents speak for themselves, and denies any characterizations inconsistent therewith.

50. Fleet Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50, and on that basis denies the allegations. Paragraph 50 also contains Plaintiff's characterizations of a plea agreement filed in federal court. Fleet Farm states that the plea agreement speaks for itself, and denies any characterizations inconsistent therewith.

51. Fleet Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51, and on that basis denies the allegations. Paragraph 51 also contains Plaintiff's characterizations of a criminal complaint filed in Hennepin County District Court. Fleet Farm states that the complaint speaks for itself, and denies any characterizations inconsistent therewith.

52. Paragraph 52 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 52.

53.     Fleet Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53, and on that basis denies the allegations.  Paragraph 53 also contains Plaintiff's characterizations of certain documents filed in federal court.  Fleet Farm states that those documents speak for themselves, and denies any characterizations inconsistent therewith.

54.     In response to Paragraph 54, Fleet Farm admits that multiple Fleet Farm retail stores, which are separate FFLs, sold a total of 13 firearms to Sarah Elwood between June 20, 2020, and May 12, 2021, admits that the chart in Paragraph 54 correctly describes the date, firearm make, model, and caliber, and serial number for each transaction, and states that these sales occurred after those retail stores received "Proceed" messages from NICS.  Fleet Farm also states that, when required, the Fleet Farm stores also generated and submitted the ATF Form 3310.4 to both the ATF and the BCA after the relevant sale.  Fleet Farm denies any and all allegations in Paragraph 54 that are inconsistent with the foregoing.

55.     In response to Paragraph 55, Fleet Farm admits that multiple Fleet Farm retail stores, which are separate FFLs, sold a total of 13 firearms to Sarah Elwood between June 20, 2020, and May 12, 2021, admits that the chart in Paragraph 54 correctly describes the date, firearm make, model, and caliber, and serial number for each transaction, and states that these sales occurred after those retail stores received "Proceed" messages from NICS.  Fleet Farm also states that, when required, the Fleet Farm stores also generated and submitted the ATF Form 3310.4to both the ATF and the BCA after the relevant sale.  Fleet Farm denies any and all allegations in Paragraph 55 that are inconsistent with the foregoing.

56.     Paragraph 56 contains legal conclusions and Plaintiff's characterizations of its claims, to which no response is required.  To the extent a response is required, Fleet Farm denies the allegations in Paragraph 56.

57.     In response to Paragraph 57, Fleet Farm admits that multiple Fleet Farm retail stores, which are separate FFLs, sold a total of 13 firearms to Sarah Elwood between June 20, 2020, and May 12, 2021, admits that the chart in Paragraph 54 correctly describes the date, firearm make, model, and caliber, and serial number for each transaction, and states that these sales occurred after those retail stores received "Proceed" messages from NICS.  Fleet Farm also states that, when required, the Fleet Farm stores also generated and submitted the ATF Form 3310.4 to both the ATF and the BCA after the relevant sale.  Fleet Farm denies any and all allegations in Paragraph 57 that are inconsistent with the foregoing. Paragraph 57 also contains Plaintiff's characterization of federal law, regulations, and an ATF document.  Fleet Farm states that those materials speak for themselves, and denies any characterizations inconsistent therewith.

58.     The allegations in Paragraph 58 are legal conclusions and Plaintiff's characterizations of its claims, to which no response is required.  To the extent a response is required, Fleet Farm denies the allegations in Paragraph 58.

59.     Fleet Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59, and on that basis denies the allegations.  Paragraph 59 also contains Plaintiff's characterizations of certain documents filed in federal court.  Fleet Farm states that these documents speak for themselves, and denies any characterizations inconsistent therewith.

- 16 -

60. Fleet Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60, and on that basis denies the allegations. Paragraph 60 also contains Plaintiff's characterizations of a criminal complaint filed in Hennepin County District Court. Fleet Farm states that the complaint speaks for itself, and denies any characterizations inconsistent therewith.

61. Paragraph 61 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 61.

62. Fleet Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62, and on that basis denies the allegations. Paragraph 62 also contains Plaintiff's characterizations of an ATF document. Fleet Farm states that the document speaks for itself, and denies any characterizations inconsistent therewith.

