## UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| State of Minnesota by its Attorney General, Keith Ellison,<br><br>   Plaintiff,<br><br>  v.<br><br>Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC,<br><br>   Defendants. | Case No.: 0:22-cv-02694-JRT-JFD<br><br><br>**PROTECTIVE ORDER** |

Pursuant to the Stipulation for Protective Order (Dkt. No. 47) filed by Plaintiff State of Minnesota by its Attorney General, Keith Ellison, and Defendants Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC, **IT IS HEREBY ORDERED THAT**:

1. **Definitions**. As used in this protective order:

    (a) "attorney" means an attorney who has appeared in this action;

    (b) "confidential document" means a document designated as confidential under this protective order;

    (c) to "destroy" electronically stored information means to use commercially reasonable efforts to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

    (d) "document" means information disclosed or produced in discovery, including at a deposition;

- 1 -

(e)      "notice" or "notify" means written notice;

(f)      "outside vendor" means messenger, copy, coding, and other clerical- or technical-services vendors not employed by a party or its attorneys;

(g)      "party" means a party to this action;

(h)      "protected document" means a document protected by the attorney-client privilege, attorney work product protection, deliberative process privilege, investigative files/law enforcement privilege, common interest doctrine, public officer privilege (Minn. Stat. § 595.02, subd. 1(e)), or any other privilege or protection.

**2.      Designating a Document or Deposition as Confidential.**

(a)      A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains (1) confidential or proprietary information, i.e., trade secrets or other confidential research, development, or commercial information within the scope of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, (2) information protected by the Minnesota Government Data Practices Act ("MGDPA"), including any "government data" classified as "not public," as those terms are defined in Minn. Stat. § 13.02, subds. 7 and 8a, or (3) information that is otherwise classified as nonpublic under federal or state law, including personally identifying information protected by law from disclosure.

(b)      A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential" and, if

produced electronically, identifying the protective designation of the document in a metadata field.

(c)     Deposition testimony may be designated as confidential:

(i)     on the record at the deposition; or

(ii)    within 21 days after receiving the deposition transcript, by notifying the parties and those who were present at the deposition.

(d)     If a witness is expected to testify as to confidential or proprietary information (including testimony concerning the contents of data classified as "not public" pursuant to the MGDPA), a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**3.     Who May Receive a Confidential Document.**

(a)     A confidential document may be used only in, and for the purpose of, this action.

(b)     No person receiving a confidential document may reveal it, except to:

(i)     the court and its staff;

(ii)    an attorney or an attorney's partner, associate, or staff who is assisting with this action;

(iii)   if received by counsel for the State, and only when required by law or when the information causes counsel for the State to believe, in good faith, that a crime has been committed, to any law enforcement

- 3 -

agency, provided that the State complies with the following prerequisites:

(A)    **Redactions.**  To the extent a document only partially contains information that is required by law to be disclosed to a law enforcement agency or causes counsel for the State to believe, in good faith, that a crime has been committed, counsel for the State may only disclose that specific information to a law enforcement agency, and must redact or otherwise withhold all other information contained in the document.

(B)    **Advance Notice to Defendants.**  At least five days prior to the disclosure of any document(s) to a law enforcement agency (or a shorter amount of time if there are exigent circumstances), the State must: (i) notify Defendants of the anticipated disclosure; (ii) provide Defendants with a copy of the document(s) to be disclosed and which reflects, where applicable, the redactions required in Subparagraph (A); and (iii) provide Defendants with an opportunity to object to the disclosure.

(C)    **Advance Notice Exception.**  Subparagraph (B) shall not apply if the State determines in good faith that advance notice to Defendants will interfere with a law enforcement investigation. If the State makes that determination, it may disclose a

- 4 -

document to a law enforcement agency without providing advance notice to Defendants, so long as the document is properly redacted pursuant to Subparagraph (A) and the State provides Defendants with a copy of the document promptly following its disclosure to law enforcement. Once disclosed to Defendants, Defendants shall have five days to object to the disclosure on the basis that additional redactions are needed, in which case the parties shall work in good faith to ensure the version of the document provided to the law enforcement agency is withdrawn and destroyed, and is replaced with a properly redacted version of document.

(iv)    an outside vendor retained in connection with this action whose duties and responsibilities require access to such materials;

(v)     a person shown on the face of the confidential document to have authored or received it other than through a violation of this protective order;

(vi)    a court reporter or videographer retained in connection with this action;

(vii)   a party provided that such information designated as confidential is divulged only to employees of the party whose assistance is necessary to conduct this litigation and provided that such employees first execute the Declaration of Confidentiality provided in **Exhibit A**;

(viii)   any deponent who executes the Declaration of Confidentiality provided in **Exhibit A**;

(ix)   any person (including an expert or consultant) who:

    (A)   is retained to assist a party or attorney with this action; and

    (B)   executes the Declaration of Confidentiality provided in **Exhibit A**; and

(x)   any additional persons as counsel of record in this action shall mutually consent to in writing or on the record, provided that each such person is first provided with a copy of this protective order and signs the Declaration of Confidentiality provided in **Exhibit A**.

