**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| State of Minnesota by its Attorney General, Keith Ellison,<br><br>Plaintiff,<br><br>v.<br><br>Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC,<br><br>Defendants. | Case No.: 0:22-cv-02694-JRT-JFD<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)** |

Defendants' motion for certification of the Court's Memorandum Opinion and Order Denying Plaintiff's Motion to Remand and Denying Defendant's Motion to Dismiss ("Order") for interlocutory appeal is nothing more than an attempt to further delay the progress of this litigation. Defendants will, of course, have ample opportunity to raise these issues for appellate consideration when the Court does enter a final, appealable order in this matter, after the facts have been determined. This is not the "exceptional" case where the potential value of interlocutory review would be worth its delay, expense, and uncertainty.

First, there is no singular "controlling question of law" raised by Defendants, as required by the certification statute. Instead, Defendants ask the Court to certify two separate, independent questions for appeal, neither of which is "controlling" in its own right. Moreover, neither question raised by Defendants is a "pure" question of law that

could be expeditiously reviewed by the Eighth Circuit. Such questions are inappropriate for appellate certification under 28 U.S.C. § 1292(b).

Second, there are not substantial grounds for differences of opinion regarding the questions for which Defendants seek appellate certification. Defendants fail to provide sufficient conflicting or contradictory caselaw within the Eighth Circuit to meet their burden to show substantial grounds for differences of opinion regarding this Court's decision that the State's action is exempted from the Protection of Lawful Commerce in Arms Act ("PLCAA"). Defendants further misstate Minnesota law in asserting that this Court's decision regarding negligence per se conflicts with Minnesota law.

Finally, an interlocutory appeal on Defendants' two separate questions would not materially advance this litigation. Indeed, such an appeal would do nothing more than cause substantial delay. Given the multiple issues raised by Defendants' questions, Defendants would need to obtain reversal on *all* of the State's claims in order for the appeal to materially advance the case. The parties will still need to litigate similar factual and legal issues through discovery, motion practice, and trial in the far likelier scenario that even one, if not all five, of the State's claims survive.

The Court should deny Defendants' Motion for Certification Pursuant to 28 U.S.C. § 1292(b).

## LEGAL STANDARD

The general rule in the federal court system is that "a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated." *Digital Equip. Corp. v. Desktop*

*Direct, Inc.*, 511 U.S. 863, 868 (1994). Under certain extremely limited circumstances, however, the Court may determine that an otherwise non-final order may be certified for interlocutory appeal:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

A party seeking certification for an interlocutory appeal must show that "(1) there is a controlling question of law, (2) there is a substantial ground for difference of opinion as to that controlling question of law, and (3) an immediate appeal may materially advance the ultimate termination of litigation." *Shukh v. Seagate Tech., LLC*, 872 F. Supp. 2d 851, 860 (D. Minn. 2012) (citation omitted).

A motion for certification "must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (citation omitted). Section 1292 is "to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation" and "was not intended merely to provide review of difficult rulings in hard cases." *Union Cnty, Iowa. v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (quoting *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (per curiam)). Furthermore, it has "long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional

3

burdens on both the court and the litigants." *White*, 43 F.3d at 376 (quoting *Control Data Corp. v. Int'l Bus. Machs. Corp.*, 421 F.2d 323, 325 (8th Cir. 1970)).

ARGUMENT

I.    **NEITHER OF THE QUESTIONS DEFENDANTS SEEK TO CERTIFY INVOLVES A CONTROLLING ISSUE OF LAW.**

"A question of law is controlling if reversal of the district court's order would terminate the action, or even if its resolution is quite likely to affect the further course of litigation." *Hazelden Betty Ford Found. v. My Way Betty Ford Klinic, GmbH*, No. 20-409, 2021 WL 3711055, at \*3 (D. Minn. Aug. 20, 2021) (citation and quotation omitted). Here, neither of the questions that Defendants ask the Court to certify involves a controlling question of law.

