**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

STATE OF MINNESOTA,

                                                    Civil. No. 22-2694 (JRT/JFD)

                        Plaintiff,

v.

                                        **MEMORANDUM OPINION AND ORDER**
                                        **DENYING DEFENDANTS' MOTION FOR**
FLEET FARM LLC, FLEET FARM GROUP          **CERTIFICATION PURSUANT TO 28 U.S.C.**
LLC, and FLEET FARM WHOLESALE                      **§ 1292(b)**
SUPPLY CO. LLC,

                        Defendants.

---

Eric John Maloney and Katherine Moerke, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1200, St. Paul, MN 55101; Jason T. Pleggenkuhle, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101; Megan M. Walsh, **UNIVERSITY OF MINNESOTA LAW CLINICS**, Mondale Hall, 229 Nineteenth Avenue South, Suite 190, Minneapolis, MN 55455, for Plaintiff.

Andrew W. Davis, Andrew Leiendecker, Sharon Robin Markowitz, and Todd A. Noteboom, **STINSON LLP**, 50 South Sixth Street, Suite 2600, Minneapolis, MN 55402, for Defendants.

The State of Minnesota ("the State") brought this action against Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. (collectively, "Fleet Farm") for allegedly selling firearms to individuals that Fleet Farm knew or should have known were straw purchasers of weapons—individuals purchasing firearms for people who could not legally obtain or possess one. On June 27, 2023, the Court concluded that it has jurisdiction over the action, that the Protection of Lawful Commerce in Arms Act

("PLCAA"), 15 U.S.C. § 7901, *et seq.*, does not preempt the action, and that each of the claims in the Complaint are plausibly alleged.

Fleet Farm now moves the Court to certify two questions for interlocutory appeal. The first question is whether the PLCAA preempts the State's negligence, public nuisance, aiding-and-abetting, and negligent entrustment claims. The second question is whether Minnesota law bars the State's negligence per se claim. Because Fleet Farm failed to satisfy the three elements required for certification of interlocutory appeal under 28 U.S.C. § 1292(b), the Court will deny Fleet Farm's Motion for Certification.

## BACKGROUND

Because the Court has previously explained the factual and procedural history of this litigation, it will only briefly summarize the history relevant to this Motion for Certification. *See Minnesota v. Fleet Farm LLC*, No. 22-2694, 2023 WL 4203088, at *2–4 (D. Minn. June 27, 2023). The State brought this action against Fleet Farm for allegedly selling firearms to individuals that Fleet Farm knew or should have known were straw purchasers of weapons. *Id.* at *3–4. A straw purchaser is an individual who purchases firearms for others who are not legally eligible to obtain or possess one. *Id.* at *2.

The State brought five claims under state law: negligence, public nuisance, aiding-and-abetting, negligent entrustment, and negligence per se. *Id.* at *4. Fleet Farm moved to dismiss all five claims pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing either that the PLCAA preempts the claims or that the State failed to plausibly allege them. *Id.* at *8.

The Court denied Fleet Farm's motion to dismiss on two grounds. First, the Court found that the action is not preempted by the PLCAA.[1] *Id.* at *15. Specifically, the Court concluded that the negligence and public nuisance claims are partially predicated on the violation of state and federal statutes that concern the regulation of firearms, and thus fall under the predicate exception to the PLCAA. *Id.* at *9–10. The Court found that the aiding-and-abetting claim also falls under the predicate exception because the exception provides a non-exhaustive list of examples of aiding-and-abetting claims subject to the exception. *Id.* at *10; *see also* 15 U.S.C. §§ 7903(5)(A)(iii)(I)–(II). In addition, the Court determined that even though the negligent entrustment claim does not meet the statute's negligent entrustment exception definition, the claim survives in this case because only one claim must survive the preemption analysis for the entire action to move forward. *See Fleet Farm*, 2023 WL 4203088, at *10.

