UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| State of Minnesota, by its Attorney General, Keith Ellison,<br><br>          Plaintiff,<br><br>     vs.<br><br>Fleet Farm LLC (f/k/a Mills Fleet Farm LLC), Fleet Farm Group LLC (f/k/a Mills Fleet Farm Group LLC), and Fleet Farm Wholesale Supply Co. LLC (f/k/a Fleet Wholesale Supply Co. LLC),<br><br>          Defendants. | Case No.: 22-CV-02694 (JRT/JFD)<br><br><br>**STATE OF MINNESOTA'S FIRST SET OF INTERROGATORIES TO DEFENDANTS** |

PLEASE TAKE NOTICE that Defendants must respond to these Interrogatories within thirty (30) days from the date of service hereof pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure.

**INSTRUCTIONS**

1. Preface each answer and response with the Interrogatory to which it is addressed. If you are unable to fully answer or respond, submit as much information as is available, explain why your answer or response is incomplete, and state the source or sources from which a complete answer or response may be obtained.

2. Whenever these Interrogatories seek information specific to persons or activities in Minnesota that you are unable to produce separately, you should provide the information without regard to geographic limitation.

3. If you assert any objection to any Interrogatory, you must state the reason for your objection. If you object to any Interrogatory in whole or in part on the basis of any claimed privilege or protection, identify the statement, communication, or subject matter for which you claim privilege or protection and set forth the factual basis on which you base your privilege or protection claim.

4. All documents and data compilations that relate to the subject matter of these requests must be preserved, and any ongoing process of document destruction involving such

documents or data must cease. Failure to preserve such documents or data may result in legal action by this Office and may be regarded as spoliation of evidence.

5.      If any document or data compilation relating to the subject matter of these requests is or has been discarded, destroyed, or redacted in whole or in part, please immediately notify the State of: (a) the date of the discard, destruction, or redaction; (b) the reason for the discard, destruction, or redaction; and (c) the person who discarded, destroyed, or redacted the document or data compilation.

6.      Pursuant to Fed. R. Civ. P. 26(e), you are under a continuing duty to supplement your responses if you learn that a response you made is in some material respect incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

7.      The relevant time period covered by these Interrogatories is **from October 5, 2016, through the present**, unless otherwise specifically indicated. If it is necessary to refer to a prior time to fully answer an Interrogatory, you should do so.

## DEFINITIONS

1.      **"Defendants,"** "**Fleet Farm,**" **"you," or "your"** means Fleet Farm LLC (f/k/a Mills Fleet Farm LLC), Fleet Farm Group LLC (f/k/a Mills Fleet Farm Group LLC), and Fleet Farm Wholesale Supply Co. LLC (f/k/a Fleet Wholesale Supply Co. LLC), and any of their predecessors, successors, divisions, parents, subsidiaries, affiliates, and any other entity in which Fleet Farm has a management or controlling interest. These terms also includes all present and former directors, officers, and managers of Fleet Farm.

2.      **"Agreement"** means any written or oral understanding, promise or condition, or any document or communication containing any such understanding, promise or condition, including any draft, amendment, or modification thereto. This includes but is not limited to all contracts and service agreements.

3.      **"Describe"** or **"description"** means to state with specificity all facts, including but not limited to time, comprising or pertaining to such fact, thing, condition, action, or event, and to identify all individuals involved in such fact, thing, action, or event.

4.      **"Document"** means all written, graphic, or recorded matter of any kind or description, however created or rendered, including, but not limited to, written communications, letters, correspondence, facsimiles, email, text messages, instant messages, social media posts, memoranda, minutes, notes, films, audio or video recordings of any type, transcripts, contracts, agreements, purchase or sales orders, memoranda of telephone conversations of personal conversations, diaries, desk calendars, interoffice communications, reports, studies, bills, receipts, checks, checkbooks, statements, and invoices.

5.      "**Identify**," when used in connection with a natural person, means to provide the person's name, mailing address, e-mail address, and telephone number.

2

**6.**      **"Minnesota Store"** means any Fleet Farm retail store location with an address in Minnesota.

**7.**      **"Policies and procedures"** means all formal and/or informal rules, guidelines, guidance, advice, FAQs, scripts, handbooks, presentations, and/or training materials.

**8.**      **"Relate**," **"related to,"** or **"regarding"** means referring, discussing, concerning, or pertaining in any way, directly or indirectly.

## INTERROGATORIES

**INTERROGATORY NO. 1.**

For each Interrogatory, identify the individual(s) answering or assisting in answering that Interrogatory.

**INTERROGATORY NO. 2.**

Identify all persons who have or may have factual knowledge relating to the allegations, claims, denials, and defenses set forth in the pleadings, including Fleet Farm's claim that Plaintiff has failed to join all necessary parties, including, but not limited to, other third parties whom Plaintiff alleges engaged in the unlawful sale or use of firearms in Minnesota. Your response should include all current or former Fleet Farm employees, agents, managers, directors, and principals that had any role in establishing, modifying, overseeing, and/or monitoring Fleet Farm's policies, procedures, or practices regarding firearm sales.

**INTERROGATORY NO. 3.**

Describe the relationship between Defendants and identify all entities involved in Fleet Farm's corporate structure, including identifying all entities that have full or partially common ownership or management of any kind with Fleet Farm, and identifying all entities that own or operate Fleet Farm's Minnesota Stores.

**INTERROGATORY NO. 4.**

Describe Fleet Farm's corporate structure and any changes to such corporate structure over time, including identifying your corporate departments, divisions, officers, directors, managers, members, partners, and board members for each year.

