**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| State of Minnesota by its Attorney General, Keith Ellison,<br><br>Plaintiff,<br><br>v.<br><br>Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC,<br><br>Defendants. | Case No.: 0:22-cv-02694-JRT-JFD<br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S NOTICE OF RULE 30(b)(6) DEPOSITION OF DEFENDANTS** |

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Defendants Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC (together, "Fleet Farm" or "Defendants") hereby respond and object to Plaintiff State of Minnesota's January 29, 2024 Notice of Rule 30(b)(6) Deposition of Defendants ("Deposition Notice"). Subject to these objections, Defendants are available to meet and confer with Plaintiff's counsel about the matters for examination, as well as to schedule a date and time for a deposition of the designated witness(es).

**GENERAL OBJECTIONS**

1. The following General Objections apply to each of the Topics identified in the Deposition Notice (collectively, the "Topics"), the Definitions that Plaintiff has incorporated by reference, and the specific Responses set forth below, and shall have the same force and effect as if set forth in full in response to each Topic. The assertion of the same, similar, or additional objections or the provision of partial responses to the individual Topics does not waive or modify any of the General Objections.

- 1 -

2.      Defendants respond to the Topics, including the definitions and instructions referenced therein, subject to the General Objections.  These limitations and objections, which form a part of Defendants' response to each individual Topic, are set forth here to avoid the duplication and repetition of restating them for each individual response.  Failure to make a General Objection in the Specific Responses should not be construed as a waiver of any General Objection.

3.      Defendants incorporate by reference their objections to the Definitions in Plaintiff's First Set of Interrogatories and First Set of Requests for Production.

4.      Defendants object to the Deposition Notice because it was not served in a timely manner.  In their Rule 26(f) report, the parties agreed that "any notice or subpoena for a Rule 30(b)(6) deposition shall be served at least **28 days** before the schedule[d] deposition date." ECF Doc. 39 at 5 (emphasis in original).  Plaintiff's Deposition Notice was served 25 days before the noticed date.  For this reason and the others described below, Defendants will not be producing a witness for any deposition on February 23, 2024, but are willing to meet and confer with Plaintiff to discuss a mutually agreeable date and time to proceed with the Rule 30(b)(6) deposition.

5.      Defendants object to the Deposition Notice because it purports to compel Fleet Farm to sit for a Rule 30(b)(6) deposition at Plaintiff's office in Saint Paul, Minnesota, rather than in Appleton, Wisconsin.  *E.g.*, *Geisenhoff v. Cincinnati Ins. Co.*, 2018 WL 11221060, at *8 (D. Minn. Nov. 2, 2018); *Mallak v. Aitkin Cnty.*, 2015 WL 13187116, at *9 (D. Minn. Oct. 14, 2015); *Webb v. Ethicon Endo-Surgery, Inc.*, 2015 WL 317215, at *7–8 (D. Minn. Jan. 26, 2015); 8A Fed. Prac. & Proc. Civ. § 2112 (3d ed.).

Defendants will insist that, in accordance with standard practices, any Rule 30(b)(6) deposition be conducted in Appleton, Wisconsin, the location of Fleet Farm's headquarters.

6.      Defendants object to the Deposition Notice because Plaintiff has not complied with its obligation to "confer [with Defendants] in good faith about the matters for examination" "[b]efore or promptly after the notice or subpoena is served."  Fed. R. Civ. P. 30(b)(6).  Defendants are willing to meet and confer with Plaintiff to discuss the appropriate scope for each Topic contained in the Deposition Notice.

7.      Defendants object to each Topic to the extent that it impermissibly seeks to expand the scope of discovery or to impose obligations beyond those permitted by the Federal Rules of Civil Procedure, the Local Rules of the District of Minnesota, and applicable case law.

8.      Defendants object to each Topic to the extent that it seeks discovery not permitted under Magistrate Judge Docherty's forthcoming ruling on Plaintiff's motion to compel.  *See* ECF Doc. 70.

9.      Defendants object to each Topic as premature to the extent that it seeks discovery on topics the permissibility of which is likely to be a subject of Plaintiff's motion to compel, including, but not limited to, the appropriate temporal scope of discovery for this matter.  Defendants submit that it is in the best interests of all parties to refrain from conducting any depositions until after the Court has resolved Plaintiff's motion to compel.

