**The Office of**
**Minnesota Attorney General Keith Ellison**
helping people afford their lives and live with dignity, safety, and respect  •  *www.ag.state.mn.us*

Via e-mail

September 18, 2023

Andrew W. Davis
Andrew P. Leiendecker
Todd Noteboom
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402

      **Re:**    *State v. Fleet Farm LLC, et al.*, **Case No.: 0:22-cv-02694-JRT-JFD**

Dear Counsel:

      I write to address overarching deficiencies with Defendants' Responses and Objections to Plaintiff's First Set of Requests for Production of Documents and Defendants' Responses and Objections to Plaintiff's First Set of Interrogatories served on August 21, 2023. (We plan to address additional deficiencies in the near future.)

      First, Defendants' Responses and Objections to Plaintiff's First Set of Requests for Production of Documents improperly suggest that Defendants will not produce documents until after the State and Defendants first meet and confer about a protocol for search criteria:

> Defendants will perform a reasonably diligent search of readily accessible documents in its possession, including a search of document repositories likely to possess responsive documents, will utilize search criteria to search electronically stored information, where appropriate, and will limit its searches to a reasonable set of document custodians, centralized document repositories, and reasonably accessible documents within Defendants' possession, custody, or control. Defendants are prepared to meet and confer regarding the specific parameters regarding such searches and to create a corresponding protocol.

General Objection No. 6 in Defendants' Responses and Objections to Plaintiff's First Set of Requests for Production of Documents. The Federal Rules do not require that the parties agree upon a protocol for search terms and custodians:

> The parties may choose to disclose their anticipated search and review process for each ESI source. While disclosure, discussion, and agreement on each of the issues below is not a requirement, the search methodology may benefit from input from one's opponent, and agreements on some or all of these issues can enhance efficiency and minimize disputes. However, the producing party has ultimate

Counsel for Fleet Farm, LLC, et al.
September 18, 2023
Page 2

responsibility for complying with that party's discovery obligations to identify and locate relevant and responsive ESI.

Discussion of Electronic Discovery at Rule 26(f) Conferences: A Guide for Practitioners (January 2021), the Federal Practice Committee of the U.S. District Court, District of Minnesota, at 8. Accordingly, Defendants cannot use the request for such a protocol to delay or avoid producing responsive documents. The State is amenable to Fleet Farm's disclosure of its search methodology to the State, but not at the expense of otherwise avoidable delay.

In addition, Defendants' responses to RFP Nos. 1, 2, 5-10, 12, 13, 15-17, 19, 20, 23, 24, 26, 29, and 31 all state that Defendants will produce responsive documents "at a reasonable time." Defendants' failure to specify a time for production violates Rule 34(b)(2)(B), which provides "[t]he production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Accordingly, if Defendants do not agree to produce responsive documents by October 6, 2023, the State will move to compel.

Second, Defendants' Responses and Objections to Plaintiff's First Set of Interrogatories refer the State to "documents [Defendants] will be producing" in response to Interrogatories Nos. 5, 6, 7, 9, 11, 12, 14, and 15 and therefore fail to answer these interrogatories.[1] All of these responses fail to comply with Federal Rule of Civil Procedure 33.

Rule 33(d) allows a party to answer interrogatories via the production of business records but only if specific requirements are satisfied:

Option to Produce Business Records. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the

---

[1] Defendants' Response to Interrogatory No. 5 is that "Defendants refer Plaintiff to the documents referenced in their Initial Disclosures, as well as the documents they will be producing in response to Request for Production Nos. 19 and 20." Defendants' Response to Interrogatory No. 6 is that "Defendants refer Plaintiff to the documents they will be producing in response to Request for Production Nos. 12 through 14 and 16." Defendants' Response to Interrogatory No. 7 is that "Defendants refer Plaintiff to the documents they will be producing in response to Request for Production Nos. 9 through 11." Defendants' Response to Interrogatory No. 9 is that "Defendants refer Plaintiff to the documents they will be producing in response to Request for Production No. 12." Defendants' Response to Interrogatory No. 11 is that "Defendants refer Plaintiff to the documents they will be producing in response to Request for Production Nos. 23 and 24." Defendants' Response to Interrogatory No. 12 is that "Defendants refer Plaintiff to the documents they will be producing in response to Request for Production No. 26." Defendants' Response to Interrogatory No. 14 is that "Defendants refer Plaintiff to the documents they will be producing in response to Request for Production No. 17." Defendants' Response to Interrogatory No. 15 is that "Defendants refer Plaintiff to the documents they will be producing in response to Request for Production Nos. 9 and 10."

Counsel for Fleet Farm, LLC, et al.
September 18, 2023
Page 3

burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:

(1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and

(2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d). Defendants have not satisfied the Rule 33(d) requirements. Defendants have not produced any documents, let alone specified "records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Thus, the State cannot determine answers to these interrogatories "by examining, auditing, compiling, abstracting, or summarizing" Defendants' business records. Accordingly, Defendants have violated Rule 33. Defendants' Answers to Plaintiff's First Set of Interrogatories were due on August 21, 2023. Thus, Defendants must immediately provide narrative answers to Interrogatories Nos. 5, 6, 7, 9, 11, 12, 14, and 15 or produce documents and provide "sufficient detail to enable the interrogating party to locate and identify" documents to determine answers to these interrogatories. If Defendants do not agree to do so, the State will move to compel.

Please let us know when you are available to meet and confer either on Thursday afternoon or on Friday.

Sincerely,

KATHERINE MOERKE
Assistant Attorney General
(651) 728-7174
katherine.moerke@ag.state.mn.us