**The Office of**
**Minnesota Attorney General Keith Ellison**
helping people afford their lives and live with dignity, safety, and respect   •   www.ag.state.mn.us

Via e-mail

September 25, 2023

Andrew W. Davis
Zachary H. Hemenway
Andrew P. Leiendecker
Todd Noteboom
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402

Re:    *State v. Fleet Farm LLC, et al.*, Case No.: 0:22-cv-02694-JRT-JFD

Dear Counsel:

I write to summarize and follow up on our September 21, 2023, meet-and-confer call based on the State's September 18, 2023 letter about overarching deficiencies in Defendants' August 21, 2023 discovery responses.

**Defendants' August 21, 2023 Responses to State's Interrogatories:**

The State maintains its position that Defendants' responses to Interrogatories Nos. 5, 6, 7, 9, 11, 12, 14, and 15 fail to provide answers in violation of Federal Rule of Civil Procedure 33. During our call, you indicated that Defendants maintain their position that Defendants' responses comply with Rule 33(d).

You also asked if the State has any case law supporting its position. Several decisions from the District of Minnesota have granted motions to compel interrogatory answers when Rule 33(d) is not satisfied. Such decisions hold that "simply referring the interrogating party generally to large numbers of documents does not satisfy a party's obligations under Rule 33(d)" and that "[r]eferring to business records en masse, without specifying particular documents is an 'abuse of the option [provided by Rule 33(d)].'" *Speed RMG Partners, LLC v. Arctic Cat Sales Inc.*, No. 20-cv-609, 2021 WL 5087362, *6 (D. Minn. Jan. 5, 2021) (quoting *Schwendimann v. Arkwright Advanced Coating*, Inc., No. 11-820, 2015 WL 12781248, at *5 (D. Minn. Oct. 14, 2015), and holding that none of a party's responses "meet the requirements of Rule 33(d)"); *Sylva Corporation, Inc. v. Lewandowski*, No. 20-cv-184 (PJS/LIB), 2021 WL 5087267, at *5-*7 (D. Minn. May 14, 2021) (holding that a party's agreement to produce certain documents and "purported innovation of Rule 33(d) is improper" and ordering that the party must "specifically identify by bates number every document that contains its response"); *Marco Techs., LLC v. Midkiff*, No. 19-cv-2323 (PJS/LIB), 2020 WL 12442103, at *10-*14 (D. Minn. Oct. 8, 2020) (ordering that a party must amend responses to interrogatories "to specifically identify every document that it relies on for its

Counsel for Fleet Farm, LLC, et al.
September 25, 2023
Page 2

Answer"); *Aviva Schwendimann*, 2015 WL 12781248, at *5 ("[F]ailing to identify the documents by Bates number that Schwendimann claims reflect the information AACI sought does not satisfy Fed. R. Civ. P. 33(d)."); *Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, No. 9–cv–1091 (JNE/JSM), 2012 WL 12894846, *10 (D. Minn. May 11, 2012) (awarding sanctions for failure to answer an interrogatory under 33(d) and requiring a party to provide a narrative answer); *see also* Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv) (providing that the Court may compel a discovery response if "a party fails to answer an interrogatory submitted under Rule 33"). "[Parties] may not simply refer generically to past or future production of documents. They must identify in their answers to the interrogatories specifically which documents contain the answer." *Pulsecard, Inc. v. Discover Card Servs.*, 168 F.R.D. 295, 305 (D. Kan. 1996), *cited in Sylva Corp.*, 2021 WL 5087267, at *7; *Speed RMG Partners*, 2021 WL 5087362, *6; *Marco Techs.*, 2020 WL 12442103, at *12; *Aviva Sports*, 2012 WL 12894846, *10.

Given this case law, will Defendants agree to amend their responses to Interrogatories Nos. 5, 6, 7, 9, 11, 12, 14, and 15 to either provide narrative answers or specifically identify documents from which the answer can be determined by Bates number?

**Defendants' August 21, 2023 Responses to State's Requests for Production:**

You indicated that Defendants will produce documents on a rolling basis. With respect to ESI, you indicated that Defendants are producing certain ESI without using searches to collect this ESI but that Defendants will also perform searches to identify additional responsive ESI. Defendants will provide the State with proposed custodians and search terms for such searches, and the State will provide input, but Defendants do not contend that the State and Defendants were required reach an agreement about search terms and custodians before Defendants could begin performing such searches. With respect to hard copy documents, Defendants indicated that they were consulting internally and could present potential options for collection and production of those documents to the State in the near future, potentially including on-site inspection of those documents by the State.

During our call, Defendants did not provide any dates for the production of additional documents, proposed ESI search terms and custodians, or options for collection and production of hard copy documents.

Sincerely,

KATHERINE MOERKE
Assistant Attorney General
(651) 728-7174
katherine.moerke@ag.state.mn.us