**The Office of**
**Minnesota Attorney General Keith Ellison**
helping people afford their lives and live with dignity, safety, and respect  •  *www.ag.state.mn.us*

Via e-mail

November 17, 2023

Andrew W. Davis
Andrew P. Leiendecker
Todd Noteboom
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402

   Re: *State v. Fleet Farm LLC, et al.*, **Case No.: 0:22-cv-02694-JRT-JFD**

Dear Counsel:

  I write in response to Fleet Farm's November 10, 2023, letter and further to our prior correspondence, especially Fleet Farm's October 27, 2023 email and the State's November 1, 2023 email, with respect to two discovery issues: (1) Defendants' production in response to the State's Request for Production No. 6; and (2) the time period for Defendants' discovery.

**Defendants' Production in Response to the State's Request for Production No. 6:**

  Fleet Farm's August 21, 2023 response to the States's First Set of Requests for Production acknowledges that three categories of documents are responsive to Request for Production No. 6: (1) Form 4473s; (2) Form 3310.4s; and (3) acquisition and disposition (A&D) logs. There appears to be no dispute between the parties about Fleet Farm's production of the latter two categories: Form 3310.4s and A&D logs. Accordingly, please let us know when Fleet Farm will produce these documents.

  The parties dispute Fleet Farm's production of Form 4473s. Fleet Farm argues that the production of all Form 4473s would be overly broad and unduly burdensome. But Fleet Farm's lengthy November 10 letter fails to respond to the State's November 1 offer to greatly reduce the burden on Fleet Farm resulting from the numerosity of Form 4473s at individual stores by having the State inspect and scan Form 4473s at all individual Fleet Farm stores. The State remains willing to do so.

  Indeed, the State anticipates that the workload of scanning these forms will not be onerous. A Fleet Farm presentation on "Paperwork Filing Procedures"[1] demonstrates typical storage of Form 4473s at a store:

---

[1] This screenshot comes from FF_0000697.

Counsel for Fleet Farm, LLC, et al.
November 17, 2023
Page 2



This photo shows Fleet Farm storing multiple years' worth of forms per bankers box—with one box holding the forms for a 14-year period. Assuming a similar storage size for more recent forms, the forms requested by the State would fill about 2-3 bankers boxes per store, which could be easily managed by the State's staff in visiting Fleet Farm stores to inspect and scan the documents.

Ignoring the State's proposal entirely, Fleet Farm's November 10 letter instead proposes limiting the production of Form 4473s as follows:

(1) produce all Form 4473s from the relevant time period reflecting instances where an individual bought multiple handguns from one or more Fleet Farm stores within a five-business-day window; and (2) not produce Form 4473s from the relevant time period reflecting purchases of long guns or purchases by individuals who did not purchase multiple handguns from one or more Fleet Farms stores within a five-business-day window.

Fleet Farm Nov. 10, 2023 Letter at 5. Fleet Farm's November 10 letter also asks the State "(1) why ATF Form 4473s reflecting long gun purchases are relevant to Plaintiff's claims; and (2)

Counsel for Fleet Farm, LLC, et al.
November 17, 2023
Page 3

why ATF Form 4473s reflecting a single firearm sale to a law-abiding citizen are relevant to Plaintiff's claims." *Id*. at 6.

The State is not willing to limit the production of Form 4473s as Fleet Farm has proposed.

First, the State is not willing to limit Form 4473s to only multiple purchases of firearms within a five-day period. The State's claims are not limited to the circumstances or time periods when a Form 3310.4 is required. Further, theoretically speaking, an ATF Form 4473 "reflecting a single firearm sale to a law-abiding citizen" (Fleet Farm Nov. 10, 2023 Letter at 6) would not be relevant to the State's claims, but an ATF Form 4473 itself does not indicate whether the purchaser was actually law-abiding or not—it simply records a purchaser's self-reported answers to several questions about the sale and his or her background. For example, some of the ATF Form 4473s for the straw purchasers identified in the State's complaint were for one-gun purchases for which Fleet Farm apparently did not complete a Form 3310.4.[2] These Form 4473s do not, on their own, indicate that the straw purchasers—or ultimate buyers—were or were not law-abiding.

Second, the State is not willing to limit the production of Form 4473s to handguns and exclude long guns. Purchases of long guns are relevant to the State's claims. Indeed, one of the firearms Fleet Farm sold to straw purchaser Gerome/Jerone Horton was a long gun. Compl. at 14.

Nonetheless, if Fleet Farm does not want to accept the State's offer to take on all of the burden "to physically inspect and scan" all Form 4473s (*see* Fleet Farm Nov. 10, 2023 Letter at 5), the State is willing to limit the number of Forms 4473s to be produced to address Fleet Farm's overbreadth objection. Specially, the State proposes the following two alternatives to limit the number of Form 4473s to be produced:

1. All Form 4473s for purchases where the same purchaser purchased multiple firearms from Fleet Farm retail stores from October 5, 2016 to the present (i.e., whether multiple purchases were made within 5 days of another or not and whether purchases were made from the same or different Fleet Farm stores); or
2. All Form 4473s specifically identified by the State following the State's receipt and review of Fleet Farm's A&D logs.

Please let us know whether one of these alternatives is acceptable to Fleet Farm. We request a response by November 27, 2023, to move this forward.

---

[2] *See, e.g.*, FF_0000034, FF_0000246, FF_0000254, FF_0000307, FF_0000467, FF_0000570, FF_0000574, FF_0000614, FF_0000713.

Counsel for Fleet Farm, LLC, et al.
November 17, 2023
Page 4


**Time period for Responsive Discovery:**

The State's First Set of Requests for Production to Defendants served on July 20, 2023 specified that the responsive time period was "October 5, 2016 through the date of your response." But Fleet Farm seeks to cut off discovery on October 2, 2022. Fleet Farm's November 10 letter asks "(1) what end date Plaintiff is proposing, and (2) the rationale for Plaintiff's proposal." Fleet Farm Nov. 10, 2023 Letter at X.

The State's discovery requests are ongoing, and the State requests supplementation in accordance with Federal Rule of Procedure 26(e). The State's five claims and the State's claims for relief are ongoing and did not end when the State commenced this lawsuit. Further, there is no preliminary injunction against Fleet Farm in this matter, such that ongoing conduct has already been addressed.

***

Please let us know whether one of the State's proposed limitations to Request for Production No. 6 is acceptable to Fleet Farm. We are available to schedule another call to meet and confer if that would be helpful.


Sincerely,

KATHERINE MOERKE
Assistant Attorney General
(651) 728-7174
katherine.moerke@ag.state.mn.us

cc: Eric Maloney, Office of Minnesota Attorney General
Megan Walsh, Arielle Hugel, William Roberts, and Nick Taylor, University of Minnesota Law School