# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| State of Minnesota, | Case No. 22-cv-2694 (JRT/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| Fleet Farm LLC, *et al.*, | |
| Defendants. | |

This matter is before the Court on Plaintiff State of Minnesota's Motion for Leave to File Amended Complaint (Dkt. No. 61). The Court held a hearing on the motion on January 22, 2024, at which Eric Maloney and Katherine Moerke appeared for Plaintiff State of Minnesota, and Andrew Davis and Andrew Leiendecker appeared for the Fleet Farm Defendants. Plaintiff asks to add a new cause of action under Minn. Stat. § 8.31, as well as two new requests for relief: civil penalties and costs and fees. Defendants oppose the motion to amend on the basis of futility. As set forth below, the Court finds that the proposed amendments are not futile. Accordingly, the motion is granted.

**I.      Background**

On October 5, 2022, Plaintiff State of Minnesota initiated this action against Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC (collectively "Fleet Farm") in Minnesota state court. (*See* Compl., Dkt. No. 1-1.) The State alleges Fleet Farm illegally and negligently sold firearms to straw purchasers. (*Id.* at 1.) The State brought five claims in its original complaint: negligence, negligence per se,

negligent entrustment, aiding and abetting, and public nuisance. (*Id.* ¶¶ 70–113.) On October 26, 2022, Fleet Farm removed this case to federal court. (*See generally* Notice of Removal, Dkt. No. 1.) The State opposed removal and filed a motion for remand on November 2, 2022. The State's motion was denied on June 27, 2023. (Order at 2, Dkt. No. 36.)

On January 5, 2024, the State timely filed a motion for leave to amend the complaint under Federal Rule of Civil Procedure 15(a)(2). The State's proposed First Amended Complaint would add (1) a new cause of action under the Minnesota Gun Control Act, Minn. Stat. § 624.7132, subd. 15(a)(2), brought pursuant to the authority granted to the Minnesota Attorney General pursuant to Minn. Stat. § 8.31, subd. 1[1]; and (2) two new requests for relief for alleged violations of the Minnesota Gun Control Act and Minnesota's public nuisance statute, Minn. Stat. § 609.74: a request for civil penalties pursuant to § 8.31, subd. 3, and a request for costs and fees pursuant to § 8.31, subd. 3a. (*See* Proposed First Am. Compl. ¶¶ 114–30, Requested Relief ¶¶ 7–8, Dkt. No. 64-1.) In support of its

---

[1] Minn. Stat. § 8.31, subd. 1, provides in full:

> The attorney general shall investigate violations of the law of this state respecting unfair, discriminatory, and other unlawful practices in business, commerce, or trade, and specifically, but not exclusively, the Nonprofit Corporation Act (sections 317A.001 to 317A.909), the Act Against Unfair Discrimination and Competition (sections 325D.01 to 325D.07), the Unlawful Trade Practices Act (sections 325D.09 to 325D.16), the Antitrust Act (sections 325D.49 to 325D.66), section 325F.67 and other laws against false or fraudulent advertising, the antidiscrimination acts contained in section 325D.67, the act against monopolization of food products (section 325D.68), the act regulating telephone advertising services (section 325E.39), the Prevention of Consumer Fraud Act (sections 325F.68 to 325F.70), and chapter 53A regulating currency exchanges and assist in the enforcement of those laws as in this section provided.

motion to amend, the State relies on a recent decision by the Minnesota Supreme Court, *Findling v. Group Health Plan, Inc.*, 998 N.W.2d 1 (Minn. 2023), in support of its position that the Minnesota Attorney General is authorized to enforce the Minnesota Gun Control Act via Minn. Stat. § 8.31, subd. 1. Fleet Farm responds that the State's proposed amendments are futile and that the Minnesota Attorney General does not have the authority to enforce the Minnesota Gun Control Act through Minn. Stat. § 8.31.

## II. Legal Standards

Leave to amend a pleading is governed by Federal Rule of Civil Procedure 15(a)(2), which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." But the right to amend is not absolute. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Leave to amend may be denied for "compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id.* (citing *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)).

A proposed amendment to a complaint is futile if "the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008). Rule 12(b)(6) requires dismissal when a complaint fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff need not plead "detailed factual allegations," but mere "labels and conclusions" or "a formulaic

recitation of the elements of a cause of action will not do." *Id.* For a claim to be facially plausible, the plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In applying this standard, the Court accepts the factual allegations as true and views them most favorably to the plaintiff. *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013).

### III. Discussion

#### A. The Plain Language of Minn. Stat. § 8.31, Subd. 1

To determine whether the proposed new claim under the Minnesota Gun Control Act is futile, the Court must determine whether the Minnesota Gun Control Act falls within the Minnesota Attorney General's civil enforcement powers under Minn. Stat. § 8.31. To determine the meaning of a statute, the Court first examines the text's plain language. *State v. Stay*, 935 N.W.2d 428, 430 (Minn. 2019) ("The first step in statutory interpretation is to determine whether the statute's language is ambiguous."). If the language is unambiguous, then the Court follows the plain language. *State v. Mikell*, 960 N.W.2d 230, 238 (Minn. 2021).

