**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| State of Minnesota by its Attorney General, Keith Ellison,<br><br>Plaintiff,<br><br>v.<br><br>Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC,<br><br>Defendants. | Case No.: 0:22-cv-02694-JRT-JFD<br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC (together, "Fleet Farm" or "Defendants") hereby respond and object to Plaintiff State of Minnesota's July 20, 2023 First Set of Interrogatories to Defendants (the "Interrogatories" and each, an "Interrogatory") as follows:

**GENERAL OBJECTIONS**

1.      The following General Objections apply to the Interrogatories and shall have the same force and effect as if set forth in full in response to each separately numbered Interrogatory.  The assertion of the same, similar, or additional objections or the provision of partial responses to the individual Interrogatories does not waive or modify any of Defendants' General Objections.

2.      Defendants respond to the Interrogatories, including the definitions and instructions referenced therein, subject to the General Objections set forth below.  These limitations and objections, which form a part of Defendants' response to each individual

- 1 -

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Interrogatory, are set forth here to avoid duplication and repetition. Failure to make a General Objection in the Specific Responses should not be construed as a waiver of any General Objection.

3.     Defendants object to the Interrogatories to the extent they seek information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or protection ("Privileged Information"). The inadvertent production of any Privileged Information shall not be deemed a waiver of any applicable privilege or any other applicable objection.

4.     Defendants object to the Interrogatories to the extent they seek information already in Plaintiff's possession, custody, or control, equally available to Plaintiff and/or in the public domain, or otherwise obtainable from some other source that is more convenient, less burdensome, or less expensive, or for which the burden or expense of the discovery outweighs its likely benefit.

5.     Defendants object to the Interrogatories to the extent they call for the production of information or documents not maintained in the ordinary course of business or not easily retrievable at reasonable expense.

6.     Defendants object to any Interrogatory seeking "all" (or "every") persons, documents, or information on the ground that Defendants cannot guarantee they have located every single person, document, or piece of information responsive to a particular Interrogatory.

7.     Any decision by Defendants to provide any documents or information, notwithstanding the objectionable nature of any parts of the Interrogatories, should not be

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

construed as a stipulation that the material is discoverable, a waiver of Defendants' objections to these Interrogatories or for future discovery, or an agreement that other requests for similar discovery will be treated in a similar manner.

8.    Defendants object to the Interrogatories to the extent they seek documents and information relating to Fleet Farm retail stores located outside the State of Minnesota. Unless expressly stated otherwise, Defendants will interpret all Interrogatories to seek only information relating to the seventeen (17) Fleet Farm retail stores identified in paragraph 13 of Plaintiff's complaint. *See* ECF Doc. 1-1 ¶ 13.

9.    Defendants reserve the right to object to the relevancy, materiality, or admissibility of any information or documents provided in response to the Interrogatories and to raise any other objection that would require exclusion of such information or documents if offered as evidence at trial.

10.    Defendants' investigation is ongoing.  Defendants reserve the right to: (i) revise, correct, supplement, amend, modify, or clarify their responses as additional information is discovered in accordance with the Federal Rules; (ii) provide additional responsive information; (iii) modify its objections on grounds including, but not limited to, relevance, undue burden, and/or proportionality; (iv) object to further discovery in this case; (v) rely on any information provided in this case, including, without limitation, in any hearing, proceeding, or trial in this case; and (vi) challenge the authenticity or admissibility of any information in any hearing, proceeding, or trial.

11.    Defendants object to the definition of the terms "Defendants," "Fleet Farm," "you," and "your" as vague and overbroad on the ground that the definition purports to

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

include any of Defendants' "predecessors, successors, divisions, parents, subsidiaries, affiliates, and any other entity in which Fleet Farm has a management or controlling interest," as well as "all present and former directors, officers, and managers of Fleet Farm," to the extent such definition imposes an obligation on Defendants to produce documents not in their possession, custody, or control. Defendants will construe the terms "Defendants," "Fleet Farm," "you," and "your" to mean Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC, and will interpret this definition to direct the disclosure of responsive, non-privileged information solely in their possession, custody, or control.

