# EXHIBIT B



Andrew Davis
DIRECT: 612.335.1556
OFFICE: 612.335.1500

Andrew.Davis@stinson.com

September 21, 2023

**VIA EMAIL**

Katherine Moerke
Assistant Attorney General
Office of the Minnesota Attorney General

Re:     *State of Minnesota v. Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC*, Case No. 0:22-cv-02694-JRT-JFD – Response to Plaintiff's September 18, 2023 Letter

Dear Counsel,

We write in response to your letter dated September 18, 2023 (the "Letter") in which Plaintiff identified purported deficiencies with Defendants' August 21, 2023 responses to Plaintiffs' initial discovery requests. The Letter is both premature and counterproductive, and the so-called deficiencies appear to be based on a misreading of both Defendants' responses and the applicable Federal Rules of Civil Procedure.

Plaintiff accuses Defendants of (a) "improperly suggest[ing] that Defendants will not produce documents until [Defendants and Plaintiff] meet and confer about a protocol for search criteria"; (b) improperly agreeing to produce documents "at a reasonable time" rather than producing all documents contemporaneously with written responses; and (c) improperly referencing forthcoming document productions in answers to interrogatories.

Each of the purported deficiencies is in reality a demand for the immediate production of all responsive documents. Plaintiff's primary complaint appears to be that Defendants did not complete its entire document production in response to Plaintiff's broad discovery requests within thirty days of receipt. As you are aware, this demand is inconsistent with the general nature of large-scale civil litigation, the broad scope of Plaintiff's discovery requests, the parties' prior discussions, and the Orders in this case.

Written discovery responses routinely reference agreements to meet and confer as to the scope of discovery. This is particularly true where, as here, the requesting party has propounded numerous requests that seek "all documents" going back more than five years. Indeed, Defendants' search term protocol is fully consistent with the Court's own

Katherine Moerke
September 21, 2023
Page 2

guidance, which states that a party's "search methodology may benefit from input from one's opponent, and agreements on some or all of these issues can enhance efficiency and minimize disputes." Discussion of Electronic Discovery at Rule 26(f) Conferences: A Guide for Practitioners (January 2021), the Federal Practice Committee of the U.S. District Court, District of Minnesota, at 8.[1] It is unclear what purpose is served by Plaintiff's threatening a motion to compel rather than participating in such a process in good faith, and doing so seems to run counter to judicial efficiency and the principles of proportionality codified in Fed. Rule Civ. P. 26.

Finally, the positions outlined in the Letter ignore the parties' Rule 26(f) conference and report as well as the Court's Pretrial Scheduling Order entered August 7, 2023. As outlined in the joint Rule 26(f) report, Plaintiff sought to impose a fact discovery deadline of February 29, 2024, despite simultaneously seeking a broad discovery scope, including a proposal for 100 document requests. ECF Doc. 39 at 3, 5. The Court declined to impose the schedule and scope Plaintiff sought, instead setting a fact discovery deadline of August 2, 2024, and limiting document requests to 35 per side. ECF Doc. 41 at 1–2. The Court also imposed a deadline of September 29, 2023, for the parties to submit any disputes as to an electronic discovery plan and protocol, a deadline made moot by the parties' agreement to a stipulated submission that was filed September 11. *Id.* at 1.

The Court also did not impose—and Plaintiff did not seek—a deadline for substantial completion of document production. Indeed, Plaintiff has no right to immediate production of—or immediate making available for inspection—documents under Rule 34 or the Scheduling Order governing this case, which merely requires that fact discovery be completed by August 2, 2024. Plaintiff cites no caselaw to the contrary, and proffers no explanation for why it needs, let alone is entitled to, an immediate production of documents notwithstanding the August 2024 deadline to complete fact discovery.

Moreover, Defendants have satisfied their obligations under Fed. R. Civ. P. 33(d) because their interrogatory responses do not refer to documents en masse. Instead, Defendants have cross-referenced specific RFP responses that describe in detail specific categories of documents to be produced, thus identifying the specific categories of documents that, when produced at a reasonable time and in accordance with Rule 34 and the Court's Scheduling Order, will contain the information sought by certain of Plaintiff's broad interrogatories. For example, rather than attempting to provide a comprehensive

---

[1] Indeed, the parties delayed making initial disclosure productions until reaching agreement on an ESI Protocol at Plaintiff's suggestion.

Katherine Moerke
September 21, 2023
Page 3

narrative response to the broad, overly burdensome, and ambiguous request to describe all "Fleet Farm[] policies and procedures related to the sale of firearms, straw purchaser awareness, detection, and/or prevention, compliance with state and federal firearms laws, or reporting suspicious behavior to law enforcement," Defendants specifically refer Plaintiff to their initial disclosure documents, which include "internal policies and procedures relating to firearm sales" and "training materials relating to firearm sales" (and which were produced on September 20), as well as documents Defendants will produce in response to RFP No. 19 ("internal training materials related to firearm transactions") and RFP No. 20 (documents "reflect[ing] the frequency and substance of trainings regarding firearm sales"). Plaintiff offers no caselaw supporting their apparent reading of Fed. R. Civ. P. 33(d), and that reading cannot be squared with the text or purpose of the discovery rules.

In the context of the foregoing, Plaintiff's accusations of unreasonable delay and its threats of a discovery motion ring hollow. Plaintiff's discovery requests are undeniably broad, and Defendants' proposal to collaborate on search terms will only "enhance efficiency and minimize disputes," consistent with this Court's guidance. Plaintiff's approach will achieve the opposite: delay, inefficiency, and ever more disputes for the Court to attend to.[2] While Defendants are willing to further discuss the Letter per your request, Defendants respectfully submit that the parties' (and the Court's) time and energy would be better spent addressing scope and methodology issues that will help facilitate an efficient and timely production.

Sincerely,

**Stinson LLP**

Andrew W. Davis

---

[2] It also defies logic to demand an arbitrary October 6 deadline for production of *all* documents sought on this matter when Plaintiff purports to believe there are "additional deficiencies" in Defendants' discovery responses that, despite having Defendants' discovery responses for a month, Plaintiff is still not yet prepared to discuss.