UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

STATE OF MINNESOTA,

                                 Plaintiff,

v.

FLEET FARM LLC, FLEET FARM GROUP
LLC, and FLEET FARM WHOLESALE
SUPPLY CO. LLC,

                                 Defendants.

Civil No. 22-2694 (JRT/JFD)

**MEMORANDUM OPINION & ORDER DENYING DEFENDANTS' APPEAL OF MAGISTRATE JUDGE ORDER**

---

Eric John Maloney and Katherine Moerke, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1200, St. Paul, MN 55101; Jason T. Pleggenkuhle, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101; Megan M. Walsh, **UNIVERSITY OF MINNESOTA LAW CLINICS**, Mondale Hall, 229 Nineteenth Avenue South, Suite 190, Minneapolis, MN 55455, for Plaintiff.

Andrew W. Davis, Andrew Leiendecker, Sharon Robin Markowitz, and Todd A. Noteboom, **STINSON LLP**, 50 South Sixth Street, Suite 2600, Minneapolis, MN 55402, for Defendants.

Defendants Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. (collectively "Fleet Farm") appeal Magistrate Judge John F. Docherty's Order granting the State of Minnesota ("the State") leave to file an amended complaint after finding that the proposed amendments are not futile. The State asked to add a new cause of action for violations of the Minnesota Gun Control Act, as well as two new requests for relief, including civil penalties and attorney's fees. Because the Minnesota Attorney General has investigative and enforcement authority under the unambiguous language of

Minnesota Statutes § 8.31, subdivision 1 to bring the proposed MNGCA claim and new requests for relief, the Court will deny Fleet Farm's appeal and affirm the Magistrate Judge's Order.

**BACKGROUND**

The factual and procedural history of this case have been comprehensively addressed by the Court's prior orders, so the Court will only address the facts and history relevant to Fleet Farm's appeal. *See Minnesota v. Fleet Farm LLC*, 679 F. Supp. 3d 825, 832–35 (D. Minn. 2023); *Minnesota v. Fleet Farm LLC*, No. 22-2694, 2024 WL 22102, at *1–2 (D. Minn. Jan. 2, 2024). The State brought five claims under state law against Fleet Farm for allegedly selling handguns to straw purchasers: negligence, negligence per se, negligent entrustment, aiding-and-abetting, and public nuisance. *Fleet Farm LLC*, 679 F. Supp. at 835. Fleet Farm moved to dismiss the State's complaint, which the Court denied. *Id.* at 848.

The State then filed a motion for leave to amend the complaint under Federal Rule of Civil Procedure 15(a)(2). (Pl.'s Mot. Alter/Amend/Suppl. Pleadings, Jan. 5, 2024, Docket No. 61.) In its motion, the State sought to add a new cause of action alleging that Fleet Farm violated the Minnesota Gun Control Act ("MNGCA"), Minn. Stat. § 624.7132, subd. 15(a)(2), and two new requests for relief for civil penalties and costs and fees for the State's existing public nuisance claim and the new MNGCA claim, both pursuant to authority granted the Minnesota Attorney General under Minnesota Statutes § 8.31. (Pl.'s Mem. Supp. Mot. Alter/Amend/Suppl. Pleadings at 1, Jan. 5, 2024, Docket No. 62.)

Fleet Farm opposed the State's motion to amend, arguing that the State's proposed amendments are futile because the Minnesota Attorney General does not have the authority to enforce the MNGCA or add the new requests for relief through Minnesota Statutes § 8.31, subdivision 1.  (Defs.' Mem. Opp'n Mot. Alter/Amend/Suppl. Pleadings at 7–8, Jan. 12, 2024, Docket No. 66.)

Magistrate Judge Docherty determined that the proposed amendments are not futile and granted the State's motion.  (Order Granting Mot. Alter/Amend/Suppl. Pleadings at 1, Mar. 5, 2024, Docket No. 76.)  Fleet Farm appealed the Magistrate Judge's Order, insisting that the State's proposed amendments are futile.  (Appeal/Obj. of Magistrate Judge Decision, Mar. 19, 2024, Docket No. 94.)

## DISCUSSION

### I.    STANDARD OF REVIEW

Magistrate judges may hear and determine certain pretrial matters under the Federal Magistrate Judges Act.  28 U.S.C. § 636(b)(1)(A); *accord* D. Minn. LR 72.1(a)(2).  The standard of review applicable to an appeal of a magistrate judge's order on non-dispositive pretrial matters is extremely deferential.  *Magee v. Trs. of the Hamline Univ.*, 957 F. Supp. 2d 1047, 1062 (D. Minn. 2013).  The Court will reverse such an order only if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3).   However, the Court reviews de novo a Magistrate Judge's determination that an amended pleading would be futile.  D. Minn. LR 72.2(a)(3)(B); *accord Magee*, 957 F. Supp. 2d at 1062; *cf. In re NVE Corp. Sec. Litig.*, 527 F.3d 749, 752

(8th Cir. 2008) ("We ordinarily review the denial of leave to amend a complaint for abuse of discretion, but when the district court denies leave on the basis of futility we review the underlying legal conclusions de novo.").

