UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| State of MN,<br>by its Attorney General, Keith Ellison,<br><br>Plaintiff,<br><br>vs.<br><br>Fleet Farm LLC, et al.,<br><br>Defendant. | Civil Action No. 22-CV-02694-JRT-JFD<br><br><br>**MEMORANDUM OF LAW<br>IN SUPPORT OF THE MODERN<br>SPORTMAN'S MOTION TO QUASH<br>SUBPOENA DUCES TECUM** |

## INTRODUCTION

The Modern Sportsman is a non-party to this lawsuit and is the recipient of a Subpoena Duces Tecum issued by Fleet Farm, LLC in this matter. The Modern Sportsman, by and through its attorneys moves to quash the subpoena.

This matter involves a civil action by the State of Minnesota and its Attorney General, Keith Ellison, against Defendant Fleet Farm LLC for the alleged illegal and negligent sale of firearms to straw purchasers. The Modern Sportsman is not a party to this lawsuit but received a Subpoena Duces Tecum from Defendant. The Modern Sportsman provided its objections and responses to Defendant on June 12, 2024, and now requests that the court quash the subpoena.

By this motion, The Modern Sportsman respectfully requests that this Court quash Defendant's subpoenas pursuant to Rule 26(b)(1), Rule 45(d)(3)(A)(iv), and Rule 45(d)(3)(B)(i) of the Federal Rules of Civil Procedure. The subpoenas require disclosure of privileged and protected information, disclosure of trade secrets, and disclosure of

1

confidential commercial information, including confidential information related to The Modern Sportsman's business that are completely unrelated to any issues in this matter and far exceed the scope of discovery under Rule 26.

## DOCUMENTS

1) Any and all pleadings filed by any party.

2) Affidavit of Andrew M. Hatch:

   Exhibit A: Notice of Intent to Serve Subpoena Duces Tecum and Subpoena to The Modern Sportsman dated May 29, 2024;

   Exhibit B: Correspondence from counsel for The Modern Sportsman to counsel for Defendant objecting to Defendant's subpoenas dated June 12, 2024;

   Exhibit C: Correspondence between counsel for Defendant and counsel for The Modern Sportsman dated June 26, 2024.

## BACKGROUND

This matter arises from a civil action by the State of Missouri related to the alleged illegal and negligent sale of firearms to straw purchasers. The First Amended Complaint filed in this case alleges that Defendant sold at least 37 firearms to two straw purchasers over the course of 16 months, with several of the guns being used in subsequent criminal actions.

On May 29, 2024, counsel for Defendant mailed a letter and Subpoena Duces Tecum to The Modern Sportsman, stating:

> The Subpoena seeks information relating to firearms policies, procedures, trainings, and other data, as well as information relating to the October 10, 2021 shooting incident at the Seventh Street Truck Park in St. Paul, Minnesota, and the named individuals in the Complaint in the above-referenced matter.

Hatch Aff. Ex. A.

On June 12, 2024, counsel for The Modern Sportsman responded to Defendant objecting to the production of any documents as unduly burdensome, confidential and/or privileged, and is requesting information which is equally available to the requesting party, and specifically identifying the documents being withheld. *See* Hatch Aff. Ex. B. Counsel for Defendant and counsel for The Modern Sportsman met and conferred on June 25, 2024. *See* Hatch Aff. ¶4 and Ex. C attached thereto.

For the reasons discussed herein, this Court must quash the subpoena.

## ARGUMENT

**I.     The Subpoena requests information that is not relevant.**

The Modern Sportsman is not a party to this litigation and has no involvement in the claims alleged. Defendant has asked for the private and confidential policies and procedures The Modern Sportsman implements in the course of its business. Furthermore, Defendant is a direct competitor of The Modern Sportsman and their Subpoena makes it clear the primary purpose is to annoy and oppress The Modern Sportsman and get access to a competitor's private and confidential information.

Rule 26 of the Rules of the Federal Procedure states, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in

3

the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Moreover, the purpose of discovery is to assist in the preparation for trial or settlement. *See Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999). The Court should restrict discovery to protect one from annoyance, embarrassment, oppression, or undue burden. *Id.* at 926.

There is no valid reason to subpoena anything from The Modern Sportsman. The Modern Sportsman has no involvement with the claims alleged by Plaintiff in this matter and the private and confidential policies and procedures which The Modern Sportsman implements have no bearing on any claim or defense being made. The information requested is not relevant and is highly confidential.

Counsel for Defendant has pointed out that the Confidentiality provisions of the Protective Order in this case will protect against the disclosure of privileged or protected information, but the Protective Order itself does not contain an attorneys-eyes only designation. *See* Hatch Aff. Ex. A, part C. During the meet and confer between counsel for Defendant and counsel for The Modern Sportsman, counsel for Defendant disagreed that the documents were privileged or protected, and counsel indicated they believe the Protective Order offers sufficient protection. *See* Hatch Aff. Ex. C. The Protective Order itself states that even documents marked confidential may be received by "an outside vendor", "employees of the party", and "any person (including an expert or consultant) who is retained to assist a party or attorney." *See* Hatch Aff. Ex. A, page 54-55.

