**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

State of Minnesota by its Attorney
General, Keith Ellison,                         Case No.: 0:22-cv-02694-JRT-JFD

            Plaintiff,

      v.

Fleet Farm LLC, Fleet Farm Group
LLC, and Fleet Farm Wholesale
Supply Co. LLC,

            Defendants.

**DEFENDANTS' OPPOSITION TO NONPARTY THE MODERN**
**SPORTSMAN'S MOTION TO QUASH DEFENDANTS'**
**SUBPOENA *DUCES TECUM***

**INTRODUCTION**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants Fleet Farm

LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC (collectively,

"Fleet Farm") issued identical subpoenas *duces tecum* to eight Minnesota federal firearm

licensees ("FFL"), including nonparty The Modern Sportsman. The Modern Sportsman

objects to the Subpoena on grounds of relevance and undue burden, but its overarching

argument is that internal policies and procedures concerning firearm sales constitute trade

secrets, and that the existing Protective Order does not contain sufficient protections for

the production of such information to a competitor. While Fleet Farm disputes that The

Modern Sportsman has established its firearm policies and procedures—and more

specifically, those that address straw purchasing—constitute trade secrets, the resolution

of this dispute is straightforward: the Court can either order the production of such

1

190964577

information marked as Confidential under the existing Protective Order, or the Court can amend the Protective Order to include an Attorney's Eyes Only provision (should it agree with The Modern Sportsman's trade secret argument).

## BACKGROUND

The subpoena contains five narrowly tailored requests for documents:

**REQUEST NO. 1.** All documents reflecting Your policies and procedures relating to firearm transactions, including, but not limited to, those relating to monitoring for and preventing straw purchasing.

**REQUEST NO. 2.** All documents related to Jerome Horton or Sarah Jean Elwood, the individuals identified in Paragraphs 37 through 61 of the Complaint.

**REQUEST NO. 3.** All documents related to Gabriel Lee Young-Duncan, Jeffrey Jackson, Geryiell Walker, or Wayne Danielson.

**REQUEST NO. 4.** All documents reflecting or relating to communications to or from ATF, the BCA, or any other Minnesota state or local law enforcement agency regarding Jerome Horton, Sarah Jean Elwood, or the October 10, 2021 shooting incident at the Seventh Street Truck Park in St. Paul, Minnesota.

**REQUEST NO. 5.** All documents reflecting communications to or from the Office of the Minnesota Attorney General relating to Your sales of firearms to Jerome Horton or Sarah Jean Elwood, or to Your policies and procedures concerning firearm transactions, including, but not limited to, those relating to monitoring for and preventing straw purchasing.

Declaration of Zachary J. Wright ("Wright Decl."), Exhibit A, at 7. The subpoena was personally served on The Modern Sportsman on May 29, 2024, and required a response by June 28, 2024. *Id.*, Exhibit A at 1, Exhibit B.

The Modern Sportsman responded and objected to the subpoena on June 12, 2024. *Id.*, Exhibit C at 1. With respect to Requests 3 and 5, The Modern Sportsman stated it had

2

190964577

no responsive documents. *Id.* at 3-4.  With respect to Requests 1, 2, and 4, The Modern Sportsman responded as follows:

- Request No. 1.  The Modern Sportsman stated it was "withholding employee and new hire training documents related to firearm transactions and preventive measures for straw purchasers" and objected on the grounds Request No. 1 was "unduly burdensome" and requested "confidential and/or privileged information";

- Request No. 2.  The Modern Sportsman stated it was "withholding Sales Reports related to purchases made by Sarah Jean Elwood in the month of May 2021" and objected on the grounds Request No. 2 was "unduly burdensome," requested "confidential and/or privileged information," and sought information that "is same or similar to information which is equally available to the requesting party";

- Request No. 4. The Modern Sportsman stated it was "withholding communications between ATF and TMS related to purchases made by Sarah Jean Elwood in the month of May 2021" and objected on the grounds Request No. 4 was "unduly burdensome" and requested "confidential and/or privileged information."

*Id.* at 2–3.

