# EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Minnesota

| | |
|---|---|
| State of MN, by its Attorney General, Keith Ellison | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  22-CV-02694-JRT-JFD |
| Fleet Farm LLC, et al. | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Bill's Gun Shop & Range

To:

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

   See attached Exhibit A

| Place: Stinson LLP, 50 South Sixth Street, Suite 2600 Minneapolis, MN 55402 | Date and Time: 06/28/2024 5:30 pm |
|---|---|

   ☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   5.24.24

| CLERK OF COURT | | OR | |
|---|---|---|---|
| _____ | | | _____ |
| *Signature of Clerk or Deputy Clerk* | | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC  , who issues or requests this subpoena, are: Andrew W. Davis, Stinson LLP, 50 South Sixth Street, Suite 2600, Minneapolis, MN 55402; andrew.davis@stinson.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 22-CV-02694-JRT-JFD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

# EXHIBIT A

Pursuant to the foregoing subpoena *duces tecum*, Defendants Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC (together, "Fleet Farm") hereby request and demand that Bill's Gun Shop & Range produce for inspection and copying the requested documents, electronically stored information, and tangible things ("Requests") in accordance with the instructions and definitions set forth herein and in the subpoena.

## DEFINITIONS

1.      "ATF" means the United States Bureau of Alcohol, Tobacco, Firearms and Explosives.

2.      "BCA" means the Minnesota Bureau of Criminal Apprehension.

3.      "Complaint" means the First Amended Complaint captioned *State of Minnesota by its Attorney General, Keith Ellison v. Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC*, a copy of which is attached at Exhibit B.

4.      "Document" means all written, graphic, or recorded matter of any kind or description, however created or rendered, including, but not limited to, written communications, letters, correspondence, facsimiles, email, text messages, instant messages, social media posts, memoranda, minutes, notes, films, audio or video recordings of any type, transcripts, contracts, agreements, purchase or sales orders, memoranda of telephone conversations of personal conversations, diaries, desk calendars, interoffice communications, reports, studies, bills, receipts, checks, checkbooks, statements, and invoices.

5.      "Policies" and "procedures" means all formal or informal rules, guidelines, guidance, advice, FAQs, scripts, handbooks, presentations, or training materials.

6.      "Relate," "related to," or "regarding" means referring, discussing, concerning, or pertaining in any way, directly or indirectly.

7.       "Your" or "you" means Bill's Gun Shop & Range.

189780783

# INSTRUCTIONS

1.      All Documents subject to this subpoena *duces tecum* should be immediately preserved.

2.      Preface each answer and response with the Request to which it is addressed. If you are unable to fully answer or respond, submit as much information as is available, explain why your answer or response is incomplete, and state the source or sources from which a complete answer or response may be obtained.

3.      You are instructed to produce all non-privileged Documents responsive to the Requests that are within your possession, custody, or control, or in the possession, custody, or control of any other person acting or purporting to act on your behalf.

4.      As a third party receiving a subpoena in this Action, you are entitled to the protections of the Protective Order, *see* ECF Doc. 49, attached hereto as Exhibit C.

5.      Unless otherwise agreed to, all documents, communications, electronically stored information, and tangible things shall be produced in compliance with the Order Governing the Production of Electronically Stored Information, *see* ECF Doc. 53, attached hereto as Exhibit D.

6.      If you assert any objection to any Request, you must state the reason for your objection. If you object to any Request in whole or in part on the basis of any claimed privilege or protection, identify the statement, communication, or subject matter for which you claim privilege or protection and set forth the factual basis on which you base your privilege or protection claim.

7.      If any document or data compilation relating to the subject matter of these requests is or has been discarded, destroyed, or redacted in whole or in part, please state: (a) the date of the discard, destruction, or redaction; (b) the reason for the discard, destruction, or redaction; and (c) the person(s) who discarded, destroyed, or redacted the document or data compilation.

8.      If there are no Documents or Communications responsive to a particular Request, please state so in writing.

9.      You are under a continuing duty to supplement your responses if you learn that a response you made is in some material respect incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

10.     The relevant time period covered by these Requests is from January 1, 2020, through October 1, 2023, unless otherwise specifically indicated.  If it is necessary to refer to a prior time to fully answer a Request, you should do so.

- 2 -

189780783

11.     Fleet Farm serves these Requests without prejudice to it right to serve additional subpoenas.

## DOCUMENTS AND TANGIBLE ITEMS REQUESTED

**REQUEST NO. 1.** All documents reflecting Your policies and procedures relating to firearm transactions, including, but not limited to, those relating to monitoring for and preventing straw purchasing.

**REQUEST NO. 2.** All documents related to Jerome Horton or Sarah Jean Elwood, the individuals identified in Paragraphs 37 through 61 of the Complaint.

**REQUEST NO. 3.** All documents related to Gabriel Lee Young-Duncan, Jeffrey Jackson, Geryiell Walker, or Wayne Danielson.

**REQUEST NO. 4.** All documents reflecting or relating to communications to or from ATF, the BCA, or any other Minnesota state or local law enforcement agency regarding Jerome Horton, Sarah Jean Elwood, or the October 10, 2021 shooting incident at the Seventh Street Truck Park in St. Paul, Minnesota.

**REQUEST NO. 5.** All documents reflecting communications to or from the Office of the Minnesota Attorney General relating to Your sales of firearms to Jerome Horton or Sarah Jean Elwood, or to Your policies and procedures concerning firearm transactions, including, but not limited to, those relating to monitoring for and preventing straw purchasing.

189780783

# EXHIBIT B

United States District Court | DISTRICT OF MINNESOTA

| | |
|---|---|
| State of MN, by its Attorney General, Keith Ellison | Court File Number |
| Plaintiff, | 22-CV-02694-JRT-JFD |
| v. | Hearing Date |
| Fleet Farm LLC, et al. | 06/28/2024 5:30 PM |
| Defendant, | **Affidavit of Service** |

State of Minnesota    )

County of Hennepin    )

I, Steven Rice, state that on Friday, May 31, 2024 at 2:15 PM I served the Federal Subpoena & Attachments upon Bill's Gun Shop & Range, therein named, personally at 4080 West Broadway Avenue, Robbinsdale, MN 55422, by handing to and leaving with Deondre Carter, Assistant General Manager, a Managing Agent of said Bill's Gun Shop & Range, a true and correct copy thereof.

I declare under penalty of perjury that this information is true.

Dated: 5/31/2024

Steven Rice, Process Server





616 South 3rd Street
Minneapolis, MN 55415-1104
(800) 488-8994
www.metrolegal.com

# EXHIBIT C



William R. Skolnick
Andrew H. Bardwell
Samuel M. Johnson
Andrea J. Skolnick

**Attorneys at Law**

June 13, 2024

**VIA EMAIL & US MAIL**

Andrew Davis, Esq.
**Stinson, LLP**
50 South Sixth Street, suite 2600
Minneapolis, MN 55402
andrew.davis@stinson.com

Re:     State of Minnesota v. Fleet Farm, LLC, et al.
        **Court File No. 0:2-cv-02694-JRT-JFD**

Dear Mr. Davis:

My office has been retained to assist Lefty's Shooting & Outdoor Sporting Goods Incorporated d/b/a Bill's Gun shop and Range ("Bill's") with its response to the subpoena you served in the above referenced case. Accordingly, Bill's responses and objections are detailed below.

**REQUEST NO. 1.** All documents reflecting Your policies and procedures relating to firearm transactions, including, but not limited to, those relating to monitoring for and preventing straw purchasing.

**RESPONSE:** Bill's objects to this request because it seeks discovery of confidential, proprietary, trade-secret information. Fleet Farm is a direct competitor of Bill's and it has no substantial need to access Bill's proprietary information. Moreover, disclosure of the information sought will have an adverse effect on the efficacy of those procedures. Certainly, disclosure to the public would result in the public being able to circumvent the procedures and place to prevent straw purchases.

**REQUEST NO. 2.** All documents related to Jerome Horton or Sarah Jean Elwood, the individuals identified in Paragraphs 3 7 through 61 of the Complaint.

**RESPONSE:** Bill's objects to this request to the extent it seeks documents that are not in Bill's possession, custody, or control. In September 2022, Bill's, in connection with the implementation of a new point of sale system, surrendered its transaction records to the ATF. Subject to and without waiving

Andrew Davis, Esq.
June 13, 2024
Page 2

this objection, <u>see</u> document enclosed herewith Bates labeled "BILLS 0001" that has been marked

"Confidential."

**REQUEST NO. 3.** All documents related to Gabriel Lee Young-Duncan, Jeffrey
Jackson, Geryiell Walker, or Wayne Danielson.

**RESPONSE:** Bill's objects to this request to the extent it seeks documents that are not in Bill's

possession, custody, or control. Subject to and without waiving this objection, Bill's does not possess any

responsive documents. In September 2022, Bill's, in connection with the implementation of a new point

of sale system, surrendered its transaction records to the ATF. Geryiell Walker's name does show up in

the new point of sale system, but there are no transactions or other information associated with that entry.

**REQUEST NO. 4.** All documents reflecting or relating to communications to or from
ATF, the BCA, or any other Minnesota state or local law enforcement agency regarding
Jerome Horton, Sarah Jean Elwood, or the October 10, 2021 shooting incident at the
Seventh Street Truck Park in St. Paul, Minnesota.

**RESPONSE:** Bill's does not possess any responsive documents.

**REQUEST NO. 5.** All documents reflecting communications to or from the Office of the
Minnesota Attorney General relating to Your sales of firearms to Jerome Horton or Sarah
Jean Elwood, or to Your policies and procedures concerning firearm transactions,
including, but not limited to, those relating to monitoring for and preventing straw
purchasing.

**RESPONSE:** Bill's does not possess any responsive documents.

   If you wish to discuss this response further, please contact me directly.

         Best regards,

         **SKOLNICK & BARDWELL, P.A.**

         */s/Andrew H. Bardwell*

         Andrew H. Bardwell

Andrew Davis, Esq.
June 13, 2024
Page 3


AHB:mac
Enclosure
c: Client (via email)

# EXHIBIT D

United States District Court | DISTRICT OF MINNESOTA

| | |
|---|---|
| State of MN, by its Attorney General, Keith Ellison | Court File Number |
| Plaintiff, | 22-CV-02694-JRT-JFD |
| v. | Hearing Date |
| Fleet Farm LLC, et al. | 06/28/2024 5:30 PM |
| Defendant, | Affidavit of Service |

State of Minnesota }

County of Hennepin }

I, Neil Hanson, state that on Wednesday, May 29, 2024 at 3:38 PM I served the Federal Subpoena & Attachments upon Capra's Sporting Goods, therein named, personally at 8565 Central Avenue NE, Blaine, MN 55434, by handing to and leaving with Margaret Thibault, Store Manager, a Managing Agent of said Capra's Sporting Goods, a true and correct copy thereof.

I declare under penalty of perjury that this information is true.

Dated: 5/30/2024 _____

Neil Hanson, Process Server





METRO LEGAL
legal support specialists since 1969

616 South 3rd Street
Minneapolis, MN 55415-1104
(800) 488-8994
www.metrolegal.com

RE: 22-CV-02694-JRT-JFD                      -1-

# EXHIBIT E

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9266 9904 2226 0849 30

**United States**
**Postal Service®**

● Sender: Please print your name, address and ZIP+4® below ●

Andrew Davis
Stinson LLP
50 South Sixth Street
Suite 2600
Minneapolis, MN 55402

9590 9266 9904 2226 0849 30

1. Article Addressed to:

Capra's Sporting Goods
8565 Central Avenue NE
Blaine, MN 55434

2. Certified Mail (Form 3800) Article Number

9414 7266 9904 2226 0849 37

PS Form 3811, Facsimile, July 2015

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type:
☒ Certified Mail

696.0002 Davis,Andrew
Reference Information

Domestic Return Receipt

# EXHIBIT F



**U.S. Postal Service®**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

USPS® ARTICLE NUMBER

9414 7266 9904 2226 0846 92

| | | |
|---|---|---|
| Certified Mail Fee | $ | |
| Return Receipt (Hardcopy) | $ | 4.40 |
| Return Receipt (Electronic) | $ | 3.65 |
| Certified Mail Restricted Delivery | $ | |
| Postage | $ | .64 |
| Total Postage and Fees | $ | 8.69 |

Postmark Here
MINNEAPOLIS

Sent to:

Capra's Sporting Goods
8565 Central Avenue NE
Blaine, MN 55434

Reference Information
3526696.0002.Davis.Andrew

PS Form 3800, Facsimile, July 2015

**ALERT: FLOODING AND SEVERE WEATHER IN THE SOUTH, SOUTHEAST, AND CENTRAL U.S. …**

# USPS Tracking®

FAQs ›

Tracking Number:                                                    Remove ✕

## 9414726699042226084692

Copy          Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

We were unable to deliver your package at 9:19 am on July 6, 2024 in MINNEAPOLIS, MN 55434 because the business was closed. We will redeliver on the next business day. No action needed.

**Get More Out of USPS Tracking:**

   USPS Tracking Plus®

**Delivery Attempt**
**Redelivery Scheduled for Next Business Day**
MINNEAPOLIS, MN 55434
July 6, 2024, 9:19 am

**Redelivery Scheduled for Next Business Day**
MINNEAPOLIS, MN 55434
July 5, 2024, 9:46 am

**See All Tracking History**

**What Do USPS Tracking Statuses Mean?** (https://faq.usps.com/s/article/Where-is-my-package)

Feedback

---

**Text & Email Updates**                                              ⌄

---

**USPS Tracking Plus®**                                               ⌄

---



**Product Information** ⌄

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**

# EXHIBIT G



# NEW WEBSITE COMING SOON!

## ARCHERY & REPAIR

Step into precision and mastery with Capra's Outdoors Archery and Repair services. Our dedicated experts are passionate about honing your archery skills and ensuring your equipment is in top-notch condition. Whether you're a seasoned archer or just starting, we offer a wide range of bows, arrows, and accessories to suit your needs. Our skilled technicians also provide meticulous repair and maintenance services to keep your gear in optimal shape, ensuring your shots

## BAIT & FISHING

Dive into a world of angler's delight at Capra's Outdoors Bait and Fishing section. We understand that the right bait can make all the difference, so we offer a diverse selection to attract various fish species. From live bait to premium lures, our assortment caters to novices and seasoned anglers alike. Explore our collection of fishing equipment that's designed for performance and durability, ensuring you're well-equipped for your next fishing adventure. Capra's has you covered from bait selection to landing the big catch.

## HUNTING & AMMO

Embrace the call of the wild with Capra's Outdoors Hunting and Ammo range. Our curated selection of hunting gear and equipment is tailored to enhance your outdoor pursuit. Whether you're a hunter seeking reliable firearms, high-quality ammunition, or essential accessories, we provide top-notch products

to match your skill level and hunting style. Safety and precision are paramount, which is why our offerings are chosen with care. Prepare for a successful hunting season with Capra's – your partner in outdoor excellence.

# GET IN TOUCH

8565 Central Ave NE, Blaine, MN 55434

**(763) 780-4557**

Copyright © Capra's Outdoors. All rights reserved.

