UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| STATE OF MINNESOTA,<br><br>Plaintiff,<br><br>v.<br><br>FLEET FARM LLC, FLEET FARM GROUP LLC, FLEET FARM WHOLESALE SUPPLY CO. LLC,<br><br>Defendants. | Case No. 22-cv-2694 (JRT/JFD)<br><br>**AMENDED PRETRIAL SCHEDULING ORDER** |

This matter came before the Court based on the Parties' Joint Motion to Modify the Pretrial Scheduling Order (Dkt. No. 126). For the reasons set forth in the Joint Motion, including a showing of good cause, the motion is GRANTED. The Court now enters the following Amended Pretrial Scheduling Order.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule shall govern these proceedings. This order may be modified only upon a showing of good cause as required by Federal Rule of Civil Procedure 16(b)(4) and Local Rule 16.3.

**FACT DISCOVERY: DEADLINES AND LIMITATIONS**

1. All pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before **August 10, 2023.** If the parties plan to disclose the documents by a description by category and location of documents, they will exchange copies of the initial disclosure documents **five business days after entry by the Court of a Protective Order and ESI Protocol.** (The Rule 26(f) report indicates the

parties will meet and confer about a Protective Order and ESI Protocol by August 11, 2023 and will have those materials to the Court by August 11, 2023. This schedule makes Rule 26(a0(1) disclosures that are made by description due on August 25, 2023.)

2. Fact discovery shall be <u>commenced in time to be completed on or before</u> **August 2, 2024** for all written discovery (including responses thereto) and **September 6, 2024** for depositions previously noticed by the State of Minnesota. Between August 2 and September 6, 2024, Fleet Farm shall also have the right to notice and take depositions to the extent facts are learned during the State of Minnesota's noticed depositions that, in Fleet Farm's view, necessitate the deposition of another individual.

3. No more than a total of **25 interrogatories**, counted in accordance with Rule 33(a), shall be served by each side. No more than **35 document requests** shall be served by each side. No more than **25 requests for admissions,** with the exception of requests for admission directed solely at document authentication (which are unlimited) shall be served by each side.

4. No more than **10** fact depositions shall be taken per side. This total does not include expert depositions but does include depositions of organizational-designee depositions taken pursuant to Fed. R. Civ. P. 30(b)(6). An organizational-designee deposition shall count as 1 deposition, irrespective of the number of witnesses designated.

5. No Rule 35 medical examinations shall be taken.

6. Discovery of Electronically Stored Information.

    The parties have discussed issues about preservation and disclosure or discovery of electronically stored information as required by Fed. R. Civ. P. 26(f), including the form or forms in which it should be produced. The parties will inform the Court of any issues that arise related to electronic discovery.

    The parties will further meet and confer by **August 31, 2023**, to discuss their plan or formal protocol for electronic discovery. They agree to present any disputes regarding an electronic discovery plan and protocol to the Court by **September 29, 2023**. These deadlines have passed.

7. Protective Order.

    The parties agree that a protective order is necessary to govern discovery. The parties will further meet and confer by **August 11, 2023**, to discuss a protective order. They agree to jointly submit either a proposed protective order or a report identifying areas of disagreement on or before **August 18, 2023**. These deadlines have passed.

**EXPERT DISCOVERY: DEADLINES AND LIMITATIONS**

1. Each side may call up to **5** expert witnesses. Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

    a. Initial experts.

        i. The identity of any witness a party may use at trial to present evidence pursuant to Federal Rule of Evidence 702, 703, or 705 must be disclosed on or before **October 4, 2024**.

        ii. The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **October 4, 2024**.

    b. Rebuttal experts.

        i. The identity of any witness who may testify solely to contradict or rebut evidence on the same subject matter identified by another party under Federal Rule of Civil Procedure 26(a)(2)(B) or (C) must be disclosed on or before **November 1, 2024**.

        ii. Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **November 1, 2024**.

2. Each side may take one deposition per expert. Expert discovery, including depositions, shall be completed by **January 31, 2025**.

**DEADLINES FOR FILING MOTIONS**

1. All motions which seek to amend the pleadings or to add parties must be filed and served on or before **January 5, 2024**. This deadline has passed.

2. Non-dispositive motions and supporting documents which relate to fact discovery or related matters shall be filed and served on or before **August 2, 2024**.

3. Non-dispositive motions and supporting documents which relate to expert discovery shall be filed and served on or before **January 31, 2025**.

**NON-DISPOSITIVE MOTIONS: GUIDELINES**

When possible, the parties should bring discovery disputes to the Court using the Court's process for informal dispute resolution (IDR). One or both parties can contact the

3

Court via phone or email to set a prompt (usually within 2-3 business days) telephone conference to discuss the issues. Two days before the hearing, the parties shall email (not file) the Court either a joint letter setting forth their respective positions or separate letters. If the parties submit separate letters, they must serve a copy on the opposing side unless they have received prior permission from the Court to submit the letters ex parte. Letters should be concise and focus on narrowing the issue in dispute as much as possible. Both sides must agree to use the informal process to resolve discovery disputes. If either side objects to using this process, a formal motion must be filed.

If formal non-dispositive motions are filed, they must comply with the Electronic Case Filing Procedures for the District of Minnesota, with Local Rules 7.1 and 37.1, and be in the form prescribed by Local Rule 37.2. **Judge Docherty prefers not to receive courtesy copies, unless the motions contain or refer to documents that are not filed on ECF, in which case those documents should be emailed to Docherty_chambers@mnd.uscourts.gov.** All non-dispositive motions shall be scheduled for hearing by calling the Judicial Assistant to Magistrate Judge Docherty, at 651-848-1180, prior to filing, except when all parties are in agreement that no hearing is required. Such an agreement shall be expressly set forth in the notice of motion. Counsel are advised not to notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission to do so.

A "meet and confer" requirement applies to IDR and formal motion practice. Parties must attempt to confer through personal contact (during the COVID pandemic, "personal contact" means by telephone), rather than solely through written correspondence or email.

Whether parties raise non-dispositive disputes informally or through traditional motions, the parties must engage in a focused meet and confer process in a sincere effort to resolve or narrow the disagreement.

**DISPOSITIVE MOTIONS: GUIDELINES AND DEADLINES**

All dispositive motions and supporting documentation (notice of motion, motion, exhibits, affidavits, memorandum of law, and proposed order) shall be served and filed by the moving party on or before **April 4, 2025**. All dispositive motions must comply with Local Rule 7.1. Responses to dispositive motions shall be filed with the Court and served on or before 21 days after service of the supporting memorandum to the original motion. Replies to responsive briefs shall be served and filed 14 days after service of the response to the dispositive motion. Upon the motion being fully briefed and filed, counsel for the moving party shall email Chief Judge John R. Tunheim's chambers at tunheim_chambers@mnd.uscourts.gov to request a hearing date. Upon receiving a hearing date, time and location from Chief Judge Tunheim's Courtroom Deputy, the moving party shall file an amended notice of hearing at that time.

**TRIAL**

This case shall be ready for a **jury** trial on **July 14, 2025.** The anticipated length of trial is **10-15** days.

Date: July 26, 2024               *s/ John F. Docherty*
                                  JOHN F. DOCHERTY
                                  United States Magistrate Judge

5