## UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| State of Minnesota by its Attorney General, Keith Ellison,<br><br>        Plaintiff,<br><br>    v.<br><br>Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC,<br><br>        Defendants. | Case No.: 0:22-cv-02694-JRT-JFD<br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC (together, "Fleet Farm" or "Defendants") hereby respond and object to Plaintiff State of Minnesota's July 20, 2023 First Set of Requests for Production of Documents to Defendants (the "Requests" and each, a "Request") as follows:

### GENERAL OBJECTIONS

1.      The following General Objections apply to the Requests and shall have the same force and effect as if set forth in full in response to each separately numbered Request. The assertion of the same, similar, or additional objections or the provision of partial responses to the individual Requests does not waive or modify any of Defendants' General Objections.

2.      Defendants respond to the Requests, including the definitions and instructions referenced therein, subject to the General Objections set forth below. These limitations and objections, which form a part of Defendants' response to each individual

- 1 -

Request, are set forth here to avoid the duplication and repetition of restating them for each individual response. Failure to make a General Objection in the Specific Responses should not be construed as a waiver of any General Objection.

3. Defendants object to the Requests to the extent they seek the production of any information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or protection ("Privileged Information"). Any disclosure by Defendants of Privileged Information here or elsewhere is not to be construed as a waiver of any such privilege or protection. As set forth in the Protective Order, submitted to the Court on August 18, 2023, Defendants reserve the right to demand the return of any document that may be inadvertently produced during discovery, if it is determined that such document may contain Privileged Information.

4. Defendants object to the Requests to the extent they purport to require Defendants to (i) produce documents that are not in Defendants' possession, custody, or control; (ii) create, generate, or organize documents; or (iii) produce information regarding documents that may no longer be in Defendants' possession, custody, or control. Subject to the Objections, in responding to the Requests, Defendants will search only for documents in their possession, custody, or control as of the date of the Response.

5. Defendants object to the Requests to the extent they seek documents and/or information that is (i) already in Plaintiffs' possession, custody, or control; (ii) equally available to Plaintiffs and/or in the public domain; or (iii) otherwise obtainable from some other source that is more convenient, less burdensome, or less expensive, or for which the burden or expense of the discovery outweighs its likely benefit.

- 2 -

6.     Defendants will perform a reasonably diligent search of readily accessible documents in its possession, including a search of document repositories likely to possess responsive documents, will utilize search criteria to search electronically stored information, where appropriate, and will limit its searches to a reasonable set of document custodians, centralized document repositories, and reasonably accessible documents within Defendants' possession, custody, or control.  Defendants are prepared to meet and confer regarding the specific parameters regarding such searches and to create a corresponding protocol.

7.     Any statement that Defendants will search for or produce non-privileged responsive documents shall not be construed as a representation or admission that such documents exist, or that such documents are relevant or admissible.  Rather, it should be construed only as a representation that Defendant will produce documents responsive to a particular Request to the extent they are located following a reasonable search.

8.     Defendants object to any Request seeking "all" or "any" documents on the ground that Defendants cannot guarantee they have located every single document responsive to a particular Request.  Subject to these General Objections and any further qualifications below, Defendants will respond to any Request seeking "all" or "any" documents by producing the responsive, non-privileged documents within their possession, custody, or control that can be located after a reasonable search conducted in good faith, and subject to the General and Specific Objections.

9.     Any decision by Defendants to provide any documents or information, notwithstanding the objectionable nature of any part of the Requests, should not be

construed as a stipulation that the material is discoverable, a waiver of Defendants' objections to these Requests or for future discovery, or any agreement that requests for similar discovery will be treated in a similar manner.

10.    Defendants expressly reserve the right to object to the materiality, relevance, or admissibility of any documents or other information provided in response to the Requests and to raise any other objection that would require exclusion of such documents or other information if offered as evidence at trial.  No response shall be construed as a waiver of any such objections or as an admission of the authenticity, admissibility, materiality, or relevance of such documents or information.

11.    Defendants object to the Requests to the extent they call for the production of documents that are not maintained in the ordinary course of business or are not easily retrievable at reasonable expense.

12.    Defendants object to the Requests to the extent that they seek production of documents and disclosure of information that are publicly available.  Defendants disclaim any obligation to produce copies of public filings, materials, or other publicly available information.

13.    Defendants object to the Requests to the extent they seek documents or information protected from disclosure by any applicable law, rule, or regulation, or by any contractual or other restriction on disclosure.

14.    Defendants object to the Requests to the extent they seek documents or information relating to an active law-enforcement investigation.

