## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| State of Minnesota by its Attorney General, Keith Ellison,<br><br>Plaintiff,<br><br>v.<br><br>Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC,<br><br>Defendants. | Case No.: 0:22-cv-02694-JRT-JFD<br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC (together, "Fleet Farm" or "Defendants") hereby respond and object to Plaintiff State of Minnesota's July 20, 2023 First Set of Interrogatories to Defendants (the "Interrogatories" and each, an "Interrogatory") as follows:

### GENERAL OBJECTIONS

1.      The following General Objections apply to the Interrogatories and shall have the same force and effect as if set forth in full in response to each separately numbered Interrogatory. The assertion of the same, similar, or additional objections or the provision of partial responses to the individual Interrogatories does not waive or modify any of Defendants' General Objections.

2.      Defendants respond to the Interrogatories, including the definitions and instructions referenced therein, subject to the General Objections set forth below. These limitations and objections, which form a part of Defendants' response to each individual

- 1 -

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Interrogatory, are set forth here to avoid duplication and repetition. Failure to make a General Objection in the Specific Responses should not be construed as a waiver of any General Objection.

3.      Defendants object to the Interrogatories to the extent they seek information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or protection ("Privileged Information"). The inadvertent production of any Privileged Information shall not be deemed a waiver of any applicable privilege or any other applicable objection.

4.      Defendants object to the Interrogatories to the extent they seek information already in Plaintiff's possession, custody, or control, equally available to Plaintiff and/or in the public domain, or otherwise obtainable from some other source that is more convenient, less burdensome, or less expensive, or for which the burden or expense of the discovery outweighs its likely benefit.

5.      Defendants object to the Interrogatories to the extent they call for the production of information or documents not maintained in the ordinary course of business or not easily retrievable at reasonable expense.

6.      Defendants object to any Interrogatory seeking "all" (or "every") persons, documents, or information on the ground that Defendants cannot guarantee they have located every single person, document, or piece of information responsive to a particular Interrogatory.

7.      Any decision by Defendants to provide any documents or information, notwithstanding the objectionable nature of any parts of the Interrogatories, should not be

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

construed as a stipulation that the material is discoverable, a waiver of Defendants' objections to these Interrogatories or for future discovery, or an agreement that other requests for similar discovery will be treated in a similar manner.

8.    Defendants object to the Interrogatories to the extent they seek documents and information relating to Fleet Farm retail stores located outside the State of Minnesota. Unless expressly stated otherwise, Defendants will interpret all Interrogatories to seek only information relating to the seventeen (17) Fleet Farm retail stores identified in paragraph 13 of Plaintiff's complaint.  *See* ECF Doc. 1-1 ¶ 13.

9.    Defendants reserve the right to object to the relevancy, materiality, or admissibility of any information or documents provided in response to the Interrogatories and to raise any other objection that would require exclusion of such information or documents if offered as evidence at trial.

10.    Defendants' investigation is ongoing.  Defendants reserve the right to: (i) revise, correct, supplement, amend, modify, or clarify their responses as additional information is discovered in accordance with the Federal Rules; (ii) provide additional responsive information; (iii) modify its objections on grounds including, but not limited to, relevance, undue burden, and/or proportionality; (iv) object to further discovery in this case; (v) rely on any information provided in this case, including, without limitation, in any hearing, proceeding, or trial in this case; and (vi) challenge the authenticity or admissibility of any information in any hearing, proceeding, or trial.

11.    Defendants object to the definition of the terms "Defendants," "Fleet Farm," "you," and "your" as vague and overbroad on the ground that the definition purports to

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

include any of Defendants' "predecessors, successors, divisions, parents, subsidiaries, affiliates, and any other entity in which Fleet Farm has a management or controlling interest," as well as "all present and former directors, officers, and managers of Fleet Farm," to the extent such definition imposes an obligation on Defendants to produce documents not in their possession, custody, or control. Defendants will construe the terms "Defendants," "Fleet Farm," "you," and "your" to mean Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC, and will interpret this definition to direct the disclosure of responsive, non-privileged information solely in their possession, custody, or control.

12.     Defendants object to the term "Document" as overly broad and unduly burdensome to the extent it purports to expand such definition beyond its meaning in Federal Rule of Civil Procedure 34(a) and Federal Rule of Evidence 1001. Defendant further objects to this definition to the extent it calls for the disclosure of Privileged Information, and to the extent it calls for the disclosure of materials that are not reasonably accessible to Defendant or maintained in the ordinary course of business. Defendant will interpret "Document" in accordance with Federal Rule of Civil Procedure 34(a) and Federal Rule of Evidence 1001.

