

Courtney J. Harrison
**PARTNER**

DIRECT: 816.691.2354
OFFICE: 816.842.8600

courtney.harrison@stinson.com

July 26, 2024

Katherine Moerke
Assistant Attorney General
(651) 728-7174
katherine.moerke@ag.state.mn.us

Re:     State v. Fleet Farm LLC et al, Case No. 0:22-cv-02694-JRT-JFD | Response to
        July 26 letter

Dear Counsel,

We are in receipt of your July 26 letter regarding FF_0075711.  At the outset, we want to clarify that this document was one of twenty-one documents produced to you on July 19, not July 22 (on July 22, we ***reproduced*** the document with its current Bates label), meaning this document was in the State's possession for a full week before the State sent its letter demanding a response from Fleet Farm in less than 8 hours.  And had the State been more diligent in reviewing the twenty-one documents produced last Friday, the parties would have had an opportunity to discuss this issue before submitting their joint motion to modify the pretrial scheduling order in this case.

Setting that aside, the State's requests for additional discovery fall flat. ***First***, the State has provided no authority supporting the notion that the later production of a document like FF_0075711 provides a basis for reopening the deposition of Michelle Granato. It is clear the State was already aware of Ms. Granato's interaction with Mr. Klebs because during Ms. Granato's deposition, the State questioned Ms. Granato regarding whether she knows "who Cory Klebs is," identified Mr. Klebs as the operations manager at the Blaine Fleet Farm store, and presented Ms. Granato with an email reflecting that Mr. Klebs had previously communicated with her regarding Fleet Farm's procedures relating to potential straw purchasers.

The State's suggestion that it did not know Ms. Granato and Cory Klebs communicated about topics about straw purchasing is disingenuous.  Fleet Farm has produced no fewer than ***twenty-eight*** documents reflecting communications between individuals including Michelle Granato ***and*** Cory Klebs.  *See* FF_0001229; FF_0001355; FF_0001360; FF_0001460; FF_0001473; FF_0001479; FF_0001561; FF_0001663; FF_0001777; FF_0001877; FF_0001894; FF_0001910; FF_0001914; FF_0002416; FF_0002420; FF_0002556; FF_0002639; FF_0002644; FF_0002724; FF_0004093; FF_0004098; FF_0033248; FF_0033259; FF_0033260; FF_0034231; FF_0034251; FF_0034253; FF_0034604.  The fact that FF_0075711 reflects yet ***another*** potential communication from Mr. Klebs to Ms. Granato does not provide a basis for reopening Ms. Granato's deposition.

1201 Walnut Street, Suite 2900, Kansas City, MO 64106

STINSON LLP    STINSON.COM

CORE/3526696.0002/191413727.1

July 26, 2024
Page 2

**Second**, the State has provided no authority supporting the notion that the production of FF_0075711 supports **increasing** the number of depositions the State is entitled to take in this case from ten to eleven. The State has noticed all ten of the depositions that it is entitled to take pursuant to the pretrial scheduling order. The State elected **not** to seek to depose Mr. Klebs, despite the fact that—as illustrated above—many documents have been produced in this case showing that Mr. Klebs was the Operations Manager at the Blaine store and was involved in assisting ATF's investigation of Mr. Horton in October 2021. That said, because the already noticed depositions of Eric Bongard, Gary Hallfielder, Kyle Lohse, and Bret Nordquist have yet to occur, Fleet Farm will not object if the State chooses to withdraw a deposition notice or subpoena as to one of these individuals and instead depose Mr. Klebs.

**Third**, the State has not provided a valid basis for seeking to amend the pretrial scheduling order to permit it to serve **five** additional RFPs, purportedly to seek "documents showing what information and questions Cory Klebs sent **about Jerome Horton** to Michelle Granato on or about July 31, 2021." As the State is aware, Fleet Farm has already produced all responsive documents from Ms. Granato's custodial files, including all responsive emails maintained pursuant to Fleet Farm's document-retention protocol and the operative litigation hold. And as part of the parties' extensive negotiations regarding custodians and search terms to run for responsive documents, Fleet Farm agreed to search for and produce responsive documents that hit on the term "horton." *See* Fleet Farm _2.21.24 Search Terms.xlsx (attached to 4:34 p.m. Feb. 21, 2024 email from A. Leiendecker). Accordingly, to the extent that Ms. Granato's custodial files contain email communications relating to Jerome Horton, any such emails have already been produced.

**Fourth**, for similar reasons, the State has offered no authority or other valid basis for "[s]erving up to five additional interrogatories related to the matters in document FF_0075711." Since the inception of this litigation, the State has been aware of the fact that Jerome Horton purchased certain firearms from Fleet Farm's Blaine store on July 31, 2021. As the above referenced documents show, the State has also long been aware of Cory Klebs' involvement in an investigation related to Horton. At any time over the past year, the State could have served additional interrogatories seeking to obtain further details regarding Fleet Farm's sales to Jerome Horton and Sarah Elwood. The State elected not to serve any such interrogatories. And if it wishes to seek additional information regarding Mr. Klebs, as noted, Fleet Farm will not object to the State withdrawing one of its deposition notices and serving a deposition notice on Mr. Klebs.

We are happy to schedule a call early next week if it would be helpful to discuss any of the above items.

July 26, 2024
Page 3

Sincerely,

**Stinson LLP**
Courtney J. Harrison

CJH:

CC:    Todd Noteboom

        Andrew Davis

        Andrew Leiendecker

CORE/3526696.0002/191413727.1