# EXHIBIT H

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| State of Minnesota by its Attorney General, Keith Ellison,<br><br>Plaintiff,<br><br>v.<br><br>Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC,<br><br>Defendants. | Case No.: 0:22-cv-02694-JRT-JFD<br><br>**DEFENDANTS' AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORY NOS. 2, 6, AND 13** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC (together, "Fleet Farm" or "Defendants") hereby provide the following amended objections and responses to Interrogatory Nos. 2, 6, and 13 in Plaintiff State of Minnesota's July 20, 2023 First Set of Interrogatories to Defendants:

## GENERAL OBJECTIONS

Defendants incorporate by reference the General Objections asserted in their August 21, 2023 Responses and Objections to Plaintiff's First Set of Interrogatories.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 2:**

Identify all persons who have or may have factual knowledge relating to the allegations, claims, denials, and defenses set forth in the pleadings, including Fleet Farm's claim that Plaintiff has failed to join all necessary parties, including, but not limited to, other third parties whom Plaintiff alleges engaged in the unlawful sale or use of firearms in Minnesota. Your response should include all current or former Fleet Farm employees, agents, managers, directors, and principals that had any role in establishing, modifying,

- 1 -

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

overseeing, and/or monitoring Fleet Farm's policies, procedures, or practices regarding firearm sales.

**RESPONSE:**

In addition to the foregoing General Objections, Defendants object to Interrogatory No. 2 as premature, overly broad, and unduly burdensome because discovery in this Action is in its early stages and no depositions have occurred. Defendants further object to Interrogatory No. 2 as overly broad, unduly burdensome, and not proportional to the needs of this Action because it asks Defendants to "[i]dentify all persons who have or may have factual knowledge relating to the allegations, claims, denials, and defenses set forth in the pleadings," without regard to the degree of knowledge possessed by such persons, whether such persons had any substantive involvement in the allegations, claims, denials, or defenses at issue in this case, or whether such person's actual or potential "factual knowledge" is duplicative of information held by other individuals. Defendants further object to Interrogatory No. 2 to the extent it seeks information not in Defendants' possession, custody, or control, and to the extent it calls for the disclosure of any Privileged Information. Defendants also object to Interrogatory No. 2 as a premature contention interrogatory that is not proper prior to the completion of fact and expert discovery, including document discovery and depositions, and to the extent it calls for a legal conclusion.

Subject to and without waiving these objections, Defendants refer Plaintiff to Defendants' Initial Disclosures, and state that, to the best of their current knowledge and understanding, the following individuals held corporate leadership positions in, and may

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

have unique knowledge regarding, the establishment, modification, oversight, and/or monitoring of Defendants' policies, procedures, and practices relating to firearm sales during the defined time period, or were general managers of (or regional directors overseeing) Fleet Farm stores where Jerome Horton or Sarah Elwood purchased firearms, at the time those purchases occurred:

| Name | Job Title | Time Period[1] |
|---|---|---|
| Tim Beer | General Manager of Lakeville Store | July 2019 – May 2021 |
| Dustin Berndt | General Manager of Lakeville Store | July 2021 – Present |
| Jana Cartier | Director of Risk Management | Nov. 2021 – May 2023 |
| Paul Erikson | General Manager of Brooklyn Park Store | Sept. 2021 – Present |
| Michelle Granato | Firearms Specialist | BRTP – Present |
| Brad Hansen | Loss Prevention Manager<br><br>Field Loss Prevention Manager<br><br>Regional Loss Prevention Manager | May 2023 – Present<br><br>Jan. 2022 – Jun. 2023<br><br>BRTP – Jun. 2023 |
| Andrew Hazelton | General Manager of Oakdale Store | June 2021 – Present |
| Andrew Hedstrom | General Manager of Brooklyn Park Store | Feb. 2021 – Sept. 2021 |