63. Fleet Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63, and on that basis denies the allegations. Paragraph 63 also contains Plaintiff's characterizations of certain ATF documents. Fleet Farm states that the documents speak for themselves, and denies any characterizations inconsistent therewith.

64. Fleet Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64, and on that basis denies the allegations. Paragraph 64 also contains Plaintiff's characterizations of certain ATF documents. Fleet Farm states that the documents speak for themselves, and denies any characterizations inconsistent therewith.

65. Fleet Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 65, and on that basis denies the allegations. Paragraph 65 also contains Plaintiff's characterizations of a news article. Fleet Farm states that the article speaks for itself, and denies any characterizations inconsistent therewith.

66. Fleet Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66, and on that basis denies the allegations. Paragraph 66 also contains Plaintiff's characterizations of certain documents. Fleet Farm states that the documents speak for themselves, and denies any characterizations inconsistent therewith.

67. Fleet Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67, and on that basis denies the allegations. Paragraph 67 also contains Plaintiff's characterizations of certain documents. Fleet Farm states that the documents speak for themselves, and denies any characterizations inconsistent therewith.

68. Paragraph 68 contains Plaintiff's characterizations of certain documents. Fleet Farm states that the documents speak for themselves, and denies any characterizations inconsistent therewith.

69. Paragraph 69 contains Plaintiff's characterizations of certain documents. Fleet Farm states that the documents speak for themselves, and denies any characterizations inconsistent therewith.

## COUNT I
## NEGLIGENCE

70.    In response to Paragraph 70, Fleet Farm restates and incorporates by reference its answers to all preceding paragraphs.

71.    Paragraph 71 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 71.

72.    Paragraph 72 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 72.

73.    Paragraph 73 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 73.

74.    Paragraph 74 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 74.

75.    Paragraph 75 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 75.

76.    Paragraph 76 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 76.

77.    Paragraph 77 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 77.

78.    Paragraph 78 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 78.

79.    Paragraph 79 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 79.

- 19 -

## COUNT II
## NEGLIGENCE PER SE

80.    In response to Paragraph 80, Fleet Farm restates and incorporates by reference its answers to all preceding paragraphs.

81.    Paragraph 81 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 81.

82.    Fleet Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 82, and on that basis denies the allegations.

83.    Paragraph 83 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 83.

84.    Paragraph 84 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 84.

85.    Paragraph 85 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 85.

86.    Paragraph 86 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 86.

87.    Paragraph 87 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 87.

## COUNT III
## NEGLIGENT ENTRUSTMENT

88.    In response to Paragraph 88, Fleet Farm restates and incorporates by reference its answers to all preceding paragraphs.

89.     Paragraph 89 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 89.

90.     Paragraph 90 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 90.

91.     Paragraph 91 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 91.

92.     Paragraph 92 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 92.

93.     Paragraph 93 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that certain firearms sold by Fleet Farm have "been recovered in the possession of prohibited possessors or at crime scenes in Minnesota, and many others are still unaccounted for," and on that basis denies the allegation, and denies the remaining allegations in Paragraph 93.

94.     Paragraph 94 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 94.

95.     Paragraph 95 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 95.

96.     Paragraph 96 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 96.

## COUNT IV
## AIDING AND ABETTING

97. In response to Paragraph 97, Fleet Farm restates and incorporates by reference its answers to all preceding paragraphs.

98. Paragraph 98 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 98, and on that basis denies the allegations.

99. Paragraph 99 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 99.

100. Paragraph 100 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 100.

101. Paragraph 101 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 101.

102. Paragraph 102 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 102.

103. Paragraph 103 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 103.

## COUNT V
## PUBLIC NUISANCE

104. In response to Paragraph 104, Fleet Farm restates and incorporates by reference its answers to all preceding paragraphs.

105.    Paragraph 105 contains Plaintiff's characterizations of Minnesota law.  Fleet Farm states that Minnesota law speaks for itself, and denies any characterizations inconsistent therewith.

106.    Paragraph 106 contains Plaintiff's characterizations of Minnesota law.  Fleet Farm states that Minnesota law speaks for itself, and denies any characterizations inconsistent therewith.