(c)   If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

4.   **Serving This Protective Order on a Non-Party.**  A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6.

5.   **Correcting an Error in Designation.**  A party or non-party who discloses or produces a confidential document not designated as confidential will, within 7 days after discovering the error, provide notice of the error and produce a copy of the document properly designated.  To the extent the information has been disclosed by the receiving party to anyone not authorized to receive confidential material, the receiving party must make reasonable efforts to retrieve the information promptly

- 6 -

and to avoid any further disclosure to anyone not authorized to receive confidential materials.

6. **Use of a Confidential Document in Court.**

    (a)    **Filing.** This protective order does not authorize the filing of any document under seal. A confidential document may be filed under seal only in accordance with Local Rule 5.6.

    (b)    **Presentation at a hearing or trial.** A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

7. **Changing a Confidential Document's Designation.**

    (a)    The parties shall attempt to resolve informally disputes about the status or use of documents, information and other tangible things designated as confidential, including promptly identifying, upon request, the specific basis or bases for designation of such information.

    (b)    **Document disclosed or produced by a party.** A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

    (c)    **Document produced by a non-party.** A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

(d)     **Changing a designation by court order.**   A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or nonparty who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

8.     **Handling a Confidential Document after Termination of Litigation.**

(a)     Within 30 days after the termination of this action (including any appeals), each party must:

   (i)     return or destroy all confidential documents; and

   (ii)    notify the disclosing or producing party or non-party in writing that the party has returned or destroyed all confidential documents within the 30-day period.

(b)     Notwithstanding paragraph 8(a), each attorney, and an attorney's partner, associate, or staff, may retain a copy of any confidential document submitted to the court, as well as correspondence or other attorney work product quoting or describing a confidential document, for professional liability and professional responsibility purposes or as required to comply with Minn. Stat. § 15.17.

**9.    Inadvertent Disclosure or Production to a Party of a Protected Document.**

(a)    **Notice**

(i)    A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party after discovering such inadvertent disclosure or production, and describe the basis of the claim of privilege or protection.  If the party or non-party provides such notice and description, the privilege or protection is not waived.

(ii)    A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

(b)    **Handling of Protected Document.**  A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

**10.    Limitations on Waiver of Privilege or Protection.**

(a)    **Clawback per FRE 502(b) and (d).** This Order is entered, *inter alia*, pursuant to Federal Rule of Evidence 502(d). If any party that produces or otherwise discloses information in connection with this Litigation (a "Producing Party") and thereafter claims that such information is a protected document,  the production or disclosure of such information shall not constitute or be deemed a waiver of any claim of privilege or protection that the Producing Party would otherwise be entitled to assert with respect to the

disclosed information or its subject matter in this proceeding or in any other federal or state proceeding, if (1) the disclosure is inadvertent; (2) the Producing Party took reasonable steps to prevent disclosure; and (3) the Producing Party took reasonable steps to rectify the error, including (if applicable) by following Federal Rule of Civil Procedure 26(b)(5)(B).

(b)    **Obligations Upon Assertion of Privilege or Protection.**  When a Producing Party asserts a claim of privilege or protection as to produced document(s) pursuant to this section, the receiving party must delete the protected document(s) and all copies thereof, and must instruct its e-discovery vendor (if applicable) to accomplish this task. To the extent that it is not technologically feasible for a receiving party to destroy a clawed back protected document (for example, if the clawed back document is part of a production provided on read-only production media such that the clawed back document cannot be destroyed without destroying the entire production media), the parties will meet and confer as to an acceptable alternative approach. The Producing Party must preserve the information until the claim of privilege or protection is resolved, as required by Federal Rule of Civil Procedure 26(b)(5)(B).

(c)    **Receiving Party's Obligation.** A party who discovers that it may have received a produced protected document must promptly notify the disclosing or producing party. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

- 10 -

11.  **Security Precautions and Data Breaches.**

    (a)  Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

    (b)  A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party or non-party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

12.  **Modification.**  Any party may move the court for a modification of the protective order, and nothing in this protective order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

13.  **Survival of Obligations.**  The obligations imposed by this protective order survive the termination of this action.

**SO ORDERED.**

Dated: August 21, 2023

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge

**EXHIBIT A**
**DECLARATION OF NON-DISCLOSURE**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| State of Minnesota by its Attorney General, Keith Ellison, <br><br> Plaintiff, <br><br> v. <br><br> Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC, <br><br> Defendants. | Case No.: 0:22-cv-02694-JRT-JFD |

I have read, and agree to be bound by, the protective order in the above-captioned action. As soon as my involvement with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
PRINT NAME HERE

_____
SIGN NAME HERE

_____
DATE

_____
COUNTY

_____
STATE

- 12 -