A.    **Neither of Defendants' Two Questions Is Controlling Because Neither Question Controls All Five Claims.**

Defendants ask the Court to certify two separate and independent questions:

(1) whether the Protection of Lawful Commerce in Arms Act ("PLCAA"), 15 U.S.C. § 7901, *et seq*., preempts Plaintiff's negligence, public-nuisance, aiding-and-abetting, and negligent-entrustment claims; and (2) whether Minnesota law bars Plaintiff's negligence per se claim because it is premised on statutes that lack private causes of action and are not designed to protect a particular class of persons.

(Defs. Mem. at 1). The questions are piecemeal: the first question addresses four of the State's five claims (Counts I, III, IV, and V, ECF No. 1-1, Ex. A (Compl.) at 28-29, 30-35), and the second question addresses the remaining claim (Count II, Compl. at 29-30). Therefore, neither of these questions involves a controlling question of law.

4

A reversal of the Order on the question of PLCAA preemption (Defendants' first question for certification) would not terminate the action, because Count II would remain. Conversely, a reversal of the Order on the question of the State's negligence per se claim stating a claim (Defendants' second question for certification) would not terminate the action, because Counts I, III, IV, and V would remain. *Cf. Varela v. State Farm Mutual Automobile Insurance Company*, No. 22-970 (JRT/DTS), 2023 WL 5021182, at *3 (D. Minn. Aug. 7, 2023) (explaining that, because the question to be certified concerned "the only claim remaining," "[t]his question is therefore controlling in that respect").

Although Defendants cite to several cases in which courts certified interlocutory appeal of non-final orders deciding preemption issues, those cases involved preemption as a *complete* defense to *all* claims of the plaintiff. In fact, in one of the cases that Defendants cite for this proposition, the court chose *not* to certify a preemption issue for appeal because the preemption issue only affected some of the claims and, even if successfully appealed, the parties would still have had to litigate the remaining "identical claims" that were "based on the same factual circumstances still awaiting litigation" and "would be addressed by the same discovery." *Southwell v. Mortgage Investors Corp. of Ohio, Inc.*, No. C13-1289, 2014 WL 12102273, at *3 (W.D. Wash. Mar. 14, 2014). The States' action against Defendants would be in the same position here given Defendants' piecemeal questions that do not present a controlling question of law.

**B.    Neither of Defendants' Two Questions Is Controlling Because Neither Question Is a Pure Question of Law.**

In addition to the conclusion that neither of Defendants' questions is controlling, neither question is a controlling question *of law*. "It is clear that a 'controlling question of law' means that only 'pure' questions of law may be certified for interlocutory appeal. Mixed questions of law and fact are inappropriate for such a proceeding." *Minnesota ex rel. N. Pac. Ctr., Inc. v. BNSF Ry. Co.*, No. 08-6385, 2010 WL 11537448, at *2 (D. Minn. Sept. 30, 2010) (citations omitted); *see also Nat'l Union Fire Ins. Co. of Pittsburgh v. Donaldson Co.*, No. 10-4948, 2015 WL 4898662, at *3 (D. Minn. Aug. 17, 2015) ("For the Court to certify an order for an interlocutory appeal, there must be a controlling question of law, not merely a question of fact").

This does not mean that pretrial dispositive motion rulings that are typically reviewed *de novo* as a matter of law automatically qualify for interlocutory appeal; rather, the certification statute requires "pure" or "abstract" questions of law that involve "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz v. Board of Trustees of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000); *see also McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) ("To summarize, § 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts.").

The resolution of Defendants' second question of "whether Minnesota law bars Plaintiff's negligence per se claim" depends in part on the Court's interpretation of

6

Minnesota law. But whether the State adequately pled a negligence per se claim requires application of the legal question to the facts of this specific case, which is not a matter of "pure law." *Employers Reins. Corp. v. Mass. Mut. Life Ins. Co.*, No. 06-0188, 2010 WL 2540097, at *2 (W.D. Mo. June 16, 2010) ("A question of law does not refer to an issue that is merely free from factual dispute, but rather it refers to matters of pure law, such as determining the meaning of a statute or regulation or deciding the appropriate legal standard to apply."), *aff'd sub nom. Employers Reins. Co. v. Mass. Mut. Life Ins. Co.*, 654 F.3d 782 (8th Cir. 2011); *see also S.E.C. v. First Jersey Sec., Inc.,* 587 F. Supp. 535, 536 (S.D.N.Y. 1984) (finding "an order . . . not appropriate for certification pursuant to 28 U.S.C. § 1292(b)" where "an appeal would necessarily present a mixed question of law and fact, not a controlling issue of pure law").