Second, the Court found that each of the State's five claims are plausibly alleged. *Id.* at *15. Relevant to this Motion, the State's negligence per se claim alleges that Fleet Farm owed a duty of care to Minnesotans under the Minnesota Gun Control Act and the federal Gun Control Act, and that it was negligent when it breached that duty by selling firearms to individuals that Fleet Farm knew or should have known were straw purchasers. *Id.* In its motion to dismiss, Fleet Farm argued that the negligence per se

---

[1] Fleet Farm did not argue that the negligence per se claim was preempted by the PLCAA; thus, the Court did not evaluate the negligence per se claim under a preemption analysis. *See Fleet Farm*, 2023 WL 4203088, at *9 n.6.

claim fails because the state and federal gun control statutes do not protect a group that is specific enough to apply to this action, nor do they create private causes of action. *Id.* Ultimately, the Court concluded that the State plausibly alleged the negligence per se claim because (1) the statutes are designed to protect Minnesotans from gun violence, rather than just promote the general welfare of the state, and (2) negligence per se claims may arise for violations of penal statutes that otherwise do not provide for a civil action under Minnesota law. *Id.*

Fleet Farm now moves the Court to certify two questions for interlocutory appeal to the Eighth Circuit: (1) whether the PLCAA preempts the State's negligence, public nuisance, aiding-and-abetting, and negligent entrustment claims; and (2) whether Minnesota law bars the State's negligence per se claim because it is premised on statutes that lack private causes of action and are not designed to protect a particular class of persons. (Defs.' Mot. Cert. Pursuant to 28 U.S.C. § 1292(b), Aug. 11, 2023, Docket No. 42.)

## DISCUSSION

### I.   STANDARD OF REVIEW

The federal courts of appeals have jurisdiction over "all final decisions of the district courts." 28 U.S.C. § 1291. Under certain circumstances, a district court may determine that an otherwise non-final order may be certified for interlocutory appeal under 28 U.S.C. § 1292(b). The statute provides, in relevant part, that when a district court judge issuing an order in a civil case that is not immediately appealable determines

that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order."  28 U.S.C. § 1292(b).  Thus, a party seeking certification for interlocutory appeal must show that "(1) there is a controlling question of law, (2) there is a substantial ground for difference of opinion as to that controlling question of law, and (3) an immediate appeal may materially advance the ultimate termination of litigation." *Shukh v. Seagate Tech., LLC*, 872 F. Supp. 2d 851, 860 (D. Minn. 2012) (citation omitted).

While section 1292(b) gives the Court the discretion to certify an order for interlocutory appeal, the statute's legislative history "indicates that it was to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation.  It was not intended merely to provide review of difficult rulings in hard cases." *Union Cnty., Iowa v. Piper Jaffray & Co., Inc.*, 525 F.3d 643, 646 (8th Cir. 2008) (quoting *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (per curiam)). Therefore, "[a] motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (citation omitted).  Indeed, "[i]t has . . . long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants." *Id.* (citations omitted).

## II.    ANALYSIS

Fleet Farm asks the Court to certify two questions for interlocutory appeal: whether the PLCAA preempts the State's negligence, public nuisance, aiding-and-abetting, and negligent entrustment claims; and whether Minnesota law bars the State's negligence per se claim. Each of these questions must meet the three-prong analysis for interlocutory appeal. The first question also encompasses multiple causes of action, for which the three-prong analysis may differ. Because Fleet Farm fails to satisfy the three elements for certification of interlocutory appeal for all causes of action under both questions, the Court will deny Fleet Farm's Motion for Certification.

### A.    Controlling Question of Law

The first element in assessing whether a question should be certified for interlocutory appeal under section 1292(b) is that it involves a controlling question of law. *See* 28 U.S.C. § 1292(b).