**INTERROGATORY NO. 5.**

Identify and describe Fleet Farm's policies and procedures related to the sale of firearms, straw purchaser awareness, detection, and/or prevention, compliance with state and federal firearms laws, or reporting suspicious behavior to law enforcement, and describe how Fleet Farm trained retail store employees regarding these policies and procedures. Your response should identify the period of time each policy or procedure was in place and describe what materials Fleet Farm created or distributed to educate employees or enforce these policies or procedures.

**INTERROGATORY NO. 6.**

Identify every Fleet Farm employee, agent, manager, director, or principal who has spoken in person, communicated with, or otherwise contacted Jerome Horton, Gabriel Lee Young-Duncan, Sarah Elwood, Jeffrey Jackson, or Geryiell Walker, and describe the date and location of each meeting, communication, or contact.

**INTERROGATORY NO. 7.**

Identify every Fleet Farm employee, agent, manager, director, or principal who has spoken in person, communicated with, or otherwise contacted the ATF, the BCA, or any other Minnesota law enforcement agency regarding a firearm sale at a Minnesota Store, and describe the date and location of each meeting, communication, or contact.

**INTERROGATORY NO. 8.**

Identify every Fleet Farm employee, agent, manager, director, or principal against whom Fleet Farm has taken or is taking disciplinary action for violating any Fleet Farm policy or procedure related to the sale of firearms. For each person identified, describe all details related to that person's conduct, Fleet Farm's investigation into the conduct, and the ultimate disciplinary decision made by Fleet Farm.

**INTERROGATORY NO. 9.**

Describe every instance in which Fleet Farm investigated or audited its employees' compliance with Fleet Farm policies and procedures related to the sale of firearms, including whether Fleet Farm investigated its firearms sales to Jerome Horton or Sarah Elwood. For each investigation or audit identified, specify when it took place, which store(s) and/or personnel Fleet Farm investigated or audited, what conduct the investigation or audit reviewed, the findings of the investigation or audit, and the recommendation(s) of the investigation or audit, if any.

**INTERROGATORY NO. 10.**

Describe how Fleet Farm records and tracks information related to firearms sales, including communications and record sharing among Fleet Farm retail stores and with law enforcement.

**INTERROGATORY NO. 11.**

Identify every requested firearms sale in Minnesota that Fleet Farm decided not to complete and every person for whom Fleet Farm has limited or ceased firearms sales in Minnesota, including a description of the circumstances, evidence, and internal decision-making process that led Fleet Farm to limit or cease sales in each instance.

**INTERROGATORY NO. 12.**

Identify every person that Fleet Farm has identified or suspected to be a straw purchaser related to Fleet Farm's sales of firearms in Minnesota.

**INTERROGATORY NO. 13.**

Describe the surveillance technology Fleet Farm uses or has used at each of its Minnesota Stores and all related policies and procedures, including what types of recording and tracking equipment are used, how many pieces of equipment each store has, where the equipment is placed inside or outside each store, how the equipment records and stores data, how and when Fleet Farm reviews such data, and how Fleet Farm's retention policies for such data.

**INTERROGATORY NO. 14.**

Provide all supporting information underlying Fleet Farm's public statement issued on October 5, 2022, in which Fleet Farm stated: "It's also worth noting that at the time of the tragic shooting in Saint Paul described in the Attorney General's complaint, we were told by the Bureau of Alcohol, Tobacco and Firearms that our team members had 'done nothing wrong' and had complied with all applicable gun laws." Include the following information in your response: which Fleet Farm personnel were purportedly told by the ATF that Fleet Farm "team members had 'done nothing wrong'"; which ATF personnel purportedly told Fleet Farm that Fleet Farm "team members had 'done nothing wrong'"; when such individual or individuals at the ATF purportedly told Fleet Farm that Fleet Farm "team members had 'done nothing wrong,'" including identifying the date and circumstances of each conversation underlying Fleet Farm's statement; how the ATF purportedly told Fleet Farm that Fleet Farm "team members had 'done nothing wrong'" (e.g., face-to-face conversation, e-mail, telephone call, text, etc.); and the full content of each conversation

6

between the ATF and Fleet Farm in which the ATF purportedly said Fleet Farm's team members had "done nothing wrong."

**INTERROGATORY NO. 15.**

Identify, by date and government agency, and describe any investigations, compliance inspections, warning letters or warning conferences, remedial trainings, presentations, inquiries, or contacts by any federal, state, or local government agency relating to your sale of firearms at your Minnesota Stores.

Dated:  July 20, 2023

KEITH ELLISON
Attorney General
State of Minnesota

JAMES W. CANADAY (#030234X)
Deputy Attorney General

**/s/ Eric J. Maloney**
ERIC J. MALONEY (#0396326)
Assistant Attorney General

JASON PLEGGENKUHLE (#0391772)
Assistant Attorney General

KATHERINE MOERKE (#0312277)
Assistant Attorney General

445 Minnesota Street, Suite 1200
St. Paul, Minnesota 55101-2130
james.canaday@ag.state.mn.us
Telephone: (651) 757-1421
eric.maloney@ag.state.mn.us
Telephone: (651) 757-1021
jason.pleggenkuhle@ag.state.mn.us
Telephone: (651) 757-1147
katherine.moerke@ag.state.mn.us
Telephone: (651) 757-1288

*Attorneys for State of Minnesota*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2023, I served State of Minnesota's First Set of Interrogatories to Defendants on Defendants via email to counsel for Defendants.

/s/ Eric J. Maloney