10.     Defendants object to each Topic to the extent that it seeks information irrelevant to any presently stated claim or defense in this action or is not reasonably calculated to lead to the discovery of admissible evidence.  By agreeing to produce a

witness to testify regarding a Topic, Defendants do not concede the relevancy, materiality, or admissibility of information encompassed by the Topic to the current proceeding. Defendants expressly reserve all further objections as to the relevance and admissibility of the information provided in any additional deposition, filing, or proceeding, including but not limited to at trial, as well as the right to object to further discovery relating to the subject matter of the information provided.

11.     Defendants object to each Topic to the extent that it seeks the disclosure of information covered by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.  Deponents will not answer any questions seeking any such privileged information, and each and every objection to a specific Topic set forth herein shall be deemed to incorporate this objection.  Nothing contained in these objections is intended as, or shall in any way be deemed, a waiver of any applicable privilege or immunity.

12.     Defendants object to each Topic to the extent that it requires a witness to render legal conclusions, testifying regarding Defendants' legal arguments, and/or interpret legal principles, statutes, regulations, or caselaw to provide a response.

13.     Defendants object to each Topic to the extent that it calls for the disclosure of information that would violate rights of privacy or other recognized protections and privileges.

14.     Defendants object to each Topic to the extent that it seeks information that is more appropriately sought by contention interrogatory.  *See Polaris Indus., Inc. v. CFMOTO Powersports, Inc.*, 2015 WL 13637322, at *4 (D. Minn. Apr. 27, 2015).

- 4 -

15. Defendants object to each Topic to the extent it seeks information of such detail that it is more appropriately sought from a fact witness.

16. Defendants object to each Topic to the extent that it purports to seek disclosure of information and documents that are not described with reasonable particularity, and then further states that the Topic "includ[es]" a subset of that category. Unless otherwise stated below, Defendants interpret such Topics to seek testimony regarding the specific information identified following the phrase "including."

17. Defendants object to each Topic to the extent that it seeks information not known or reasonably available to them or not within their possession, custody, or control.

18. Defendants object to each Topic to the extent that it seeks information that is likely to already be in the Plaintiff's possession, custody, or control. In particular, Defendants object to each Topic to the extent that it is unnecessarily duplicative of information that has already been provided through other discovery, such as information that is available by reviewing the documents already produced by Defendants.

19. Defendants object to each Topic to the extent that it purports to require Defendants to conduct anything beyond a reasonable and diligent search for readily accessible information from readily accessible sources where responsive information reasonably would be expected to be found. Any specific Topic that seeks to require Defendants to exceed such a search is overly broad and unduly burdensome. Defendants also object to each Topic to the extent that it purports to require Defendants to testify about information that is not centrally maintained by, or on behalf of, persons believed to have significant involvement in conduct at issue in the case.

- 5 -

20. Defendants object to the Topics to the extent they are duplicative of one another.

21. Defendants object to the Topics as premature because the parties have not yet completed fact discovery, and fact depositions have not yet begun.

22. In providing these Responses to the Topics and in providing any information in response to the Topics, Defendants do not waive any of the objections set forth herein, or admit or concede the discoverability, relevancy, materiality, authenticity, or admissibility in evidence of any such Topic or information or of the contents or subject matter of such Topic or information. All objections to the use of any information provided in response to the Topics and to any further production are hereby expressly reserved.

23. Defendants object to the Topics to the extent they are argumentative, lack foundation, assume the existence of facts that do not exist or the occurrence of events that did not take place, or incorporate allegations and assertions that are disputed or erroneous. In responding and objecting to the Topics, Defendants do not admit the correctness of any such assertions.

24. Any failure of Defendants to make a specific objection to any specific Topic is not an admission that information responsive to that Topic exists. Likewise, any statement in this Response that Defendants will provide information in response to a specific Topic does not mean that Defendants in fact has any such information, or that any such information exists, or that Defendants will search all files maintained by any person, but, instead, reflects the intention of Defendants, subject to all of the objections contained herein, to conduct a reasonable search for readily accessible responsive information from

sources in which responsive information that is not otherwise protected from disclosure reasonably would be expected to be found.

25.     Irrespective of whether Defendants provide information in response to the Topics, Defendants further reserve the right (but does not assume the obligation) to: (i) revise, correct, supplement, or clarify the content of this Response in accordance with the Applicable Rules; (ii) provide additional responsive information; (iii) object to further discovery; (iv) rely upon any information or documents produced in the case, including without limitation in any hearing, proceeding, or trial in this case; and (v) challenge the authenticity or admissibility of any information or documents in any hearing, proceeding, or trial.