In the case at hand, the Court finds that the plain language of Minn. Stat. § 8.31, subd. 1, is unambiguous. The statute provides that the Attorney General shall investigate and assist in the enforcement of "violations of the law of this state respecting unfair, discriminatory, and other unlawful practices in business, commerce, or trade . . . ." Minn. Stat. § 8.31, subd. 1. The statute then lists "specific[], but not exclusive[]" examples of such laws. The phrase "other unlawful practices in business, commerce, or trade" is broad

4

enough to include the unlawful sale of firearms. The State has alleged that Fleet Farm sold firearms to straw purchasers and thus engaged in an "unlawful practice" by violating the Minnesota Gun Control Act. Specifically, the statute prohibits the transfer of "a pistol or semiautomatic military-style assault weapon to a person who has made a false statement in order to become a transferee, if the transferor knows or has reason to know the transferee has made the false statement." Minn. Stat. § 624.7132, subd. 15(a)(2). Fleet Farm has not shown such a transfer cannot be, as a matter of law, an "unlawful practice[] in business, commerce, or trade." If the legislature had intended to limit Minn. Stat. § 8.31, subd. 1, to laws relating to consumer protection or to civil causes of action, as Fleet Farm argues, it could have done so. The Court is obligated to defer to the plain language of the statute. Accordingly, the Court finds that the proposed new claim is plausible on its face and does not fall outside the scope of the Minnesota Attorney General's authority granted by Minn. Stat. § 8.31, subd. 1.[2]

Furthermore, this Court finds persuasive the Minnesota Supreme Court's recent decision in *Findling v. Group Health Plan, Inc.*, 998 N.W.2d 1 (Minn. 2023), in determining whether the Attorney General's investigatory and enforcement power under Minn. Stat. § 8.31, subd. 1, extends to the Minnesota Gun Control Act. In *Findling*, healthcare providers argued that the scope of the Attorney General's authority under Minn. Stat. § 8.31, subd. 1, is limited to laws relating to fraud. *Id.* at *9. The Minnesota Supreme

---

[2] Fleet Farm makes several alternative arguments in the event the Court finds that the language of § 8.31, subd. 1, is ambiguous. The Court need not reach these alternative arguments, however, since the plain language of the statute is clear.

Court rejected this argument, because "the words fraud or fraudulent are not used to qualify or limit the broad general description of the laws that the Attorney General may investigate and enforce under section 8.31." *Id.* ("If the Legislature intended to limit the set of laws that the Attorney General may investigate and enforce under section 8.31 to those involving fraud, it would have been simple to say that.").

The Minnesota Supreme Court also disagreed that the phrase "other unlawful practices" is limited to unfair or discriminatory practices, because that interpretation "reads the words 'other unlawful activities' out of the statute . . . ." *Id.* at *11. A similar argument applies to the qualifying phrase "consumer protection." Fleet Farm argues that the "distilled" holding of *Findling* is that "pursuant to section 8.31, Plaintiff may investigate and bring enforcement actions against a business that is 'acting inequitably and unfairly' towards Minnesota consumers in violation of Minnesota law, or otherwise violating an affirmative legal obligation **related to consumer protection**." (Def.'s Mem. Opp'n at 21, Dkt. No. 66) (emphasis in original). But nothing in the *Findling* decision or § 8.31 limits the Attorney General's authority to only matters of consumer protection. As the Minnesota Supreme Court stated in *Findling*, it would have been easy enough for the legislature to include those words if it had intended to limit the scope of the Attorney General's authority to laws that involve consumer protection.

B.   **The New Requests for Relief**

The State seeks to add new requests for relief for its existing public nuisance claim and the new Minnesota Gun Control Act claim. The statutory basis for the relief is Minn. Stat. § 8.31, subds. 3 and 3a. Fleet Farm responds with the same futility argument: that the

6

new requests for relief are futile because Minn. Stat. § 8.31, subd. 1, does not confer investigative and enforcement authority on the Attorney General. The Court respectfully disagrees, for the reasons expressed above. Because Minn. Stat. § 8.31, subd. 1, is written broadly to include "other unlawful practices in business, commerce, or trade," the new requests for relief are not futile.

## IV. Conclusion

Based on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff State of Minnesota's Motion for Leave to File Amended Complaint (Dkt. No. 61) is **GRANTED**, and the State shall file the First Amended Complaint within seven days.

Date: March 4, 2024

                                               *s/ John F. Docherty*
                                               JOHN F. DOCHERTY
                                               United States Magistrate Judge