12.     Defendants object to the term "Document" as overly broad and unduly burdensome to the extent it purports to expand such definition beyond its meaning in Federal Rule of Civil Procedure 34(a) and Federal Rule of Evidence 1001. Defendant further objects to this definition to the extent it calls for the disclosure of Privileged Information, and to the extent it calls for the disclosure of materials that are not reasonably accessible to Defendant or maintained in the ordinary course of business. Defendant will interpret "Document" in accordance with Federal Rule of Civil Procedure 34(a) and Federal Rule of Evidence 1001.

13.     Defendants object to Instruction No. 3 to the extent it purports to require Defendants to serve a privilege log alongside their Responses and Objections. Defendants will serve a privilege log at a reasonable time following the completion of their production of documents.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

14. Defendants object to Instruction No. 7 to the extent that it seeks to impose an open-ended discovery period. To the extent Defendants agree to provide documents or information in response to certain Interrogatories, unless otherwise specified, Defendants will produce documents or provide information for the time period between October 5, 2016 and October 5, 2022.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1:**

For each Interrogatory, identify the individual(s) answering or assisting in answering that Interrogatory.

**RESPONSE:**

In addition to the foregoing General Objections, Defendants object to Interrogatory No. 1 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Interrogatory to the extent that it seeks Privileged Information. Further, Defendants object to this Interrogatory on the ground that the phrase "assisting in answering" is vague and ambiguous.

Subject to and without waiving these objections, Defendants state that the following individuals provided the substantive information contained in Defendants' responses: Derrick Hoernke, Director of Real Estate and Facilities; Mike Radl, Safety & Firearms Compliance Manager.

**INTERROGATORY NO. 2:**

Identify all persons who have or may have factual knowledge relating to the allegations, claims, denials, and defenses set forth in the pleadings, including Fleet Farm's claim that Plaintiff has failed to join all necessary parties, including, but not limited to, other third parties whom Plaintiff alleges engaged in the unlawful sale or use of firearms

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

in Minnesota. Your response should include all current or former Fleet Farm employees, agents, managers, directors, and principals that had any role in establishing, modifying, overseeing, and/or monitoring Fleet Farm's policies, procedures, or practices regarding firearm sales.

**RESPONSE:**

In addition to the foregoing General Objections, Defendants object to Interrogatory No. 2 as premature, overly broad, and unduly burdensome because discovery in this Action is in its early stages and no depositions have occurred.  Defendants further object to Interrogatory No. 2 as overly broad, unduly burdensome, and not proportional to the needs of this Action because it asks Defendants to "[i]dentify all persons who have or may have factual knowledge relating to the allegations, claims, denials, and defenses set forth in the pleadings," without regard to the degree of knowledge possessed by such persons, whether such persons had any substantive involvement in the allegations, claims, denials, or defenses at issue in this case, or whether such person's actual or potential "factual knowledge" is duplicative of information held by other individuals.  Defendants further object to Interrogatory No. 2 to the extent it seeks information not in Defendants' possession, custody, or control, and to the extent it calls for the disclosure of any Privileged Information.  Defendants also object to Interrogatory No. 2 as a premature contention interrogatory that is not proper prior to the completion of fact and expert discovery, including document discovery and depositions, and to the extent it calls for a legal conclusion.

Subject to and without waiving these objections, Defendants refer Plaintiff to Defendants' Initial Disclosures, and state that, to the best of their current knowledge and