Federal Rule of Civil Procedure 15 provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, leave to amend should be denied where there are "compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the non-moving party, or futility of the amendment."  *Hammer v. City of Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2003) (internal quotation marks omitted).  An amendment is futile if it fails to create claims that would withstand a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  *Lunsford v. RBC Dain Rauscher, Inc.*, 590 F. Supp. 2d 1153, 1158 (D. Minn. 2008).  In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face."  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  The Court construes the complaint in the light most

-4-

favorable to the plaintiff, drawing all inferences in the plaintiff's favor. *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

## II.     DEFENDANTS' APPEAL OF MAGISTRATE JUDGE ORDER

Fleet Farm asks the Court to overrule the Magistrate Judge's Order because the Order's interpretation of Minnesota Statutes § 8.31, subdivision 1 cannot be squared with the statute's plain language and structure, and the Minnesota Attorney General is not authorized to bring a claim under the MNGCA or to seek the proposed new requests for relief pursuant to Minnesota Statutes § 8.31, subdivision 1.  The Court disagrees and will affirm.

The Court must first determine whether the State's proposed MNGCA claim lies within the bounds of the Minnesota Attorney General's civil enforcement powers under Minnesota Statutes § 8.31, subdivision 1.  "[A]s with any question of statutory interpretation, the court begins its analysis with the plain language of the statute." *Owner-Operator Indep. Drivers Ass'n, Inc. v. Supervalu, Inc.,* 651 F.3d 857, 862 (8th Cir. 2011).  If the statute's plain language is unambiguous, then the Court follows the plain language. *State v. Mikell*, 960 N.W.2d 230, 238 (Minn. 2021).

Under the statute, the Minnesota Attorney General is authorized to investigate and assist in the enforcement of "violations of the law of this state respecting unfair, discriminatory, and other unlawful practices in business, commerce, or trade."  Minn.

Stat. § 8.31, subd. 1.  The remaining text goes on to list "specific[], but not exclusive[]" examples of statutes the Attorney General is authorized to enforce.[1]  *Id.*

The MNGCA prohibits, in relevant part, the transfer of "a pistol or semiautomatic military-style assault weapon to a person who has made a false statement in order to become a transferee, if the transferor knows or has reason to know the transferee has made the false statement."  Minn. Stat. § 624.7132, subd. 15(a)(2).  In this case, the State alleges that Fleet Farm sold firearms to customers who were acting as straw purchasers, or those who were obtaining firearms on behalf of other individuals who are legally prohibited from purchasing firearms themselves.  The transfer of a pistol or semiautomatic military-style assault weapon to a straw purchaser in violation of the MNGCA would be an "unlawful practice[] in business, commerce, or trade."  Minn. Stat. § 8.31, subd. 1.

The Court rejects Fleet Farm's contention that the Attorney General's enforcement authority under section 8.31, subdivision 1 is limited to consumer protection laws, "meaning they aim to protect a consumer in their interaction or relationship with a business."  (Appeal/Obj. of Magistrate Judge Decision at 6.)  The scope of statutory

---

[1] The non-exhaustive list of laws set forth in the statute include the Nonprofit Corporation Act, the Act Against Unfair Discrimination and Competition, the Unlawful Trade Practices Act, the Antitrust Act, laws against false or fraudulent advertising, antidiscrimination acts, the act against monopolization of food products, the act regulating telephone advertising services, the Prevention of Consumer Fraud Act, and laws regulating currency exchanges.  Minn. Stat. § 8.31, subd. 1.

authority delegated to the Minnesota Attorney General is broad.  Not only is there is no explicit consumer protection limitation in the plain text of the statute, but also the list of enumerated statutes is non-exclusive.  *See* Minn. Stat. § 8.31, subd. 1. (listing "specific[], but not exclusive[]" statutes encompassed by the provision); *see also Morris v. AM. Fam. Ins. Co.*, 386 N.W.2d 233, 236 (Minn. 1986) ("[T]he list of laws set out in subdivision 1 [of section 8.31] is not intended to be exclusive.").  Though some of the enumerated statutes listed in section 8.31, subdivision 1 address consumer protection, others regulate business, commerce, and trade more broadly.[2]  Thus, a consumer protection limitation cannot be justified by referring to the "specific[], but not exclusive[]" list of enumerated statutes.  Minn. Stat. § 8.31, subd. 1.  Placing such a limitation on a non-exhaustive list of statutes would be paradoxical, as Minnesota courts have recognized.  *See, e.g.*, *Madison Equities, Inc. v. Off. of Att'y Gen.*, 967 N.W.2d 667, 672–73 (Minn. 2021) (considering wage theft claim brought by the Attorney General pursuant to its authority under section 8.31).