The Modern Sportsman's policies and procedures are confidential, and they should not be required to disclose these documents to a direct competitor. The information requested does not relate to any claim made by the State of Minnesota or any defense made by Defendants and is therefore irrelevant. Defendant's Subpoena should be quashed.

**II.     The Subpoena subjects The Modern Sportsman to an undue burden.**

Rule 26 of the Rules of the Federal Procedure contains a proportionality requirement which considers the parties' relative access to relevant information. Fed. R. Civ. P. 26(b)(1). Rule 45 of the same requires a court to quash any subpoena which subjects a person to undue burden. Courts will quash discovery of relevant information "where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." *Datcard Sys., Inc. v. PacsGear, Inc.*, 2011 WL 2491366, at *2 (D. Minn. June 23, 2011) (*quoting Miscellaneous Docket Matter # 1 v. Miscellaneous Docket Matter # 2,* 197 F.3d 922, 925 (8th Cir.1999). The court affords particular consideration to burdens placed on non-parties. *Datcard* at *2.

As argued herein, the private policies and procedures of The Modern Sportsman – a non-party to this matter – have no bearing on the claims made or defenses given. However, the harm to The Modern Sportsman in disclosing private policies and procedures to a direct competitor is substantial. The harm to The Modern Sportsman clearly outweighs the needs of Defendant in this matter.

Additionally, as to the sales data and documentation requested by the Subpoena, The Modern Sportsman noted in its written response and objections that these documents were

5

filed with the Bureau of Alcohol, Tobacco, and Firearms, and Plaintiff in this matter, the State of Minnesota, can easily access and provide the documents requested. *See* Hatch Aff. Ex. B.

The Modern Sportsman is a non-party to this lawsuit and its policies and procedures are confidential. The harm in disclosing that information to a direct competitor far outweighs the benefit to Defendant as the information does not relate to any claim made or any defense given. Additionally, the requested sales data can be provided by Plaintiff in this matter. Defendant's Subpoena subjects The Modern Sportsman to an undue burden and should be quashed.

### III. The Subpoena requests information that requires disclosure of trade secrets and confidential commercial information.

Rule 45 of the Rules of the Federal Procedure permits a court to quash any subpoena which requires the disclosure of a trade secret or commercial confidential information. 18 U.S.C. § 1839 defines a "trade secret" as:

> all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if-
>
> a.     the owner thereof has taken reasonable measures to keep such information secret; and
> b.     the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, the public.

18 U.S.C. § 1839

Minnesota has adopted a similar definition of trade secret which includes information that "derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use." MN ST § 325C.01. Similarly, "[c]onfidential commercial information is information which, if disclosed, would cause substantial economic harm to the competitive position of the entity from whom the information was obtained." *Gen. Parts Distribution, LLC v. Perry*, No. 12-MC-93 SRN/SER, 2013 WL 3223374, at *3 (D. Minn. June 25, 2013). Importantly, confidential commercial information does not need to constitute an actual trade secret. *Id.* (*adopting Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D.Cal.2005) (finding that certain "requests clearly seek [commercial information] since they seek documents related to [a nonparty's] business relationship with other nonparties")).

The private policies and procedures of The Modern Sportsman – a non-party to this matter – are confidential information that is not known or generally known to others and which they have taken steps to keep secret. Defendant, a direct competitor of The Modern Sportsman, could obtain substantial economic value by knowing how their competition conducts its business. Defendant seeks documents which are related to a non-party's business relationship with its employees and customers, all of whom are also non-parties.

The information requested qualifies as trade secrets or, at the very least, commercial information, and the court may permit a subpoena to be quashed under those circumstances. Defendant's Subpoena should be quashed.

7

## CONCLUSION

Defendant's Subpoena Duces Tecum to The Modern Sportsman – a non-party – requires disclosure of confidential information that is not relevant to the claims or defenses being made, disclosure of trade secrets, and disclosure of confidential commercial information, including confidential information related to The Modern Sportsman's business. The Subpoena also causes an undue burden. The Court may quash a subpoena which requires disclosure of trade secrets or commercial information but is required to quash a subpoena if it is not relevant or if it causes an undue burden. Defendant's Subpoena should be quashed.

|  |  |
|---|---|
|  | **SMITH JADIN JOHNSON, PLLC** |
| Dated: June 28, 2024 | /s/ Alexander Jadin |
|  | Alexander M. Jadin (#0387219) |
|  | Andrew M. Hatch (#0403078) |
|  | 7900 Xerxes Avenue, Suite 2020 |
|  | Bloomington, MN 55431 |
|  | Telephone: (952) 388-0289 |
|  | Facsimile: (612) 235-7927 |
|  | ajadin@sjjlawfirm.com |
|  | ahatch@sjjlawfirm.com |
|  | *Attorneys for The Modern Sportsman* |