Counsel were unable to resolve the objections during meet-and-confer discussions. On June 28, 2024, The Modern Sportsman moved to quash the subpoena.  ECF Docs. 101, 102, 103, 106, 107.  The Modern Sportsman's motion continues to assert that the subpoena seeks irrelevant information, subjects it to an undue burden, and seeks disclosure of trade secret or confidential commercial information without sufficient protections.  ECF Doc. 102 at 3–6.

## **ARGUMENT**

Rule 45 requires, in relevant part, the Court "quash or modify a subpoena that . . . subjects a person to undue burden" and provides the Court "may" do so where a subpoena

3

190964577

"requires . . . disclosing . . . confidential . . . commercial information."  Fed. R. Civ. P. 45(d)(3)(A)(iv), (B)(i).  The Court is not required to nor should it quash the subpoena here. Rather, as set forth below, the Court should either order the production of any confidential information pursuant to the terms of the existing Protective Order, ECF Doc. 49, or amend the Protective Order to provide an Attorneys' Eyes Only provision and order the production of any trade secret documents pursuant to the amended Protective Order.

**I.      The Modern Sportsman has not shown its policies and procedures for monitoring for and preventing straw purchases are trade secrets.**

Rule 45(e)(2)(A) requires that "[a] person withholding subpoenaed information under a claim that it is privileged . . . must" both "expressly make the claim" and "describe the nature of the withheld documents . . . in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."  When a subpoena respondent asserts that discovery will cause competitive injury because of the revelation of trade secrets or confidential information, "it cannot generally rely upon conclusory statements, but must present evidence of specific damage likely to result from disclosure." *Nanninga v. Best Buy Co.*, 2005 WL 8163317, at *6 (D. Minn. Aug. 10, 2005) (citing *Culligan v. Yamaha Motor Corp., USA*, 110 F.R.D. 122, 125 (S.D.N.Y. 1986)).

The Modern Sportsman has not met its burden. Indeed, the entirety of its argument is as follows:

> The private policies and procedures of The Modern Sportsman – a non-party to this matter – are confidential information that is not known or generally known to others and which they have taken steps to keep secret. Defendant, a direct competitor of The Modern Sportsman, could obtain substantial economic value by knowing how their competition conducts its business.

> Defendant seeks documents which are related to a non-party's business relationship with its employees and customers, all of whom are also non-parties.

ECF Doc. 102 at 7. These are conclusory statements. *See Hot Stuff Foods, LLC v. Dornbach*, 726 F. Supp. 2d 1038, 1044 (D. Minn. 2010) ("Merely stating that the information is confidential is insufficient. Rather, [a party] must set forth facts showing that the information had independent economic value due to its secrecy."). The Modern Sportsman does not explain why the policies are trade secrets, how it has taken steps to keep those policies secret, nor how Fleet Farm could obtain substantial economic value by obtaining the policies. Moreover, The Modern Sportsman mischaracterizes the subpoena request as broadly seeking information regarding how it "conducts its business" and its "business relationship" with employees and customers. The subpoena does nothing of the sort—rather, it seeks policies and procedures related to straw purchasing, which presumably say very little, if anything, about its "business."[1]

Fleet Farm appreciates the sensitivities with sharing any internal policies and procedures, and, as a result, insisted on the confidentiality provisions of the Protective Order.[2] However, The Modern Sportsman simply has not met its burden to establish that

---

[1] Again, The Modern Sportsman has failed to "describe the nature of the withheld" policies and procedures "in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim" that these policies relate to its "business." Fed. R. Civ. P. 45(e)(2)(A).

[2] Those provisions include a limitation that information marked confidential can be shared with a party "only provided that such information . . . is divulged only to employees of the party whose assistance is necessary to conduct this litigation and provided that such employees first execute the" Declaration of Confidentiality. Protective Order, ECF 49, at ¶ 3(b)(vii).