# EXHIBIT H

## Business Record Details »

Minnesota Business Name
### Capra's Sporting Goods

**Business Type**
Assumed Name

**MN Statute**
333

**File Number**
1321198900025

**Home Jurisdiction**
Minnesota

**Filing Date**
7/11/2022

**Status**
Active / In Good Standing

**Renewal Due Date**
12/31/2025

**Mailing Address**
None Provided

**Principal Place of Business Address**
8565 Central ave NE
Blaine, MN 55434
USA

| Applicant | Applicant Address |
| --- | --- |
| Capra's Outdoors Inc. | 20300 Palisade St NE, Cedar, MN 55011 |

### Filing History

# Filing History

Select the item(s) you would like to order:  Order Selected Copies

| | Filing Date | Filing | Effective Date |
| --- | --- | --- | --- |
| ☐ | 7/11/2022 | Original Filing - Assumed Name (Business Name: Capra's Sporting Goods) | |
| | 2/26/2024 | Administrative Expiration - Assumed Name | |

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 3/4/2024 | Annual Reinstatement - Assumed Name | |
| ☐ | 3/7/2024 | Amendment - Assumed Name | |

© 2024 Office of the Minnesota Secretary of State - **Terms & Conditions**

The Office of the Secretary of State is an equal opportunity employer

✉ **Subscribe for email updates!**
**Vulnerability Disclosure**

# EXHIBIT I

## Business Record Details »

Minnesota Business Name
### Capra's Outdoors Inc.

**Business Type**
Business Corporation (Domestic)

**File Number**
1313826400025

**Filing Date**
5/13/2022

**Renewal Due Date**
12/31/2024

**MN Statute**
302A

**Home Jurisdiction**
Minnesota

**Status**
Active / In Good Standing

**Registered Office Address**
20300 Palisade ST NE
Cedar, MN 55011
USA

**Number of Shares**
10,000

**Registered Agent(s)**
None Provided

**Chief Executive Officer**
Samuel Oftedahl
20300 PALISADE ST NE
CEDAR, MN 55011-9606
USA

**Principal Executive Office Address**
20300 PALISADE ST NE
CEDAR, MN 55011-9606
USA

**Mailing Address**
20300 Palisade st ne
Cedar, MN 55011
USA

Filing History

# Filing History

**Select the item(s) you would like to order:**  Order Selected Copies

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 5/13/2022 | Original Filing - Business Corporation (Domestic) (Business Name: Capra's Outdoors Inc.) | |
| ☐ | 6/10/2024 | Amendment - Business Corporation (Domestic) Change of Shares Restated Articles | |

© 2024 Office of the Minnesota Secretary of State - **Terms & Conditions**

The Office of the Secretary of State is an equal opportunity employer

✉ **Subscribe for email updates!**
**Vulnerability Disclosure**

# EXHIBIT J



**Andrew Davis**
**PARTNER**

DIRECT: 612.335.1556
OFFICE: 612.335.1500

andrew.davis@stinson.com

July 11, 2024

**<u>VIA FEDERAL EXPRESS</u>**

Capra's Outdoors Inc.
20300 Palisade St NE,
Cedar, MN 55011-9606

Capra's Sporting Goods
8565 Central Ave NE
Blaine, MN 55434

Re:     *State of Minnesota v. Fleet Farm LLC, et al.*, Case No. 0:22-cv-02694-JRT-JFD

To Whom It May Concern:

I write in regards to the subpoena *duces tecum* in the above-referenced matter (the "Subpoena") that was served on Capra's Sporting Goods ("Capra's") on May 29, 2024 and delivered via certified mail on May 30, 2024. The Subpoena required a response by June 28, 2024. To date, we have not received a response nor any communication regarding the subpoena from Capra's. We attempted to send Capra's a letter via certified mail on July 2 following up on the subpoena, and the U.S. Postal Service was unable to deliver the letter because the business was closed.

**Please contact me or Zachary Wright of my office (612-335-1752) immediately regarding Capra's failure to respond to the subpoena.** We anticipate seeking judicial relief from the Court to enforce the Subpoena and compel Capra's response by this coming Friday, July 11.

Sincerely,

**Stinson LLP**

Andrew Davis

cc:    Todd Noteboom
       Andrew Leiendecker
       Zachary Wright

50 South Sixth Street, Suite 2600, Minneapolis, MN 55402

**STINSON LLP    STINSON.COM**

190880723.1

# EXHIBIT K

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| State of Minnesota by its Attorney General, Keith Ellison, <br><br> Plaintiff, <br><br> v. <br><br> Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC, <br><br> Defendants. | Case No.: 0:22-cv-02694-JRT-JFD <br><br> **STATE OF MINNESOTA'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff State of Minnesota by its Attorney General, Keith Ellison ("State" or "Plaintiff"), hereby responds and objects to the First Set of Interrogatories to Plaintiff from Defendants Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC (together, "Fleet Farm" or "Defendants") dated November 2, 2023 (the "Interrogatories" and each, an "Interrogatory") as follows:

### GENERAL OBJECTIONS

1.      The State objects to Defendants' definitions and interrogatories to the extent that they attempt to seek information from state agencies, which are outside of the possession, custody, or control of the State. The Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or on behalf of other entities, including state agencies. The scope of the State's answers will be limited to information within the possession, custody, or control of the State. The appropriate mechanism for seeking discovery from any non-party agencies is by way of subpoena.

2.    The State's fact investigation, formal discovery, and trial preparation are continuing. The State's responses are based on information currently known or available after a reasonable inquiry. In addition, to date, Defendants have not completed production of responsive documents to the State's pending discovery requests. The State's responses are, therefore, based only on information currently known or available to it after a reasonable inquiry. The State reserves the right to amend and supplement its responses upon further investigation, discovery, and trial preparation.

3.    Defendant's discovery requests may seek data classified as not public, private, protected nonpublic, or confidential under the Minnesota Government Data Practices Act, Minn. Stat. § 13.01 *et seq*. ("MGDPA"). Pursuant to the Protective Order entered by the Court on August 21, 2023 (ECF Doc. 49), the State may produce and designate certain not public data as confidential.

4.    The State objects generally to Defendants' discovery requests to the extent that they purport to impose burdens, duties, or obligations greater than or contrary to those established by the Federal Rules of Civil Procedure and under the Pretrial Scheduling Order (ECF Doc. 41), Protective Order, or ESI Protocol (ECF Doc. 53).

5.    The State objects generally to these interrogatories to the extent that they purport to require disclosure of information protected from discovery as trial-preparation materials, by the work product doctrine, or by any applicable privilege, including but not limited to attorney-client privilege, deliberative process privilege, investigative files and law enforcement privilege, the common interest doctrine, the public officer privilege (Minn. Stat. § 595.02, subd. 1(e)), or any other applicable privilege.

6.      The State objects generally to these interrogatories to the extent they seek information outside of the AGO's possession, custody, or control, and to the extent that they seek information from documents in the possession, custody, or control of Defendants, including documents the State has sought from Defendants in discovery. The State objects to these requests to the extent they seek information about any person's communications or dealings with Defendants to the extent that Defendants have access to this information.

7.      The State objects to these discovery requests to the extent that they are not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the proposed discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

8.      The State objects generally to these interrogatories to the extent they are vague, ambiguous, cumulative, duplicative, overly broad or unduly burdensome.

9.      The State objects to these interrogatories to the extent they ask the State to draw a legal conclusion.

10.     Upon further investigation, discovery and trial preparation, the State reserves the right to alter, revise, amend, correct, clarify or supplement its answers. The State also reserves all questions as to competency, relevancy, materiality, privilege, scope, and admissibility as evidence for any purpose of the information sought by Defendants.

11.     The general objections set forth above, and the objections to specific interrogatories set forth below, are made as to matters that are clearly objectionable from the face of each interrogatory or request for production of documents.  These objections

are made without prejudice to, or waiver of, the State's right to object on all appropriate grounds to specific interrogatories or requests. The State incorporates these general objections into each response below.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all persons who have or may have factual knowledge relating to the allegations, claims, and requested relief set forth in the Complaint. Your answer to this Interrogatory should include, without limitation, for each person identified, the full name and address of the person, a detailed description of the facts the person knows or remembers, and a statement of whether you have obtained, or attempted to obtain, one or more statements from that person.

**RESPONSE TO INTERROGATORY NO. 1:**

The State objects to this interrogatory to the extent it seeks information that is not within the AGO's possession, custody, or control and is within the possession, custody, or control of Defendants.  The State further objects to this interrogatory because requesting that the State identify "all persons who have or may have factual knowledge" relating to the Complaint, including a "detailed description of the facts the person knows or remembers," is vague, overly broad, and unduly burdensome. The State further objects that this interrogatory is wholly duplicative of information the State has already provided, and will continue to supplement, in its Rule 26(a)(1)(A) Initial Disclosures. The State also objects to the extent this interrogatory seeks information protected by the work product doctrine or any other applicable privilege.

Subject to and without waiving the foregoing objections and general objections, the State responds that in the State's Rule 26(a)(1)(A) Initial Disclosures served on Defendants

on August 10, 2023, the State identified the name, address, and phone number (to the extent known) of all individuals known to the State who may have knowledge of the matters in this case and whom the State may call as a witness to support its claims, subject to information currently available to the State. As indicated in the State's Initial Disclosures, these individuals include: (1) Defendants' current and/or former owners, managers, employees agents, contractors, and other representatives, who are likely to have discoverable information related to Defendants' operations, practices, and records related to the allegations, claims, and requested relief in the Complaint; (2) certain government agencies, including the ATF and local police departments, that are likely to have discoverable information related to straw purchasing of firearms at Defendants' stores and the crimes committed with the firearms sold by Fleet Farm to straw purchasers, as well as other consequences from such sales, as detailed in the police records already produced by the State as Bates Nos. AGO0000173–AGO0000189, AGO0000371–AGO0000423, AGO0000666– AGO0001135; and (3) the specific straw purchasers and others identified in the Complaint, including Sarah Elwood, Jerome Horton, and Gabriel Young-Duncan, who are likely to have discoverable information related to the straw purchasing activity described in the Complaint.

The State objects to providing a "detailed description of the facts" that each of these persons "knows or remembers," to the extent the State even could do so, as an improper request seeking trial-preparation materials and work product, including protected opinion work-product mental impressions, preliminary conclusions, and how the State may marshal facts in this matter. Defendants have as equal or greater access to seek this information

5

from these persons as the State. Any statements obtained by the State from these persons will be produced expeditiously by the State to Defendants in response to Defendants' Requests for Production.

The State reserves the right to amend and supplement its response or otherwise identify information upon further investigation, discovery, and trial preparation.

**INTERROGATORY NO. 2:**

Identify and describe all documents and information in your possession related to the allegations, claims, or requested relief in the Complaint.

**RESPONSE TO INTERROGATORY NO. 2:**

The State objects to this interrogatory because requesting that the AGO identify "all documents and information in your possession" relating to the Complaint is vague, overly broad, and unduly burdensome. The State also objects to the extent this interrogatory seeks information protected by the work product doctrine or privilege, including attorney-client, deliberative process, and the investigative files and law enforcement privileges.

Subject to and without waiving the foregoing objections and general objections, the State responds that it produced 146 documents totaling 1,943 pages to Defendants as initial disclosure documents, including Fleet Farm registration documents and court filings, and publicly available documents and information about criminal cases involving the straw purchases identified in the Complaint and about gun violence, such as court records, police reports, news articles, and studies and reports. The State intends to produce additional documents in response to Defendants' Requests for Production by December 20, 2023. Given the extraordinarily broad scope of this interrogatory, the State can only specify that

Defendants review all documents produced by the State as containing the information sought by this interrogatory.

The State reserves the right to amend and supplement its response or otherwise identify information upon further investigation, discovery, and trial preparation.

**INTERROGATORY NO. 3:**

Identify and describe any policies or procedures in Plaintiff's possession related to the sale of firearms, straw purchaser awareness, detection, and/or prevention, compliance with state and federal firearms laws, or reporting suspicious behavior relating to completed or attempted firearm transactions to law enforcement.

**RESPONSE TO INTERROGATORY NO. 3:**

The State objects to this request to the extent it is unclear whose firearm "policies and procedures" are sought by Defendant, rendering the request vague, ambiguous, and irrelevant. The State objects to this request as overbroad to the extent it seeks to have the State "identify and describe" these "policies and procedures." The State objects to this request to the extent to the extent Defendants are referencing Fleet Farm policies and procedures, as such information is not within the AGO's possession, custody, or control and is within the possession, custody, or control of Defendants. The State served requests for production of documents on Defendants on July 20, 2023, and continues to wait for Defendants to produce responsive documents.

Subject to and without waiving the foregoing objections and general objections, the State responds that it will produce portions of the Office Manual of the Minnesota Attorney General and the AGO's Emergency Operations Plans that contain firearms-related policies or procedures of the AGO. Beyond that, the State is unaware of any internal policy or

procedure of the Attorney General's Office related to the sale of firearms, straw purchaser awareness, detection, and/or prevention, or reporting suspicious behavior relating to completed or attempted firearm transactions to law enforcement.

The State reserves the right to amend and supplement its response or otherwise identify information upon further investigation, discovery, and trial preparation.

**INTERROGATORY NO. 4:**

Identify all persons who have communicated with the ATF, FBI, NICS, BCA, any other federal or state law enforcement agency or body, or any other third party, regarding the allegations, claims, and requested relief in the Complaint—including, but not limited to, communications regarding the completed or attempted firearm transactions at Fleet Farm stores—and describe the date, location, parties, participants, nature of each such communication, and any documents concerning those communications.

**RESPONSE TO INTERROGATORY NO. 4:**

The State objects to this interrogatory because requesting that the State identify "all persons" (not limited to persons associated with the AGO) who have communicated with "any . . . third party"—i.e., anyone beyond the AGO—relating to the Complaint is vague, overly broad, and unduly burdensome. The State also objects to the extent this interrogatory seeks information protected by the work product doctrine or privilege, including attorney-client, deliberative process, and the investigative files and law enforcement privileges.

Subject to and without waiving the foregoing objections and general objections, the State responds as follows:

- During 2022 and 2023, AGO personnel (James Canaday, Donna Cassutt, Marianne Ellis John Keller, Eric Maloney, Katherine Moerke, and Jason Pleggenkuhle) have communicated with Everytown for Gun Safety

8

regarding the allegations, claims, and requested relief in the Complaint. The substance of the communications and related documents are attorney-client privileged, work product, and subject to a common interest.

- During 2023, AGO personnel (James Canaday, Eric Maloney, Katherine Moerke, and Jason Pleggenkuhle) have communicated with the New Jersey AGO regarding the allegations, claims, and requested relief in the Complaint. The substance of the communications and related documents are attorney-client privileged, work product, and subject to a common interest.

- Assistant Attorney General Jason Pleggenkuhle has submitted Freedom of Information Act requests to the ATF regarding ATF records related to Defendants.

- AGO personnel have communicated with police departments to obtain police reports related to the straw purchasers referenced in the Complaint.

- AGO personnel have communicated with individuals affected by the shooting at the Seventh Street Truck Park bar.

As stated in response to Interrogatory No. 1, the State will expeditiously produce any statements obtained from witnesses by the State to Defendants in response to Defendants' Requests for Production.