- 4 -

15.　Defendants object to the Requests to the extent they seek documents and information relating to Fleet Farm retail stores located outside the State of Minnesota. Unless expressly stated otherwise, Defendants will interpret all Requests to seek only information relating to the seventeen (17) Fleet Farm retail stores identified in paragraph 13 of Plaintiff's complaint. *See* ECF Doc. 1-1 ¶ 13.

16.　Defendants have not completed their discovery, investigation, or preparation for trial of this matter. Therefore, information provided in response to these Requests is provided without prejudice to Defendants' right to make further objections and present additional information that further discovery and investigation may indicate is relevant to the above-captioned action ("Action") and called for by the Requests. Defendants reserve the right to amend, supplement, or revise these responses as necessary as this matter proceeds, but make no commitment to do so beyond any requirements imposed by applicable laws and court rules.

17.　By responding and objecting to the Requests, Defendants do not admit, adopt, or acquiesce in any factual or legal contention, assertion, assumption, characterization, or implication contained in the Requests.

18.　Defendants object to the definition of the terms "Defendants," "Fleet Farm," "you," and "your" as vague and overbroad on the ground that the definition purports to include any of Defendants "predecessors, successors, divisions, parents, subsidiaries, affiliates, and any other entity in which Fleet Farm has a management or controlling interest," as well as "all present and former directors, officers, and managers of Fleet Farm," to the extent such definition imposes an obligation on Defendants to produce

documents not in their possession, custody, or control.  Defendants will construe the terms "Defendants," "Fleet Farm," "you," and "your" to mean Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC, and will interpret this definition to direct the production of responsive, non-privileged documents solely in their possession, custody, or control.

19.     Defendants object to the term "Document" as overly broad and unduly burdensome to the extent it purports to expand such definition beyond its meaning in Federal Rule of Civil Procedure 34(a) and Federal Rule of Evidence 1001. Defendants further object to this definition to the extent it calls for the disclosure of Privileged Information, and to the extent it calls for the disclosure of materials not reasonably accessible to Defendants or maintained in the ordinary course of business. Defendants will interpret "Document" in accordance with Federal Rule of Civil Procedure 34(a) and Federal Rule of Evidence 1001.

20.     Defendants object to Instruction No. 3 to the extent it seeks to impose obligations beyond those required by the Federal Rules and the forthcoming ESI Protocol that will govern this Action.  Production of documents, including ESI, will be in a form consistent with the forthcoming ESI Protocol or as otherwise agreed by the parties or ordered by the Court.

21.     Defendants object to Instruction No. 5 and the accompanying **Exhibit A** to the extent they seek to impose production obligations on Defendants that are inconsistent with those agreed to in the forthcoming ESI Protocol that will govern this Action.

- 6 -

Production of documents, including ESI, will be in a form consistent with the forthcoming ESI Protocol or as otherwise agreed by the parties or ordered by the Court.

22.     Defendants object to Instruction No. 9 to the extent that it seeks to impose an open-ended discovery period.  To the extent Defendants state that they will conduct a reasonable search and produce, at a reasonable time, certain categories of documents in response to the Requests, unless otherwise specified, Defendants will produce documents for the time period between October 5, 2016 and October 5, 2022.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**DOCUMENT REQUEST NO. 1.**

All documents referenced, consulted, or relied upon in answering the State's Interrogatories.

**RESPONSE:**  In addition to the foregoing General Objections, Defendants object to Request No. 1 to the extent that it seeks Privileged Information, and to the extent the terms "consulted," "relied upon," and "State's Interrogatories" are vague and ambiguous. By "State's Interrogatories," Defendants will presume that Request No. 1 is referring to Plaintiff's July 20, 2023 First Set of Interrogatories.

Subject to and without waiving these objections, Defendants state that they will produce non-privileged documents that provided a substantive basis for their answers to Plaintiff's July 20, 2023 First Set of Interrogatories at a reasonable time.

**DOCUMENT REQUEST NO. 2.**

All documents relating to the allegations, claims, denials, and defenses set forth in the pleadings.

**RESPONSE:**  In addition to the foregoing General Objections, Defendants object to Request No. 2 on the grounds that it is overly broad and unduly burdensome.  Defendants further object to Request No. 2 to the extent that it calls for legal conclusions and/or Privileged Information, and to the extent that it seeks information already in Plaintiff's possession, custody, or control.  Defendants further object to Request No. 2 on the ground that it is premature, as document discovery is in its early stages and no depositions have occurred.  Defendants also object to Request No. 2 to the extent it is duplicative of other Requests and Interrogatories served in this Action.