13.     Defendants object to Instruction No. 3 to the extent it purports to require Defendants to serve a privilege log alongside their Responses and Objections. Defendants will serve a privilege log at a reasonable time following the completion of their production of documents.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

14. Defendants object to Instruction No. 7 to the extent that it seeks to impose an open-ended discovery period. To the extent Defendants agree to provide documents or information in response to certain Interrogatories, unless otherwise specified, Defendants will produce documents or provide information for the time period between October 5, 2016 and October 5, 2022.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1:**

For each Interrogatory, identify the individual(s) answering or assisting in answering that Interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 2:**

Identify all persons who have or may have factual knowledge relating to the allegations, claims, denials, and defenses set forth in the pleadings, including Fleet Farm's claim that Plaintiff has failed to join all necessary parties, including, but not limited to, other third parties whom Plaintiff alleges engaged in the unlawful sale or use of firearms

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

in Minnesota. Your response should include all current or former Fleet Farm employees, agents, managers, directors, and principals that had any role in establishing, modifying, overseeing, and/or monitoring Fleet Farm's policies, procedures, or practices regarding firearm sales.

**RESPONSE:**

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

[REDACTED]

| [REDACTED] | [REDACTED] | [REDACTED] |
|---|---|---|
| [REDACTED] | [REDACTED] | [REDACTED] |
| [REDACTED] | [REDACTED] | [REDACTED] |
| [REDACTED] | [REDACTED] | [REDACTED] |
| [REDACTED] | [REDACTED] | [REDACTED] |
| [REDACTED] | [REDACTED] | [REDACTED] |

[1] [REDACTED]

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**



**INTERROGATORY NO. 3:**

Describe the relationship between Defendants and identify all entities involved in Fleet Farm's corporate structure, including identifying all entities that have full or partially common ownership or management of any kind with Fleet Farm, and identifying all entities that own or operate Fleet Farm's Minnesota Stores.

**RESPONSE:**

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

██████████████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████

**INTERROGATORY NO. 4:**

Describe Fleet Farm's corporate structure and any changes to such corporate structure over time, including identifying your corporate departments, divisions, officers, directors, managers, members, partners, and board members for each year.

**RESPONSE:**

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

4.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**INTERROGATORY NO. 5:**

Identify and describe Fleet Farm's policies and procedures related to the sale of firearms, straw purchaser awareness, detection, and/or prevention, compliance with state and federal firearms laws, or reporting suspicious behavior to law enforcement, and describe how Fleet Farm trained retail store employees regarding these policies and procedures. Your response should identify the period of time each policy or procedure was in place and describe what materials Fleet Farm created or distributed to educate employees or enforce these policies or procedures.

**RESPONSE:**

**INTERROGATORY NO. 6:**

Identify every Fleet Farm employee, agent, manager, director, or principal who has spoken in person, communicated with, or otherwise contacted Jerome Horton, Gabriel Lee Young-Duncan, Sarah Elwood, Jeffrey Jackson, or Geryiell Walker, and describe the date and location of each meeting, communication, or contact.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**RESPONSE:**

████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████

**INTERROGATORY NO. 7:**

Identify every Fleet Farm employee, agent, manager, director, or principal who has spoken in person, communicated with, or otherwise contacted the ATF, the BCA, or any other Minnesota law enforcement agency regarding a firearm sale at a Minnesota Store, and describe the date and location of each meeting, communication, or contact.

**RESPONSE:**

████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**INTERROGATORY NO. 8:**

Identify every Fleet Farm employee, agent, manager, director, or principal against whom Fleet Farm has taken or is taking disciplinary action for violating any Fleet Farm policy or procedure related to the sale of firearms. For each person identified, describe all details related to that person's conduct, Fleet Farm's investigation into the conduct, and the ultimate disciplinary decision made by Fleet Farm.

**RESPONSE:**

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████

        ████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████

**INTERROGATORY NO. 9:**

Describe every instance in which Fleet Farm investigated or audited its employees' compliance with Fleet Farm policies and procedures related to the sale of firearms, including whether Fleet Farm investigated its firearms sales to Jerome Horton or Sarah Elwood. For each investigation or audit identified, specify when it took place, which store(s) and/or personnel Fleet Farm investigated or audited, what conduct the investigation or audit reviewed, the findings of the investigation or audit, and the recommendation(s) of the investigation or audit, if any.