---

[1] "BRTP" means that the individual held the listed position at the beginning of the relevant time period: October 5, 2016. "Present" means the date of Defendants' Responses and Objections to Plaintiff's First Set of Interrogatories.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

| | | |
|---|---|---|
| Derrick Hoernke | Director of Real Estate and Facilities | Nov. 2021 – Present |
| | Director of Loss Prevention and Facilities | Apr. 2020 – Nov. 2021 |
| | Director of Loss Prevention and Front End Operations | Oct. 2018 – Apr. 2020 |
| | Manager of Loss Prevention and Front End Operations | BRTP – Oct. 2018 |
| Steve Kopf | Regional Director | Feb. 2017 – June 2022 |
| Chris McCool | Regional Vice President | Mar. 2023 – Present |
| | Regional Director | Mar. 2018 – Mar. 2023 |
| Leif Pettersen | General Manager of Blaine Store | BRTP – Nov. 2022 |
| Mike Radl | Safety & Firearms Compliance Manager | BRTP - Present |
| Ryan Stoehr | Associate Director of Sporting Goods Merchandise | Mar. 2023 – Present |
| | Senior Category Manager – Firearms, Ammunition & Optics | Jul. 2018 – Mar. 2023 |
| | Buyer – Sporting Goods & Outdoor Cooking | BRTP – Jul. 2018 |
| Nick Widi | SVP of Store Operations | BRTP – Feb. 2019 |
| | SVP & Chief Retail Operations Officer | Feb. 2019 – Present |
| James Wood | General Manager of Brooklyn Park Store | Nov. 2018 – Jan. 2021 |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Answering further, Defendants state that starting in October 2017, the Firearms Compliance function of Fleet Farm stores reported to Derrick Hoernke, who was then the head of Fleet Farm's Loss Prevention and Front End Operations. Fleet Farm's Firearm Compliance and Loss Prevention reported to Store Operations, which was run by Nick Widi. Beginning around October 2021, Firearms Compliance and Loss Prevention became a part of Fleet Farm's Legal Department, which reported to Jana Cartier. Throughout this time period, the Firearms Compliance team was responsible for day-to-day decision making relating to firearms, and strategic and/or complex decision making was typically made by a combination of the heads of Fleet Farm's Loss Prevention, Store Operations, and Legal teams. Specifically, the Firearms Compliance team had primary responsibility for making recommendations relating to Fleet Farm's firearm policies and procedures, and would receive approval on substantive changes to those policies and procedures from the relevant Fleet Farm department head (*i.e.*, Corporate Services or Store Operations).

At the store level, Fleet Farm's Store Operations was divided into regions. Each region has a Regional Director (or Regional VP), who is generally responsible for the operation of individual Fleet Farm stores within this region and reports to the Chief Retail Operations Officer. From the beginning of the relevant time period until approximately June 2022, Steve Kopf and Chris McCool were Regional Directors with responsibility for all of Fleet Farm's Minnesota stores, and Chris McCool presently has responsibility for all of Fleet Farm's Minnesota stores. Beginning in 2022, Fleet Farm stores also had a Senior General Manager position, which has responsibility for one "home" store location and

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

oversees a handful of additional stores. Store General Managers report to the Senior General Managers, who report to the Regional Director/VP.

Answering further, Defendants refer Plaintiff to their response to Interrogatory No. 6.

**INTERROGATORY NO. 6:**

Identify every Fleet Farm employee, agent, manager, director, or principal who has spoken in person, communicated with, or otherwise contacted Jerome Horton, Gabriel Lee Young-Duncan, Sarah Elwood, Jeffrey Jackson, or Geryiell Walker, and describe the date and location of each meeting, communication, or contact.

**RESPONSE:**

In addition to the foregoing General Objections, Defendants object to Interrogatory No. 6 as premature and unduly burdensome because discovery in this Action is in its early stages and no depositions have occurred. Defendants further object to Interrogatory No. 6 as overly broad, unduly burdensome, and not proportional to the needs of this Action because it asks Defendants to identify "every Fleet Farm employee, agent, manager, director, or principal" who "communicated" or "contacted" certain individuals, without regarding to the degree of knowledge possessed by such persons or whether such persons have any substantive involvement with the allegations in this case. Defendants also object on the grounds that the Interrogatory is duplicative of Request for Production Nos. 12, 14, 15, and 16, and the phrase "otherwise contacted" is vague and ambiguous.