107.    Paragraph 107 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 107.

108.    Paragraph 108 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 108.

109.    Paragraph 109 contains legal conclusions and Plaintiff's characterizations of its claims, to which no response is required.  To the extent a response is required, Fleet Farm denies the allegations in Paragraph 109.

110.    Paragraph 110 contains legal conclusions and Plaintiff's characterizations of its claims, to which no response is required.  To the extent a response is required, Fleet Farm denies the allegations in Paragraph 110.

111.    Paragraph 111 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 111.

112.    Paragraph 112 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 112.

113.    Paragraph 113 contains legal conclusions to which no response is required. To the extent a response is required, Fleet Farm denies the allegations in Paragraph 113.

## REQUESTED RELIEF

Fleet Farm denies any and all allegations contained in Plaintiff's prayer for relief, denies that Plaintiff is entitled to any of the orders or relief requested in the Complaint, and requests that Plaintiff takes nothing by this suit and that this matter be dismissed with prejudice.

## JURY DEMAND

Plaintiff's Jury Demand contains Plaintiff's characterizations of their claims and/or legal arguments and conclusions, to which no response is required.

## AFFIRMATIVE DEFENSES

Fleet Farm asserts the following defenses based on a good-faith assessment of the claims as known at this time, and without having yet conducted any discovery of Plaintiff and its claims. Fleet Farm does not concede that it has the burden of proof on any defense set forth below. Fleet Farm reserves the right to assert any additional affirmative or avoidance defenses as may become applicable and apparent during the course of this action.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted, in whole or in part, by federal laws and regulations.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because at all times Fleet Farm's activities conformed with its obligations under all applicable state and federal statutes and regulations, including all applicable legal and regulatory duties, and because Fleet Farm's conduct was authorized by federal and/or state authorities.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Fleet Farm did not proximately cause any of the alleged harm or injury complained of, and because any alleged harm or injury was the result of superseding or intervening causes not under Fleet Farm's control, including, but not limited to, the intentional criminal acts of third persons.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the principle of comparative or contributory fault.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of *in pari delicto*.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Minn. Stat. § 604.01 because Plaintiff's claimed damages, if any, were caused primarily by Plaintiff's own actions or omissions, and/or Plaintiff's own negligence.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or statute of repose.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands and unjust enrichment.

- 25 -

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and/or ratification.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the principle of assumption of risk.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, from recovering costs incurred in providing public services pursuant to the free public services doctrine and/or municipal cost recovery rule.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join all necessary parties, including, but not limited to, other third parties whom Plaintiff alleges engaged in the unlawful sale or use of firearms in Minnesota.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's alleged damages are speculative, uncertain, or hypothetical.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they seek to regulate or limit conduct in violation of the Second Amendment of the United States Constitution.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has sustained any damages, Plaintiff has failed to mitigate such damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's request for equitable relief is barred because to the extent Plaintiff has sustained any damages, Plaintiff has an adequate remedy at law.

### DEMAND FOR JURY TRIAL

Fleet Farm hereby requests a jury trial on all issues or claims triable in this action.

### PRAYER FOR RELIEF

WHEREFORE, Fleet Farm prays as follows:

1.     Plaintiff takes nothing by its complaint;

2.     For judgment in favor of Fleet Farm;

3.     For Fleet Farm's costs; and

4.     For such other and further relief as the Court deems proper.

- 28 -

Dated:  July 11, 2023                          Respectfully submitted,

                                               *s/ Todd A. Noteboom*
                                               Todd A. Noteboom (#0240047)
                                               Andrew W. Davis (#0386634)
                                               Sharon R. Markowitz (#0392043)
                                               Andrew P. Leiendecker (#0399107)
                                               STINSON LLP
                                               50 South Sixth Street, Suite 2600
                                               Minneapolis, MN 55402
                                               (612) 335-1500
                                               todd.noteboom@stinson.com
                                               andrew.davis@stinson.com
                                               sharon.markowitz@stinson.com
                                               andrew.leiendecker@stinson.com

                                               **ATTORNEYS FOR DEFENDANTS**