Further, appellate review of the Court's Rule 12(b)(6) ruling on the State's negligence per se claim would necessarily require the Eighth Circuit to determine whether the Court has drawn reasonable inferences about Defendants' liability given the allegations in the State's Complaint, provided that at the motion to dismiss stage, the Court considers all alleged facts as true. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). Because the Court's analysis necessarily depends on both the factual allegations contained in the complaint and Minnesota law regarding negligence per se, this issue is not one of "pure law" suitable for interlocutory appeal. *See Varela*, 2023 WL 5021182, at *3 (holding that "review of the Court's finding that [plaintiff] adequately pled" a claim "is not a controlling question of law for these reasons).

Defendants' first question about PLCAA preemption suffers from the same failings. Although preemption issues are typically viewed by courts as questions of law, Defendants argue at length not about "abstract" questions of law involving the PLCAA and statutes at issue, but instead ask this Court (and by extension the appellate courts) to closely parse how and whether the facts alleged by the State in its Complaint constitute state and federal statutory violations. *See* ECF No. 20, Defs. Mem. at 6–8. This is contrary to the purpose of section 1292(b): allowing a court of appeals to "decide quickly and cleanly without having to study the record," as opposed to "hunting through the record" to spot legal problems. *Ahrenholz*, 219 F.3d at 677.

***

Accordingly, neither of the questions Defendants seek to certify involves a controlling question of law. This alone is enough to deny Defendants' motion for certification, but neither of the additional two requirements for certification are satisfied either.

## II. THERE IS NOT SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION ON THE QUESTIONS DECIDED IN THE COURT'S ORDER.

A substantial ground for difference of opinion exists if the party asking for interlocutory appeal has identified "a sufficient number of conflicting and contradictory opinions [that] provide substantial ground for disagreement." *White*, 43 F.3d at 378 (internal quotation omitted). Merely a "dearth of cases" on the issue, without contradictory opinions, does not constitute substantial ground for difference of opinion. *Id.*; *see also Max Daetwyler Corp. v. Meyer*, 575 F. Supp. 280, 283 (E.D. Pa. 1983) ("[T]he mere fact that

8

the appeal would present a question of first impression is not, of itself, sufficient to show that the question is one on which there is a substantial ground for difference of opinion."). "[J]ust because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (quotation omitted).

Non-binding differences of legal opinion outside of the Eighth Circuit are similarly unavailing. *See Varela*, 2023 WL 5021182, at *4 ("State Farm's citation to two out-of-circuit cases fares no better because those case are not conflicting precedent within this circuit."); *Great Lakes Transmission Ltd. P'ship v. Essar Steel Minn., LLC*, 2015 WL 3915687, at *3 (D. Minn. June 25, 2015) (analyzing binding Supreme Court and Eighth Circuit precedent rather than a party's "string cite[] of several cases which it believes are contrary to the Court's Order").

> **A.      There Is Not Substantial Ground for Difference of Opinion on the Question of Whether the State's Action Is Preempted by PLCAA.**

There is not substantial ground for a difference of opinion on the Court's ruling that the State's action is not preempted by PLCAA.