"A question of law is controlling if reversal of the district court's order would terminate the action, or even if its resolution is quite likely to affect the further course of litigation." *Varela v. State Farm Mut. Auto. Ins. Co.*, No. 22-970, 2023 WL 5021182, at *3 (D. Minn. Aug. 7, 2023) (quotation omitted). An issue is a question of law for purposes of section 1292(b) if it is not a matter for the trial court's discretion. *White*, 43 F.3d at 377. That is, it cannot be a mixed question of law and fact. *See Fenton v. Farmers Ins. Exch.*, No. 07-4864, 2010 WL 1006523, at *2 (D. Minn. Mar. 16, 2010) ("In order for the Court to certify an order for an interlocutory appeal, there must be a controlling question of law,

not merely a question of fact.") (citation omitted).  This means that "only pure questions of law may be certified for interlocutory appeal.  Mixed questions of law and fact are inappropriate for such a proceeding."  *Minnesota ex rel. N. Pac. Ctr., Inc. v. BNSF Ry. Co.*, No. 08-6385, 2010 WL 11537448, at *2 (D. Minn. Sept. 30, 2010) (internal quotations omitted); *see also Varela*, 2023 WL 5021182, at *3 (same).

First, the Court agrees that reversal of the June 27, 2023 Order would result in the termination of this case because together, both questions involve all five of the State's claims.  Therefore, evaluated collectively, the questions are controlling for purposes of section 1292(b).

But while the questions may be controlling collectively, not all the issues within the questions are controlling questions **of law**.  On its face, whether the PLCAA preempts the State's negligence, public nuisance, aiding-and-abetting, and negligent entrustment claims appears to be a pure legal question because it concerns the preemptive powers of the PLCAA.  *See, e.g.*, *Cearley v. Gen. Am. Transp. Corp.*, 186 F.3d 887, 889 (8th Cir. 1999) (reviewing preemption questions certified for interlocutory appeal); *Symens v. SmithKline Beecham Corp.*, 152 F.3d 1050, 1053 (8th Cir. 1998) (same).  However, the Court must evaluate whether the preemption inquiry for each claim would also require factual analysis.  Whether the PLCAA preempts the aiding-and-abetting and negligent entrustment claims does not require factual analysis, but whether the PLCAA preempts the negligence and public nuisance claims does.  In addition, whether Minnesota law bars

-7-

the negligence per se claim would also require the application of law to the facts of this specific case.

### 1.  Aiding-and-Abetting and Negligent Entrustment Preemption are Pure Legal Questions

PLCAA preemption of the aiding-and-abetting and negligent entrustment claims are pure legal questions.  Determining whether the PLCAA preempts the aiding-and-abetting claim requires statutory interpretation.  Specifically, it requires resolving whether the PLCAA's predicate exception contains an exhaustive list of the types of aiding-and-abetting claims subject to the predicate exception, which is a matter of "pure law."  *See Varela*, 2023 WL 5021182, at *3 (citation omitted) (describing the determination of the meaning of a statute as a question of pure law).

Similarly, determining whether the PLCAA preempts the negligent entrustment claim involves deciding the appropriate legal standard to apply in the PLCAA preemption analysis, which is also a matter of "pure law."  *See id.* (deciding the appropriate legal standard to apply is a matter of pure law).  Both the aiding-and-abetting claim and the negligent entrustment claim thus encompass questions of pure law.

### 2.  Negligence and Public Nuisance Preemption Requires Factual Analysis

Determining whether the PLCAA preempts the negligence and public nuisance claims depends on whether Fleet Farm's conduct violated the state and federal statutes on which the claims are predicated.  While resolving that question depends in part on the whether the cited statutes may supply the basis of a negligence or public nuisance claim,

it also requires application of the law to the facts of this case, which is not a matter of "pure law." *See Varela*, 2023 WL 5021182, at *3 (quoting *Employers Reins. Corp. v. Mass. Mut. Life Ins. Co.*, No. 06-0188, 2010 WL 2540097, at *2 (W.D. Mo. June 16, 2010)).  It is incumbent to analyze the facts to determine whether a violation of the statutes occurred. The analysis cannot be separated from the facts of this case and, as such, the negligence and public nuisance claims do not encompass questions of pure law.