26.     Defendants' Responses reflect only the current state of Defendants' knowledge regarding the information Plaintiff has requested based on a reasonable search for readily accessible responsive information.  Further investigation may identify additional facts or information that could lead to additions to, changes in, or variations from the Responses herein.  Without in any way obligating itself to do so, Defendants expressly reserve the right to supplement, amend, correct, clarify, or modify their Responses to the Topics if it appears at any time that inadvertent errors have been made, if additional or more accurate information becomes available, or if Defendants discover additional grounds for objection.

**SPECIFIC OBJECTIONS TO IDENTIFIED TOPICS FOR EXAMINATION**

**TOPIC NO. 1:**  Fleet Farm's awareness and knowledge about straw purchasing of firearms.

**RESPONSE:**  In addition to the foregoing General Objections, Defendants object to this Topic as vague, overly broad and unduly burdensome, and on the ground that it does not describe with reasonable particularity the matter on which Plaintiff seeks examination. The phrase "awareness and knowledge about straw purchasing of firearms" is extremely high-level, general, and thus ambiguous in scope such that it is not possible for Defendants to reasonably determine what specific subjects Plaintiff contemplates this Topic encompassing.

Subject to and without waiving these objections, Defendants will make reasonable efforts to prepare a witness to testify regarding Fleet Farm's awareness and knowledge about the fact of and risks associated with straw purchasing and Fleet Farm's internal policies and practices relating to monitoring for and preventing straw purchases.

**TOPIC NO. 2:**  Fleet Farm's policies, procedures, and practices regarding straw purchasing of firearms, including any changes made after Fleet Farm became aware of straw purchasing by Horton or Elwood or the commencement of this lawsuit.

**RESPONSE:**  In addition to the foregoing General Objections, Defendants object to this Topic as vague, overly broad, and unduly burdensome, including to the extent that "procedures" or "practices" intends to capture specific actions taken by Fleet Farm in response to a specific firearm transaction. Defendants also object to this Topic to the extent that it seeks information regarding Defendants' actions "after . . . the commencement of this lawsuit." Defendants further object to this Topic on the ground that much of the information sought by this Topic is equally available to Plaintiff by reviewing the

- 8 -

documents produced by Fleet Farm and/or through some other means of discovery that is less burdensome than a Rule 30(b)(6) deposition.

Subject to and without waiving these objections, Defendants will make reasonable efforts to prepare a witness to testify regarding Fleet Farm's policies, procedures, and practices relating to monitoring for and preventing straw purchases, and whether those policies, procedures, and practices changed during the relevant time period. Subject to the Court's resolution of the parties' dispute regarding the appropriate temporal time period for discovery, Defendants do not agree to designate a Rule 30(b)(6) witness to testify regarding any changes to policies, procedures, and practices regarding straw purchasing of firearms made after October 5, 2022.

**TOPIC NO. 3:** Fleet Farm's training for employees regarding straw purchasing of firearms, including methods, frequency, and topics of training and which employees receive training, including any changes made after Fleet Farm became aware of straw purchasing by Horton or Elwood or the commencement of this lawsuit.

**RESPONSE:** In addition to the foregoing General Objections, Defendants object to this Topic as vague, overly broad, and unduly burdensome, including to the extent that "training" is intended to encompass specific informal communications between Fleet Farm personnel relating to firearm sales. Defendants also object to this Topic to the extent that it seeks information regarding Defendants' actions "after . . . the commencement of this lawsuit." Defendants further object to this Topic on the ground that much of the information sought by this Topic is equally available to Plaintiff by reviewing the documents produced by Fleet Farm and/or through some other means of discovery that is less burdensome than a Rule 30(b)(6) deposition.

Subject to and without waiving these objections, Defendants will make reasonable efforts to prepare a witness to testify regarding Fleet Farm's formal training of employees relating to monitoring for and preventing straw purchases, including the format, frequency, and topics of such training. Subject to the Court's resolution of the parties' dispute regarding the appropriate temporal time period for discovery, Defendants do not agree to designate a Rule 30(b)(6) witness to testify regarding any changes to formal training of employees regarding straw purchasing of firearms made after October 5, 2022.

**TOPIC NO. 4:** Fleet Farm's auditing and employee discipline related to violations or potential violations of Fleet Farm policies or procedures relating to the sale of firearms, including the details of the conduct, Fleet Farm's investigation, and the outcome of the auditing or discipline process.