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

understanding, the following individuals held corporate leadership positions in, and may have unique knowledge regarding, the establishment, modification, oversight, and/or monitoring of Defendants' policies, procedures, and practices relating to firearm sales during the defined time period:

| Name | Job Title | Time Period[1] |
|---|---|---|
| Jana Cartier | Director of Risk Management | Nov. 2021 – May 2023 |
| Michelle Granato | Firearms Specialist | BRTP – Present |
| Brad Hansen | Loss Prevention Manager | May 2023 – Present |
| | Field Loss Prevention Manager | Jan. 2022 – Jun. 2023 |
| | Regional Loss Prevention Manager | BRTP – Jun. 2023 |
| Derrick Hoernke | Director of Real Estate and Facilities | Nov. 2021 – Present |
| | Director of Loss Prevention and Facilities | Apr. 2020 – Nov. 2021 |
| | Director of Loss Prevention and Front End Operations | Oct. 2018 – Apr. 2020 |
| | Manager of Loss Prevention and Front End Operations | BRTP – Oct. 2018 |
| Chris McCool | Regional Vice President | Mar. 2023 – Present |
| | Regional Director | Mar. 2018 – Mar. 2013 |

---

[1] "BRTP" means that the individual held the listed position at the beginning of the relevant time period: October 5, 2016. "Present" means the date of Defendants' Responses and Objections to Plaintiff's First Set of Interrogatories.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

|  |  |  |
|---|---|---|
| Mike Radl | Safety & Firearms Compliance Manager | BRTP - Present |
| Ryan Stoehr | Associate Director of Sporting Goods Merchandise | Mar. 2023 – Present |
|  | Senior Category Manager – Firearms, Ammunition & Optics | Jul. 2018 – Mar. 2023 |
|  | Buyer – Sporting Goods & Outdoor Cooking | BRTP – Jul. 2018 |
| Nick Widi | SVP & Chief Retail Operations Officer | BRTP – Present |

**INTERROGATORY NO. 3:**

Describe the relationship between Defendants and identify all entities involved in Fleet Farm's corporate structure, including identifying all entities that have full or partially common ownership or management of any kind with Fleet Farm, and identifying all entities that own or operate Fleet Farm's Minnesota Stores.

**RESPONSE:**

In addition to the foregoing General Objections, Defendants object to Interrogatory No. 3 on the grounds that it is overly broad and unduly burdensome, seeks information irrelevant to the claims and defenses in this suit, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants do not contend that Plaintiff has failed to name the correct corporate entities in this Action. Defendants also object to the extent that this Interrogatory is duplicative of Plaintiff's Request for Production Nos. 3 and 4. Further, Defendants object to this Interrogatory on the ground that the phrases "involved

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

in Fleet Farm's corporate structure" and "full or partially common ownership or management of any kind" are vague and ambiguous.

Subject to and without waiving these objections, Defendants state that based on the current scope of the issues pleaded in this litigation, they will not respond to Interrogatory No. 3.

**INTERROGATORY NO. 4:**

Describe Fleet Farm's corporate structure and any changes to such corporate structure over time, including identifying your corporate departments, divisions, officers, directors, managers, members, partners, and board members for each year.

**RESPONSE:**

In addition to the foregoing General Objections, Defendants object to Interrogatory No. 4 on the grounds that it is overly broad and unduly burdensome, seeks information irrelevant to the claims and defenses in this suit, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants do not contend that Plaintiff has failed to name the correct corporate entities in this Action. Defendants also object to the extent that this Interrogatory is duplicative of Plaintiff's Request for Production No. 4. Further, Defendants object to this Interrogatory on the ground that the terms "corporate structure" and "changes" are vague and ambiguous.

Subject to and without waiving these objections, Defendants state that based on the current scope of the issues pleaded in this litigation, it will not respond to Interrogatory No. 4.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**INTERROGATORY NO. 5:**

Identify and describe Fleet Farm's policies and procedures related to the sale of firearms, straw purchaser awareness, detection, and/or prevention, compliance with state and federal firearms laws, or reporting suspicious behavior to law enforcement, and describe how Fleet Farm trained retail store employees regarding these policies and procedures. Your response should identify the period of time each policy or procedure was in place and describe what materials Fleet Farm created or distributed to educate employees or enforce these policies or procedures.