The Court's conclusion is further bolstered by *Findling v. Group Health Plan, Inc.*, where the Minnesota Supreme Court rejected the argument that the scope of the Attorney General's authority under section 8.31, subdivision 1 is limited to statutes centered on fraud.  998 N.W.2d 1, 9 (Minn. 2023).  Instead, the court determined that "the words fraud or fraudulent are not used to qualify or limit the broad general

---

[2] See the Minnesota Nonprofit Corporation Act, Minn. Stat. ch. 317A, the Minnesota Antitrust Law of 1971, Minn. Stat. § 325D.49–.66, and Minnesota's currency exchange law, Minn. Stat. § 53A.01.

description of the laws that the Attorney General may investigate and enforce under section 8.31." *Id.* If the legislature had intended such a limitation on the Attorney General's enforcement authority under the statute, the court reasoned that "it would have been simple to say that." *Id.* Further, "the list of specific statutes is expressly non-exclusive and does not limit the scope of the broad grant of authority to the Attorney General to the type of statutes listed." *Id.* There was therefore no indication from the text of the statute that the legislature intended to narrow the investigatory and enforcement power of the Attorney General. *Id.*

Just as the Minnesota Supreme Court ruled that section 8.31, subdivision 1 is not limited to laws concerning fraud, the Court concludes that the statute is also clearly not limited to laws concerning consumer protection. The legislature could have explicitly included such a limitation if it so desired, and the Court finds no indication in the text of the statute that the legislature intended to narrow the broad investigatory and enforcement authority of the Attorney General in this way.

The Court also rejects Fleet Farm's argument that section 8.31, subdivision 1 is limited to statutes with a civil cause of action. In Fleet Farm's view, the Attorney General is without power to enforce the MNGCA under section 8.31 because the MNGCA is a criminal statute. But the statute's plain language does not limit the Attorney General's investigative or enforcement powers under section 8.31 depending on whether the underlying statute, in this case the MNGCA, contains a civil cause of action. Instead,

section 8.31 itself provides the civil cause of action to enforce statutes referenced in subdivision 1.  Such claims may be criminal.  *See, e.g.*, *State v. Juul Labs, Inc.*, No. 27-19-19888, 2021 WL 2692131, at *4 (Minn. Dist. Ct. June 21, 2021) (finding Attorney General could pursue public nuisance claim under the authority granted by Minn. Stat. § 8.31). The fact that the Minnesota Court of Appeals has held that a private plaintiff does not have a civil remedy pursuant to section 8.31 for criminal coercion is of no matter in this action brought by the Attorney General.  *Milavetz, Gallop & Milavetz, P.A. v. Hill*, No. CX-98-140, 1998 WL 422229, at *2 (Minn. Ct. App. July 28, 1998); *State v. Minn. Sch. of Bus., Inc.*, 935 N.W.2d 124, 133 (Minn. 2019) (citing *Curtis v. Altria Grp., Inc.*, 813 N.W.2d 891, 899 (Minn. 2012)).  Thus, the absence of a civil cause of action in the MNGCA does not bar the Minnesota Attorney General from enforcing the MNGCA pursuant to its broad authority under section 8.31, subdivision 1.

\*   \*   \*

There is nothing within the unambiguous, plain language of section 8.31, subdivision 1 that limits the Attorney General's investigative and enforcement authority to laws relating to consumer protection or with standalone civil causes of action.  The statute unambiguously authorizes the Minnesota Attorney General to bring the State's proposed MNGCA claim and the new requests for relief.[3]

---

[3] To the extent that Fleet Farm argues that the State's proposed requests for relief for its existing public nuisance claim fail because the public nuisance claim itself fails under section 8.31, the Court already dismissed Fleet Farm's motion to dismiss the public nuisance claim in a prior

**CONCLUSION**

The State's proposed amendments to add the MNGCA claim and new requests for relief are not futile because they fall within the scope and authority of the Attorney General pursuant to the unambiguous language of Minnesota States § 8.31, subdivision 1. The Magistrate Judge's Order is consistent with the Court's conclusions. Accordingly, the Court will overrule Fleet Farm's appeal and affirm the Magistrate Judge's Order.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Appeal/Objection of Magistrate Judge Decision [Docket No. 94] is **DENIED**; and

2. The Magistrate Judge's Order [Docket No. 76] is **AFFIRMED**.

DATED:  May 23, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

---

order. (Mem. Op. & Order at 28–31, June 27, 2023, Docket No. 36.)  Because the public nuisance claim is proceeding, the State's proposed amendment to add new requests for relief under that claim is not futile.