5

this information constitutes trade secret information.[3]  Accordingly, if the Court agrees that The Modern Sportsman has not met its burden, it should order The Modern Sportsman to produce such information, designated as Confidential under the existing Protective Order. If the Court determines The Modern Sportsman has established that its policies and procedures related to straw purchasing constitute trade secrets, Fleet Farm respectfully submits the Court should amend the Protective Order to include an Attorneys' Eyes Only provision, and order The Modern Sportsman to produce such information in accordance with the amended Protective Order.  *See Datcard Sys., Inc. v. PacsGear, Inc.*, 2011 WL 2491366, at *2 (D. Minn. June 23, 2011) (concluding the "attorneys'-eyes-only" provision in "the protective order in the main action" "affords substantial protection to the" allegedly "trade secret" information; finding, "therefore, . . . the evidentiary value of the information outweighs potential damage"; and ordering production in compliance with the subpoena).

## II.     The Modern Sportsman fails to show the subpoena seeks irrelevant documents.

In addition to the trade secret argument, The Modern Sportsman objects to the subpoena on grounds of relevancy and undue burden. These arguments are largely premised on the trade secret argument, and thus rise or fall with the Court's resolution of

---

[3]  Notably, courts (including this Court) have held in other contexts that such internal policies and procedures are not "trade secrets." *See Menzies Aviation (USA), Inc. v. Wilcox*, 978 F. Supp. 2d 983, 995 (D. Minn. 2013) (observing "mere variations on widely used processes" in the airline industry "cannot be trade secrets") (citation omitted); *Clayton v. Tri City Acceptance, Inc.*, 2019 WL 5458002, at *5–6 (W.D. Ky. Oct. 24, 2019) (denying request for protective order because there was not "anything unique or distinctive about the procedures at issue" regarding legal compliance) (cleaned up); *Motto v. Corr. Med. Services*, 2009 WL 347432, at *2 (S.D.W. Va. Feb. 9, 2009) (allowing production of policies and procedures where "the documents at issue are industry-standard policies and procedures which have been tailored for conditions at [defendants' facility]").

6

that issue.  *See* ECF Doc. 102, at 3–4 (in its relevancy argument, stating the "information requested is not relevant and is highly confidential"), 5–6 (in its undue burden argument, stating "its policies and procedures are confidential" and the "harm in disclosing that information to a direct competitor far outweighs the benefit").  To the extent they raise independent issues, however, each should be rejected.

The scope of discovery permitted by a subpoena is the same as permitted by Rule 26. *Chesemore v. All. Holdings, Inc.*, 270 F.R.D. 633, 534 (D. Minn. 2010) (citing 1991 Advisory Committee Notes to Rule 45(a)).  A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1); *see also Keefe v. City of Minneapolis*, 2012 WL 7766299, at *3 (D. Minn. May 25, 2012) ("Pursuant to a subpoena, a non-party can be compelled to produce evidence regarding any matter relevant to the claim or defense of any party, unless a privilege applies.").  Rule 26(b)(1) "is liberal in scope and interpretation."  *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992).  "A discovery request is relevant unless the information sought can have no possible bearing on the claims or defenses of the case." *Lynch v. Experian Info. Sols., Inc.,* 569 F. Supp. 3d 959, 963 (D. Minn. 2021), *aff'd*, 581 F. Supp. 3d 1122 (D. Minn. 2022).  Once the requesting party makes a threshold showing of relevancy, the burden shifts to the non-party to show why the requested information is irrelevant.  *Prime Therapeutics LLC v. CVS Pharmacy, Inc.*, 2022 WL 17414478, at *2 (D. Minn. Dec. 5, 2022) (citations omitted).

The subpoena clearly seeks documents that bear on the claims and defenses in this case.  For its negligence claim, Plaintiff must establish Fleet Farm's duty of care and that

7

190964577

it breached that duty. *See Fenrich v. The Blake Sch.*, 920 N.W.2d 195, 201 (Minn. 2018) (stating negligence claim requires "(1) the existence of a duty of care, (2) a breach of that duty, (3) an injury, and (4) the breach of that duty being the proximate cause of the injury"). Industry standards and practices among FFLs for detecting and preventing straw purchasing are relevant to the duty of care. *See, e.g., Schmidt v. Beninga*, 173 N.W.2d 401, 408 (Minn. 1970) (observing evidence of industry custom is relevant to the duty of care). Thus, the policies and procedures of Minnesota-based FFLs such as The Modern Sportsman related to straw purchasing are relevant to Plaintiff's negligence claim.