The State reserves the right to amend and supplement its response or otherwise identify information upon further investigation, discovery, and trial preparation.

**INTERROGATORY NO. 5:**

Identify all persons who have communicated with Jerome Horton, Gabriel Lee Young-Duncan, Sarah Elwood, Jeffrey Jackson, Geryiell Walker, or any other individual identified in the Complaint, or whose conduct you anticipate referencing in this litigation, and describe the date, location, participants, nature of each such communication, and any documents concerning those communications.

**RESPONSE TO INTERROGATORY NO. 5:**

The State objects to this interrogatory because requesting that the AGO identify "all persons . . . whose conduct you anticipate referencing in this litigation" is vague, overly broad, and unduly burdensome. The State also objects to the extent this interrogatory seeks information protected by the work product doctrine or privilege, including attorney-client, deliberative process, and the investigative files and law enforcement privileges. The State also objects that this interrogatory is duplicative of Interrogatory No. 4.

Subject to and without waiving the foregoing objections and general objections, the State responds that the AGO has not communicated with Jerome Horton, Gabriel Lee Young-Duncan, Sarah Elwood, Jeffrey Jackson, Geryiell Walker, or any other individual identified in the Complaint. As stated in response to Interrogatory No. 1, the State will expeditiously produce any statements obtained from witnesses by the State to Defendants in response to Defendants' Requests for Production. While there are no responsive communications to date, the State objects to generally providing "the date, location, participants, nature of each such communication, and any documents concerning those communications," as an improper request seeking trial-preparation materials and work product, including protected opinion work-product mental impressions, preliminary conclusions, and how the State may marshal facts in this matter.

The State reserves the right to amend and supplement its response or otherwise identify information upon further investigation, discovery, and trial preparation.

**INTERROGATORY NO. 6:**

Describe your investigation into Fleet Farm's firearm sales practices, including when any such investigation began, the specific actions taken in the investigation, who conducted or participated in the investigation, the persons interviewed in connection with the investigation, and any documents generated or reviewed in connection with the investigation.

**RESPONSE TO INTERROGATORY NO. 6:**

The State objects to the extent this interrogatory seeks information protected by privilege, including attorney-client, work-product, deliberative process, and the investigative files and law enforcement privileges. The State further objects that details of its investigation are not relevant to this matter.

Subject to and without waiving the foregoing objections and general objections, the State responds that it produced 146 documents totaling 1,943 pages gathered in the course of the State's investigation to Defendants as Initial Disclosure documents, including Fleet Farm registration documents and court filings, and publicly available documents and information about criminal cases involving the straw purchases identified in the Complaint and about gun violence, such as court records, police reports, news articles, and studies and reports. The State intends to produce additional documents in response to Defendants' Requests for Production on December 20, 2023. The State objects to providing further detail on the timing or process of its investigation on the basis of both privilege and relevance.

The State reserves the right to amend and supplement its response or otherwise identify information upon further investigation, discovery, and trial preparation.

**INTERROGATORY NO. 7:**

Describe any and all of your investigations into any Minnesota FFL's firearm sales practices, including when any such investigations began, the specific actions taken in the investigation, who conducted or participated in the investigation, the persons interviewed in connection with the investigation, any documents generated or reviewed in connection with the investigation, and the outcome of the investigation.

**RESPONSE TO INTERROGATORY NO. 7:**

The State objects to the extent this interrogatory seeks information protected by privilege, including attorney-client, work product, deliberative process, and the investigative files and law enforcement privileges. The State further objects that whether or not the State investigated non-Fleet Farm FFLs in Minnesota is entirely irrelevant to this matter.

Subject to and without waiving the foregoing objections and general objections, the State refers to its answer to Interrogatory No. 6 regarding the State's investigation into Defendants' firearm sales practices. With respect to Minnesota FFLs besides Defendants, the State objects because the information sought is privileged and irrelevant.

The State reserves the right to amend and supplement its response or otherwise identify information upon further investigation, discovery, and trial preparation.

**INTERROGATORY NO. 8:**

Describe any and all efforts that you have taken or have considered taking, including proposing, supporting, or drafting legislation, relating to the monitoring and/or regulation of commercial firearm transactions in the State of Minnesota.

**RESPONSE TO INTERROGATORY NO. 8:**

The State objects to this interrogatory as irrelevant because it seeks information unrelated to the allegations, claims, and relief sought in this matter. The State further objects to this interrogatory as seeking privileged information and documents because the interrogatory seeks documents related to "efforts" that the State "ha[s] considered taking" regarding monitoring or regulating commercial firearm transactions.

The State further objects to this request because requesting information related to "any and all efforts" taken or considered regarding monitoring or regulating commercial firearm transactions, including legislative efforts, is vague, overly broad, and unduly burdensome.

The State reserves the right to amend and supplement its response or otherwise identify information upon further investigation, discovery, and trial preparation.

**INTERROGATORY NO. 9:**

Identify and describe each state and federal statute, regulation, and/or guideline (formal or informal) that you claim Fleet Farm violated through its firearm sales practices, excluding any alleged violations based on the conduct of a straw purchaser or other third party through aiding and abetting, describe the factual basis for each such violation, and identify all documents relating to each such violation.

**RESPONSE TO INTERROGATORY NO. 9:**

The State objects to this interrogatory as a premature contention interrogatory that, at this stage of the litigation, improperly invades the State's work product. The State also objects to this interrogatory to the extent it requires the State to draw a legal conclusion.

Subject to and without waiving the foregoing objections and general objections, the State responds that the Complaint alleges that Defendants knowingly violated, and/or aided

and abetted Horton in the violation of numerous laws and regulations, including 18 U.S.C.

§ 922(a)(1) and (6), 18 U.S.C. § 922(m), 18 U.S.C. § 923(a), 18 U.S.C. § 924(a)(1)(A) and

(D), 18 U.S.C. § 924(a)(3), 27 C.F.R. § 478.21(a), 27 C.F.R. § 478.124(c)(1) and (c)(5),

Minn. Stat. § 624.7132, subd. 15(a)(2), Minn. Stat. § 624.7132, subd. 15(a)(4), and Minn.

Stat. § 624.7133. *See* Compl. ¶¶ 52, 61, 74, 75, 81, 84,  99, 111, and 112.

The State's Memorandum in Opposition to Defendants' Motion for Certification

describes in detail which laws the State alleged in the Complaint that Defendants directly

violated, including Minn. Stat. § 624.7132, subd. 15(a)(2), 18 U.S.C. § 922(m), 18 U.S.C.

§ 924(a)(1)(A), 27 C.F.R. 478.124(c)(1), and 27 C.F.R. 478.124(c)(5). *See* ECF No. 50 at

10–12 (citing Compl. ¶¶ 27 and 36).

The State reserves the right to amend and supplement its response or otherwise

identify information upon further investigation, discovery, and trial preparation.

**INTERROGATORY NO. 10:**

Identify and describe each red flag of straw purchasing, *see* Compl. ¶ 25, that you
contend Fleet Farm ignored or otherwise did not recognize when completing firearm sales
to Jerome Horton or Sarah Elwood.

**RESPONSE TO INTERROGATORY NO. 10:**

The State objects to this interrogatory as a premature contention interrogatory that,

at this stage of the litigation, improperly invades the State's work product. The State also

objects to this request to the extent that Defendants possess information and documents

about Jerome Horton and Sarah Elwood's firearm purchases that Defendants have not

produced to the State, as such information is not within the AGO's possession, custody, or

control and is within the possession, custody, or control of Defendants. The State served

requests for production of documents on Defendants on July 20, 2023, and continues to wait for Defendants to produce responsive documents. The State also objects to this interrogatory to the extent it requires the State to draw a legal conclusion.

Subject to and without waiving the foregoing objections and general objections, the State responds that red flags that indicate a straw purchase include, but are not limited to the following:

- Multiple firearm purchases in a single transaction or separate one-gun transactions in short periods of time, particularly of multiple firearms of similar make, model, and caliber;

- Multiple handgun purchases, particularly 9mm caliber handguns as these are the most frequently recovered crime guns;

- The purchase of firearms with cash;

- When the buyer is accompanied to the store by others who leave before the transaction or do not purchase firearms themselves;

- When the buyer uses phone calls, text messages, or other means to communicate with others about which firearms to purchase;

- When the buyer does not keep the firearms in their residence for their own use; and

- A short "time to crime"—i.e., the time between the purchase of the firearm and the recovery of the firearm by police in connection with a crime. The ATF has noted that the recovery of a crime gun within three years of its initial purchase "is considered a short time-to-crime and a significant trafficking indicator" that "suggests illegal diversion or criminal intent associated with the retail purchase from the FFL."

*See* Compl. ¶ 25.

With regard to Jerome Horton, the Complaint alleges that Defendants sold 24 firearms to Horton in a four-month span, sold him multiple guns at once on five different

days, sold him guns at multiple visits within very short time periods, sold him largely the same type of small-caliber handgun most likely to be diverted for criminal use, sold him single handguns within days or weeks of each other from different Fleet Farm retail stores, and that Horton was captured on Defendant's surveillance system using the camera feature on his cellphone to take photographs or videos of guns during at least one visit to a Fleet Farm store. Compl. ¶¶ 38–42.

With regard to Sarah Elwood, the Complaint alleges that Defendants sold Elwood 13 firearms in a 12-month span, sold her multiple handguns at once on four different days, sold her handguns at multiple visits mere days apart, and sold her small-caliber handguns more likely to be diverted for criminal use. Compl. ¶¶ 54–57.

The State reserves the right to amend and supplement its response or otherwise identify information upon further investigation, discovery, and trial preparation.

**INTERROGATORY NO. 11:**

Identify and describe the specific claimed harms, and the specific costs that you contend were incurred as a result of those claimed harms, referenced and alleged in Paragraphs 109 and 110 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 11:**

The State objects to this interrogatory as a premature contention interrogatory that, at this stage of the litigation, improperly invades the State's work product.

Subject to and without waiving the foregoing objections and general objections, the State responds that the Complaint alleges the specific claimed harms associated with the public nuisance caused by Defendants' misconduct, including that the unlawful proliferation of firearms "interferes with rights common to the general public, deprives

Minnesota residents and visitors of the peaceful use of public streets, sidewalks, parks, and other public places, interferes with commerce, travel, and the quality of daily life, and endangers the health, welfare, peace, safety, well-being, convenience, and property of considerable numbers of residents of, and visitors to, Minnesota." Compl. ¶ 109. The Complaint specifies the crimes that the State is aware of which have been committed with firearms unlawfully sold by Defendants, and notes that most of the firearms unlawfully sold by Defendants are unaccounted for and pose an ongoing danger to the health and safety of Minnesotans. Compl. ¶¶ 45–49, 51, 60. The Complaint also details that the costs incurred by state government due to the unlawful proliferation of firearms include the costs of investigating, monitoring, treating, policing, and remediating the misuse of firearms in Minnesota, and that these harms and costs continue to accrue. Compl. ¶ 110.

Discovery is ongoing and incomplete, and the State is waiting for substantial discovery from Defendants. The State reserves the right to amend and supplement its response or otherwise identify information upon further investigation, discovery, and trial preparation.

**INTERROGATORY NO. 12:**

Identify and describe the specific instances and actions that you contend constitute Fleet Farm "breach[ing] . . . their duties in Minnesota" and the specific "damages for injury" that you contend were "sustained" as a result of these claimed "repeated breaches." Compl., Prayer for Relief ¶ 4.

**RESPONSE TO INTERROGATORY NO. 12:**

The State objects to this interrogatory as a premature contention interrogatory that, at this stage of the litigation, improperly invades the State's work product. The State also

objects to this request to the extent that Defendants possess information and documents about firearm purchases that it has not produced to the State that would inform which instances and actions the State contends were breaches of duty and what injuries resulted. The State served requests for production of documents on Defendants on July 20, 2023, and continues to wait for Defendants to produce responsive documents. The State also objects to this interrogatory to the extent it requires the State to draw a legal conclusion.

Subject to and without waiving the foregoing objections and general objections, the State responds that, based on information known to the State, each firearm sale by Defendants to a straw purchaser, including Jerome Horton and Sarah Elwood, constitutes a breach of Defendants' duty to exercise reasonable care in distributing and selling firearms and to refrain from engaging in any activity creating reasonably foreseeable risks of injury to others. The State is in the process of calculating the amounts it will seek from Defendants in the form of damages, which has been impeded by Defendants' delay in producing information and documents to the State bearing on this issue.

The State reserves the right to amend and supplement its response or otherwise identify information upon further investigation, discovery, and trial preparation.

**INTERROGATORY NO. 13:**

Identify and describe all categories of Fleet Farm profits that you are seeking to disgorge, including, but not limited to, the specific product lines from which you seek disgorgement of profits and the specific Fleet Farm stores whose profits you seek to disgorge. *See* Compl., Requested Relief ¶ 5.

**RESPONSE TO INTERROGATORY NO. 13:**

The State objects to this interrogatory as a premature contention interrogatory that, at this stage of the litigation, improperly invades the State's work product. The State also objects to this request to the extent that Defendants possess information and documents that it has not produced to the State that would inform the State's requested disgorgement. The State served requests for production of documents on Defendants on July 20, 2023, and continues to wait for Defendants to produce responsive documents. The State also objects to this interrogatory to the extent it requires the State to draw a legal conclusion.

Subject to and without waiving the foregoing objections and general objections, the State responds that the State seeks to disgorge all monies wrongfully obtained by Defendants from the sale of firearms to straw purchasers. Defendants thus far have delayed production of information that would enable the State to calculate an appropriate disgorgement remedy.

The State reserves the right to amend and supplement its response or otherwise identify information upon further investigation, discovery, and trial preparation.

**INTERROGATORY NO. 14:**

Identify and describe all efforts taken by you to prevent, mitigate, or otherwise reduce and/or respond to the harms referenced and alleged in the Complaint.

**RESPONSE TO INTERROGATORY NO. 14:**

The State objects to this interrogatory to the extent it seeks information that is not within the possession, custody, or control of the Attorney General's Office or is within the possession, custody, or control of Defendants.

The State further objects to this interrogatory on the grounds that it seeks information that is irrelevant and immaterial, since, inter alia, as a matter of law it is Defendants—and not the State—that has the duty, obligation and the superior resources and opportunity to reduce or eliminate the damage resulting from Defendants' own misconduct (including Defendants' repeated and intentional misconduct). Also, the interrogatory seeks information which is irrelevant and immaterial to the extent the interrogatory seeks information about legislative or discretionary acts or policies that are privileged and/or immune.

Subject to and without waiving the foregoing objections and general objections, the State responds that Defendants' misconduct in selling firearms to persons that Defendants knew or should have known were straw purchasers has endangered public health and safety, resulting in the commission of known and unknown firearm-related crimes and misconduct and fueling the firearms black market in Minnesota.

The State reserves the right to amend and supplement its response or otherwise identify information upon further investigation, discovery, and trial preparation.