Subject to and without waiving these objections, Defendants state that, to the extent there are non-privileged documents in their possession, custody, or control that they may use in response to Plaintiff's claims or in support of their defenses and which have not been produced by Defendants in response to any other Request, by Plaintiff, or by any third-party, Defendants will produce such documents at a reasonable time.

**DOCUMENT REQUEST NO. 3.**

The governing documents for Fleet Farm, regardless of date, including but not limited to, any state registration documents, articles of incorporation and any amendments thereto, operating agreements and any amendments or exhibits thereto, and all other documents sufficient to show Fleet Farm's legal identity, organization and ownership.

**RESPONSE:**  In addition to the foregoing General Objections, Defendants object to Request No. 3 on the grounds that it is overly broad and unduly burdensome, seeks information irrelevant to the claims and defenses in this suit, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants do not contend that Plaintiff has failed to name the correct corporate entities in this lawsuit.   Further,

- 8 -

Defendants object to this Request on the ground that the phrases "governing documents," "state registration documents," and "all other documents sufficient to show" are vague and ambiguous.

Subject to and without waiving these objections, Defendants state that based on the current scope of issues pleaded in this litigation, they will not produce documents in response to Request No. 3.

**DOCUMENT REQUEST NO. 4.**

Organizational charts or similar documents sufficient to show (a) the organizational structure of Fleet Farm, (b) the organizational structure of Fleet Farm in relation to any parents, sisters, subsidiaries, divisions, affiliates, merged or acquired predecessors, successors, assumed names, or any other affiliated entity or component, and (c) the hierarchy of senior management personnel within Fleet Farm; (d) the hierarchy of management personnel involved in the sale of firearms at Minnesota Stores.

**RESPONSE:** In addition to the foregoing General Objections, Defendants object to Request No. 4 on the grounds that it is overly broad and unduly burdensome. As for subparts (a) through (c) of Request No. 4, Defendants also object on the basis that those subparts seek information irrelevant to the claims and defenses in this suit and are not reasonably calculated to lead to the discovery of admissible evidence. Defendants do not contend that Plaintiff has failed to name the correct corporate entities in this lawsuit. Further, Defendants object to this Request on the ground that the phrase "documents sufficient to show" and "involved in the sale of firearms" are vague and ambiguous.

Subject to and without waiving these objections, Defendants state that based on the current scope of issues pleaded in this litigation, they will not produce documents in response to subparts (a) through (c) of Request No. 4. As for subpart (d) of Request No.

4, Defendants refer Plaintiff to their Initial Disclosures and their response to Interrogatory No. 2 for the list of individuals employed by Defendants who held corporate leadership positions in, and may have unique knowledge regarding, the establishment, modification, oversight, and/or monitoring of Defendants' policies, procedures, and practices relating to firearm sales during the defined time period.

**DOCUMENT REQUEST NO. 5.**

All documents related to the licensure of Fleet Farm and its Minnesota Stores to sell firearms under state and federal law, including but not limited to licensure applications and supporting materials and licensure renewals and supporting materials.

**RESPONSE:**  In addition to the foregoing General Objections, Defendants object to Request No. 5 on the grounds that it is overly broad and unduly burdensome, seeks information irrelevant to the claims and defenses in this suit, and is not reasonably calculated to lead to the discovery of admissible evidence.  There are no claims in this case relating to the licensure of Fleet Farm retail stores in Minnesota.  Defendants also object to Request No. 5 to the extent that it seeks Privileged Information, to the extent that it seeks information already in Plaintiff's possession, custody, or control, and on the ground that the phrase "related to" is vague and ambiguous.

Subject to and without waiving these objections, Defendants state that they will conduct a reasonable search and produce, at a reasonable time, copies of its Minnesota retail stores' state and federal licenses (and corresponding applications) to sell firearms for the years 2016 through 2023, including license renewals (and corresponding applications).

- 10 -

**DOCUMENT REQUEST NO. 6.**

All firearms transaction records, including acquisition and disposition records, since January 1, 2017.

**RESPONSE:** In addition to the foregoing General Objections, Defendants object to Request No. 6 on the grounds that it is overly broad and unduly burdensome, and that the phrases "firearm transactions records" and "acquisition and disposition records" are vague and ambiguous. Defendants interpret these terms collectively as referring to the ATF Form 4473, the ATF Form 3310.4, and the ATF-required Acquisition and Disposition (A&D) log.