**RESPONSE:**

        ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████    ████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

████████████████████████████████████████████████████

█████████████████████████

███████████████████████████████████████████████████

████████████████████████

**INTERROGATORY NO. 10:**

Describe how Fleet Farm records and tracks information related to firearms sales, including communications and record sharing among Fleet Farm retail stores and with law enforcement.

**RESPONSE:**

████████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

- 14 -

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**



**INTERROGATORY NO. 11:**

Identify every requested firearms sale in Minnesota that Fleet Farm decided not to complete and every person for whom Fleet Farm has limited or ceased firearms sales in Minnesota, including a description of the circumstances, evidence, and internal decision-making process that led Fleet Farm to limit or cease sales in each instance.

**RESPONSE:**

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████      ████████████████████

████████████████████████████████████████████████████

████

      ██████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████

**INTERROGATORY NO. 12:**

Identify every person that Fleet Farm has identified or suspected to be a straw purchaser related to Fleet Farm's sales of firearms in Minnesota.

**RESPONSE:**

      ██████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

██████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████

**INTERROGATORY NO. 13:**

Describe the surveillance technology Fleet Farm uses or has used at each of its Minnesota Stores and all related policies and procedures, including what types of recording and tracking equipment are used, how many pieces of equipment each store has, where the equipment is placed inside or outside each store, how the equipment records and stores data, how and when Fleet Farm reviews such data, and how Fleet Farm's retention policies for such data.

**RESPONSE:**

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████

█████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**INTERROGATORY NO. 14:**

Provide all supporting information underlying Fleet Farm's public statement issued on October 5, 2022, in which Fleet Farm stated: "It's also worth noting that at the time of the tragic shooting in Saint Paul described in the Attorney General's complaint, we were told by the Bureau of Alcohol, Tobacco and Firearms that our team members had 'done nothing wrong' and had complied with all applicable gun laws." Include the following information in your response: which Fleet Farm personnel were purportedly told by the ATF that Fleet Farm "team members had 'done nothing wrong'"; which ATF personnel purportedly told Fleet Farm that Fleet Farm "team members had 'done nothing wrong'"; when such individual or individuals at the ATF purportedly told Fleet Farm that Fleet Farm "team members had 'done nothing wrong,'" including identifying the date and circumstances of each conversation underlying Fleet Farm's statement; how the ATF purportedly told Fleet Farm that Fleet Farm "team members had 'done nothing wrong'" (e.g., face-to-face conversation, e-mail, telephone call, text, etc.); and the full content of each conversation between the ATF and Fleet Farm in which the ATF purportedly said Fleet Farm's team members had "done nothing wrong."

**RESPONSE:**

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**INTERROGATORY NO. 15:**

Identify, by date and government agency, and describe any investigations, compliance inspections, warning letters or warning conferences, remedial trainings, presentations, inquiries, or contacts by any federal, state, or local government agency relating to your sale of firearms at your Minnesota Stores.

**RESPONSE:**

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**AS TO OBJECTIONS:**

Dated:  August 21, 2023

*/s/ Todd A. Noteboom*
Todd A. Noteboom (#0240047)
Andrew W. Davis (#0386634)
Sharon R. Markowitz (#0392043)
Andrew P. Leiendecker (#0399107)
Stinson LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
todd.noteboom@stinson.com
andrew.davis@stinson.com
sharon.markowitz@stinson.com
andrew.leiendecker@stinson.com

**ATTORNEYS FOR DEFENDANTS**

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## VERIFICATION

I am Derrick Hoernke, Director of Real Estate and Facilities at Fleet Farm Wholesale Supply Co. LLC. I am authorized to make this representation on behalf of Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC (together, "Fleet Farm"). I have read Fleet Farm's Responses to the Interrogatories above and know the contents thereof. The Responses are true to the best of my current knowledge, recollection, information, and belief based on a reasonable investigation. I make no verification with respect to any objections stated within the Responses.

I declare under penalty of perjury that everything I have stated in this Verification is true and correct.

FLEET FARM LLC
FLEET FARM GROUP LLC
FLEET FARM WHOLESALE SUPPLY CO. LLC

DATED this 21st day of August, 2023.        By: _____

Director of Real Estate and Facilities

- 21 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record via email on August 21, 2023.

*/s/ Andrew P. Leiendecker*
Andrew P. Leiendecker