Subject to and without waiving these objections, Defendants state that the following Fleet Farm salespersons "had contact or communicat[ed]" with Jerome Horton and Sarah Elwood:

- 6 -

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| Fleet Farm Salesperson[2] | Nature of Contact with Horton or Elwood |
|---|---|
| Matt Benson | Identified as the person who transferred/sold one firearm to Jerome Horton at Fleet Farm's Brooklyn Park store on August 20, 2021.  *See* FF_0000588. |
| Greg Carrick | Identified as the person who transferred/sold one firearm to Jerome Horton at Fleet Farm's Blaine store on July 23, 2021.  *See* FF_0000438. |
| Michael Crepeau* | Identified as the person who transferred/sold one firearm to Sarah Elwood at Fleet Farm's Lakeville store on May 1, 2021.  *See* FF_0000311. |
| Gary Hallfielder* | Identified as the person who transferred/sold one firearm to Jerome Horton at Fleet Farm's Oakdale store on July 10, 2021, *see* FF_0000008, and transferred/sold two firearms to Jerome Horton at Fleet Farm's Oakdale store on July 24, 2021, *see* FF_0000127. |
| Greg Johnson* | Identified as the person who transferred/sold one firearm to Sarah Elwood at Fleet Farm's Brooklyn Park store on June 20, 2020, *see* FF_0000034, and transferred/sold one firearm to Jerome Horton at Fleet Farm's Brooklyn Park store on July 7, 2021, *see* FF_0000259. |
| Matthew Kubiak* | Identified as the person who transferred/sold two firearms to Sarah Elwood at Fleet Farm's Blaine store on May 6, 2021.  *See* FF_0014673. |
| Lori Jo Lamprecht | Identified as the person who transferred/sold one firearm to Sarah Elwood at Fleet Farm's Brooklyn Park store on July 30, 2020.  *See* FF_0000570. |
| Lloyd Law* | Identified as the person who transferred/sold one firearm to Jerome Horton at Fleet Farm's Oakdale store on July 26, 2021.  *See* FF_0000234. |
| Zach Adams Lohse* | Identified as the person who transferred/sold two firearms to Sarah Elwood at Fleet Farm's Blaine store on May 12, 2021, *see* FF_0000056, transferred/sold one firearm to Jerome Horton at Fleet Farm's Blaine store on August 14, 2021, *see* FF_0000049, and transferred/sold one firearm to |

---

[2] The * indicates the individual is currently employed by Defendants, and may only be contacted through Defendants' counsel.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

| | |
|---|---|
| | Jerome Horton at Fleet Farm's Blaine store on September 18, 2021, *see* FF_0000574. |
| Cindy McKree* | Identified as the person who transferred/sold one firearm to Jerome Horton at Fleet Farm's Oakdale store on October 17, 2021. *See* FF_0000208. |
| Isaac Nelson | Identified as the person who transferred/sold one firearm to Jerome Horton at Fleet Farm's Brooklyn Park store on June 15, 2021. *See* FF_0000713. |
| Bret Nordquist | Identified as the person who transferred/sold three firearms to Jerome Horton at Fleet Farm's Blaine store on July 31, 2021. *See* FF_0000363. |
| Logan Oja* | Identified as the person who transferred/sold two firearms to Jerome Horton at Fleet Farm's Lakeville store on August 31, 2021. *See* FF_0000238. |
| Cory Peloquin | Identified as the person who transferred/told one firearm to Jerome Horton at Fleet Farm's Brooklyn Park store on October 11, 2021. *See* FF_0000581. |
| Jeremy T. Rehbein | Identified as the person who transferred/sold one firearm to Jerome Horton at Fleet Farm's Blaine store on September 13, 2021. *See* FF_0000607. |
| Jerome Riley | Identified as the person who transferred/sold two firearms to Jerome Horton at Fleet Farm's Blaine store on September 26, 2021. *See* FF_0000479. |
| Brigette Rudnick | Identified as the person who transferred/sold one firearm to Jerome Horton at Fleet Farm's Brooklyn Park store on July 4, 2021. *See* FF_0000471. |
| Branden Sierakowski* | Identified as the person who transferred/sold two firearms to Sarah Elwood at Fleet Farm's Blaine store on January 31, 2021, *see* FF_0000201, and transferred/sold two firearms to Jerome Horton at Fleet Farm's Blaine store on July 27, 2021, *see* FF_0000331. |
| Mike Williamson | Identified as the person who transferred/sold a firearm to Sarah Elwood at Fleet Farm's Brooklyn Park store on January 4, 2021, *see* FF_0000245, one of the persons who transferred/sold a firearm to Sarah Elwood at Fleet Farm's Brooklyn Park store on January 11, 2021, *see* FF_0000467, and the person who transferred/sold a firearm to Sarah |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| | |
|---|---|
| | Elwood at Fleet Farm's Brooklyn Park store on May 1, 2021, *see* FF_0000614. |
| Leetee Tommy Xiong | Identified as the person who transferred/sold one firearm to Jerome Horton at Fleet Farm's Brooklyn Park store on September 17, 2021. *See* FF_0000246. |
| Matt Yeager* | Identified as one of the persons who transferred/sold one firearm to Sarah Elwood at Fleet Farm's Brooklyn Park store on January 11, 2021, *see* FF_0000467, and the person who transferred/sold one firearm to Sarah Elwood at Fleet Farm's Brooklyn Park store on March 15, 2021, *see* FF_0000307. |