> **1.      Defendants Misstate the Court's Ruling that the State's Negligence and Public Nuisance Claims Are Not Preempted.**

The Court correctly decided, in accordance with applicable precedent, that the State's public nuisance and negligence claims are predicated on violations of state and federal law and thereby render the State's action exempt from the PLCAA's bar on "qualified civil liability action[s]." As the Court explained in its order, the State's public

9

nuisance and negligence claims are both grounded in allegations that Defendants violated state and federal laws applicable to firearms sales. Compl. ¶¶ 74 and 111 (alleging for both claims that Defendants engaged in conduct that knowingly violated, and aided and abetted the violation of, "numerous federal laws and regulations, including 18 U.S.C §§ 922(a)(1), 922(a)(6), 922(m), 923(a), 924(a)(1)(a), and 924(a)(1)(D), 924(a)(3), and 27 C.F.R. §§ 478.21(a), 478.124(c)(1), and 478.124(c)(5)"); *see also* Compl. ¶¶ 75 and 112 (alleging for both claims that Defendants engaged in conduct that knowingly violated, and aided and abetted the violation of, "Minnesota law, including Minn. Stat. §§ 624.7132, subds. 15(a)(2) and 15(a)(4), and 624.7133").

Notwithstanding the above, Defendants now argue that a "substantial ground for difference of opinion" exists regarding the Court's ruling by raising a new argument that the State's public nuisance and negligence claims do not involve statutory violations. Defs. Mem. at 6–9. Because Defendants did not make this argument in their motion to dismiss, they cannot make this argument now as grounds for certification of an interlocutory appeal. *See, e.g.*, *Shedd v. Wells Fargo Bank, N.A.*, Civil Action No. 14-0275, 2016 WL 4565775, at *4 n.6 (S.D. Ala. Aug. 31, 2016) (collecting cases for the proposition that "[c]ourts have declined to certify interlocutory appeals grounded in newly raised arguments," in part because it is "highly unlikely" that appellate courts "would even consider such newly raised arguments on appeal").

Further, Defendants are wrong. The State's Complaint alleges that Defendants are in direct violation of several laws related to Defendants' firearm sales to straw purchasers, including in relation to the State's negligence claim (Count I) and public nuisance claim

10

(Count IV). The Complaint pleads that Defendants violated Minn. Stat. § 624.7132, subd. 15(a)(2)[1] by transferring firearms to persons that Defendants knew or had reason to know made a false statement: i.e., that the straw purchasers were the actual buyer of the firearm. *See, e.g.*, Compl. ¶ 36 ("Nevertheless, Fleet Farm continued to engage in straw purchase transactions even though Fleet Farm knew, or should have known, based on the circumstances of these transactions and Fleet Farm's training, that these customers were not making bona fide purchases for themselves.").

The State's Complaint also alleges that Defendants had a statutory duty[2] to maintain accurate records and follow form instructions as licensed firearms dealers and failed to do

---

[1] Curiously, Defendants make yet another new argument that this state law and 18 U.S.C. § 924 are somehow inapplicable simply because they contain "penalty provisions." Defs. Mem. at 7. These are substantive criminal statutes that proscribe defined sets of misconduct. The mere fact that these statutes also attach criminal penalties to the proscribed misconduct does not render them a nullity, and Minnesota law is clear that criminal statutes can form the basis for liability under both negligence and public nuisance theories. *See Seim v. Garavalia*, 306 N.W.2d 806, 810 (Minn. 1981) ("Such statutes [informing the standard of care in a negligence per se action] are often penal statutes that do not provide for a civil action."); *State v. O'Neil*, 286 N.W. 316, 318–19 (Minn. 1939) (holding that Attorney General may bring public nuisance action to enjoin "threatened act or conduct" that "will amount to a continuing public nuisance as well as a crime."). Defendants provide no authority supporting their argument. The unpublished Louisiana case Defendants cite involves an interest penalty tied to payment of insurance claims—which has no bearing on the use of criminal statutes for civil liability under Minnesota law. *Cf. Versai Mgmt. Corp. v. Progressive Cas. Ins. Co.*, No. 11–2717, 2012 WL 1118669, at *6 (E.D. La. April 2, 2012); Mich. Comp. Laws § 500.2006.