### 3.    Negligence Per Se Claim Also Requires Factual Analysis

Whether Minnesota law bars the negligence per se claim is not a controlling question of pure law.  It is true that the resolution of this question depends in part on resolving whether a statute lacking a private cause of action or protecting the public at large may supply the basis for a negligence per se claim, which are legal matters.  But it is also true that whether the State adequately pleaded a negligence per se claim requires application of the law to the facts of this case, which is not a pure legal matter. *See Varela*, 2023 WL 5021182, at *3 ("While it is true that the resolution of this issue depends in part on the Court's interpretation of the insurance policy, which is a matter of law, whether Varela adequately pled a MCFA claim requires application of the legal question to the facts of this specific case, which is not a matter of 'pure law.'") (citation omitted).

Here, Fleet Farm seeks review of the Court's finding that the State adequately pleaded a negligence per se claim.  But such review would require the Eighth Circuit to determine whether the Court has drawn reasonable inferences about Fleet Farm's liability given the allegations in the Complaint, since at the motion to dismiss stage the Court must

consider all alleged facts as true. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). Because the Court's analysis is intrinsically intertwined with the factual allegations in the Complaint and the state and federal gun control statutes, this issue is not a pure question of law.

In summary, the Court finds that whether the PLCAA preempts the negligence claim and public nuisance claim and whether Minnesota law bars the negligence per se claim are not questions of pure law. But whether the PLCAA preempts the aiding-and-abetting and negligent entrustment claims are questions of pure law. However, because certifying only the aiding-and-abetting and negligent entrustment claims for appeal would not terminate or be "quite likely to affect the further course of litigation," these issues taken independently are not controlling. *Varela*, 2023 WL 5021182, at *3 (citation omitted). The three remaining claims would be unaffected and require overlapping discovery with the aiding-and-abetting and negligent entrustment claims. Therefore, the Court concludes that Fleet Farm's questions do not satisfy the first element for certification of interlocutory appeal.

### B. Substantial Ground for Difference of Opinion

The second element in assessing whether a question should be certified for interlocutory appeal under section 1292(b) is that there be substantial ground for difference of opinion on the issue. *See* 28 U.S.C. § 1292(b).

There is substantial ground for difference of opinion when the party asking for interlocutory appeal has identified "a sufficient number of conflicting and contradictory

opinions [that] provide substantial ground for disagreement." *White*, 43 F.3d at 378 (internal quotation omitted). "[S]ubstantial ground for difference of opinion does not exist merely because there is a dearth of cases." *Id.*

### 1.    Negligence and Public Nuisance Claims

Fleet Farm cites to three cases in support of its argument that reasonable jurists may find that the PLCAA preempts negligence and public nuisance claims.[2] *See City of New York v. Beretta U.S.A. Corps.*, 524 F.3d 384, 399–400 (2d Cir. 2008); *Estados Unidos Mexicanos v. Smith & Wesson Brands, Inc.*, 633 F. Supp. 3d 425, 447 (D. Mass. 2022); *Jefferies v. Dist. Of Columbia*, 916 F. Supp. 2d 42, 46–47 (D.D.C. 2013). But these cases fail to create a substantial ground for difference of opinion on whether the PLCAA preempts the State's negligence and public nuisance claims because they are inapposite to this case.

The *Beretta* court concluded that a nuisance claim did not fall into the PLCAA's predicate exception because the claim was premised on a "statute of general

---

[2] Fleet Farm also argues that many of the cited statutes do not apply to a federal firearm licensee ("FFL") because they expressly apply to non-FFLs and/or firearm purchasers, and that other cited statutes are penalty provisions and thus cannot provide the basis for a negligence or public nuisance claim. However, because this is a new argument raised for the first time in this Motion for Certification, the Court will not consider it here because the Eighth Circuit would likely not consider it on appeal. *See United States v. Hirani*, 824 F.3d 741, 751 (8th Cir. 2016) ("Ordinarily, we will not consider an argument raised for the first time on appeal."); *see also Shedd v. Wells Fargo Bank, N.A.*, No. 14-0275, 2016 WL 4565775, at *4 n.6 (S.D. Ala. Aug. 31, 2016) (collecting cases where courts refused to entertain new arguments raised in motions for certification of interlocutory appeal).