**RESPONSE:** In addition to the foregoing General Objections, Defendants object to this Topic as vague, overly broad, and unduly burdensome, including to the extent that it seeks testimony regarding specific audits and specific instances of employee discipline. It is overbroad and unduly burdensome to demand a Rule 30(b)(6) witness prepare to testify as to each and every audit and instance of employee discipline across all forty-nine Fleet Farm stores in Iowa, Minnesota, North Dakota, South Dakota, and Wisconsin over more than half a decade. Defendants further object to this Topic on the ground that much of the information sought by this Topic is equally available to Plaintiff by reviewing the documents produced by Fleet Farm and/or through some other means of discovery that is less burdensome than a Rule 30(b)(6) deposition.

Subject to and without waiving these objections, Defendants will make reasonable efforts to prepare a witness to testify regarding Fleet Farm's general processes for auditing

- 10 -

its seventeen Minnesota retail stores to confirm compliance with its policies and procedures relating to firearm transactions, as well as its general processes for reviewing employee compliance with those policies and procedures, and, where appropriate, disciplining such employees. Defendants do not agree to designate a Rule 30(b)(6) witness to testify as to specific audits of Fleet Farm's retail stores or specific instances of employee discipline relating to firearm transactions.

**TOPIC NO. 5:** All suspected or confirmed straw purchasers of firearms who Fleet Farm has identified, including names, dates, circumstances, and any related reporting of information to the ATF or other law enforcement agencies.

**RESPONSE:** In addition to the foregoing General Objections, Defendants object to this Topic as overly broad and unduly burdensome, in that it seeks testimony regarding any and all specific instances of Fleet Farm identifying an actual or suspected straw purchaser, as well as the "names, dates, circumstances, and any related reporting of [that] information to the ATF or other law enforcement agencies." It is overbroad and unduly burdensome to demand a Rule 30(b)(6) witness absorb and prepare to testify as to each and every instance—and all of the details regarding each and every instance—of any Fleet Farm personnel identifying an actual or suspected straw purchaser at all forty-nine Fleet Farm stores in Iowa, Minnesota, North Dakota, South Dakota, and Wisconsin over more than half a decade. Defendants also object to this Topic to the extent it seeks information beyond Defendants' possession, custody, or control, as Defendants do not typically know whether persons they have identified as "suspected" straw purchasers are, in fact, "confirmed" straw purchasers. Defendants further object to this Topic on the ground that

- 11 -

much of the information sought by this Topic is equally available to Plaintiff by reviewing the documents produced by Fleet Farm and/or through some other means of discovery that is less burdensome than a Rule 30(b)(6) deposition.

Subject to and without waiving these objections, Defendants will make reasonable efforts to prepare a witness to testify regarding Fleet Farm's training and instructions relating to monitoring for and preventing straw purchases and the processes for reporting actual or suspected straw purchasers to law enforcement. Defendants do not agree to designate a Rule 30(b)(6) witness to testify as to specific occasions of Fleet Farm identifying an actual or suspected straw purchaser, or the details surrounding such occasions.

**TOPIC NO. 6:** Fleet Farm's sales of firearms to Jerome Horton and any related actions taken by Fleet Farm.

**RESPONSE:** In addition to the foregoing General Objections, Defendants object to this Topic as vague, overly broad, and unduly burdensome, including to the extent that the phrase "any related actions taken by Fleet Farm" is both vague and ambiguous in scope such that it is not possible for Defendants to reasonably ascertain what specific subjects Plaintiff contemplates being encompassed by this Topic. Defendants further object to this Topic on the ground that much of the information sought by this Topic is equally available to Plaintiff by reviewing the documents produced by Fleet Farm, Fleet Farm's interrogatory responses, and/or through some other means of discovery that is less burdensome than a Rule 30(b)(6) deposition.

Subject to and without waiving these objections, Defendants will make reasonable efforts to prepare a witness to testify regarding Fleet Farm's sales of firearms to Jerome Horton, the circumstances surrounding those sales, and any actions taken by Fleet Farm to assist law enforcement investigations of Jerome Horton.

**TOPIC NO. 7:** Fleet Farm's sales of firearms to Sarah Elwood and any related actions taken by Fleet Farm.

**RESPONSE:** In addition to the foregoing General Objections, Defendants object to this Topic as vague, overly broad, and unduly burdensome, including to the extent that the phrase "any related actions taken by Fleet Farm" is both vague and ambiguous in scope such that it is not possible for Defendants to reasonably ascertain what specific subjects Plaintiff contemplates being encompassed by this Topic. Defendants further object to this Topic on the ground that much of the information sought by this Topic is equally available to Plaintiff by reviewing the documents produced by Fleet Farm, Fleet Farm's interrogatory responses, and/or through some other means of discovery that is less burdensome than a Rule 30(b)(6) deposition.