**RESPONSE:**

In addition to the foregoing General Objections, Defendants object to Interrogatory No. 5 on the grounds that it is compound, overly broad and unduly burdensome, and duplicative of Request for Production Nos. 19 and 20. Defendants further object that the phrases "straw purchaser awareness, detection, and/or prevention" and "suspicious behavior" are vague and ambiguous. Defendants also object to the extent Interrogatory No. 5 seeks Privileged Information.

Subject to and without waiving these objections, and pursuant to Fed. R. Civ. P. 33(d), Defendants refer Plaintiff to the documents referenced in their Initial Disclosures, as well as the documents they will be producing in response to Request for Production Nos. 19 and 20.

**INTERROGATORY NO. 6:**

Identify every Fleet Farm employee, agent, manager, director, or principal who has spoken in person, communicated with, or otherwise contacted Jerome Horton, Gabriel Lee Young-Duncan, Sarah Elwood, Jeffrey Jackson, or Geryiell Walker, and describe the date and location of each meeting, communication, or contact.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE:**

In addition to the foregoing General Objections, Defendants object to Interrogatory No. 6 as premature and unduly burdensome because discovery in this Action is in its early stages and no depositions have occurred.  Defendants further object to Interrogatory No. 6 as overly broad, unduly burdensome, and not proportional to the needs of this Action because it asks Defendants to identify "every Fleet Farm employee, agent, manager, director, or principal" who "communicated" or "contacted" certain individuals, without regarding to the degree of knowledge possessed by such persons or whether such persons have any substantive involvement with the allegations in this case.  Defendants also object on the grounds that the Interrogatory is duplicative of Request for Production Nos. 12, 14, 15, and 16, and the phrase "otherwise contacted" is vague and ambiguous.

Subject to and without waiving these objections, and pursuant to Fed. R. Civ. P. 33(d), Defendants refer Plaintiff to the documents they will be producing in response to Request for Production Nos. 12 through 14 and 16.

**INTERROGATORY NO. 7:**

Identify every Fleet Farm employee, agent, manager, director, or principal who has spoken in person, communicated with, or otherwise contacted the ATF, the BCA, or any other Minnesota law enforcement agency regarding a firearm sale at a Minnesota Store, and describe the date and location of each meeting, communication, or contact.

**RESPONSE:**

In addition to the foregoing General Objections, Defendants object to Interrogatory No. 7 on the grounds that it is overly broad and unduly burdensome because discovery in this Action is in its early stages and no depositions have occurred.  Defendants further

- 11 -

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

object to Interrogatory No. 7 as overly broad, unduly burdensome, and not proportional to the needs of this Action because it asks Defendants to identify "every Fleet Farm employee, agent, manager, director, or principal" who "communicated" with or "contacted" certain government entities regarding firearm sales, without regarding to the degree of knowledge possessed by such persons or whether such persons have any substantive involvement with the allegations in this case.  Defendants also object on the grounds that the Interrogatory is duplicative of Request for Production Nos. 9, 10, and 11, and the phrases "otherwise contacted" and "Minnesota law enforcement agency" are vague and ambiguous.

Subject to and without waiving these objections, and pursuant to Fed. R. Civ. P. 33(d), Defendants refer Plaintiff to the documents they will be producing in response to Request for Production Nos. 9 through 11.

**INTERROGATORY NO. 8:**

Identify every Fleet Farm employee, agent, manager, director, or principal against whom Fleet Farm has taken or is taking disciplinary action for violating any Fleet Farm policy or procedure related to the sale of firearms. For each person identified, describe all details related to that person's conduct, Fleet Farm's investigation into the conduct, and the ultimate disciplinary decision made by Fleet Farm.

**RESPONSE:**

In addition to the foregoing General Objections, Defendants object to Interrogatory No. 8 on the grounds that it is overly broad and unduly burdensome, and seeks information not proportional to the needs of this Action because it seeks identification of "every" Fleet Farm-related person and "all" details regarding that person's conduct.  Defendants also object to Interrogatory No. 8 on the grounds that it seeks information irrelevant to the claims and defenses in this suit, is not reasonably calculated to lead to the discovery of

- 12 -

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

admissible evidence, and the phrases "disciplinary action" and "related to the sale of firearms" are vague and ambiguous. Defendants further object to Interrogatory No. 8 on the grounds that it is duplicative of Request for Production No. 21, and to the extent it seeks Privileged Information.