Plaintiff must also prove causation and damages as elements of its negligence and public nuisance claims. *See Fenrich*, 920 N.W.2d at 201. While Plaintiff has to date refused to quantify damages in this case, it has identified among its claimed harms the alleged "unlawful proliferation of firearms" in the State of Minnesota and unlawfully sold firearms that remain unaccounted for. Wright Decl., Exhibit D, at 16–17 (Response to Interrogatory No. 11). Plaintiff also asserts that *any* firearm sale to a straw purchaser "constitutes a breach" of the duty of care, regardless of the circumstances surrounding that sale. *Id.* at 17–18 (Response to Interrogatory No. 12). The Modern Sportsman, along with all of the other FFLs subpoenaed by Fleet Farm, sold handguns to Sarah Elwood and/or Jerome Horton, the two straw purchasers identified in Plaintiff's Amended Complaint against Fleet Farm. ECF Doc. 79, at ¶¶ 37–61. Specifically, The Modern Sportsman sold 11 handguns to Sarah Elwood between May 16 and May 26, 2021.[4] Wright Decl., Exhibit

---

[4] By contrast, Plaintiff alleges Fleet Farm sold 13 handguns to Elwood during a 13-month period between May 2020 and May 2021.

190964577

E, at ¶ 10 (Elwood Indictment).  Elwood pled guilty to straw purchasing each of those handguns.  *Id.*, Exhibit F, at ¶ 2 (Elwood Plea Agreement).  Fleet Farm vigorously disputes that its lawful firearm sales were negligent, or that such sales are a substantial cause of the harms claimed by Plaintiff.  But under the State's theory, the role that other Minnesota FFLs like The Modern Sportsman have played in contributing to the alleged harm of unlawful proliferation of firearms, through sales of handguns to individuals later determined to be straw purchasers, is relevant to the element of causation and damages.  It is also relevant to Fleet Farm's affirmative defenses in the case, including its third affirmative defense (proximate causation), fourth affirmative defense (comparative or contributory fault), and thirteenth affirmative defense (failure to join necessary parties).  ECF Doc. 99 at 26–27.

The Modern Sportsman fails to meet its burden here because it has not provided *any* non-conclusory argument as to why the subpoenaed documents are irrelevant.  Instead, it asserts:

- "The Modern Sportsman is not a party to this litigation and has no involvement in the claims alleged."  ECF Doc. 102 at 3.

- "The Modern Sportsman has no involvement with the claims alleged by Plaintiff in this matter and the private and confidential policies and procedures which The Modern Sportsman implements have no bearing on any claim or defense being made."  *Id.* at 4.

- "The information requested does not relate to any claim made by the State of Minnesota or any defense made by Defendants and is therefore irrelevant."  *Id.* at 5.

The Modern Sportsman fails to explain why the subpoenaed documents do not bear on the claims and defenses in this case.  Its relevancy argument should therefore be rejected.

9

190964577

**III.    The Modern Sportsman fails to show the subpoena subjects it to an undue burden.**

"When moving to quash, a subpoena respondent has the burden to show that the subpoena is unduly burdensome, and the respondent cannot satisfy this burden with conclusory statements."  *See, e.g.*, *Reed v. Envirotech Remediation Servs., Inc.*, 2010 WL 11470123, at *2 (D. Minn. July 20, 2010) (citing *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999)).  "The person moving to quash or modify the subpoena has the burden of showing the subpoena subjects them to an undue burden" because the "party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination."  *Prime Therapeutics LLC*, 2022 WL 17414478, at *2 (cleaned up). "Boilerplate objections will not support a finding of undue burden."  *Id.*  (citation omitted).

In regards to its policies and procedures for monitoring for and preventing straw purchases, The Modern Sportsman asserts:

- "[T]he harm to The Modern Sportsman in disclosing private policies and procedures to a direct competitor is substantial. The harm to The Modern Sportsman clearly outweighs the needs of Defendant in this matter."  ECF 102 at 5.

- "The Modern Sportsman is a non-party to this lawsuit and its policies and procedures are confidential. The harm in disclosing that information to a direct competitor far outweighs the benefit to Defendant as the information does not relate to any claim made or any defense given."  *Id.* at 6.