**INTERROGATORY NO. 15:**

Identify the complete nature of all damages Plaintiff seeks in this lawsuit, the precise dollar amount which Plaintiff seeks as compensation for all such damages (including any compensation that Plaintiff seeks as reimbursement for interest, costs, disbursements, or attorney fees to which Plaintiff claims an entitlement), a detailed explanation and accounting of how Plaintiff calculated the precise dollar amount to which they claim an entitlement; a detailed explanation of how the damages are claimed to have been caused by Fleet Farm's alleged conduct; and the full name and address of all individuals who are said to have knowledge.

**RESPONSE TO INTERROGATORY NO. 15:**

The State objects to this interrogatory as a premature contention interrogatory that, at this stage of the litigation, improperly invades the State's work product. The State objects to this Interrogatory as overly broad and unduly burdensome, with five discrete subparts and wide-ranging requests for not just information about the State's claimed monetary relief, but also information about causation and a request for information about individuals that is wholly duplicative of Interrogatory No. 1. The State further objects to this Interrogatory on the basis that the State's calculation of appropriate monetary relief is dependent on information and documents that are in Defendants' possession, custody, and/or control and have not been produced to the State. The State also objects to this request insofar as it seeks information that is protected by the work-product doctrine or is privileged, including under attorney-client privilege, deliberative process privilege, or the investigative files and law enforcement privilege.

Subject to and without waiving the foregoing objections and general objections, the State responds that is seeking monetary relief in the form of damages for injury sustained as a result of Defendants' repeated breaches of their duties in Minnesota, disgorgement of all profits from Defendants' unlawful sales of firearms in Minnesota, and abatement as necessary to remedy the harm and injury to the State resulting from Defendants' misconduct. The State's calculation of appropriate monetary relief is dependent on information and documents that are in Defendants' possession, custody, and/or control and have not been produced to the State.

The State reserves the right to amend and supplement its response or otherwise identify information upon further investigation, discovery, and trial preparation.

**AS TO OBJECTIONS:**

Dated:  December 4, 2023

KEITH ELLISON
Attorney General
State of Minnesota

**/s/ Eric J. Maloney**
ERIC J. MALONEY (#0396326)
Assistant Attorney General
JAMES W. CANADAY (#030234X)
Deputy Attorney General
JASON T. PLEGGENKUHLE (#0391772)
Assistant Attorney General
KATHERINE A. MOERKE (#0312277)
Assistant Attorney General

445 Minnesota Street, Suite 1200
St. Paul, Minnesota 55101-2130
(651) 757-1021
eric.maloney@ag.state.mn.us
james.canaday@ag.state.mn.us
jason.pleggenkuhle@ag.state.mn.us
katherine.moerke@ag.state.mn.us
*Attorneys for State of Minnesota*

## VERIFICATION

I am Marianne L. Ellis, Manager of Outside Counsel Relationships and Investigator at the Minnesota Attorney General's Office. I have read the State of Minnesota's Responses to Defendants' First Set of Interrogatories ("Responses") dated December 4, 2023 and know the contents thereof. The Responses are true to the best of my current knowledge, recollection, information, and belief based on a reasonable investigation. I make no verification with respect to any objections stated within the Responses.

I declare under penalty of perjury that everything I have stated in this Verification is true and correct.

Executed December 4, 2023                    By: /s/ Marianne L. Ellis

Dakota County, Minnesota

# EXHIBIT L

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CR 21-147 ADM/TNL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **INDICTMENT** |
| | ) | |
| Plaintiff, | ) | 18 U.S.C. § 2 |
| | ) | 18 U.S.C. § 371 |
| v. | ) | 18 U.S.C. § 922(a)(1)(A) |
| | ) | 18 U.S.C. § 922(a)(6) |
| 1) SARAH JEAN ELWOOD, | ) | 18 U.S.C. § 924(a)(1)(D) |
| | ) | 18 U.S.C. § 924(a)(2) |
| 2) JEFFREY PAUL JACKSON, | ) | 18 U.S.C. § 924(d)(1) |
| a/k/a "Jay," | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| and | ) | |
| | ) | |
| 3) GERYIELL LAMONT WALKER, | ) | |
| a/k/a "Man Man," | ) | |
| | ) | |
| Defendants. | ) | |

THE UNITED STATES GRAND JURY CHARGES THAT:

### INTRODUCTORY ALLEGATIONS

1.      Federal law requires persons engaged in the business of dealing in firearms to be licensed under the provisions of Title 18, Chapter 44, United States Code. Federal law further requires that, prior to the sale of firearms to unlicensed persons, licensed dealers in firearms, also known as Federal Firearms Licensees ("FFLs"), must determine the lawfulness of the sale, maintain proper records of the transaction, and contact the National Instant Criminal Background Check System ("NICS") to determine whether the prospective buyer of the firearms is prohibited by law from purchasing or receiving firearms.



2.    As part of these federal law requirements, before an FFL may lawfully sell a firearm to an unlicensed person, the unlicensed person must fill out, date, and sign a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 – Firearms Transaction Record ("ATF Form 4473"), certifying that all the information provided is "true, correct, and complete."  The information and certification statutorily required by ATF Form 4473 enables FFLs to determine if a firearm may lawfully be sold or transferred to a prospective buyer and puts the prospective buyer on notice of certain legal restrictions on the receipt and possession of firearms.

3.    Among the "yes" or "no" questions required to be answered truthfully on ATF Form 4473, is Question 21.a., which provides in pertinent part as follows: "Are you the actual transferee/buyer of the firearm(s) listed on this form . . . ? **Warning:  You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person.  If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you."**

4.    ATF Form 4473 also requires the prospective buyer of a firearm, by signing and dating the form, to certify and acknowledge the following statements and advisories, which are printed in **bold** type:  "I certify that my answers . . . are true, correct, and complete.  I have read and understand the Notices, Instructions, and Definitions on ATF Form 4473.  I understand that answering 'yes' to question 21.a. if I am not the actual transferee/buyer is a crime punishable as a felony under Federal law, and may also violate State and/or local law.  . . .  I also understand that making any false oral or written statement, or exhibiting any false or misrepresented identification with respect to this

2

transaction, is a crime punishable as a felony under Federal law, and may also violate State and/or local law.  I further understand that the repetitive purchase of firearms for the purpose of resale for livelihood and profit without a Federal firearms license is a violation of Federal law."

5.      Among the Notices, Instructions, and Definitions that the ATF Form 4473 directs the prospective buyer to read is the "Transferee/Buyer Certification," contained on page 5 of the form, referencing the signature and certification date box.  That provision states, in part, that "it is unlawful for a person to engage in the business of dealing in firearms without a license," and it explains and provides the Federal statutory provisions of when a "person is engaged in the business of dealing in firearms."

6.      At times material to this Indictment, defendant **SARAH JEAN ELWOOD**, was not a licensed dealer in firearms within the meaning of Title 18, Chapter 44, United States Code.

7.      At times material to this Indictment, defendant **JEFFREY PAUL JACKSON**, a/k/a "Jay," was not a licensed dealer in firearms within the meaning of Title 18, Chapter 44, United States Code.

8.      Beginning in or about May 2020, and continuing through in or about May 2021, defendants **SARAH JEAN ELWOOD** and **JEFFREY PAUL JACKSON**, a/k/a "Jay," engaged in a regular pattern and practice of purchasing and reselling firearms with the predominant intent of obtaining livelihood, profit, and pecuniary gain.

9.      During this same period of time, defendants **SARAH JEAN ELWOOD** and **JEFFREY PAUL JACKSON**, a/k/a "Jay," completed approximately 58 separate

transactions at approximately 9 different FFLs within the District of Minnesota, during which they purchased approximately 95 firearms, and within a short time sold those firearms, for approximately $100 profit each, to others, including defendant **GERYIELL LAMONT WALKER**, a/k/a "Man Man."

      10.    Among the firearms purchased from the following FFLs and then sold were the following:

| Transaction Date | FFL | Firearm |
|---|---|---|
| 5/4/2020 | Bills Circle Pines | FMK 9C1 G2 9mm, serial number BTT0628 |
| 5/9/2020 | Bills Robbinsdale | Ruger LCP 380 Auto, serial number 372294242 |
| 5/13/2020 | Bills Circle Pines | Bersa Thunder 380 380 ACP, serial number K05664 |
| 5/15/2020 | Bills Circle Pines | Springfield XD9 9mm, serial number AT204930 |
| 5/18/2020 | DK MAGS | Walther Arms PPS 9mm, serial number AX9584 |
| 5/25/2020 | Bills Robbinsdale | Smith & Wesson M&P 15-22 22, serial number DFS1108 |
| 6/20/2020 | Mills Fleet Farm | Century Arms TP9SF 9mm, serial number 20BH09180 |
| 7/28/2020 | Bills Robbinsdale | Smith & Wesson Bodyguard 380 Auto, serial number KFU9590 |
| 7/29/2020 | Bills Circle Pines | Beretta Nano 9mm, serial number NU164741 |
| | | Beretta Nano 9mm, serial number NU164738 |
| | | Smith & Wesson Bodyguard 380 Auto, serial number KHN5379 |
| 7/30/2020 | Mills Fleet Farm | Taurus G2C 9mm, serial number ABD463393 |
| 8/1/2020 | Bills Circle Pines | Smith & Wesson M&P 9 Shield 9mm, serial number JFC3902 |
| 8/11/2020 | Bills Circle Pines | Taurus G3C 9mm, serial number ABG711104 |
| 8/19/2020 | Bills Circle Pines | SCCY CPX-2 9mm, serial number 951556 |
| 8/26/2020 | Bills Circle Pines | Bersa BP9CC 9mm, serial number K23044 |
| 8/27/2020 | Bills Robbinsdale | Sarsilmaz B6 9mm, serial number T1102-17E13963 |
| 11/12/2020 | Bills Robbinsdale | Springfield XD Defender 9mm, serial number BY475673 |
| 1/4/2021 | Mills Fleet Farm | Taurus Spectrum 380 Auto, serial number 1F033220 |

United States v. Sarah Jean Elwood, et al.

| Transaction Date | FFL | Firearm |
|---|---|---|
| 1/11/2021 | Mills Fleet Farm | Taurus PT111G2A 9mm, serial number ABH838724 |
| 1/29/2021 | Bills Circle Pines | Glock 43X 9mm, serial number BPEN020 |
| 1/31/2021 | Mills Fleet Farm | Taurus Spectrum 380 ACP, serial number 1F024926 |
| | | Taurus Spectrum 380 Auto, serial number 1F033065 |
| 3/8/2021 | Bills Circle Pines | SCCY CPX-2 9mm, serial number 126399 |
| 3/15/2021 | Mills Fleet Farm | Springfield XDS 9mm, serial number BA181757 |
| 3/26/2021 | Bills Circle Pines | Walther Arms CCP 9mm, serial number WK189441 |
| 3/27/2021 | DK MAGS | Glock 43 9mm, serial number AFLC219 |
| 4/3/2021 | Bills Circle Pines | Taurus G3C 9mm, serial number ACB590615 |
| 4/4/2021 | Bills Robbinsdale | Springfield XDM Elite 9mm, serial number BA228357 |
| 4/11/2021 | Bills Circle Pines | Ruger LCP 380 Auto, serial number 372431109 |
| 4/17/2021 | Bills Circle Pines | Ruger Security 9 9mm, serial number 384-29927 |
| 4/18/2021 | Bills Circle Pines | Heckler & Koch VP9 Tactical 9mm, serial number 224-316280 |
| 4/19/2021 | Bills Circle Pines | Girsan MC28SAT 9mm, serial number T6368-20AV12009 |
| 4/30/2021 | Bills Circle Pines | FN 503 9mm, serial number CV016628 Glock 44 22, serial number AFGC876 |
| 5/1/2021 | Mills Fleet Farm | Ruger EC9S 9mm, serial number 459-15215 |
| | | Smith & Wesson M&P 9 Shield Plus 9mm, serial number JFY6090 |
| 5/4/2021 | Bills Circle Pines | FN Five-Seven 5.7x28, serial number 386402164 |
| 5/6/2021 | Mills Fleet Farm | Glock 19 9mm, serial number BTNN877 |
| | | Ruger 5 7 5.7x28, serial number 642-13405 |
| 5/7/2021 | Bills Robbinsdale | Glock 48 9mm, serial number AFML592 |
| | | Glock 48 9mm, serial number BSNU334 |
| | | Glock 41 45, serial number AFLX128 |
| | | Glock 19 9mm, serial number BTED415 |
| 5/10/2021 | Bills Circle Pines | Glock 19 9mm, serial number AFKM784 |
| | | Springfield Hellcat 9mm, serial number BA241781 |
| 5/11/2021 | Bills Circle Pines | Glock 19 9mm, serial number AFMK782 |
| 5/11/2021 | Bills Robbinsdale | Taurus G2C 9mm, serial number ACD780274 |

5

United States v. Sarah Jean Elwood, et al.

| Transaction Date | FFL | Firearm |
|---|---|---|
| 5/12/2021 | Bills Robbinsdale | Taurus G2C 9mm, serial number ACD780224 |
| 5/12/2021 | Capras | Glock 19 9mm, serial number AFDP856 |
| | | Glock 26 9mm, serial number AEZU085 |
| | | Glock 19 9mm, serial number AFDP854 |
| | | Glock 22 .357 Sig, serial number PTB537 |
| 5/12/2021 | Mills Fleet Farm | Glock 17 9mm, serial number BTMG955 |
| | | Ruger 5 7 5.7x28, serial number 642-12901 |
| 5/13/2021 | Bills Circle Pines | Taurus G3 9mm, serial number ACD781457 |
| 5/13/2021 | Capras | Glock 26 9mm, serial number AEXF244 |
| | | Glock 27 40, serial number BTSS412 |
| 5/16/2021 | Modern Sportsman | Glock 23 40 S&W, serial number BTHV443 |
| | | Glock 26 9mm, serial number BSMB786 |
| 5/17/2021 | Bills Circle Pines | SCCY CPX-2 9mm, serial number C124715 |
| | | SCCY CPX-2 9mm, serial number C124587 |
| 5/17/2021 | Modern Sportsman | Glock 19 9mm, serial number BTCV605 |
| | | Glock 22 40 S&W, serial number BTEN439 |
| | | Ruger EC9S 9mm, serial number 459-19331 |
| 5/20/2021 | Bills Circle Pines | Glock 44 22, serial number AFHY163 |
| 5/20/2021 | Metro Pawn | Glock 19 9mm, serial number YBT114 |
| | | Glock 19 9mm, serial number FMC403 |
| 5/21/2021 | Bills Robbinsdale | Smith & Wesson Shield 9 9mm, serial number JMD3016 |
| 5/21/2021 | Metro Pawn | Pioneer AK47 Hellpup 7.62x39mm, serial number PAC1149857 |
| 5/21/2021 | REALM | Glock 22 40 S&W, serial number BTSF753 |
| | | Glock 44 22, serial number AFFX088 |
| | | Glock 22 40 S&W, serial number BTSF754 |
| | | Glock 43 9mm, serial number ANFL774 |
| 5/22/2021 | Bills Circle Pines | Ruger EC9S 9mm, serial number 456-50360 |
| | | Ruger 5 7 5.7x28, serial number 642-19475 |
| | | Smith & Wesson M&P Bodyguard 380 Auto, serial number KCL9221 |
| 5/25/2021 | Modern Sportsman | Glock 17 9mm, serial number BTAR800 |
| | | Glock 23 40 S&W, serial number BTET747 |
| | | Glock 19 9mm, serial number AFHH020 |
| | | Glock 19 9mm, serial number BPPB175 |
| 5/26/2021 | Modern Sportsman | Glock 17 9mm, serial number BTAR803 |
| | | Glock 43 9mm, serial number AFGL788 |

United States v. Sarah Jean Elwood, et al.

| Transaction Date | FFL | Firearm |
|---|---|---|
| | | Glock 46 9mm, serial number BTAF782 |
| | | Glock 17 9mm, serial number BTBM124 |
| | | Glock 19 9mm, serial number AFHH040 |
| 5/27/2021 | Bills Circle Pines | Girsan Regard MC 9mm, serial number T6368-20A18050 |
| | | Springfield XD-9 9mm, serial number BA307871 |
| 5/28/2021 | Sportsman's Guide | Glock 30s 45, serial number BSMK362 |
| | | Glock 27 40, serial number BTAB035 |
| | | Glock 30 45, serial number BRZM708 |
| 5/29/2021 | DK MAGS | Glock 19 9mm, serial number AFNV693 |
| 5/30/2021 | Bills Circle Pines | APF AR-15 5.56 NATO, serial number AM002879 |
| | | Ruger Security 9 9mm, serial number 38453958 |
| | | Taurus G2C 9mm, serial number 1C046481 |

11.     For each transaction completed at the different FFLs within the District of Minnesota, defendant **SARAH JEAN ELWOOD** filled out, dated, and signed an ATF Form 4473, certifying that all the information she provided is "true, correct, and complete," including answering "yes" to Question 21.a., certifying that she was the "actual transferee/buyer" of the firearm(s) purchased, when in fact she was purchasing the firearm(s) for others, including defendant **GERYIELL LAMONT WALKER**, a/k/a "Man Man," as arranged by defendant **JEFFREY PAUL JACKSON**, a/k/a "Jay."