Subject to and without waiving these objections, Defendants state that they will conduct a reasonable search and produce, at a reasonable time, ATF Form 4473s, ATF Form 3310.4s, and A&D logs from Fleet Farm retail stores in Minnesota and the Fleet Farm distribution center located in Chippewa Falls, Wisconsin, from the defined time period.

**DOCUMENT REQUEST NO. 7.**

All trace reports or other information related to firearm traces exchanged between Fleet Farm and the ATF since January 1, 2017.

**RESPONSE:** In addition to the foregoing General Objections, Defendants object to Request No. 7 on the grounds that it is overly broad and unduly burdensome, and the phrases "trace reports" and "other information related to firearm traces" are vague and ambiguous. Defendants further object to the extent that Request No. 7 seeks documents not in Defendants' possession, custody, or control.

- 11 -

Subject to and without waiving these objections, Defendants state that they will conduct a reasonable search and produce, at a reasonable time, documents reflecting communications between Defendants and ATF relating to requests that Defendants run a trace on a specific firearm serial number during the defined time period.

**DOCUMENT REQUEST NO. 8.**

All sales and transaction forms provided by Fleet Farm to the ATF or the BCA since January 1, 2017, including all Reports of Multiple Sale or Other Disposition of Pistols and Revolvers (Form 3310.4) and Firearms Transaction Records (Form 4473).

**RESPONSE:** In addition to the foregoing General Objections, Defendants object to Request No. 8 on the grounds that it is overly broad and unduly burdensome, and the phrase "sales and transaction forms" is vague and ambiguous. Defendants also object to Request No. 8 to the extent that it seeks documents already in Plaintiff's possession, custody, or control, and to the extent it is duplicative of Request No. 6.

Subject to and without waiving these objections, Defendants state that they will conduct a reasonable search and produce, at a reasonable time, ATF Form 4473 and ATF Form 3310.4s for attempted or completed firearm transactions during the defined time period. Answering further, Defendants refer Plaintiff to their response to Request No. 6.

**DOCUMENT REQUEST NO. 9.**

All communications between Fleet Farm and the ATF since January 1, 2017.

**RESPONSE:** In addition to the foregoing General Objections, Defendants object to Request No. 9 on the grounds that it is overly broad and unduly burdensome, seeks information irrelevant to the claims and defenses in this suit, and is not reasonably calculated to lead to the discovery of admissible evidence.

- 12 -

Subject to and without waiving these objections, Defendants state that they will conduct a reasonable search and produce, at a reasonable time, communications between Defendants and ATF during the defined time period relating to: (1) Defendants' firearm sales practices or attempted or completed firearm transactions; (2) Defendants' firearm licenses and the renewal of the same; (3) inspections or audits of Fleet Farm retail stores in Minnesota; and (4) Defendants' policies and procedures relating to firearm transactions.

**DOCUMENT REQUEST NO. 10.**

All communications between Fleet Farm and the BCA since January 1, 2017.

**RESPONSE:**  Defendants object to Request No. 10 on the grounds that it is overly broad and unduly burdensome, seeks information irrelevant to the claims and defenses in this suit, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to Request No. 10 to the extent it seeks documents not in Defendants' possession, custody, or control.

Subject to and without waiving these objections, Defendants state that they will conduct a reasonable search and produce, at a reasonable time, communications between Defendants and BCA during the defined time period relating to: (1) Defendants' firearm sales practices; or (2) attempted or completed firearm transactions at Fleet Farm retail stores in Minnesota.

**DOCUMENT REQUEST NO. 11.**

All communications between Fleet Farm and any Minnesota state or local law enforcement agency since January 1, 2017.

**RESPONSE:**  In addition to the foregoing General Objections, Defendants object to Request No. 11 on the grounds that it is overly broad and unduly burdensome, seeks

information irrelevant to the claims and defenses in this suit, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to Request No. 11 on the ground that the phrase "Minnesota state or local law enforcement agency" is vague and ambiguous, and to the extent that the Request is duplicative of Request Nos. 7, 8, 9, and 10.

Subject to and without waiving these objections, Defendants refer Plaintiff to their responses to Request Nos. 7, 8, 9, and 10. Defendants state that they will not otherwise respond to Request No. 11 as drafted, but are willing to meet and confer with Plaintiff to discuss which "Minnesota state or local law enforcement agenc[ies]" are encompassed by Request No. 11, at which time Defendants will assess whether it is a reasonable burden to search and produce communications between Defendants and those agencies relating to Defendants' firearm sales practices or attempted or completed firearm transactions during the defined time period.