To the best of Defendants' knowledge, these are the only Fleet Farm personnel who have contacted or communicated with Jerome Horton or Sarah Elwood. And to the best of Defendants' knowledge, Gabriel Lee Young-Duncan, Jeffrey Jackson, and Geryiell Walker did not purchase any firearms from Fleet Farm's Minnesota-based stores during the relevant time period, and thus no Fleet Farm personnel have contacted or communicated with these individuals.

**INTERROGATORY NO. 13:**

Describe the surveillance technology Fleet Farm uses or has used at each of its Minnesota Stores and all related policies and procedures, including what types of recording and tracking equipment are used, how many pieces of equipment each store has, where the equipment is placed inside or outside each store, how the equipment records and stores data, how and when Fleet Farm reviews such data, and how Fleet Farm's retention policies for such data.

**RESPONSE:**

In addition to the foregoing General Objections, Defendants object to Interrogatory No. 13 on the grounds that it is compound, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to Interrogatory No. 13 on the ground that "surveillance technology" is vague and

- 9 -

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

ambiguous, and to the extent that the Interrogatory is duplicative of Request for Production No. 16.

Subject to and without waiving these objections, Defendants state that the Fleet Farm retail stores in Minnesota utilize video surveillance technology at the firearms counter of the sporting goods department. The precise video surveillance technology varies by retail store, but typically consists of between three and eight analog and digital video cameras positioned to monitor the firearms counter, Sporting Goods Department, and adjacent Departments. Recordings of attempted and/or completed firearm transactions are not reviewed by Fleet Farm store personnel in the ordinary course, but are reviewed if, among other things, loss prevention employees receive reported suspicious behavior or theft.

Answering further, Defendants state that each of Fleet Farm's retail stores utilizes digital video recorders and a mix of analog and digital cameras for surveillance. The camera locations and quantity vary by store location (due, in large part, to the varying size and layout of each store), but, as a general matter, numerous cameras are placed both inside and outside of the store. The stores utilize the Pelco Video Management System, which, in the ordinary course, retains video for approximately 90 days by saving the recordings to a camera-specific hard drive. The video retention system is a "first in, first out" system, meaning that older video is replaced with new video once the hard drive has reached its storage capacity. Accordingly, the precise volume of video that may be stored for a given camera varies depending on the storage capacity of the particular camera's hard drive. If Fleet Farm determines it is necessary to retain certain video for internal or law-enforcement

- 10 -

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

purposes, or receives a request for certain video from law enforcement, assuming the particular hard drive has not yet overwritten the requested video, Fleet Farm will export the requested video and save it to a jump drive or CD.

**AS TO OBJECTIONS:**

Dated:  February 20, 2024

*/s/ Todd A. Noteboom*
Todd A. Noteboom (#0240047)
Andrew W. Davis (#0386634)
Sharon R. Markowitz (#0392043)
Andrew P. Leiendecker (#0399107)
Stinson LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
todd.noteboom@stinson.com
andrew.davis@stinson.com
sharon.markowitz@stinson.com
andrew.leiendecker@stinson.com

**ATTORNEYS FOR DEFENDANTS**

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## VERIFICATION

I am Derrick Hoernke, Director of Real Estate and Facilities at Fleet Farm Wholesale Supply Co. LLC. I am authorized to make this representation on behalf of Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC (together, "Fleet Farm"). I have read Fleet Farm's Amended Responses to Interrogatory Nos. 2, 6, and 13 above and know the contents thereof. The Responses are true to the best of my current knowledge, recollection, information, and belief based on a reasonable investigation. I make no verification with respect to any objections stated within the Responses.

I declare under penalty of perjury that everything I have stated in this Verification is true and correct.

FLEET FARM LLC
FLEET FARM GROUP LLC
FLEET FARM WHOLESALE SUPPLY CO. LLC

DATED this 17th day of February, 2024.    By: _____

Director of Real Estate and Facilities

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record via email on February 20, 2024.

*/s/ Andrew P. Leiendecker*
Andrew P. Leiendecker