[2] 18 U.S.C. § 922(m) ("It shall be unlawful for any . . . licensed dealer . . . knowingly to make any false entry in, to fail to make appropriate entry in, or to fail to properly maintain, any record which he is required to keep pursuant to section 923 of this chapter or regulations promulgated thereunder); 18 U.S.C. § 924(a)(1)(a) (prohibiting "knowingly mak[ing] any false statement or representation with respect to the information required to be kept" in an FFL's records); *see also* 27 C.F.R. 478.124(c)(1) (FFL must obtain Form 4473 from transferee); 27 C.F.R. 478.124(c)(5) ("The licensee shall sign and date the form

so by completing the paperwork for firearms sales to persons they knew or should have known were straw buyers—including ATF Form 4473 that instruct dealers to "determine the lawfulness of the transaction" and to "stop the transaction if there is reasonable cause to believe that the sale or disposition of a firearm to the transferee/buyer is prohibited," "even if the transferor/seller has complied with the Federal background check requirements." *See* Compl. ¶¶ 27, 36 ("Fleet Farm has failed to meet its duties and obligations under federal and state law and regulations by selling numerous firearms to straw purchasers.").

Given Defendants' misunderstanding of the State's claims, they have wholly failed to meet their burden to show a substantial ground for difference of opinion on this issue. Defendants cannot pretend that the State pleaded purely common-law public nuisance and negligence claims when both the Complaint and the Court's Order establish otherwise. Further, the non-binding authority cited by Defendants' is inapposite because the cases exclusively focus on PLCAA preemption of common-law claims without associated statutory violations. There is no rational substantial ground for difference of opinion demonstrated by Defendants here.

### 2. The Court Correctly Determined that the State's Aiding and Abetting Claim Is Exempt from the PLCAA.

The Court correctly decided that the State's aiding and abetting claim also falls within the PLCAA's predicate exception. Many of the statutes cited in the Complaint that

---

if the licensee does not know or have reasonable cause to believe the transferee is disqualified by law from receiving the firearm.").

Defendants assert are inapplicable to their conduct are alleged in the context of Defendants' *aiding and abetting* of straw purchasers' violations of these statutes. These include laws prohibiting unlicensed firearm dealing[3] and making false statements in connection with firearm purchases.[4]

First, the State's allegations of aiding and abetting fit within both of the examples of the predicate exception in 15 U.S.C. § 7903(5)(A)(iii)(I–II): (1) the State pleaded that Defendants aided and abetted straw purchasers after the straw purchasers made "false or fictitious oral or written statements with respect to any fact material to the lawfulness of the sale"—i.e., statements that the straw buyers were purchasing the firearms for themselves and not a third party, Compl. ¶¶ 98–99; and (2) the State also pleaded that the Defendants aided and abetted straw buyers by selling firearms to them while having reasonable cause to believe that the actual buyers were prohibited by federal law from receiving or possessing the guns, Compl. ¶¶ 89, 98–99.

Moreover, the Court correctly ruled that the State's aiding and abetting claims qualify for the predicate exception. As the Court's Order explains, the PLCAA's predicate exception contains two requirements: (1) "an action in which a manufacturer or seller of a qualified product knowingly violated a State or Federal statute applicable to the sale or marketing of the product"; and (2) "the violation was a proximate cause of the harm for which relief is sought." 15 U.S.C. § 7903(5)(A)(iii); Order at 20–21. Subsections (I) and (II) are *examples* of what could fit these requirements but do not denote a limitation on

---

[3] 18 U.S.C. §§ 922(a)(1), 923(a).
[4] Minn. Stat. § 624.7132, subd. 15(a)(4); Minn. Stat. § 624.7133; 18 U.S.C. § 922 (a)(6).

what actions and violations satisfy the predicate exception. *See Ileto v. Glock, Inc.*, 565 F.3d 1126, 1134 (9th Cir. 2009) (referring to these subsections as "examples of predicate statutes in the PLCAA"). This accords with general statutory interpretation principles: when used in statutory text, the word "includes" "is usually a term of enlargement, and not of limitation." *Pattison Sand Co., LLC v. Federal Mine Safety and Health Review Comm'n*, 688 F.3d 507, 513 (8th Cir. 2012) (quoting *Burgess v. United States*, 553 U.S. 124, 131 n.3 (2008)).