applicability," not one that regulates the sale or marketing of firearms as required by the statute. 524 F.3d at 400. Here, the negligence and public nuisance claims are not premised on statutes of general applicability, but instead statutes that concern the regulation of firearms. Similarly, although the *Estados* court and the *Jefferies* court found that the PLCAA preempts common law negligence claims, these cases are distinguishable because neither involve claims of negligence or public nuisance that are partially predicated on the violation of state and federal statutes that concern the regulation of firearms. Therefore, the Court finds no substantial ground for difference of opinion exists as to the negligence and public nuisance claims.

### 2.    Aiding-and-Abetting Claim

Fleet Farm argues that there "may be" substantial ground for difference of opinion on whether the PLCAA contains an exhaustive list of the types of aiding-and abetting claims subject to the predicate exception. (Defs.' Mem. Supp. Mot. at 17, Aug. 11, 2023, Docket No. 44.) But Fleet Farm provides no authorities where courts have found that the PLCAA's predicate exception provides an exhaustive list of the types of aiding-and-abetting claims subject to the exception. Instead, it maintains that principles of statutory interpretation may lead other courts to interpret the statute's language differently. Yet a mere "dearth" of cases is insufficient to create a substantial ground for difference of opinion. *See White*, 43 F.3d at 378. Even though the Eighth Circuit has not yet analyzed this issue, "the mere presence of a disputed issue that is a question of first impression,

standing alone, is insufficient to demonstrate a substantial ground for difference of

opinion." *Couch v. Telescope Inc.*, 611 F.3d 629, 634 (9th Cir. 2010) (citations omitted).

### 3.   Negligent Entrustment Claim

Whether the PLCAA preempts the negligent entrustment claim appears to be the

only preemption issue over which there may be substantial ground for difference of

opinion.  Some courts have come to the same conclusion as the Court that only one claim

needs to survive the preemption analysis for the entire suit to move forward.[3]  *See*

*Chiapperini v. Gander Mountain Co., Inc.*, 13 N.Y.S.3d 777, 787 (Sup. Ct. Monroe Cnty.

2014); *Williams v. Beemiller, Inc.*, 100 A.D.3d 143, 151 (N.Y. App. Div. 2012), *op. am. on*

*reargument*, 103 A.D.3d 1191 (N.Y. App. Div. 2013).  But other courts have conducted the

PLCAA preemption analysis on a claim-by-claim basis.  *See Estados*, 633 F. Supp. 3d at

446–50; *Parsons v. Colt's Mfg. Co., LLC*, No. 2:19-1189, 2020 WL 1821306, at *3–6 (D. Nev.

Apr. 10, 2020) (analyzing all three claims under PLCAA exceptions); *Elkins v. Acad. I, LP*,

633 S.W.3d 529, 534–39 (Mo. Ct. App. 2021) (analyzing negligent entrustment and

---

[3] To address Fleet Farm's concerns that the Court's approach will create an "easy end-run around the PLCAA" by permitting claims to move forward that otherwise would not, the Court is not permitting the State to bring just **any** claim past the motion to dismiss stage because other claims survive the preemption analysis.  Rather, the Court is permitting the State to continue forward with a negligent entrustment claim, which the PLCAA expressly excludes from its preemptive effect.  *See* 15 U.S.C. § 7903(5)(A)(ii).  The Court found that the present action does not meet the negligent entrustment exception definition, but permitting the negligent entrustment claim to move forward at this stage of the litigation is appropriate in light of the PLCAA's purpose and exceptions.  *See* 15 U.S.C. § 7901(b)(1) (stating that a purpose of the PLCAA is to immunize the gun industry "for the harm solely caused by the criminal or unlawful misuse of firearm products or ammunition products by others when the product functioned as designed and intended").

negligence per se claims under PLCAA exceptions).  Because there is conflicting caselaw on the correct approach to the PLCAA preemption analysis, and because there is no authority from the Eighth Circuit on this issue, the Court will find substantial ground for difference of opinion on this issue.