Subject to and without waiving these objections, Defendants will make reasonable efforts to prepare a witness to testify regarding Fleet Farm's sales of firearms to Sarah Elwood, the circumstances surrounding those sales, and any actions taken by Fleet Farm to assist law enforcement investigations of Sarah Elwood.

**TOPIC NO. 8:** All occasions during the relevant time period when Fleet Farm has not proceeded with a firearms sale desired by a prospective purchaser.

**RESPONSE:** In addition to the foregoing General Objections, Defendants object to this Topic as overly broad and unduly burdensome, in that it seeks testimony regarding any and all specific occasions of Fleet Farm declining to proceed with a firearms sale. It is overbroad and unduly burdensome to demand a Rule 30(b)(6) witness prepare to testify as to each and every instance—and all of the details regarding each and every instance— of any Fleet Farm personnel identifying an actual or suspected straw purchaser at all forty-nine Fleet Farm stores in Iowa, Minnesota, North Dakota, South Dakota, and Wisconsin over more than half a decade. Defendants further object to this Topic on the ground that much of the information sought by this Topic is equally available to Plaintiff by reviewing the documents that have been and will be produced by Fleet Farm and/or through some other means of discovery that is less burdensome than a Rule 30(b)(6) deposition.

Subject to and without waiving these objections, Defendants will make reasonable efforts to prepare a witness to testify regarding Fleet Farm's formal training of employees to monitor for and prevent straw purchases, and to decline to proceed with a particular firearm transaction due to suspicious behavior. Defendants do not agree to designate a Rule 30(b)(6) witness to testify as to specific occasions of Fleet Farm declining to proceed with a firearm transaction and the details surrounding such occasions, or—subject to the Court's resolution of the parties' dispute regarding the appropriate temporal time period for discovery—to testify regarding formal trainings provided to employees after October 5, 2022.

**TOPIC NO. 9:** Fleet Farm's organizational structure with respect to firearms sales and departments that interact with firearms, including the Hunting Department.

**RESPONSE:** In addition to the foregoing General Objections, Defendants object to this Topic as vague, overly broad, and unduly burdensome, including that the phrase "organizational structure," "departments that interact with firearms," and "Hunting Department" are vague and ambiguous. Defendants also object to this Topic on the ground that it seeks information irrelevant to any presently stated claim or defense in this action. Defendants further object to this Topic on the ground that much of the information sought by this Topic is equally available to Plaintiff by reviewing the documents that have been and will be produced by Fleet Farm, Fleet Farm's interrogatory responses, and/or through some other means of discovery that is less burdensome than a Rule 30(b)(6) deposition.

Subject to and without waiving these objections, Defendants will make reasonable efforts to prepare a witness to testify regarding the internal organization of, and relationship between, Fleet Farm's retail store departments that have responsibility for, or are otherwise involved in, firearm transactions.

**TOPIC NO. 10:** Fleet Farm's creation and maintenance of records, documents, and data used and maintained in the ordinary course of business related to Fleet Farm's sales of firearms, including Fleet Farm's creation and maintenance of surveillance video, Fleet Farm's creation and maintenance of personnel data, and Fleet Farm's general document retention policies and procedures.

**RESPONSE:** In addition to the foregoing General Objections, Defendants object to this Topic as seeking information irrelevant to any presently stated claim or defense in this action. Defendants further object to this Topic on the ground that much of the information sought by this Topic is equally available to Plaintiff by reviewing the

documents produced by Fleet Farm, Fleet Farm's interrogatory responses, and/or through some other means of discovery that is less burdensome than a Rule 30(b)(6) deposition.

Subject to and without waiving these objections, Defendants will make reasonable efforts to prepare a witness to testify regarding Fleet Farm's Records Management Policies and Guidelines, *see* FF_0014679–FF_0014696, the typical video surveillance utilized at Fleet Farm's Minnesota stores, and the general retention period for surveillance in those Minnesota stores.

Dated:  February 9, 2024

Respectfully submitted,

*/s/ Todd A. Noteboom*
Todd A. Noteboom (#0240047)
Andrew W. Davis (#0386634)
Sharon R. Markowitz (#0392043)
Andrew P. Leiendecker (#0399107)
Stinson LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
todd.noteboom@stinson.com
andrew.davis@stinson.com
sharon.markowitz@stinson.com
andrew.leiendecker@stinson.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record via email on February 9, 2024.

*/s/ Andrew W. Davis*
Andrew W. Davis