Subject to and without waiving these objections, and pursuant to Fed. R. Civ. P. 33(d), Defendants state that based on the current scope of issues pleaded in this litigation, they will not respond to Interrogatory No. 8.

**INTERROGATORY NO. 9:**

Describe every instance in which Fleet Farm investigated or audited its employees' compliance with Fleet Farm policies and procedures related to the sale of firearms, including whether Fleet Farm investigated its firearms sales to Jerome Horton or Sarah Elwood. For each investigation or audit identified, specify when it took place, which store(s) and/or personnel Fleet Farm investigated or audited, what conduct the investigation or audit reviewed, the findings of the investigation or audit, and the recommendation(s) of the investigation or audit, if any.

**RESPONSE:**

In addition to the foregoing General Objections, Defendants object to Interrogatory No. 9 on the grounds that it is overly broad and unduly burdensome, and seeks information not proportional to the needs of this Action because it seeks identification of "every" Fleet Farm investigation or audit relating to firearm sales. Defendants also object to Interrogatory No. 9 on the grounds that it seeks information irrelevant to the claims and defenses in this suit, is not reasonably calculated to lead to the discovery of admissible evidence, and the phrases "investigated or audited" and "related to the sale of firearms" are vague and ambiguous. Defendants further object to Interrogatory No. 9 on the grounds

- 13 -

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

that it is duplicative of Request for Production Nos. 12, 21, and 22, and to the extent it seeks Privileged Information.

Subject to and without waiving these objections, and pursuant to Fed. R. Civ. P. 33(d), Defendants refer Plaintiff to the documents they will be producing in response to Request for Production No. 12.

**INTERROGATORY NO. 10:**

Describe how Fleet Farm records and tracks information related to firearms sales, including communications and record sharing among Fleet Farm retail stores and with law enforcement.

**RESPONSE:**

In addition to the foregoing General Objections, Defendants object to Interrogatory No. 10 as overly broad and unduly burdensome, and to the extent it seeks information already in Plaintiff's possession, custody, or control.

Subject to and without waiving these objections, Defendants state their standard process for recording and tracking information related to firearms sales includes the following: Fleet Farm orders a firearm from a manufacturer or wholesale vendor; the firearm is transferred by the manufacturer or vendor FFL to Fleet Farm's distribution center in Chippewa Falls, Wisconsin; Fleet Farm logs the firearm's serial number in its ATF-required Acquisition & Disposition ("A&D") log, and separately logs other information regarding the firearm in its internal inventory database; when a firearm has been transferred to a particular Fleet Farm retail store, Fleet Farm's standard procedure is to ensure that the firearm is the final item loaded onto the delivery vehicle, then Fleet Farm updates the distribution center A&D log and internal inventory database to reflect the transfer. When

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

the firearm arrives at the retail store, the firearm is the first item removed from the delivery vehicle on arrival at the retail store, that a firearm-trained employee and/or manager is responsible for unloading and verifying that all of the firearms listed on the shipping manifest are accounted for.  The firearm is then securely stored, and the firearm's transfer is logged on the retail store's A&D log and internal inventory database.  Before allowing any handgun or military-style firearm sale, Fleet Farm retail stores in Minnesota require customers to present a valid permit to carry or purchase and require customers to complete ATF Form 4473.  Fleet Farm retail stores submit the required information contained on the completed ATF Form 4473 to the FBI through NICS, and no firearm sale will occur until after the retail store has received an affirmative "Proceed" communication from NICS. Fleet Farm employees may also refuse to complete a firearm sale notwithstanding receiving a "Proceed" communication from NICS.  Additionally, when required, Fleet Farm retail stores submit the ATF Form 3310.4 to the ATF and Chief Law Enforcement Officer or designee, which in Minnesota is the Minnesota BCA.