These burden arguments are conclusory and, as discussed above, are largely premised on The Modern Sportsman's trade secret argument. Even if there were an undue burden to The Modern Sportsman related to competitive harm, that harm can be avoided by

10

190964577

designating such documents as confidential under the Protective Order or, if ordered by the Court, as Attorneys' Eyes Only under an amended Protective Order.

In regards to documents relating to Sarah Elwood—namely, Form 4473s and Form 3310.4s—The Modern Sportsman's undue burden argument asserts that Fleet Farm can obtain such information from Plaintiff or the ATF.  ECF Doc. 102, at 5–6.  The mere fact that information can be obtained from another party does not render a request unduly burdensome.  *Scalia v. Reliance Tr. Co.*, 2020 WL 2111368, at *14 (D. Minn. May 4, 2020) (determining whether to limit a subpoena by inquiring if it sought information that, in part, "can be obtained from some other source *that is more convenient, less burdensome, or less expensive*" (quoting Fed. R. Civ. P. 26(b)(2)(C)) (emphasis added)).

Regardless, Fleet Farm *has* sought this information from both Plaintiff and ATF to no avail.  Fleet Farm requested Plaintiff produce "documents relating to actual or suspected straw purchases of firearms from," among others, "The Modern Sportsman," and Plaintiff has refused to produce documents on grounds of relevance and privilege (based on Plaintiff's privilege log, it has no responsive ATF forms in its possession).  Wright Decl., Exhibit G, at 12–13 (Response to Document Request No. 12).  Fleet Farm also subpoenaed ATF for "documents related to . . . Sarah Jean Elwood," one of "the straw purchasers identified in Paragraphs 37 through 61 of the Complaint," and ATF has not produced responsive Forms 4473 or 3310.4, nor is it clear such Forms are in its possession.[5]  Wright

---

[5]  ATF has elsewhere taken the position that it is forbidden from producing firearm transaction forms such as Forms 4473 and 3310.4.  *See Brady Ctr. to Prevent Gun Violence v. U.S. Dep't of Just.*, 410 F. Supp. 3d 225, 241–43 (D.D.C. 2019) (concluding ATF "has permissibly redacted information that was derived directly from the Forms 4473 or like

190964577

Decl., Exhibit H, at 6. In any event, The Modern Sportsman's burden associated with locating and producing Form 4473s and Form 3310.4s associated with Elwood's 11 firearm purchases from The Modern Sportsman is minimal. To the extent The Modern Sportsman has confidentiality concerns associate with those documents, those documents can be marked as Confidential under the Protected Order. The Modern Sportsman's undue burden argument should therefore be rejected.

## CONCLUSION

For the foregoing reasons, Fleet Farm respectfully requests the Court deny The Modern Sportsman's Motion to Quash Defendants' Subpoena *Duces Tecum* and compel The Modern Sportsman to produce the responsive documents in accordance with the subpoena.

---

forms, that it reviewed in the course of the relevant [firearms] inspections" because those forms were "subject to the Tiahrt Rider," which "prohibits the expenditure of appropriated funds" to disclose certain firearms regulatory information); *see also* Consolidated and Further Continuing Appropriations Act of 2012, Pub. L. No. 112-55, 125 Stat. 552, 609 (2011).

12

Dated:  July 12, 2024                    Respectfully submitted,

                                         */s/ Todd A. Noteboom*
                                         Todd A. Noteboom (#0240047)
                                         Andrew W. Davis (#0386634)
                                         Sharon R. Markowitz (#0392043)
                                         Andrew P. Leiendecker (#0399107)
                                         Zachary J. Wright (#0402945)
                                         STINSON LLP
                                         50 South Sixth Street, Suite 2600
                                         Minneapolis, MN 55402
                                         (612) 335-1500
                                         todd.noteboom@stinson.com
                                         andrew.davis@stinson.com
                                         sharon.markowitz@stinson.com
                                         andrew.leiendecker@stinson.com
                                         zachary.wright@stinson.com

                                         **ATTORNEYS FOR DEFENDANTS**

13

190964577