### COUNT 1
(Dealing in Firearms Without a License)

12.     Paragraphs 1 through 11 are re-alleged as if set forth herein.

13.     From at least in or about May 2020, and continuing through on or about May 2021, in the State and District of Minnesota, the defendants,

**SARAH JEAN ELWOOD**, and

7

**JEFFREY PAUL JACKSON**, a/k/a "Jay,"

aiding and abetting, and being aided and abetted by, each other, did willfully engage in the

business of dealing in firearms without a license, by devoting time, attention, and labor to

dealing in firearms as a regular course of trade and business with the principal objective of

livelihood and profit through the repetitive purchase and resale of firearms; all in violation

of Title 18, United States Code, Sections 2, 922(a)(1)(A) and 924(a)(1)(D).

### COUNT 2
(Conspiracy to Make False Statements During Purchase of Firearms)

14.     Paragraphs 1 through 11 are re-alleged as if set forth herein.

15.     From at least in or about May 2020, and continuing through on or about May

2021, in the State and District of Minnesota, the defendants,

**SARAH JEAN ELWOOD,**
**JEFFREY PAUL JACKSON,** a/k/a "Jay,"
and
**GERYIELL LAMONT WALKER,** a/k/a "Man Man,"

knowingly and intentionally conspired with each other and with others, in connection with

the acquisition of firearms from licensed dealers of firearms, to knowingly make false and

fictitious oral and written statements, intended and likely to deceive such licensed dealers

as to any fact material to the lawfulness of the sale of such firearms under the provisions

of Chapter 44 of the United States Code, in violation of Title 18, United States Code,

Section 922(a)(6).

### OVERT ACTS

During and in furtherance of the conspiracy, the defendants committed the

following overt acts, among others:

8

United States v. Sarah Jean Elwood, et al.

16.      On or about May 28, 2021, defendant **SARAH JEAN ELWOOD** purchased a Glock 30 45-caliber semiautomatic pistol, bearing serial number BRZM708, from Sportsman's Guide, an FFL in South Saint Paul, Minnesota. **ELWOOD** filled out, signed, and dated an ATF Form 4473, certifying that she was the actual transferee/buyer of the firearm, when in fact she was purchasing the firearm on behalf of another person.

17.      On or about May 30, 2021, defendants **SARAH JEAN ELWOOD**, **JEFFREY PAUL JACKSON**, a/k/a "Jay," and **GERYIELL LAMONT WALKER**, a/k/a "Man Man," and others, traveled together in **ELWOOD**'s vehicle to Bills Gun Shop and Range, an FFL in Circle Pines, Anoka County, Minnesota, to purchase firearms, including a firearm for **WALKER**. **WALKER** was in possession of the Glock 30 45-caliber semiautomatic pistol, bearing serial number BRZM708, that **ELWOOD** had purchased approximately two days before, and **WALKER** had approximately $620 cash on his person.

18.      After arriving at the FFL on May 30, 2021, defendant **GERYIELL LAMONT WALKER**, a/k/a "Man Man," and another individual entered the FFL and looked at and handled various firearms and accessories within the store. After approximately 15 minutes, **WALKER** and the other individual exited the FFL without making any purchases and re-entered **ELWOOD**'s vehicle.

19.      Defendant **SARAH JEAN ELWOOD** then exited her vehicle and entered the FFL and purchased three firearms, including an APF AR-15 5.56 NATO semiautomatic pistol, bearing serial number AM002879, a Ruger Security 9 9mm semiautomatic pistol, bearing serial number 38453958, and a Taurus G2C 9mm semiautomatic pistol, bearing

9

United States v. Sarah Jean Elwood, et al.

serial number 1C046481, three boxes of .223-caliber ammunition, and a 100-round AR-15 high-capacity magazine, for $1,769.60 cash, and exited the FFL. As part of the purchase transaction, **ELWOOD** filled out, signed, and dated an ATF Form 4473, certifying that she was the actual transferee/buyer of the firearms and ammunition, when in fact she was purchasing the firearms and ammunition for **WALKER** and others, as arranged by **JACKSON**.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 3 - 5
(Making False Statements During Purchase of Firearms)

20.     Paragraphs 1 through 11 are re-alleged as if set forth herein.

21.     On or about the dates alleged below, the defendants,

**SARAH JEAN ELWOOD,**
**JEFFREY PAUL JACKSON**, a/k/a "Jay,"
and
**GERYIELL LAMONT WALKER**, a/k/a "Man Man,"

each aiding and abetting, and being aided and abetted by, one another, in connection with the acquisition of firearms from a licensed dealer, knowingly made false and fictitious oral and written statements intended and likely to deceive such licensed dealers as to any fact material to the lawfulness of the sale of such firearms under the provisions of Chapter 44 of Title 18 of the United States Code:

| Count | On or About Date | Firearm(s) |
|-------|-------------------|------------|
| 3 | May 28, 2021 | (1) Glock 30s 45-caliber semiautomatic pistol, bearing serial number BSMK362<br>(2) Glock 27 40-caliber semiautomatic pistol, bearing serial number BTAB035 |

United States v. Sarah Jean Elwood, et al.

| Count | On or About Date | Firearm(s) |
|-------|------------------|------------|
|       |                  | (3) Glock 30 45-caliber semiautomatic pistol, serial number BRZM708 |
| 4     | May 29, 2021     | (1) Glock 19 9mm-caliber semiautomatic pistol, bearing serial number AFNV693 |
| 5     | May 30, 2021     | (1) APF AR-15 5.56 NATO caliber semiautomatic pistol, bearing serial number AM002879<br>(2) Ruger Security 9 9mm-caliber semiautomatic pistol, bearing serial number 38453958<br>(3) Taurus G2C 9mm-caliber semiautomatic pistol, bearing serial number 1C046481 |

All in violation of Title 18, United States Code, Sections 2, 922(a)(6) and 924(a)(2).

## FORFEITURE ALLEGATIONS

If convicted of any Count of this Indictment, the defendants,

**SARAH JEAN ELWOOD,**
**JEFFREY PAUL JACKSON,** a/k/a "Jay,"
and
**GERYIELL LAMONT WALKER,** a/k/a "Man Man,"

shall forfeit to the United States any firearms, ammunition, magazines, and accessories, involved in or used in connection with each such violation including, but not limited to: (1) FMK 9C1 G2 9mm, bearing serial number BTT0628, (2) Ruger LCP 380 Auto, bearing serial number 372294242, (3) Bersa Thunder 380 380 ACP, bearing serial number K05664, (4) Springfield XD9 9mm, bearing serial number AT204930, (5) Walther Arms PPS 9mm, bearing serial number AX9584, (6) Smith & Wesson M&P 15-22 22, bearing serial number DFS1108, (7) Century Arms TP9SF 9mm, bearing serial number 20BH09180, (8) Smith & Wesson Bodyguard 380 Auto, bearing serial number KFU9590, (9) Beretta Nano 9mm,

bearing serial number NU164741, (10) Beretta Nano 9mm, bearing serial number NU164738, (11) Smith & Wesson Bodyguard 380 Auto, bearing serial number KHN5379, (12) Taurus G2C 9mm, bearing serial number ABD463393, (13) Smith & Wesson M&P 9 Shield 9mm, bearing serial number JFC3902, (14) Taurus G3C 9mm, bearing serial number ABG711104, (15) SCCY CPX-2 9mm, bearing serial number 951556, (16) Bersa BP9CC 9mm, bearing serial number K23044, (17) Sarsilmaz B6 9mm, bearing serial number T1102-17E13963, (18) Springfield XD Defender 9mm, bearing serial number BY475673, (19) Taurus Spectrum 380 Auto, bearing serial number 1F033220, (20) Taurus PT111G2A 9mm, bearing serial number ABH838724, (21) Glock 43X 9mm, bearing serial number BPEN020, (22) Taurus Spectrum 380 ACP, bearing serial number 1F024926, (23) Taurus Spectrum 380 Auto, bearing serial number 1F033065, (24) SCCY CPX-2 9mm, bearing serial number 126399, (25) Springfield XDS 9mm, bearing serial number BA181757, (26) Walther Arms CCP 9mm, bearing serial number WK189441, (27) Glock 43 9mm, bearing serial number AFLC219, (28) Taurus G3C 9mm, bearing serial number ACB590615, (29) Springfield XDM Elite 9mm, bearing serial number BA228357, (30) Ruger LCP 380 Auto, bearing serial number 372431109, (31) Ruger Security 9 9mm, bearing serial number 384-29927, (32) Heckler & Koch VP9 Tactical 9mm, bearing serial number 224-316280, (33) Girsan MC28SAT 9mm, bearing serial number T6368-20AV12009, (34) FN 503 9mm, bearing serial number CV016628, (35) Glock 44 22, bearing serial number AFGC876, (36) Ruger EC9S 9mm, bearing serial number 459-15215, (37) Smith & Wesson M&P 9 Shield Plus 9mm, bearing serial number JFY6090, (38) FN Five-Seven 5.7x28, bearing serial number 386402164, (39) Glock 19 9mm,

12

United States v. Sarah Jean Elwood, et al.

bearing serial number BTNN877, (40) Ruger 5 7 5.7x28, bearing serial number 642-13405, (41) Glock 48 9mm, bearing serial number AFML592, (42) Glock 48 9mm, bearing serial number BSNU334, (43) Glock 41 45, bearing serial number AFLX128, (44) Glock 19 9mm, bearing serial number BTED415, (45) Glock 19 9mm, bearing serial number AFKM784, (46) Springfield Hellcat 9mm, bearing serial number BA241781, (47) Glock 19 9mm, bearing serial number AFMK782, (48) Taurus G2C 9mm, bearing serial number ACD780274, (49) Taurus G2C 9mm, bearing serial number ACD780224, (50) Glock 19 9mm, bearing serial number AFDP856, (51) Glock 26 9mm, bearing serial number AEZU085, (52) Glock 19 9mm, bearing serial number AFDP854, (53) Glock 22 .357 Sig, bearing serial number PTB537, (54) Glock 17 9mm, bearing serial number BTMG955, (55) Ruger 5 7 5.7x28, bearing serial number 642-12901, (56) Taurus G3 9mm, bearing serial number ACD781457, (57) Glock 26 9mm, bearing serial number AEXF244, (58) Glock 27 40, bearing serial number BTSS412, (59) Glock 23 40 S&W, bearing serial number BTHV443, (60) Glock 26 9mm, bearing serial number BSMB786, (61) SCCY CPX-2 9mm, bearing serial number C124715, (62) SCCY CPX-2 9mm, bearing serial number C124587, (63) Glock 19 9mm, bearing serial number BTCV605, (64) Glock 22 40 S&W, bearing serial number BTEN439, (65) Ruger EC9S 9mm, bearing serial number 459-19331, (66) Glock 44 22, bearing serial number AFHY163, (67) Glock 19 9mm, bearing serial number YBT114, (68) Glock 19 9mm, bearing serial number FMC403, (69) Smith & Wesson Shield 9 9mm, bearing serial number JMD3016, (70) Pioneer AK47 Hellpup 7.62x39mm, bearing serial number PAC1149857, (71) Glock 22 40 S&W, bearing serial number BTSF753, (72) Glock 44 22, bearing serial number AFFX088, (73) Glock

22 40 S&W, bearing serial number BTSF754, (74) Glock 43 9mm, bearing serial number ANFL774, (75) Ruger EC9S 9mm, bearing serial number 456-50360, (76) Ruger 5 7 5.7x28, bearing serial number 642-19475, (77) Smith & Wesson M&P Bodyguard 380 Auto, bearing serial number KCL9221, (78) Glock 17 9mm, bearing serial number BTAR800, (79) Glock 23 40 S&W, bearing serial number BTET747, (80) Glock 19 9mm, bearing serial number AFHH020, (81) Glock 19 9mm, bearing serial number BPPB175, (82) Glock 17 9mm, bearing serial number BTAR803, (83) Glock 43 9mm, bearing serial number AFGL788, (84) Glock 46 9mm, bearing serial number BTAF782, (85) Glock 17 9mm, bearing serial number BTBM124, (86) Glock 19 9mm, bearing serial number AFHH040, (87) Girsan Regard MC 9mm, bearing serial number T6368-20A18050, (88) Springfield XD-9 9mm, bearing serial number BA307871, (89) Glock 30s 45, bearing serial number BSMK362, (90) Glock 27 40, bearing serial number BTAB035, (91) Glock 30 45, bearing serial number BRZM708, (92) Glock 19 9mm, bearing serial number AFNV693, (93) APF AR-15 5.56 NATO, bearing serial number AM002879, (94) Ruger Security 9 9mm, bearing serial number 38453958, (95) Taurus G2C 9mm, bearing serial number 1C046481, (96) 3 boxes of .223-caliber ammunition, and (97) a 100-round high-capacity AR-15 magazine, all pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____          _____
ACTING UNITED STATES ATTORNEY            FOREPERSON

# EXHIBIT M

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-147(1) (ADM/TNL)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | PLEA AGREEMENT AND |
| v. | ) | SENTENCING STIPULATIONS |
| | ) | |
| SARAH JEAN ELWOOD, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America and the defendant, SARAH JEAN ELWOOD, agree to resolve this case on the following terms and conditions. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota; it does not bind any other United States Attorney's Office or any other federal or state agency.