**DOCUMENT REQUEST NO. 12.**

All documents related to Sarah Elwood and Jerome Horton or Fleet Farm's firearm sales to these individuals, including National Instant Criminal Background Check System requests and responses referenced in Fleet Farm's Answer, and all trace requests, receipts, invoices, video footage, notes, emails, and communications internally within Fleet Farm and externally with the ATF or other third parties.

**RESPONSE:** In addition to the foregoing General Objections, Defendants object to Request No. 12 on the ground that the phrase "related to" is vague and ambiguous, to the extent that it seeks information already in Plaintiff's possession, custody, or control, and to the extent that it seeks information irrelevant to the claims and defenses in this suit. Documents "related to Sarah Elwood and Jerome Horton" regarding matters other than

- 14 -

commercial firearm transactions, to the extent such documents exist, have no relevance to the claims and issues in this litigation.  Defendants further object to Request No. 12 to the extent it is duplicative of Request Nos. 6, 8, 9, 10, and 11.

Subject to and without waiving these objections, Defendants state that they will conduct a reasonable search and produce, at a reasonable time, documents relating to Sarah Elwood's and/or Jerome Horton's purchase of firearms from Fleet Farm retail stores in Minnesota.

**DOCUMENT REQUEST NO. 13.**

All communications related to Gabriel Lee Young-Duncan, Jeffrey Jackson, or Geryiell Walker.

**RESPONSE:**  In addition to the foregoing General Objections, Defendants object to Request No. 13 on the grounds that it is overly broad and unduly burdensome, seeks information irrelevant to the claims and defenses in this suit, and is not reasonably calculated to lead to the discovery of admissible evidence.  Communications relating to the individuals listed in Request No. 13 regarding matters other than commercial firearm sales, to the extent such communications exist, have no relevance to the claims and issues in this litigation.  Defendants further object to Request No. 13 to the extent that it is duplicative of Request No. 14.

Subject to and without waiving these objections, Defendants state that they will conduct a reasonable search and produce, at a reasonable time, communications related to attempted or completed firearm transactions by Gabriel Lee Young-Duncan, Jeffrey

Jackson, or Geryiell Walker from Fleet Farm retail stores in Minnesota, to the extent any occurred, during the defined time period.

**DOCUMENT REQUEST NO. 14.**

All documents requested by or otherwise provided to any law enforcement agency related to Jerome Horton, Gabriel Lee Young-Duncan, Sarah Elwood, Jeffrey Jackson, and Geryiell Walker.

**RESPONSE:** In addition to the foregoing General Objections, Defendants object to Request No. 14 on the ground that it is duplicative of Request Nos. 6, 7, 8, 9, 10, 11, 12, and 13. Defendants further object that Request No. 14 seeks information irrelevant to the claims and defenses in this suit and is not reasonably calculated to lead to the discovery of admissible evidence, as documents "requested by or otherwise provided to any law enforcement agency related to" these individuals regarding matters other than commercial firearm transactions, to the extent such communications exist, have no relevance to the claims and issues in this litigation.

Subject to and without waiving these objections, Defendants refer Plaintiff to their responses to Request Nos. 6 through 13.

**DOCUMENT REQUEST NO. 15.**

All audio and video recordings from your Blaine, Brooklyn Park, Lakeville, and Oakdale stores, including surveillance video from cameras or other recording equipment both inside and outside of the stores, for all dates of sales identified in Paragraphs 38 and 54 of the State's Complaint.

**RESPONSE:** In addition to the foregoing General Objections, Defendants object to Request No. 15 on the grounds that it is overly broad and unduly burdensome, seeks information irrelevant to the claims and defenses in this suit, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on

- 16 -

the grounds that the phrases "Blaine, Brooklyn Park, Lakeville, and Oakdale stores," "other recording equipment," and "outside of the stores" are vague and ambiguous.  Defendants will assume that this request seeks audio and video recordings from the Fleet Farm retail stores located at 10250 Lexington Avenue Ne., Blaine, MN; 8400 Lakeland Avenue N., Brooklyn Park, MN; 17070 Kenrick Ave., Lakeville, MN; and 5635 Hadley Avenue N., Oakdale, MN.

Subject to and without waiving these objections, Defendants state that they will conduct a reasonable search and produce, at a reasonable time, video recordings that depict the firearm transactions identified in Paragraphs 38 and 54 of Plaintiff's Complaint, to the extent such recordings exist.