Defendants' exceptionally narrow reading of the predicate exception examples as somehow limiting the type of aiding and abetting claims that qualify for the exception is not supported by the plain language of the statute or any other authority and does not show that a "substantial difference of opinion" exists. The lack of Eighth Circuit precedent on this issue is not determinative. *See Max Daetwyler Corp.* 575 F. Supp. at 283 ("[T]he mere fact that the appeal would present a question of first impression is not, of itself, sufficient to show that the question is one on which there is a substantial ground for difference of opinion.").

### 3.     There Is No Binding Precedent Conflicting with the Court's Decision that the Plain Language of PLCAA Allows the Action to Proceed If It Meets the Predicate Exception.

Finally, the Court's decision to not dismiss the State's negligent entrustment claim because the State's action may proceed under the PLCAA is correct and consistent with caselaw. *See, e.g.*, *Corporan v. Wal-Mart Stores East, LP*, 2016 WL 3881341, at *4 n.4 (D. Kansas July 18, 2016) ("Thus, because the Court finds the predicate exception

applicable to this action, it declines to engage in the claim-by-claim analysis advanced by defendants.").

The non-binding cases relied upon by Defendants are not sufficiently persuasive or contradictory as to constitute a "substantial difference of opinion." The *Estados Unidos Mexcianos* case based the dismissal of common-law claims on a reading of the predicate exception as requiring that the cause of action itself must "arise under any federal or state statute." *Estados Unidos Mexicanos v. Smith & Wesson Brands, Inc.*, 633 F. Supp. 3d 425, 447 (D. Mass. 2022).[5] The *Parson* and *Elkins* decisions simply analyzed each claim individually without considering whether the "action" met the predicate exception. *Parsons v. Colt's Mfg. Co., LLC*, No. 19-CV-00189, 2020 WL 1821306, at *3–5 (D. Nev. Apr. 10, 2020); *Elkins v. Academy I, LP*, 633 S.W.3d 529, 534–39 (Mo. Ct. App. 2021). None of these decisions considered or rejected the approach taken by this Court or in the *Chiapperini, Beemiller*, or *Corporan* cases. Without citation to Eighth Circuit authority that is in direct conflict with the Court's Order, Defendants have failed to meet their burden of showing that such difference of opinion is sufficiently "substantial."

Defendants may not like the approach chosen by this Court or others throughout the country, but that is not sufficient grounds to justify an interlocutory appeal. "[J]ust because counsel contends that one precedent rather than another is controlling does not mean there

---

[5] *Estados Unidos Mexicanos* is currently on appeal and was heard before the First Circuit on July 24, 2023. *See Estados Unidos Mexicanos v. Smith & Wesson Brands Inc.*, Docket No. 22-1823 (1st Cir.).

is such a substantial difference of opinion as will support an interlocutory appeal." *Couch*, 611 F.3d at 633 (quotation omitted).

Lastly, Defendants' slippery slope argument painting the Court's Order as a Trojan horse allowing otherwise-barred claims to be brought against firearms dealers misses the mark. Here, the State asserted a negligent-entrustment claim that the Court held did not meet the PLCAA exception solely because the claim did not meet the technical definition of "negligent entrustment" under the PLCAA, because the straw buyers transferred the firearms to others and did not "use" the firearms themselves. Order at 25. But Congress's stated purpose in passing the PLCAA was to immunize the industry from liability for "the harm *solely* caused by the criminal or unlawful misuse of firearm products." 15 U.S.C. § 7901(b)(1) (emphasis added). To the extent the State's negligent entrustment claim alleges that Defendants share responsibility for contributing to the criminal or unlawful misuse of firearm products they sold, such a claim fits within the general purposes of the PLCAA and its exceptions. It is up to a future case, and a future court, to decide the treatment under the PLCAA of an "action" that contains the "easy end-run around the PLCAA" conjectured by Defendants. This is not that case.

**B.      There Is Not Substantial Ground for Difference of Opinion as to Defendants' Second Question Directed at the State's Negligence Per Se Claim.**

The second question Defendants seek to certify encompasses two arguments Defendants made in support of its motion to dismiss the State's negligence per se claim: "whether Minnesota law bars Plaintiff's negligence per se claim because *it is premised on statutes* [1] *that lack private causes of action* and [2] *are not designed to protect a*

16

*particular class of persons*." Defs. Mem. at 1 (emphasis added). Defendants wrongly asserts that the "[t]he Court's conclusions have created an intra-District split on both issues." Defs. Mem. at 15.