### 4.    Negligence Per Se Claim

Fleet Farm asserts that the Court's Order has created inconsistent District of Minnesota opinions on whether Minnesota law bars the State's negligence per se claim because it is premised on statutes that lack private causes of action and are not designed to protect a particular class of persons.  But Fleet Farm misunderstands Minnesota law. Negligence per se claims may arise for violations of penal statutes that otherwise do not provide for a civil action under Minnesota law.  *See Seim v. Garavalia*, 306 N.W.2d 806, 810 (Minn. 1981) ("Negligence per se may exist when the reasonable person standard is supplanted by a standard of care established by the legislature.  Such statutes are often penal statutes that do not provide for a civil action.  The statute is said to express a policy for the protection of a certain class of persons.").  Many of Fleet Farm's citations to district court cases in support of its argument are inapposite to this case because they do not premise their negligence per se claims on a penal statute.[4]  Fleet Farm also cites to *Samuel*

---

[4] *See In re Medtronic, Inc. Sprint Fidelis Leads Prod. Liab. Litig.*, 592 F. Supp. 2d 1147, 1163 (D. Minn. 2009) (dismissing negligence per se claim premised on violations of generic design and manufacturing regulations, not penal statutes); *Elder v. Allstate Ins. Co.*, 341 F. Supp. 2d 1095, 1102 (D. Minn. 2004) (dismissing negligence per se claim premised on violations of the Minnesota Unfair Claims Practices Act, which is not a penal statute); *Nelson v. Am. Fam. Mut. Ins. Co.*, No.

*v. Oromia Media Network*, where the court dismissed a negligence per se claim based in part on violations of penal statutes because the plaintiff failed to meet his burden to demonstrate that Congress intended to make a private remedy available under the statutes.  569 F. Supp. 3d 904, 911–12 (D. Minn. 2021).  However, one potentially contradictory case is insufficient to establish a substantial ground for difference of opinion.  Because Fleet Farm has failed to establish that reasonable jurists may disagree as to whether negligence per se claims may arise for violations of gun control statutes or penal statutes generally, the Court will find that no substantial ground for difference of opinion exists as to this issue.

Furthermore, in arguing that the statutes protect too broad a group for a violation to constitute negligence per se, Fleet Farm cites to a string of cases that it argues stand for the proposition that statutes aiming to protect the overall public good are not specific enough to sustain a negligence per se claim. *See, e.g.*, *Alexander v. 1328 Uptown, Inc.*, No. 18-1544, 2020 WL 1644246, at *9 (D. Minn. Apr. 2, 2020); *Opay v. Howard Lake Liquor Store*, No. 9-94-1447, 1995 WL 34838, at *5 (Minn. Ct. App. Jan. 31, 1995).[5]  However,

_____

13-607, 2013 WL 5745384, at *19 (D. Minn. Oct. 23, 2013) (same); *In re: Netgain Tech., LLC*, No. 21-1210, 2022 WL 1810606, at *16 (D. Minn. June 2, 2022) (dismissing negligence per se claim premised on violations of Section 5 of the Federal Trade Commission Act, which is not a penal statute).

    [5] Fleet Farm also cites to *Cracraft v. City of St. Louis Park*, *Haynes v. Abdelwahed*, and *Lorshbough v. Twp. of Buzzle*, for this proposition, but those cases address the conditions under which a duty of care may be imposed on a municipality that seeks to enforce the law on third parties or that has undertaken a special duty to act for the protection of others, which is not

these cases are insufficient to establish that a substantial ground for difference of opinion exists as to whether the Minnesota Gun Control Act and federal Gun Control Act may provide the basis for a negligence per se claim.  The Court found that these statutes are specifically designed to protect Minnesotans from gun violence, rather than just to promote the general welfare of the State.  Fleet Farm provides no authority to support the conclusion that statutes that protect a particular group—such as protecting Minnesotans from gun violence—cannot provide the basis for a negligence per se claim. Therefore, the Court will not find that a substantial ground for difference of opinion exists as to this question.