**INTERROGATORY NO. 11:**

Identify every requested firearms sale in Minnesota that Fleet Farm decided not to complete and every person for whom Fleet Farm has limited or ceased firearms sales in Minnesota, including a description of the circumstances, evidence, and internal decision-making process that led Fleet Farm to limit or cease sales in each instance.

**RESPONSE:**

In addition to the foregoing General Objections, Defendants object to Interrogatory No. 11 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this Action or reasonably calculated to lead to the discovery of admissible

- 15 -

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

evidence because it seeks identification of "every request firearms sale . . . that Fleet Farm decided not to complete," irrespective of the reason Fleet Farm decided not to complete the sale and whether the reason is relevant to the issues in this Action. Defendants also object to Interrogatory No. 11 on the grounds that the phrase "decided not to complete" and the terms "circumstances," "evidence," and "internal decision-making process" are vague and ambiguous, and to the extent the Interrogatory seeks Privileged Information or information regarding active law-enforcement investigations. Defendants further object to Interrogatory No. 11 on the ground that it is duplicative of Request for Production Nos. 23 and 24.

Subject to and without waiving these objections, and pursuant to Fed. R. Civ. P. 33(d), Defendants refer Plaintiff to the documents they will be producing in response to Request for Production Nos. 23 and 24.

**INTERROGATORY NO. 12:**

Identify every person that Fleet Farm has identified or suspected to be a straw purchaser related to Fleet Farm's sales of firearms in Minnesota.

**RESPONSE:**

In addition to the foregoing General Objections, Defendants object to Interrogatory No. 12 on the grounds that it is overly broad and unduly burdensome, and that the term "suspected" and the phrase "related to Fleet Farm's sales of firearms in Minnesota" are vague and ambiguous. Defendants further object that Interrogatory No. 12 is duplicative of Request for Production Nos. 25 and 26, and to the extent that the Interrogatory seeks information regarding active law-enforcement investigations.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Subject to and without waiving these objections, and pursuant to Fed. R. Civ. P. 33(d), understanding Interrogatory No. 12 to seek a list of persons that Fleet Farm believed to be a straw purchaser following those persons' attempting to purchase a firearm from a Fleet Farm retail store in Minnesota, Defendants refer Plaintiff to the documents they will be producing in response to Request for Production No. 26.

**INTERROGATORY NO. 13:**

Describe the surveillance technology Fleet Farm uses or has used at each of its Minnesota Stores and all related policies and procedures, including what types of recording and tracking equipment are used, how many pieces of equipment each store has, where the equipment is placed inside or outside each store, how the equipment records and stores data, how and when Fleet Farm reviews such data, and how Fleet Farm's retention policies for such data.

**RESPONSE:**

In addition to the foregoing General Objections, Defendants object to Interrogatory No. 13 on the grounds that it is compound, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to Interrogatory No. 13 on the ground that "surveillance technology" is vague and ambiguous, and to the extent that the Interrogatory is duplicative of Request for Production No. 16.

Subject to and without waiving these objections, Defendants state that the Fleet Farm retail stores in Minnesota utilize video surveillance technology at the firearms counter of the sporting goods department. The precise video surveillance technology varies by retail store, but typically consists of between three and eight analog and digital video cameras positioned to monitor the firearms counter, Sporting Goods Department, and

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

adjacent Departments.  Recordings of attempted and/or completed firearm transactions are not reviewed by Fleet Farm store personnel in the ordinary course, but are reviewed if, among other things, loss prevention employees receive reported suspicious behavior or theft.  Answering further, to the extent this Interrogatory seeks information regarding Defendants' retention policies, and pursuant to Fed. R. Civ. P. 33(d), Defendants refer Plaintiff to documents they will be producing in response to Request for Production No. 16.