1.  **Charges**. The defendant agrees to plead guilty to Count 5 of the Indictment, and to admit to the relevant offense conduct alleged in Count 2. In exchange, the United States agrees to move to dismiss Counts 1, 2, 3, and 4, as they pertain to the defendant, at the time of sentencing. Count 5 charges the defendant with making false statements during the purchase of firearms, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

2.  **Factual Basis**. The defendant agrees to the following facts and further agrees that, were this case to go to trial, the United States would prove the following facts beyond a reasonable doubt:

   a.   From approximately May 2020 through May 2021, the defendant conspired with her co-defendants and others to buy dozens of firearms from federally licensed firearms dealers, while knowingly making false and fictitious oral and written statements that were intended or likely to deceive those dealers regarding a fact material to the lawfulness of the sales. Specifically, the defendant

Page 1 of 12

and others, including her co-defendants, agreed to a scheme through which she would purchase multiple firearms on behalf of others who would provide the funds to buy the guns plus an additional $100 fee for each gun she purchased. In purchasing the firearms, the defendant would knowingly misrepresent to the dealer both orally and in writing that she was the actual purchaser, when in fact she and her co-defendants knew that others were the actual purchasers of the firearms, as arranged by the defendant and her co-defendants. The defendant and her co-defendants straw purchased approximately 97 firearms in total (as listed in Paragraph 9 below), in over 60 transactions, through this agreed-upon arrangement, including about 62 firearms during May 2021 alone.

b.      As part of the scheme, on or about May 30, 2021, the defendant and others, including her co-defendants, made arrangements to meet and purchase specific firearms from Bills Gun Shop and Range, a federally licensed firearms dealer within the meaning of United States Code, Title 18, Chapter 44, located in Circle Pines, Anoka County, Minnesota ("Bills"), in exchange for cash, including the $100 premium per firearm, and other items of value. The defendant and others, including her co-defendants, met and traveled together to Bills.

c.      When they arrived at Bills, co-defendant Walker and another person went into Bills and looked at and handled various firearms and accessories, including a high-capacity magazine, but did not make any purchases. Co-defendant Walker and the other person then again met with the defendant and co-defendant Jackson outside of Bills. The defendant then entered Bills and as arranged purchased three firearms, namely, an AR-15 semiautomatic pistol, a Ruger 9mm semiautomatic pistol, and a Taurus 9mm semiautomatic pistol, three boxes of ammunition, and a 100-round AR-15 high-capacity magazine. As part of the arrangement and scheme, the defendant filled out the necessary paperwork with the licensed dealer, including the ATF Form 4473, and falsely certified that she was the actual purchaser, when co-defendant Walker and others were in fact the actual purchasers of the firearms and accessories, as arranged by co-defendant Jackson.

d.      During a recorded, post-Miranda statement, the defendant admitted that she and co-defendant Jackson had been regularly purchasing firearms for a few months (on an almost daily basis), and had been regularly selling them to others, including co-defendant Walker, for a profit of $100 per firearm. She said that some of the buyers would give her and co-defendant Jackson money up front for the firearms purchases.

e.      The defendant stated that she and co-defendant Jackson had known co-defendant Walker for about two months. She admitted that co-defendant Jackson coordinated almost all the meets and sales of the firearms through co-defendant Walker. She explained that because she had a permit to purchase, she made the purchases, and co-defendant Jackson set up the deals.

f. The defendant stated that co-defendant Walker was her primary customer, having purchased at least 40 to 45 firearms from her and co-defendant Jackson over the last couple of months. She stated that co-defendant Walker would always pay cash for the firearms and that co-defendant Walker told her that he was selling the firearms to other people, but she did not know who. The defendant admitted that she saw co-defendant Walker taking orders over the phone for specific firearms.

g. The defendant admitted that as part of the usual routine, after co-defendant Jackson made arrangements with co-defendant Walker, they would make the purchases and either put the firearms in the trunk or hold onto them immediately after the purchase. Co-defendant Walker would then direct her and co-defendant Jackson where to drive, and on the drive over, co-defendant Walker would pay for the firearms, including the $100 fee for each firearm. The defendant and co-defendant Jackson usually would then drop off co-defendant Walker at the same intersection they had picked him up.

h. The defendant explained that based on the arrangement for the afternoon of May 30, co-defendant Walker was going to purchase the Ruger for $500, and the other person was going to purchase the other two firearms for $1,000. When they arrived at Bill's gun shop, co-defendant Walker and the other person went in the store first to select the firearms they wanted and then exited the store. The defendant then entered the store and purchased the firearms, ammunition, and accessories, falsely averring both orally and in writing that she was the actual purchaser when in fact co-defendant Walker and others were the actual purchasers of the firearms, ammunition, and accessories.

i. The defendant admits and agrees that she acted voluntarily, that she knew she was not the actual lawful purchaser of the firearms, ammunition, and accessories, that she falsely represented both orally and in writing that she was the actual purchaser of the firearms, ammunition, and accessories, and that she knew the scheme of arranged straw purchases and sales of firearms for profit with her co-defendants violated the law.

3. **Waiver of Pretrial Motions**. The defendant understands and agrees that she has certain rights to file pretrial motions in this case. As part of this plea agreement, and based upon the concessions of the United States contained herein, the defendant knowingly, willingly and voluntarily agrees to give up the right to file any additional pretrial motions and to withdraw any pretrial motions she may have already filed.

4.      **Statutory Penalties**.  The parties agree that Count 5 carries the following statutory penalties.

> a.  a maximum term of 10 years' imprisonment, a Class C felony. (18 U.S.C. §§ 922(a)(6), 924(a)(2), and 3559(a)(3));
>
> b.  a supervised-release term of not more than 3 years. (18 U.S.C. §§ 3559(a)(3) and 3583(b)(2));
>
> c.  a fine of up to $250,000. (18 U.S.C. §§ 924(a)(2) and 3571(b)(3)); and
>
> d.  a mandatory special assessment of $100.  (18 U.S.C. § 3013(a)(2)(A)).

5.      **Guidelines Calculations**.  The parties acknowledge the defendant will be sentenced in accordance with Title 18, Chapter 227 (18 U.S.C. §§ 3551 – 3586) and with reference to the advisory United States Sentencing Guidelines.   The parties also acknowledge the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following Guidelines calculations.  Notwithstanding the following stipulations, nothing in this plea agreement prevents the parties from bringing to the attention of the Court and the Probation Office all information in their possession regarding the offense(s), including relevant conduct, and the defendant's background.

> a.      **Base Offense Level**. The parties agree that because the offense involved a semiautomatic firearm capable of accepting a large capacity magazine, and the defendant was a prohibited person at the time of the offense, the base offense level is 20.  USSG § 2K2.1(a)(4)(B).
>
> b.      **Specific Offense Characteristics**. The parties agree that because the offense involved between 25 and 99 firearms, the base offense level is increased by 6 levels.  USSG § 2K2.1(b)(1)(C).  The parties further agree that because the defendant engaged in the trafficking of firearms, the base offense level is further increased by 4 levels.  USSG § 2K2.1(b)(5).  The

parties agree that no other specific offense characteristics or adjustments apply in this case.

c.     **Chapter Three Adjustments**.  The parties agree that, other than as provided for in paragraph d. below for acceptance of responsibility, no other Chapter Three adjustments apply.

d.     **Acceptance of Responsibility**.  The parties agree that if and only if the defendant:  (1) provides full, complete and truthful disclosures to the United States Probation and Pretrial Service Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully during the change-of-plea and sentencing hearings; (3) complies with this agreement; and (4) undertakes no act inconsistent with acceptance of responsibility before the time of sentencing, the United States will recommend that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a), and will move for an additional one-level reduction under § 3E1.1(b).  The defendant understands that any reduction for acceptance of responsibility shall be determined by the Court in its discretion.

After applying all adjustments, the parties agree that the total adjusted offense level is 27 (20+6+4-3).

e.     **Criminal History Category**.  Based on the facts and circumstances known to the parties, the parties believe that the defendant's criminal history category is I.  This is not a stipulation, but rather a belief based on an assessment of the information currently known to the parties.  The parties agree that the defendant's actual criminal history will be determined by the Court based on the information presented in the Presentence Report and by the arguments made by the parties at the time of sentencing.

f.     **Guidelines Range**.  If the total adjusted offense level is 27, and the criminal history category is I, then the advisory Guidelines range is 70 to 87 months' imprisonment.

The parties acknowledge and agree that if the defendant's total offense level or criminal history category is different than that listed above, the defendant's advisory Guidelines range will be lower or higher than that listed above, and either such circumstance will not provide either party with a basis to withdraw from this plea agreement.

g.    **Fine Range**. If the total adjusted offense level is 27, the applicable fine range is $25,000 to $250,000. USSG §§ 5E1.2(c)(3); 21 U.S.C. § 841(b)(1)(A).

h.    **Special Assessments**. The Guidelines require payment of a special assessment in the amount of $100.00 for each count of conviction, for a total of $100.00. USSG § 5E1.3. The defendant understands and agrees that this special assessment is due and payable at sentencing.

i.    **Supervised Release**. The Guidelines require a term of supervised release of at least 1 year but not more than 3 years. USSG § 5D1.2(a)(2); 18 U.S.C. § 3583(b)(2).

6.    **Discretion of the Court**. The foregoing stipulations bind the parties but not the Court. The parties understand the Sentencing Guidelines are advisory and their application is a matter falling solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines' factors and the defendant's criminal history category. The Court may also depart from the applicable Guidelines. If the Court determines the applicable Guidelines calculations or the defendant's criminal history category are different from that stated above, neither party may withdraw from this agreement on that basis, and the defendant will be sentenced pursuant to the Court's determinations.

7.    **Sentencing Recommendation and Departures**. The parties reserve the right to make departure motions and to oppose any such motions made by the opposing party. The parties also reserve the right to argue for a sentence outside the applicable Guidelines range.

8.    **Revocation of Supervised Release**. The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the

Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* USSG §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9. **Forfeitures**. The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearm or ammunition involved in the offense conduct described in Count 2 including, but not limited to, the following firearms and associated accessories and ammunition: (1) FMK 9C1 G2 9mm, bearing serial number BTT0628, (2) Ruger LCP 380 Auto, bearing serial number 372294242, (3) Bersa Thunder 380 380 ACP, bearing serial number K05664, (4) Springfield XD9 9mm, bearing serial number AT204930, (5) Walther Arms PPS 9mm, bearing serial number AX9584, (6) Smith & Wesson M&P 15-22 22, bearing serial number DFS1108, (7) Century Arms TP9SF 9mm, bearing serial number 20BH09180, (8) Smith & Wesson Bodyguard 380 Auto, bearing serial number KFU9590, (9) Beretta Nano 9mm, bearing serial number NU164741, (10) Beretta Nano 9mm, bearing serial number NU164738, (11) Smith & Wesson Bodyguard 380 Auto, bearing serial number KHN5379, (12) Taurus G2C 9mm, bearing serial number ABD463393, (13) Smith & Wesson M&P 9 Shield 9mm, bearing serial number JFC3902, (14) Taurus G3C 9mm, bearing serial number ABG711104, (15) SCCY CPX-2 9mm, bearing serial number 951556, (16) Bersa BP9CC 9mm, bearing serial number K23044, (17) Sarsilmaz B6 9mm, bearing serial number

T1102-17E13963, (18) Springfield XD Defender 9mm, bearing serial number BY475673, (19) Taurus Spectrum 380 Auto, bearing serial number 1F033220, (20) Taurus PT111G2A 9mm, bearing serial number ABH838724, (21) Glock 43X 9mm, bearing serial number BPEN020, (22) Taurus Spectrum 380 ACP, bearing serial number 1F024926, (23) Taurus Spectrum 380 Auto, bearing serial number 1F033065, (24) SCCY CPX-2 9mm, bearing serial number 126399, (25) Springfield XDS 9mm, bearing serial number BA181757, (26) Walther Arms CCP 9mm, bearing serial number WK189441, (27) Glock 43 9mm, bearing serial number AFLC219, (28) Taurus G3C 9mm, bearing serial number ACB590615, (29) Springfield XDM Elite 9mm, bearing serial number BA228357, (30) Ruger LCP 380 Auto, bearing serial number 372431109, (31) Ruger Security 9 9mm, bearing serial number 384-29927, (32) Heckler & Koch VP9 Tactical 9mm, bearing serial number 224-316280, (33) Girsan MC28SAT 9mm, bearing serial number T6368-20AV12009, (34) FN 503 9mm, bearing serial number CV016628, (35) Glock 44 22, bearing serial number AFGC876, (36) Ruger EC9S 9mm, bearing serial number 459-15215, (37) Smith & Wesson M&P 9 Shield Plus 9mm, bearing serial number JFY6090, (38) FN Five-Seven 5.7x28, bearing serial number 386402164, (39) Glock 19 9mm, bearing serial number BTNN877, (40) Ruger 5 7 5.7x28, bearing serial number 642-13405, (41) Glock 48 9mm, bearing serial number AFML592, (42) Glock 48 9mm, bearing serial number BSNU334, (43) Glock 41 45, bearing serial number AFLX128, (44) Glock 19 9mm, bearing serial number BTED415, (45) Glock 19 9mm, bearing serial number AFKM784, (46) Springfield Hellcat 9mm, bearing serial number BA241781, (47) Glock 19 9mm, bearing serial number AFMK782, (48) Taurus G2C 9mm, bearing serial number ACD780274, (49) Taurus G2C

9mm, bearing serial number ACD780224, (50) Glock 19 9mm, bearing serial number AFDP856, (51) Glock 26 9mm, bearing serial number AEZU085, (52) Glock 19 9mm, bearing serial number AFDP854, (53) Glock 22 .357 Sig, bearing serial number PTB537, (54) Glock 17 9mm, bearing serial number BTMG955, (55) Ruger 5 7 5.7x28, bearing serial number 642-12901, (56) Taurus G3 9mm, bearing serial number ACD781457, (57) Glock 26 9mm, bearing serial number AEXF244, (58) Glock 27 40, bearing serial number BTSS412, (59) Glock 23 40 S&W, bearing serial number BTHV443, (60) Glock 26 9mm, bearing serial number BSMB786, (61) SCCY CPX-2 9mm, bearing serial number C124715, (62) SCCY CPX-2 9mm, bearing serial number C124587, (63) Glock 19 9mm, bearing serial number BTCV605, (64) Glock 22 40 S&W, bearing serial number BTEN439, (65) Ruger EC9S 9mm, bearing serial number 459-19331, (66) Glock 44 22, bearing serial number AFHY163, (67) Glock 19 9mm, bearing serial number YBT114, (68) Glock 19 9mm, bearing serial number FMC403, (69) Smith & Wesson Shield 9 9mm, bearing serial number JMD3016, (70) Pioneer AK47 Hellpup 7.62x39mm, bearing serial number PAC1149857, (71) Glock 22 40 S&W, bearing serial number BTSF753, (72) Glock 44 22, bearing serial number AFFX088, (73) Glock 22 40 S&W, bearing serial number BTSF754, (74) Glock 43 9mm, bearing serial number ANFL774, (75) Ruger EC9S 9mm, bearing serial number 456-50360, (76) Ruger 5 7 5.7x28, bearing serial number 642-19475, (77) Smith & Wesson M&P Bodyguard 380 Auto, bearing serial number KCL9221, (78) Glock 17 9mm, bearing serial number BTAR800, (79) Glock 23 40 S&W, bearing serial number BTET747, (80) Glock 19 9mm, bearing serial number AFHH020, (81) Glock 19 9mm, bearing serial number BPPB175, (82) Glock 17 9mm, bearing serial number

BTAR803, (83) Glock 43 9mm, bearing serial number AFGL788, (84) Glock 46 9mm, bearing serial number BTAF782, (85) Glock 17 9mm, bearing serial number BTBM124, (86) Glock 19 9mm, bearing serial number AFHH040, (87) Girsan Regard MC 9mm, bearing serial number T6368-20A18050, (88) Springfield XD-9 9mm, bearing serial number BA307871, (89) Glock 30s 45, bearing serial number BSMK362, (90) Glock 27 40, bearing serial number BTAB035, (91) Glock 30 45, bearing serial number BRZM708, (92) Glock 19 9mm, bearing serial number AFNV693, (93) APF AR-15 5.56 NATO, bearing serial number AM002879, (94) Ruger Security 9 9mm, bearing serial number 38453958, (95) Taurus G2C 9mm, bearing serial number 1C046481, (96) 3 boxes of .223-caliber ammunition, (97) a 100-round high-capacity AR-15 magazine, (98) Glock 26 9mm, bearing serial number BTEX477, and (99) Glock 43 9mm, bearing serial number AFRF437.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of the firearms, ammunition, and associated accessories. The defendant agrees that the firearms, ammunition, and related accessories are subject to forfeiture because they were involved in knowing violations of federal law.