**DOCUMENT REQUEST NO. 16.**

All documents related to Fleet Farm's data retention policies, procedures, and practices, including Fleet Farm's retention and deletion of surveillance video and audio recordings.

**RESPONSE:**  In addition to the foregoing General Objections, Defendants object to Request No. 16 on the grounds that it is overly broad and unduly burdensome, seeks information irrelevant to the claims and defenses in this suit, and is not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks Privileged Information.

Subject to and without waiving these objections, Defendants state that they will conduct a reasonable search and produce, at a reasonable time, their retention policy relating to video recordings at Fleet Farm retail stores in Minnesota that were in effect during the defined time period.

- 17 -

**DOCUMENT REQUEST NO. 17.**

All documents supporting or contradicting Fleet Farm's public statement issued on October 5, 2022, that "at the time of the tragic shooting in Saint Paul described in the Attorney General's complaint, we were told by the Bureau of Alcohol, Tobacco and Firearms that our team members had 'done nothing wrong' and had complied with all applicable gun laws," including any records of when and how such statements were made.

**RESPONSE:** In addition to the foregoing General Objections, Defendants object to Request No. 17 to the extent the phrase "supporting or contradicting" is vague and ambiguous. Defendants further object to Request No. 17 to the extent it seeks documents not in Defendants' possession, custody, or control, and on the ground that it is duplicative of Request No. 9.

Subject to and without waiving these objections, Defendants state that they will conduct a reasonable search and produce, at a reasonable time, communications with ATF relating to the October 10, 2021 shooting in St. Paul, MN described in paragraph 2 of Plaintiff's complaint.

**DOCUMENT REQUEST NO. 18.**

All records reflecting any sales of firearms by Fleet Farm to Wayne Danielson, including invoices, receipts, and Forms 4473.

**RESPONSE:** In addition to the foregoing General Objections, Defendants object to Request No. 18 on the grounds that the phrase "[a]ll records reflecting" is vague and ambiguous, and is duplicative of Request Nos. 6 and 8.

Subject to and without waiving these objections, Defendants respond to Request No. 18 by stating that to the extent Wayne Danielson purchased any firearm(s) from a Fleet Farm retail store in Minnesota, that will be reflected in documents produced by Defendants in response to Request Nos. 6 and 8.

- 18 -

**DOCUMENT REQUEST NO. 19.**

All documents used or relating to the training of Fleet Farm retail store employees relating to sales of firearms, straw purchaser awareness, detection, and/or prevention, compliance with state and federal firearms laws, or reporting suspicious behavior to law enforcement, including the ATF and National Sports Shooting Foundation materials and documents referenced in Fleet Farm's Answer.

**RESPONSE:** In addition to the foregoing General Objections, Defendants object to Request No. 19 on the grounds that it is overly broad and unduly burdensome. Defendants further object to Request No. 19 on the grounds that it seeks information irrelevant to the claims and defenses in this suit, and is not reasonably calculated to lead to the discovery of admissible evidence to the extent that "reporting suspicious behavior to law enforcement" encompasses behavior unrelated to an attempted or completed firearm transaction. Defendants further object to Request No. 19 on the ground that the phrases "straw purchaser awareness, detection, and/or prevention" and "suspicious behavior" are vague and ambiguous, and to the extent that the Request seeks Privileged Information.

Subject to and without waiving these objections, Defendants state that they will conduct a reasonable search and produce, at a reasonable time, internal training materials related to firearm transactions that were used or in effect during the defined time period. Answering further, Defendants refer Plaintiff to their forthcoming production of documents identified in their August 10, 2023 Initial Disclosures.

**DOCUMENT REQUEST NO. 20.**

All documents related to or showing any training schedules for Fleet Farm retail store employees relating to sales of firearms.

**RESPONSE:** In addition to the foregoing General Objections, Defendants object to Request No. 20 on the grounds that it is overly broad and unduly burdensome, and that

- 19 -

the phrases "related to . . . any training schedules," "relating to sales of firearms," and "Fleet Farm retail store employees" are vague and ambiguous.

Subject to and without waiving these objections, Defendants state that they will conduct a reasonable search and produce, at a reasonable time, documents sufficient to reflect the frequency and substance of trainings regarding firearm sales provided to individuals employed by the Fleet Farm retail stores identified in Paragraph 13 of Plaintiff's complaint during the defined time period.

**DOCUMENT REQUEST NO. 21.**

All documents related to any Fleet Farm employees, agent, manager, director, or principal against whom Fleet Farm has taken or is taking disciplinary action for violating any Fleet Farm policy or procedure related to the sale of firearms in Minnesota.