The Court held that Defendants' first argument—i.e., that "the negligence per se claim fails because none of the statutes relied upon by the State create a private right of action"—"*is in direct conflict with Minnesota law* since negligence per se claims may arise for violations of penal statutes that otherwise do not provide for a civil action." Order at 36 (citing *Seim v. Garavalia*, 306 N.W.2d 806, 810 (Minn. 1981) (emphasis added). Therefore, because Defendants' argument about Minnesota law is "in direct conflict with Minnesota law," there cannot be "a substantial ground for difference of opinion as to" Defendants' second question. *See Shukh v. Seagate Tech., LLC*, 872 F. Supp. 2d 851, 860 (D. Minn. 2012) (citation omitted).

The Court's Order is not contrary to other decisions in the District of Minnesota. Defendants wrongly asserts that "Minnesota law is clear that if a statute does not provide a private cause of action, it may not supply the basis for a negligence per se claim." Defs. Mem. at 15.The cases Defendants misinterpret and quote out of context do not stand for this proposition. As *Medtronic* explained, "the [negligence per se] doctrine simply sets the standard of care "where an underlying common law cause of action [already] exists." *In re Medtronic, Inc. Sprint Fidelis Leads Prods. Liab. Litig.*, 592 F. Supp. 2d 1147, 1163 (D. Minn. 2009) (quoting *Elder v. Allstate Ins. Co.*, 341 F. Supp. 2d 1095, 1100 (D. Minn. 2004)); *see also Vind v. McGuire*, No. A13–0591, 2013 WL6152312, at *4 (Minn. Ct. App. Nov. 25, 2013) (examining whether a "common-law duty existed before the statute was

enacted"). Put another way, "negligence per se can only be grounded in a common law negligence claim; it does not create a new cause of action." *Nelson v. Am. Fam. Mut. Ins. Co.*, No. 13–cv–607, 2013 WL 5745384, at *19 (D. Minn. Oct. 23, 2013). Here, an underlying cause of action for negligence already exists with respect to Defendants' sales of firearms, and the State alleges that Defendants owed a duty of care at common law. This is not the same situation as in any of the cases cited by Defendants.

Defendants' remaining case has to do with Defendants' second argument that the State's negligence per se claim "is premised on statutes that . . . are not designed to protect a particular class of persons."[6] *Netgain* rejected a negligence per se claim under the FTC Act because the plaintiff was not part of the class of persons to be protected by that Act:

> Netgain argues that Plaintiffs' claim for negligence per se fails because there is no private right of action under Section 5 of the Federal Trade Commission ("FTC") Act, 15 U.S.C. §§ 41-58. (Def.'s Mem. at 24–26.) The Court agrees.
>
> A claim for negligence per se arises when a duty is created by statute. . . . For negligence per se to apply, the injured person must show that he or she is a member of the "class of persons whom the statute is intended to protect and the injury is of the type against which the statue is intended to protect."

*Netgain Tech., LLC*, 2022 WL 1810606, at *16 (D. Minn. June 2, 2022). Thus, *Netgain* used the language "no private right of action" to mean that the plaintiffs were not within

---

[6] *Schermer v. State Farm Fire and Casualty Co.*, 702 N.W.2d 898 (Minn. Ct. App. 2005), did not involve or address a claim of negligence per se. Rather, the decision stated that "the law is settled that a litigant cannot directly sue under Minn. Stat. § 72A.20, subd. 13, or use an alleged violation of this statute to prove elements of a common law claim." *Id.* at 905 (emphasis added).

the class of persons that the FTC Act was intended to protect.[7] In the State's present action against Defendants, however, the statutes on which the State's negligence per se claim are based are intended to protect the public from gun violence. Order at 36 ("[T]he laws at issue are specifically designed to protect Minnesotans from gun violence, rather than just to promote the general welfare of the state."). "It is well settled that breach of a statute gives rise to negligence per se if the persons harmed by that violation are within the intended protection of the statute and the harm suffered is of the type the legislation was intended to prevent." *Zorgdrager v. State Wide Sales, Inc*., 489 N.W.2d 281, 284 (Minn. Ct. App. 1992).