In summary, Fleet Farm has not met its burden in establishing a substantial ground for difference of opinion exists as to the negligence, public nuisance, aiding-and-abetting, and negligence per se claims.  The only claim for which Fleet Farm may have met its burden is whether the PLCAA preempts the negligent entrustment claim.[6]

### C.    Materially Advance the Ultimate Termination of Litigation

Because the first and second elements for certification of interlocutory appeal have not been satisfied for Fleet Farm's questions, the Court need not continue the analysis for the third element.  Nevertheless, it will do so for thoroughness.

---

analogous to this case.  *See* 279 N.W.2d 801, 803 (Minn. 1979); No. 3-96-2565, 1997 WL 406644, at *2 (Minn. Ct. App. July 22, 1997); 258 N.W.2d 96, 99 (Minn. 1977).

[6] However, as the Court found above, whether the PLCAA preempts the negligent entrustment claim is not a **controlling** question of law as required because it will not terminate or substantially impact the progression of the litigation.

-16-

The third element in assessing whether a question should be certified for interlocutory appeal under section 1292(b) requires the party seeking certification of the appeal to show that an immediate appeal may materially advance the ultimate termination of litigation. *See* 28 U.S.C. § 1292(b). The Court may find that the third element for interlocutory appeal is met "if there would be a great amount of time and expense required to proceed with litigation in comparison with the time and expense of staying the proceedings and pursuing an immediate appeal." *Fenton*, 2010 WL 1006523, at *2.

Even if the Court had found that one or two issues embedded within the questions were controlling questions of law as to which there were substantial grounds for difference of opinion, the third element would not be satisfied. The Eighth Circuit has instructed that an interlocutory appeal may not materially advance the ultimate termination of litigation if, regardless of the Eighth Circuit's decision, the litigation will proceed in "substantially the same manner." *White*, 43 F.3d, at 378. In *Southwell*, the court found that immediate resolution of a federal preemption question would not materially advance the termination of litigation because the basic elements of the claim that would be certified for appeal were identical to another claim in the case that would be unaffected by the appeal. *Southwell v. Mortg. Invs. Corp. of Ohio, Inc.*, No. 13-1289, 2014 WL 12102273, at *2–3 (W.D. Wash. Mar. 14, 2014). The *Southwell* court concluded that because both claims "share[d] issues that would be addressed by the same

discovery," immediate resolution of the preemption issue on the one claim would not materially advance the termination of litigation.  *Id.* at *3.

Similarly, here certifying one or two issues embedded within Fleet Farm's questions would not materially advance the ultimate termination of litigation.  The State's other claims would remain unaffected by an immediate appeal.  The parties would continue litigation regarding the facts of Fleet Farm's alleged sale of firearms to straw purchasers, which is intertwined in all five claims.

Therefore, Fleet Farm has failed to satisfy the three elements required under 28 U.S.C. §1292(b) to certify the two questions for interlocutory appeal.  The Eighth Circuit instructs that interlocutory appeal should be granted sparingly and only in exceptional cases.  *See Union Cnty.*, 525 F.3d at 646 (citation omitted).  Indeed, "[i]t was not intended merely to provide review of difficult rulings in hard cases."  *Id.*  This is a hard case.  But it is not the exceptional one that would justify certification of interlocutory appeal and significantly delay resolution of this case.  If Fleet Farm does not ultimately prevail, it will have an opportunity to challenge the legal issues identified in its Motion for Certification on appeal.

## CONCLUSION

Because Fleet Farm failed to satisfy the three elements required under 28 U.S.C. § 1292(b) to certify two questions for interlocutory appeal from the Court's June 27, 2023 Order, the Court will deny Fleet Farm's Motion for Certification.

-18-

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that Defendants' Motion for Certification Pursuant to 28 U.S.C. §

1292(b) [Docket No. 42] is **DENIED**.


DATED:  January 2, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

-19-