**INTERROGATORY NO. 14:**

Provide all supporting information underlying Fleet Farm's public statement issued on October 5, 2022, in which Fleet Farm stated: "It's also worth noting that at the time of the tragic shooting in Saint Paul described in the Attorney General's complaint, we were told by the Bureau of Alcohol, Tobacco and Firearms that our team members had 'done nothing wrong' and had complied with all applicable gun laws." Include the following information in your response: which Fleet Farm personnel were purportedly told by the ATF that Fleet Farm "team members had 'done nothing wrong'"; which ATF personnel purportedly told Fleet Farm that Fleet Farm "team members had 'done nothing wrong'"; when such individual or individuals at the ATF purportedly told Fleet Farm that Fleet Farm "team members had 'done nothing wrong,'" including identifying the date and circumstances of each conversation underlying Fleet Farm's statement; how the ATF purportedly told Fleet Farm that Fleet Farm "team members had 'done nothing wrong'" (e.g., face-to-face conversation, e-mail, telephone call, text, etc.); and the full content of each conversation between the ATF and Fleet Farm in which the ATF purportedly said Fleet Farm's team members had "done nothing wrong."

**RESPONSE:**

In addition to the foregoing General Objections, Defendants object to Interrogatory No. 14 on the grounds that it is compound, and is unduly burdensome to the extent it seeks "the full content of each conversation" between ATF and Fleet Farm.  Defendants further object that Interrogatory No. 14 is duplicative of Request for Production No. 17.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Subject to and without waiving these objections, and pursuant to Fed. R. Civ. P. 33(d), Defendants refer Plaintiff to the documents they will be producing in response to Request for Production No. 17.

**INTERROGATORY NO. 15:**

Identify, by date and government agency, and describe any investigations, compliance inspections, warning letters or warning conferences, remedial trainings, presentations, inquiries, or contacts by any federal, state, or local government agency relating to your sale of firearms at your Minnesota Stores.

**RESPONSE:**

In addition to the foregoing General Objections, Defendants object to Interrogatory No. 15 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this Action or reasonably calculated to lead to the discovery of admissible evidence because it seeks information regarding "any investigations, compliance inspections, warning letters or warning conference, remedial trainings, presentations, inquiries, or contacts" by any government agency relating to firearm sales in general, irrespective of the reason for the particular government-agency contact and whether the contact was in regards to a subject relevant to the issues in this Action. Defendants also object to the extent it seeks information already in Plaintiff's possession, custody, or control, seeks information regarding active law-enforcement investigations, and on the ground that it is duplicative of Request for Production Nos. 9 and 10.

Subject to and without waiving these objections, and pursuant to Fed. R. Civ. P. 33(d), Defendants refer Plaintiff to the documents they will be producing in response to Request for Production Nos. 9 and 10.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**AS TO OBJECTIONS:**

Dated:  August 21, 2023

*/s/ Todd A. Noteboom*
Todd A. Noteboom (#0240047)
Andrew W. Davis (#0386634)
Sharon R. Markowitz (#0392043)
Andrew P. Leiendecker (#0399107)
Stinson LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
todd.noteboom@stinson.com
andrew.davis@stinson.com
sharon.markowitz@stinson.com
andrew.leiendecker@stinson.com

**ATTORNEYS FOR DEFENDANTS**

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

## VERIFICATION

I am Derrick Hoernke, Director of Real Estate and Facilities at Fleet Farm Wholesale Supply Co. LLC. I am authorized to make this representation on behalf of Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC (together, "Fleet Farm"). I have read Fleet Farm's Responses to the Interrogatories above and know the contents thereof. The Responses are true to the best of my current knowledge, recollection, information, and belief based on a reasonable investigation. I make no verification with respect to any objections stated within the Responses.

I declare under penalty of perjury that everything I have stated in this Verification is true and correct.

FLEET FARM LLC
FLEET FARM GROUP LLC
FLEET FARM WHOLESALE SUPPLY CO. LLC

DATED this 21st day of August, 2023.   By: _____

Director of Real Estate and Facilities

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record via email on August 21, 2023.

*/s/ Andrew P. Leiendecker*
Andrew P. Leiendecker