10. **Waiver of Freedom of Information Act and Privacy Act**. In exchange for the concessions of the United States made herein, the defendant agrees to waive all rights to obtain, directly or through others, information about the investigation and prosecution

of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C.
§§ 552, 552A.

11.     **Waiver of Appeal and Postconviction Petition**.  The parties are expressly
aware that Title 18, United States Code, Section 3742, affords them the right to appeal the
sentence imposed in this case.   Acknowledging this right, and in exchange for the
concessions made as part of this agreement, the parties hereby waive all rights conferred
by Title 18, United States Code, Section 3742, to appeal the sentence imposed or the basis
of conviction on any ground, <u>except</u> the defendant may appeal the sentence imposed if it
is greater than 87 months, and the United States may appeal the sentence imposed if it is
less than 70 months.   The defendant also understands her rights to file a collateral
postconviction civil petition contesting the legality of her conviction or sentence and,
except for a claim of ineffective assistance of counsel, the defendant knowingly and
voluntarily waives all rights to contest the defendant's conviction or sentence in any
collateral postconviction civil proceeding, including one pursuant to Title 28, United States
Code, Section 2255. The defendant has discussed these rights with the defendant's counsel
and understands the rights being waived.

12. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant.

Dated: _DECEMBER 28, 2021_          CHARLES J. KOVATS, JR.
                                     Acting United States Attorney

                                     _____
                                     BY: BENJAMIN BEJAR
                                     Assistant United States Attorney

Dated: _12-28-21_____          _____
                                     SARAH JEAN ELWOOD
                                     Defendant

Dated: _____          _____
                                     PATRICK G. LEACH, ESQ.
                                     Attorney for Defendant

# EXHIBIT N

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| State of Minnesota by its Attorney General, Keith Ellison, <br><br> Plaintiff, <br><br> v. <br><br> Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC, <br><br> Defendants. | Case No.: 0:22-cv-02694-JRT-JFD <br><br> **STATE OF MINNESOTA'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff State of Minnesota by its Attorney General, Keith Ellison ("State" or "Plaintiff"), hereby responds and objects to the First Set of Requests for Production of Documents to Plaintiff from Defendants Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC (together, "Fleet Farm" or "Defendants") dated November 2, 2023 (the "Requests" and each, a "Request") as follows:

### GENERAL OBJECTIONS

1.     The State objects to Defendants' definitions and requests to the extent that they attempt to seek information from state agencies, which are outside of the possession, custody, or control of the State. The Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or on behalf of other entities, including state agencies. The scope of the State's answers will be limited to information within the possession, custody, or control of the State. The appropriate mechanism for seeking discovery from any non-party agencies is by way of subpoena.

2.      The State has not completed its fact investigation, formal discovery, or trial preparation in this action. The State's responses are based on information currently known or available after a reasonable inquiry. In addition, to date, Defendants have not completed production of responsive documents to the State's pending discovery requests. The State's responses are, therefore, based only on information currently known or available to it after a reasonable inquiry. The State reserves the right to amend and supplement its responses upon further investigation, discovery, and trial preparation.

3.      Defendant's discovery requests may seek data classified as not public, private, protected nonpublic, or confidential under the Minnesota Government Data Practices Act, Minn. Stat. § 13.01 *et seq*. ("MGDPA"). Pursuant to the Protective Order entered by the Court on August 21, 2023 (ECF Doc. 49), the State may produce and designate certain not public data as confidential. The State, however, reserves the right to oppose discovery or release of not public data where it is not discoverable or poses unique confidentiality concerns necessitating further adjudication pursuant to section 13.03, subdivision 6 of the MGDPA.

4.      The State objects generally to Shipt's discovery requests to the extent that they purport to impose burdens, duties, or obligations greater than or contrary to those established by the Federal Rules of Civil Procedure and under the Pretrial Scheduling Order (ECF Doc. 41), Protective Order, or ESI Protocol (ECF Doc. 53).

5.      The State objects generally to these requests to the extent that they purport to require production of documents or disclosure of information protected from discovery as trial-preparation materials, by the work product doctrine, or by any applicable privilege,

including but not limited to attorney-client privilege, deliberative process privilege, investigative files and law enforcement privilege, the common interest doctrine, the public officer privilege (Minn. Stat. § 595.02, subd. 1(e)), or any other applicable privilege.

6.      The State objects generally to these requests to the extent they seek information outside of the AGO's possession, custody, or control, and to the extent that they seek information from documents in the possession, custody, or control of Defendants, including documents the State has sought from Defendants in discovery. The State objects to these requests to the extent they seek information about any person's communications or dealings with Defendants to the extent that Defendants have access to this information.

7.      The State objects to these discovery requests to the extent that they are not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the proposed discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

8.      The State objects generally to these requests to the extent they are vague, ambiguous, cumulative, duplicative, overly broad, or unduly burdensome.

9.      Upon further investigation, discovery and trial preparation, the State reserves the right to alter, revise, amend, correct, clarify or supplement its answers. The State also reserves all questions as to competency, relevancy, materiality, privilege, scope, and admissibility as evidence for any purpose of the information sought by Defendants.

10.     The general objections set forth above, and the objections to specific requests set forth below, are made as to matters that are clearly objectionable from the face of each

request for production of documents. These objections are made without prejudice to, or waiver of, the State's right to object on all appropriate grounds to specific requests. Additionally, the State does not waive any of its general or particular objections in the event it may furnish materials or information coming within the scope of any such objections. The State incorporates these general objections into each response below.

## SPECIFIC RESPONSES

**DOCUMENT REQUEST NO. 1:**

All documents relating to the allegations, claims, and requested relief set forth in the Complaint, or relating to other firearm sales or transactions that Plaintiff is relying on to support its allegations, claims, or requested relief, but which are not expressly referenced in the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

The State objects to this request to the extent it seeks information that is not within the AGO's possession, custody, or control and is within the possession, custody, or control of Defendants. The State served requests for production of documents on Defendants on July 20, 2023, and continues to wait for Defendants to produce responsive documents. The State further objects to this request because requesting that the State produce "all documents" related to the Complaint or "other firearm sales or transactions that Plaintiff is relying on to support its allegations, claims, or requested relief" is vague, overly broad, and unduly burdensome. The State also objects to this request to the extent that it seeks privileged documents, including trial-preparation material, work product, or documents protected under the attorney-client privilege.

4

Subject to and without waiving the foregoing objections and general objections, the State has already provided documents responsive to this request in the State's initial disclosure document production. The State will produce additional responsive, non-privileged documents in its possession, custody, or control by December 20, 2023.

**DOCUMENT REQUEST NO. 2:**

All communications between Plaintiff and any law enforcement agency or body, including but not limited to ATF, FBI, NICS, and BCA, regarding the allegations, claims, and requested relief set forth in the Complaint, or regarding other firearm sales or transactions that Plaintiff is relying on to support its allegations, claims, or requested relief, but which are not expressly referenced in the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

The State objects to this request because asking the State to produce "[a]ll communications" with "any law enforcement agency or body" related to the Complaint or "other firearm sales or transactions that Plaintiff is relying on to support its allegations, claims, or requested relief" is vague, overly broad, and unduly burdensome.

Subject to and without waiving the foregoing objections and general objections, the State will produce responsive, non-privileged documents in its possession, custody, or control by December 20, 2023.

**DOCUMENT REQUEST NO. 3:**

All communications between Plaintiff and any third party—including, but not limited to, any state, local, or federal government entity—regarding the allegations, claims, and requested relief set forth in the Complaint, or regarding other firearm sales or transactions that Plaintiff is relying on to support its allegations, claims, or requested relief, but which are not expressly referenced in the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

The State objects to this request because asking the State to produce "[a]ll communications" with "any third party" related to the Complaint or "other firearm sales or transactions that Plaintiff is relying on to support its allegations, claims, or requested relief" is vague, overly broad, and unduly burdensome. The State objects to this request to the extent it seeks privileged documents protected by the common interest privilege, work product, attorney-client privilege, or the investigative files and law enforcement privilege. The State further objects that this request is duplicative of Document Request No. 2.

Subject to and without waiving the foregoing objections and general objections, the State has already provided documents responsive to this request in the State's initial disclosure document production. The State will produce additional responsive, non-privileged documents in its possession, custody, or control by December 20, 2023. The State is withholding privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 4:**

All communications between Plaintiff and any law enforcement agency or body, including but not limited to ATF, FBI, NICS, BCA, or any third party, relating to completed or attempted firearm transactions at Fleet Farm stores.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

The State objects to this request as irrelevant to the extent that it requests communications that are not related to the allegations, claims, and requested relief set forth in the Complaint, or related to other firearm sales or transactions that the State is relying on to support its allegations, claims, or requested relief. Defendants have already requested

otherwise relevant responsive communications in Document Request Nos. 2 and 3, so the State objects to this request as wholly duplicative of Document Request Nos. 2 and 3.

The State further objects to this request because asking the State to produce "[a]ll communications" with "any law enforcement agency or body" or "any third party" related to firearm transactions in general at Fleet Farm stores is vague, overly broad, and unduly burdensome. The State objects to this request to the extent it seeks privileged documents protected by the common interest privilege, work product, attorney-client privilege, or the investigative files and law enforcement privilege.

Subject to and without waiving the foregoing objections and general objections, the State directs Defendants to its documents produced in response to Document Request Nos. 2 and 3. The State is withholding additional documents beyond the scope of those requests as irrelevant or privileged.

**DOCUMENT REQUEST NO. 5:**

All documents relating to ATF Forms 3310.4 or 4473 for any completed or attempted purchase or sale of a firearm alleged in the Complaint or other actual, attempted, or suspected straw purchases that Plaintiff is relying on to support its allegations, claims, or requested relief.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

The State objects to this request to the extent it seeks information that is not within the AGO's possession, custody, or control and is within the possession, custody, or control of Defendants. The State served requests for production of documents on Defendants on July 20, 2023, and continues to wait for Defendants to produce responsive documents.

Subject to and without waiving the foregoing objections and general objections, the State has already provided documents responsive to this request in the State's initial disclosure document production. The State will produce additional responsive, non-privileged documents in its possession, custody, or control, if any, by December 20, 2023.

**DOCUMENT REQUEST NO. 6:**

All documents relating to policies and procedures regarding the sale of firearms, straw purchaser awareness, detection, and/or prevention, compliance with state and federal firearms laws, or reporting suspicious behavior relating to completed or attempted firearm transactions to law enforcement.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

The State objects to this request to the extent it is unclear whose firearm "policies and procedures" are sought by Defendant, rendering the request vague, ambiguous, and irrelevant. The State objects to this request as overbroad to the extent it seeks "[a]ll documents" related to these "policies and procedures." The State objects to this request to the extent to the extent Defendants are referencing Fleet Farm policies and procedures, as such information is not within the AGO's possession, custody, or control and is within the possession, custody, or control of Defendants. The State served requests for production of documents on Defendants on July 20, 2023, and continues to wait for Defendants to produce responsive documents.

Subject to and without waiving the foregoing objections and general objections, the State will produce portions of the Office Manual of the Minnesota Attorney General and the AGO's Emergency Operations Plans that contain firearms-related policies or procedures of the AGO by December 20, 2023.

**DOCUMENT REQUEST NO. 7:**

All documents relating to any and all of your investigations of FFLs' firearm sales practices.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

The State objects to this request as irrelevant and subject to the investigative files and law enforcement privilege to the extent it seeks documents unrelated to the State's investigation of Defendants. The State objects to this request because seeking "all documents" related to "any and all" firearm sales practices investigations is vague, overly broad, and unduly burdensome. The State also objects to this request to the extent that it seeks privileged documents that are trial-preparation material, work product, or protected under the attorney-client privilege, or deliberative process privilege.

Subject to and without waiving the foregoing objections and general objections, the State has already provided documents responsive to this request in the State's initial disclosure document production. The State will produce additional responsive, non-privileged documents in its possession, custody, or control by December 20, 2023. The State is withholding additional documents as irrelevant or privileged.

**DOCUMENT REQUEST NO. 8:**

All documents relating to the harms and costs referenced in Paragraphs 109 and 110 of the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

The State objects to this request because seeking "all documents" related to Paragraphs 109 and 110 of the Complaint is vague, overly broad, and unduly burdensome. The State also objects to this request to the extent that it seeks privileged documents that

are trial-preparation material, work product, or protected under the attorney-client privilege.

Subject to and without waiving the foregoing objections and general objections, the State has already provided documents responsive to this request in the State's initial disclosure document production. The State will produce additional responsive, non-privileged documents in its possession, custody, or control, if any, by December 20, 2023.

**DOCUMENT REQUEST NO. 9:**

All documents relating to any and all damages or injunctive relief you seek or claim in this action.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

The State objects to this request because seeking "all documents" related to damages and injunctive relief is vague, overly broad, and unduly burdensome. The State also objects to this request to the extent that it seeks privileged documents that are trial-preparation material, work product, or protected under the attorney-client privilege. The State further objects to this request as duplicative of Document Request No. 8.

Subject to and without waiving the foregoing objections and general objections, the State has already provided documents responsive to this request in the State's initial disclosure document production. The State will produce additional responsive, non-privileged documents in its possession, custody, or control, if any, by December 20, 2023.