**RESPONSE:** In addition to the foregoing General Objections, Defendants object to Request No. 21 on the grounds that it is overly broad and unduly burdensome, seeks information irrelevant to the claims and defenses in this suit, is not reasonably calculated to lead to the discovery of admissible evidence, and the phrases "disciplinary action" and "related to the sale of firearms" are vague and ambiguous. Defendants further object to Request No. 21 to the extent it seeks Privileged Information.

Subject to and without waiving these objections, Defendants state that based on the current scope of issues pleaded in this litigation, they will not produce documents in response to Request No. 21.

**DOCUMENT REQUEST NO. 22.**

All documents related to performance evaluations or promotions of Fleet Farm employees, agent, manager, director, or principal involved in the sale of firearms in Minnesota.

**RESPONSE:**  In addition to the foregoing General Objections, Defendants object to Request No. 22 on the grounds that it is overly broad and unduly burdensome, seeks information irrelevant to the claims and defenses in this suit, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object that the phrases "performance evaluations" and "involved in the sale of firearms" are vague and ambiguous.  Defendants further object to Request No. 22 to the extent it seeks Privileged Information.

Subject to and without waiving these objections, Defendants state that based on the current scope of issues pleaded in this litigation, they will not produce documents in response to Request No. 22.

**DOCUMENT REQUEST NO. 23.**

All documents related to any instance in which Fleet Farm decided not to complete a firearms sale in Minnesota.

**RESPONSE:**  In addition to the foregoing General Objections, Defendants object to Request No. 23 on the grounds that it is overly broad and unduly burdensome, and to the extent that the Request seeks Privileged Information.  Defendants also object to Request No. 23 on the ground that the phrase "decided not to complete" is vague and ambiguous, and to the extent that the Request is duplicative of Request Nos. 6, 8, 9, 10, 24, 25, and 26.

Subject to and without waiving these objections, Defendants state that they will conduct a reasonable search and produce, at a reasonable time, documents sufficient to identify instances in which an employee at a Fleet Farm retail store in Minnesota decided

- 21 -

not to complete a firearm sale for reasons other than NICS sending a "Denied" response to the store.

**DOCUMENT REQUEST NO. 24.**

All documents related to any person for whom Fleet Farm has limited or ceased selling firearms to in Minnesota.

**RESPONSE:** In addition to the foregoing General Objections, Defendants object to Request No. 24 on the grounds that it is overly broad and unduly burdensome. Defendants further object to Request No. 24 on the grounds that to the extent that it seeks "[a]ll documents related to any person," irrespective of whether those documents are directly related to a completed or attempted firearm transaction, it seeks information irrelevant to the claims and defenses in this suit, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to Request No. 24 to the extent it is duplicative of Request Nos. 6, 8, 9, 10, 11, 23, and 26.

Subject to and without waiving these objections, Defendants state that they will conduct a reasonable search and produce, at a reasonable time, documents reflecting the identities of persons to whom Fleet Farm has refused to sell firearms during the defined time period.

**DOCUMENT REQUEST NO. 25.**

All documents sufficient to show the identity of any person that Fleet Farm has identified as a straw purchaser of firearms to whom Fleet Farm sold firearms in Minnesota.

**RESPONSE:** In addition to the foregoing General Objections, Defendants object to Request No. 25 on the grounds the phrase "sufficient to show" is vague and ambiguous, and that the Request is duplicative of Request Nos. 6 and 26.

Subject to and without waiving these objections, Defendants respond to Request No. 25 by referring Plaintiff to their responses to Request Nos. 6 and 26.

**DOCUMENT REQUEST NO. 26.**

All documents related to any person that Fleet Farm has identified as a straw purchaser of firearms in Minnesota and/or reported to federal, state, or local law enforcement as a suspected straw purchaser of firearms in Minnesota.

**RESPONSE:**  In addition to the foregoing General Objections, Defendants object to Request No. 26 on the grounds that it is overly broad and unduly burdensome. Defendants further object to Request No. 26 on the grounds that to the extent that it seeks "[a]ll documents related to any person," irrespective of whether those documents are directly related to a completed or attempted firearm transaction, it seeks information irrelevant to the claims and defenses in this suit, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants also object to Request No. 26 to the extent it is duplicative of Request Nos. 6, 8, 9, 10, 11, 23, and 24.

Subject to and without waiving these objections, Defendants state that they will conduct a reasonable search and produce, at a reasonable time, documents sufficient to ascertain the identities of persons Fleet Farm has (1) identified as a suspected straw purchaser of firearms and/or (2) reported to ATF.