***

Defendants have failed to show that a substantial ground for difference of opinion exists for *any* of the legal issues they raise, and the Court should deny Defendants' motion for certification for failure to meet this factor.

## III.   CERTIFICATION WILL NOT MATERIALLY ADVANCE THE LITIGATION.

A party seeking certification for interlocutory appeal bears the burden to show "that an immediate appeal may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Court may find that certification of an interlocutory appeal "would be appropriate if there would be a great amount of time and expense required to proceed

---

[7] *Samuel v. Oromia Media Network*, 569 F. Supp. 3d 904, 911–12 (D. Minn. 2021), also appears to be addressing this requirement, though the discussion on this point is minimal. This decision did not address the requirements for a negligence per se claim under Minnesota law. *See generally id.*

19

with litigation in comparison with the time and expense of staying the proceedings and pursuing an immediate appeal." *Fenton*, 2010 WL 1006523, at *2.

In this case, there is a far greater likelihood that certification of the Court's order for appeal will simply prolong the litigation and will not save the parties (and the Court) the time and expense of further litigation and trial. Defendants' argument for material advancement is precariously premised on predicting a complete reversal of essentially every ruling made by this Court in deciding Defendants' Motion to Dismiss. The Eighth Circuit would need to hold that every claim except for the State's negligence per se claim is preempted by the PLCAA and that the State's negligence per se claim is insufficient as a matter of Minnesota law.[8] Although Defendants pose the certification motion as involving two questions to this Court, in reality the Defendants would need to have the Eighth Circuit overturn the entirety of this Court's rulings on several different issues and legal theories involving all five different State claims and different aspects of the PLCAA.

In the far more likely scenario that one or more of the State's claims or legal theories survived on an interlocutory appeal, "no factual issue or litigant would be removed from the case" and the parties would still have to go through fact discovery, expert discovery, motion practice, and trial regarding the facts of Defendants' sale of firearms to straw

---

[8] Courts have cautioned against certifying questions of state law for interlocutory appeal. *See, e.g.*, *Cummins v. EG & G Sealol, Inc.*, 697 F. Supp. 64, 70 (D.R.I. 1988) ("After careful consideration, this Court holds that it is improper to certify a question of state law to the United States Court of Appeals for interlocutory review."); *Frazier v. Bickford*, No. 14-CV-3843 (SRN/JJK), 2015 WL 8779872, at *3 (D. Minn. Dec. 15, 2015) (denying certification of order involving two state law questions); *Hubbard v. Phil's BBQ of Point Loma, Inc.*, No. 09cv0735-LAB, 2010 WL 3069703, at *1 (S.D. Cal. Aug. 4, 2010) (holding that interlocutory appeal of a state law issue "would be of little assistance").

purchasers. *See Ashmore v. N.E. Petroleum Div. of Cargill, Inc.*, 855 F. Supp. 438, 440 (D. Me. 1994). A pretrial stay to litigate an appeal would simply add on to the length of the litigation and do little to materially advance it toward termination.

## CONCLUSION

For all the above reasons, the State respectfully requests that the Court deny Defendant's Motion for Certification in its entirety.

Dated:  September 1, 2023

KEITH ELLISON
Attorney General
State of Minnesota

**/s/ Eric J. Maloney**
ERIC J. MALONEY (#0396326)
Assistant Attorney General
JAMES W. CANADAY (#030234X)
Deputy Attorney General
JASON T. PLEGGENKUHLE (#0391772)
Assistant Attorney General
KATHERINE A. MOERKE (#0312277)
Assistant Attorney General


445 Minnesota Street, Suite 1200
St. Paul, Minnesota 55101-2130
(651) 757-1021
eric.maloney@ag.state.mn.us
james.canaday@ag.state.mn.us
jason.pleggenkuhle@ag.state.mn.us
katherine.moerke@ag.state.mn.us
*Attorneys for State of Minnesota*