**DOCUMENT REQUEST NO. 10:**

All documents relating to efforts that you have taken or have considered taking—including, but not limited to, proposing, supporting, or drafting legislation—relating to the monitoring and/or regulation of commercial firearm transactions in the State of Minnesota.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

The State objects to this request as irrelevant to the extent it seeks documents unrelated to the allegations, claims, and relief sought in this matter. The State objects to this request as seeking documents protected by attorney-client privilege or the deliberative process privilege to the extent this request seeks documents related to "efforts" that the State "ha[s] considered taking" regarding monitoring or regulating commercial firearm transactions.

The State further objects to this request because seeking "all documents" related to "efforts" taken or considered regarding monitoring or regulating commercial firearm transactions, including legislative efforts, is vague, overly broad, and unduly burdensome.

Subject to and without waiving the foregoing objections and general objections, the State is withholding documents responsive to this request as irrelevant and/or privileged.

**DOCUMENT REQUEST NO. 11:**

All documents relating to straw purchases of firearms from any FFL in Minnesota other than Fleet Farm.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

The State objects to this request as wholly duplicative of Request No. 7. The State also objects to this request as irrelevant to the extent this request seeks documents concerning FFLs "other than Fleet Farm" that are unrelated to the State's investigation of Defendants. The State objects to this request because seeking "all documents" related to straw purchases from FFLs in Minnesota is vague, overly broad, and unduly burdensome. The State further objects to this request to the extent that it seeks privileged documents that

are trial-preparation material, work product, or protected under the attorney-client privilege, deliberative process privilege, or investigative files and law enforcement privilege.

Subject to and without waiving the foregoing objections and general objections, the State directs Defendants to its documents produced in response to Document Request No. 7. The State is withholding additional documents beyond the scope of that request as irrelevant and/or privileged.

**DOCUMENT REQUEST NO. 12:**

All documents relating to actual or suspected straw purchases of firearms from the following entities' Minnesota locations: Bill's Gun Shop & Range; DKMags Inc.; Capra's Sporting Goods; The Modern Sportsman; Metro Pawn and Gun; Realm Firearms; Sportsman's Guide; Frontiersman Sports. *See* Compl. ¶¶ 37, 53; *United States v. Horton*, Case No. 22-CR-00006, ECF Doc. 1-1 (D. Minn. Oct. 18, 2021); *United States v. Elwood*, Case No. 21-CR-00147, ECF Doc. 1-1 (D. Minn. June 1, 2021); *id.*, ECF Doc. 33 ¶ 10 (D. Minn. June 24, 2021).

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

The State objects to this request as wholly duplicative of Request Nos. 7 and 11. The State also objects to this request as irrelevant to the extent it seeks documents concerning non-Fleet Farm FFLs that are unrelated to the State's investigation of Defendants. The State objects to this request because seeking "all documents" related to straw purchases from the listed stores is vague, overly broad, and unduly burdensome. The State further objects to this request to the extent that it seeks privileged documents that are trial-preparation material, work product, privileged under the attorney-client privilege or deliberative process privilege, or subject to the investigative files and law enforcement privilege.

Subject to and without waiving the foregoing objections and general objections, the State directs Defendants to its documents produced in response to Document Request No. 7. The State is withholding additional documents beyond the scope of that request as irrelevant and/or privileged.

**DOCUMENT REQUEST NO. 13:**

All documents relating to any potential or actual civil investigative demand regarding the allegations, claims, and requested relief set forth in the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

The State objects to this request as vague and ambiguous as it is unclear whose "potential or actual civil investigative demand" is referenced in the request. To the extent the request is referencing a civil investigative demand by the Attorney General's Office, the State objects to this request as seeking documents protected as work product or privileged under attorney-client privilege, deliberative process privilege, and the investigative files and law enforcement privileges. The State also objects to the extent this request seeking "all documents" related to a potential or actual civil investigative demand as overly broad and unduly burdensome. The State also objects to this request as seeking irrelevant documents.

Subject to and without waiving the foregoing objections and general objections, the State possesses no responsive, non-privileged documents and is withholding documents on the basis of privilege.

**DOCUMENT REQUEST NO. 14:**

All documents, including recordings, writings, notes, or transcriptions, relating to any statements taken from any witnesses relating to the incidents described in Plaintiff's

Complaint, or any other incident relating to a straw purchase of firearms that Plaintiff is relying on to support its allegations, claims, or requested relief.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

The State also objects to the extent this request seeking "all documents" related to "any statements taken from any witnesses" as vague, overly broad and unduly burdensome. The State further objects to this request to the extent that it seeks privileged documents that are trial-preparation material, work product, or protected under the attorney-client privilege or deliberative process privilege. The State also objects to this request as duplicative of Request Nos. 3 and 4.

Subject to and without waiving the foregoing objections and general objections, the State currently possesses no responsive, non-privileged documents. Discovery is ongoing, and the State will supplement its response to this Request as required under the Federal Rules of Civil Procedure.

**DOCUMENT REQUEST NO. 15:**

All documents you have collected from any non-party—including, but not limited to, any state, local, or federal government entity—relating to the allegations, claims, or requested relief set forth in your Complaint, or relating to other firearm sales or transactions that Plaintiff is relying on to support its allegations, claims, or requested relief, but which are not expressly referenced in the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

The State further objects to this request because requesting that the State to produce "all documents you have collected from any non-party" related to the Complaint or "other firearm sales or transactions that Plaintiff is relying on to support its allegations, claims, or requested relief" is vague, overly broad, and unduly burdensome.  The State also objects

14

to this request to the extent that it seeks documents that are work product or privileged under the investigative files and law enforcement privilege or attorney-client privilege, and subject to a common interest. The State also objects to this request as wholly duplicative of Request No. 1.

Subject to and without waiving the foregoing objections and general objections, the State has already provided documents responsive to this request in the State's initial disclosure document production. The State will produce additional responsive, non-privileged documents in its possession, custody, or control by December 20, 2023. The State is withholding responsive documents on the basis of privilege.

Dated:  December 4, 2023

KEITH ELLISON
Attorney General
State of Minnesota

**/s/ Eric J. Maloney**
ERIC J. MALONEY (#0396326)
Assistant Attorney General
JAMES W. CANADAY (#030234X)
Deputy Attorney General
JASON T. PLEGGENKUHLE (#0391772)
Assistant Attorney General
KATHERINE A. MOERKE (#0312277)
Assistant Attorney General


445 Minnesota Street, Suite 1200
St. Paul, Minnesota 55101-2130
(651) 757-1021
eric.maloney@ag.state.mn.us
james.canaday@ag.state.mn.us
jason.pleggenkuhle@ag.state.mn.us
katherine.moerke@ag.state.mn.us
*Attorneys for State of Minnesota*

# EXHIBIT O

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Minnesota

| | | |
|---|---|---|
| State of MN, by its Attorney General, Keith Ellison | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  22-CV-02694-JRT-JFD |
| Fleet Farm LLC, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF")

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Exhibit A

| Place: Stinson LLP, 50 South Sixth Street, Suite 2600 Minneapolis, MN 55402 | Date and Time: 04/03/2024 5:30 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **3/1/24**

| | |
|---|---|
| *CLERK OF COURT* | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC _____ , who issues or requests this subpoena, are:
Andrew W. Davis, Stinson LLP, 50 South Sixth Street, Suite 2600, Minneapolis, MN 55402; andrew.davis@stinson.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# EXHIBIT A

## EXHIBIT A

Pursuant to the foregoing subpoena *duces tecum*, Defendants Fleet Farm LLC, Fleet

Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC (together, "Fleet Farm")

hereby request and demand the Bureau of Alcohol, Tobacco, Firearms and Explosives

("ATF") produce for inspection and copying the requested documents, electronically

stored information, and tangible things ("Requests") in accordance with the instructions

and definitions set forth herein and in the subpoena.

## DEFINITIONS

1.     "ATF" or "you" means the United States Bureau of Alcohol, Tobacco, Firearms and Explosives.

2.     "Complaint" means the complaint captioned *State of Minnesota by its Attorney General, Keith Ellison v. Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC*, a copy of which is attached at Exhibit B.

3.     "Demand Letter(s)" means the demand letter(s) issued by ATF through its National Tracing Center's Demand Letter Program.

4.     "Document" means all written, graphic, or recorded matter of any kind or description, however created or rendered, including, but not limited to, written communications, letters, correspondence, facsimiles, email, text messages, instant messages, social media posts, memoranda, minutes, notes, films, audio or video recordings of any type, transcripts, contracts, agreements, purchase or sales orders, memoranda of telephone conversations of personal conversations, diaries, desk calendars, interoffice communications, reports, studies, bills, receipts, checks, checkbooks, statements, and invoices.

5.     "FFL" means a business holding a federal firearms license from ATF.

6.     "Minnesota-based FFL(s)" means an FFL with a physical address in the State of Minnesota.

186666536

7.    "Minnesota-based Fleet Farm FFL(s)" means the following Fleet Farm retail stores:

| Store City | Store Street Address | FFL Number |
|---|---|---|
| Alexandria | 310 50th Avenue West | 3-41-041-01-4F-08857 |
| Baxter | 14114 Dellwood Drive | 3-41-035-01-3H-19223 |
| Blaine | 10250 Lexington Avenue | 3-41-003-01-6G-02607 |
| Brooklyn Park | 8400 Lakeland Avenue North | 3-41-053-01-4C-20315 |
| Cambridge | 2324 Third Avenue | 3-41-059-01-5H-04306 |
| Carver | 1935 Levi Griffin Road | 3-41-091-01-4E-03811 |
| Fergus Falls | 2002 West Lincoln Avenue | 3-41-111-01-4F-08858 |
| Hastings | 875 General Sieben Drive | 3-41-037-01-5H-06640 |
| Hermantown | 4165 Loberg Avenue | 3-41-137-01-5G-05118 |
| Lakeville | 17070 Kenrick Avenue | 3-41-037-01-6F-21947 |
| Mankato | 1850 Premier Drive | 3-41-013-01-4D-04758 |
| Monticello | 320 Chelsea Road | 3-41-171-01-6G-05380 |
| Oakdale | 5635 Hadley Avenue North | 3-41-163-01-4L-34573 |
| Owatonna | 2121 West Bridge Street | 3-41-147-01-5A-01147 |
| Rochester | 4891 Maine Avenue | 3-41-109-01-4A-16824 |
| Waite Park | 2630 Division Street | 3-41-145-01-4K-15235 |
| Winona | 920 East Highway 61 | 3-41-169-01-4F-22570 |

8.    "Policies" and "procedures" means all formal or informal rules, guidelines, guidance, advice, FAQs, scripts, handbooks, presentations, or training materials.

9.    "Relate," "related to," or "regarding" means referring, discussing, concerning, or pertaining in any way, directly or indirectly.

10.    "Trace Request(s)" means the firearm traces processed by ATF's National Tracing Center.

## INSTRUCTIONS

1.    All Documents subject to this subpoena *duces tecum* should be immediately preserved.

2.    Preface each answer and response with the Request to which it is addressed. If you are unable to fully answer or respond, submit as much information as is available, explain why your answer or response is incomplete, and state the source or sources from which a complete answer or response may be obtained.

186666536

3.      You are instructed to produce all non-privileged Documents responsive to the Requests that are within your possession, custody, or control, or in the possession, custody, or control of any other person acting or purporting to act on your behalf.

4.      As a third party receiving a subpoena in this Action, you are entitled to the protections of the Protective Order, *see* ECF Doc. 49, attached hereto as Exhibit C.

5.      Unless otherwise agreed to, all documents, communications, electronically stored information, and tangible things shall be produced in compliance with the Order Governing the Production of Electronically Stored Information, *see* ECF Doc. 53, attached hereto as Exhibit D.

6.      If you assert any objection to any Request, you must state the reason for your objection. If you object to any Request in whole or in part on the basis of any claimed privilege or protection, identify the statement, communication, or subject matter for which you claim privilege or protection and set forth the factual basis on which you base your privilege or protection claim.

7.      If any document or data compilation relating to the subject matter of these requests is or has been discarded, destroyed, or redacted in whole or in part, please state: (a) the date of the discard, destruction, or redaction; (b) the reason for the discard, destruction, or redaction; and (c) the person(s) who discarded, destroyed, or redacted the document or data compilation.

8.      If there are no Documents or Communications responsive to a particular Request, please state so in writing.

9.      You are under a continuing duty to supplement your responses if you learn that a response you made is in some material respect incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

10.      The relevant time period covered by these Requests is from October 5, 2016, through the present, unless otherwise specifically indicated.  If it is necessary to refer to a prior time to fully answer a Request, you should do so.

11.      Fleet Farm serves these Requests without prejudice to it right to serve additional subpoenas.

## DOCUMENTS AND TANGIBLE ITEMS REQUESTED

**REQUEST NO. 1.** Documents sufficient to show, on an annual basis between 2016 and 2023, the total number of Trace Requests sent by you to Minnesota-based Fleet Farm FFLs.

186666536

**REQUEST NO. 2.**  Documents sufficient to show, on an annual basis between 2016 and 2023, the aggregate number of Trace Requests sent by you to Minnesota-based FFLs.

**REQUEST NO. 3.**  Documents sufficient to show (a) the aggregate number of Demand Letters issued by you to Minnesota-based FFLs annually between 2016 and 2023, (b) the identities of those Minnesota-based FFLs, and (c) the type(s) of demand letter(s) received by those Minnesota-based FFLs.

**REQUEST NO. 4.**  Documents sufficient to identify, on an annual basis between 2016 and 2023, the total number of firearms you have both: (a) identified as being associated with criminal activity in Minnesota (including firearms used to commit violent crimes, firearms found at crime scenes, and firearms found in the possession of an ineligible person); and (b) traced to a straw purchase from a Minnesota-based FFL.

**REQUEST NO. 5.**  Documents sufficient to identify, on an annual basis between 2016 and 2023, the total volume of firearms sold by Minnesota-based FFLs, as well as the total volume of firearms sold by individual Minnesota-based FFLs, including as reflected in an individual Minnesota-based FFL's renewal application data.

**REQUEST NO. 6.**  Documents sufficient to determine (a) the number of Minnesota-based FFLs that have had their federal firearms license revoked by you between 2016 and 2023, (b) the identity of the Minnesota-based FFLs whose federal firearms license has been revoked, and (c) the reason(s) for the license revocation.

**REQUEST NO. 7.**  All documents related to the October 10, 2021 shooting incident at the Seventh Street Truck Park in St. Paul, Minnesota, including, but not limited to, all documents related to your investigation of the incident and your investigation of Jerome Horton.

**REQUEST NO. 8.**  All documents related to Jerome Horton or Sarah Jean Elwood, the straw purchasers identified in Paragraphs 37 through 61 of the Complaint.

**REQUEST NO. 9.**  All documents related to Gabriel Lee Young-Duncan (*see* Compl. ¶ 47), Jeffrey Jackson, Geryiell Walker (*see* Compl. ¶ 53), or Wayne Danielson.

**REQUEST NO. 10.** All documents reflecting ATF policies, procedures (including, but not limited to, ATF's Industry Operations Investigator Training Procedure Manual), publications, programs, training industry outreach seminars, and guidance, regarding straw purchaser awareness, detection and/or prevention of straw purchasing, or reporting to law enforcement suspicious behavior relating to completed or attempted firearms transactions.