**DOCUMENT REQUEST NO. 27.**

All documents related to any discipline, audit, request for information, inspection, warning letter, warning conference, report of violations, remedial trainings or presentations, or other inquiries or actions taken by federal, state, or local authorities regarding the sale of firearms by Fleet Farm and its Minnesota Stores, including all documents related to any "Closing Conference" held by the ATF at a Fleet Farm retail store, as described in Fleet Farm's Answer.

**RESPONSE:**  In addition to the foregoing General Objections, Defendants object to Request No. 27 on the grounds that it is overly broad and unduly burdensome. Defendants further object to Request No. 27 on the ground that the term "discipline" and phrases "report of violations," "remedial trainings or presentations," and "other inquiries or actions taken" are vague and ambiguous.  Defendants also object to Request No. 27 to the extent it seeks Privileged Information, and on the ground that it is duplicative of Request Nos. 7, 8, 9, and 10.

Subject to and without waiving these objections, Defendants respond to Request No. 27 by referring Plaintiff to their response to Request Nos. 7 through 10.

**DOCUMENT REQUEST NO. 28.**

All documents related to any policy or procedure governing or informing Fleet Farm's compliance with federal and state law, cooperation with law enforcement, or reporting of suspicious activity to any law enforcement agency.

**RESPONSE:**  In addition to the foregoing General Objections, Defendants object to Request No. 28 on the grounds that it is overly broad and unduly burdensome. Defendants further object that to the extent Request No. 28 seeks documents regarding policies or procedures unrelated to firearm transactions, the Request seeks information irrelevant to the claims and defenses in this suit and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object that to the extent Request No. 28 seeks documents regarding their policies or procedures related to firearm transactions, the Request is duplicative of Request No. 19.  Defendants also object to Request No. 28 to the extent that it seeks Privileged Information.

Subject to and without waiving these objections, Defendants respond to Request No. 28 by referring Plaintiff to their response to Request No. 19.

**DOCUMENT REQUEST NO. 29.**

All documents, including recordings, writings, notes, or transcriptions, relating to any statements taken from any witnesses relating to the incidents described in the State's Complaint.

**RESPONSE:** In addition to the foregoing General Objections, Defendants object to Request No. 29 on the ground that the term "witnesses" and the phrases "relating to any statements" and "relating to the incidents described in Plaintiff's Complaint" are vague and ambiguous, and to the extent that it seeks Privileged Information. Defendants also object to Request No. 29 to the extent it is duplicative of Request No. 12.

Subject to and without waiving these objections, Defendants state that they will conduct a reasonable search and produce, at a reasonable time, any non-privileged documents reflecting any interviews or statements taken from Fleet Farm employees relating to Jerome Horton's or Sarah Jean Elwood's firearms transactions described in Plaintiff's complaint during the defined time period. Answering further, Defendants refer Plaintiff to their response to Request No. 12.

**DOCUMENT REQUEST NO. 30.**

All communications made or received by any Fleet Farm employees, agent, manager, director, or principal regarding this lawsuit.

**RESPONSE:** In addition to the foregoing General Objections, Defendants object to Request No. 30 on the grounds that to the extent it is not duplicative of other Requests, it is overly broad, unduly burdensome, seeks information irrelevant to the claims and

defenses in this suit, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks Privileged Information.

Subject to and without waiving these objections, Defendants state that they will not respond to Request No. 30.

**DOCUMENT REQUEST NO. 31.**

All insurance policies in effect that may provide coverage for the incidents described in the State's Complaint.

**RESPONSE:** In addition to the foregoing General Objections, Defendants' object to Request No. 31 on the ground that the phrase "may provide coverage" is vague and ambiguous.

Subject to and without waiving their General Objections, Defendants state that they are continuing to evaluate the applicability of any insurance agreement(s), and that should any insurance agreement(s) be found applicable to this action, Defendants will produce such agreement(s) at a reasonable time.

Dated:  August 21, 2023

Respectfully submitted,

*/s/ Todd A. Noteboom*
Todd A. Noteboom (#0240047)
Andrew W. Davis (#0386634)
Sharon R. Markowitz (#0392043)
Andrew P. Leiendecker (#0399107)
Stinson LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
todd.noteboom@stinson.com
andrew.davis@stinson.com
sharon.markowitz@stinson.com
andrew.leiendecker@stinson.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record via email on August 21, 2023.

/s/ *Andrew P. Leiendecker*
Andrew P. Leiendecker