EXHIBIT
tabbies
201
1.16.25 CS



# STRAW PURCHASES

**Tactics to Help Avoid Them and What to Do If You Think You Made One**

**NSSF®**
***The Firearm Industry Trade Association***

Exhibit 5

## SHOT UNIVERSITY™
NSSF® online

**A clearing house of industry education for you and your staff. Course/webinars Include:**

- "Zero Tolerance" Policy
- Winning ATF Inspections
- Completing Form 4473
- Multiple Sales Report
- And more

NSSF.ORG/EDUCATION

## NSSF® Premium Retail

### Unmatched Benefits

- Legal Defense Fund (up to $25K in defense support)
- Compliance Consultant Visit
- Ongoing Support
- Discounts on Event Registrations
- And More

PREMIUM RETAIL MEMBERSHIP

## NSSF RANGE-RETAILER BUSINESS EXPO™




A knowledge sharing event designed to load retailers and ranges with strategies, equipment and inspiration to help grow your business.

LEARN MORE & REGISTER TODAY!

GUN STORAGE

GunStorageCheck.org



# STRAW PURCHASES

## Tactics to Help Avoid Them and What to Do If You Think You Made One



NSSF®
*The Firearm Industry Trade Association*

# Introduction

- Federal Firearms Licensees (FFLs) are required to comply with Federal laws and regulations and to make certain that all firearms transfers are legal and proper.
- Every FFL will run into what are called straw purchases. Every FFL will be approached by strawmen; people who want to buy a firearm for someone unknown to you.
- The objectives of this presentation are to help FFLs recognize common straw purchase approaches, to avoid transferring firearms to straw purchasers and to discuss what FFLs can do if they believe they have made such a transfer.
- Straw purchases are illegal and punishable by up to 15 years imprisonment and a $250,000 fine.
- If ATF determines from inspection that an FFL made a willful straw sale, or was blind to what was obvious, the agency may try to revoke the FFL.

# What is a Straw Purchase?



- A straw purchase occurs when a firearm is transferred to a person who is not the actual buyer, but who will answer 'yes' to question 21.a. on Form 4473.
- The actual buyer of the firearm
  - is either aware or believes that they are unable to pass the required federal background check,
  - or does not want his or her name associated with the purchase,
  - and has a proxy, who can pass the required background check, purchase the firearm for him/her.
- Abramski v. United States.

# NSSF Straw Purchase Webinars

- NSSF has been presenting straw purchase webinars annually in recent years.
- Why? Because straw purchases keep happening and are widely reported after crimes are committed and investigated by LE agencies.
- Many news articles about criminal prosecutions mention that the firearms used were straw purchases.
- Willful blindness to a straw purchase can be grounds for revocation of the FFL.

# The GCA Now Defines and Penalizes the Straw Purchasing of Firearms

- Until 2022 the Gun Control Act of 1968 (GCA) did not define the terms "straw purchase" or "straw purchaser". The only statute available to prosecute straw purchasers was §922 (a) (6), which made it a crime to lie to an FFL in connection with the purchase or attempted purchase of a firearm.
- In June 2022 Congress enacted the 'Bipartisan Safer Communities Act' (BSCA)', the provisions of which included the following:

# The GCA Now Defines and Penalizes the Straw Purchasing of Firearms

- **§932. Straw purchasing of firearms**
- (b) Violation.-It shall be unlawful for any person to knowingly purchase, or conspire to purchase, any firearm in or otherwise affecting interstate or foreign commerce for, on behalf of, or at the request or demand of any other person, knowing or having reasonable cause to believe that such other person-
- (1) meets the criteria of **1 or more paragraphs of section 922(d);**
- (2) intends to use, carry, possess, or sell or otherwise dispose of the firearm in furtherance of a felony, a Federal crime of terrorism, or a drug trafficking crime; or
- (3) intends to sell or otherwise dispose of the firearm to a person described in paragraph (1) or (2).
- Section 922 (d) makes it a crime to transfer a firearm to any person who is prohibited by the GCA from possessing firearms. The same prohibitions you see on Form 4473 every day.
- Questions 21.b. and 21.n. on the Form 4473 are now included because of this new statute. Straw purchasers who lie to either of those question are subject to prosecution with penalties more severe than previously available.
- ATF is now prosecuting straw purchasers for lying on Form 4473 in their responses to those questions.

# Penalties for Straw Purchasing

- **§932. Straw purchasing of firearms**
- (c) Penalty.-
- (1) In general.-Except as provided in paragraph (2), any person who violates subsection (b) shall be fined under this title, imprisoned for not more than 15 years, or both.
- (2) Use in felonies, crimes of terrorism, or drug trafficking crimes.-If a violation of subsection (b) is committed knowing or with reasonable cause to believe that any firearm involved will be used to commit a felony, a Federal crime of terrorism, or a drug trafficking crime, the person shall be sentenced to a term of imprisonment of not more than 25 years.

DON'T LIE
FOR THE OTHER GUY

# NSSF's Don't Lie For The Other Guy Program

- The "Don't Lie" program, a partnership between the National Shooting Sports Foundation and ATF, is designed to help employees of FFLs recognize attempted straw purchases and to help educate the public not to become a straw purchaser.
- NSSF has annual public education campaigns in several cities, which includes "Don't Lie" bus signs and other advertising.
- NSSF has produced videos containing common straw purchase scenarios.
- NSSF has also produced in store materials for FFLs.
- For FFLs, the goal of the program is to eliminate actual transfers to straw purchasers to the greatest extent possible.
- FFLs should shut down potential straw purchases when they recognize they are occurring.

# Read Your Customers

- Generally, there are two types of straw purchasers.
- The first is the person sent in to acquire the same firearm another person was recently denied for.
- They head right where the firearm is and announce that they want to buy it. No shopping, no haggling, no discussion.
- It is so common that we recommend FFLs remove the particular firearm and quarantine it in back stock for a week or so.
- The second is a person sent in to acquire a firearm(s) for someone else without a specific firearm in mind.

# What to Look for On Every Transaction

- *The first question that ATF Form 4473 requires a would-be transferee (buyer) to answer at item 21.a. is the following: "Are you the actual buyer of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)?* ***Warning: You are not the actual transferee/buyer if you are acquiring any of the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer any of the firearm(s) to you.***
- If someone answers 'no' to question 21.a. then you must not transfer a firearm to that person.
- Sometimes we see Forms 4473 on our consultations with NSSF PRMs where someone has answered 'no' but has received a firearm.
- One exception: Return of repaired firearm to someone other than the person who brought it to the FFL.

# Classic Straw Sale 1

- Bill Smith attempts to buy a handgun but is denied by NICS. The next day another person comes into the store and goes right to that handgun in the display case. They want that firearm and that firearm only. No discussion, no haggling over price.
- That should be a red flag. Denied persons often send in a relative or a close friend to buy the firearm they were denied.
- We will be discussing keeping track of denials later on in this presentation.

# Classic Straw Sale 2

- Mr. Jones comes into your retail establishment to buy a firearm. He completed the form 4473 and was denied by NICS. The next day, Mrs. Jones comes into your store to buy the exact same firearm. She completes the form which shows she lives at the same address as Mr. Jones.
- This should be an automatic red flag that Mrs. Jones is attempting to straw purchase the firearm for Mr. Jones. Being alert to recently denied transactions is essential and can be as simple as keeping your recent denials in a folder that is reviewed every morning or shift. If someone comes in to buy the same firearm, and has a name or address in common, it is very possible they are a straw purchaser.

# Classic Straw Sale 3

- A husband or boyfriend looks at and selects the firearm to buy, and then provides an excuse for why he needs his wife or girlfriend to complete the form. For example, I forgot my drivers license or credit card.
- This would not be proper, even if both could pass the background check. The wife or girlfriend cannot purchase the gun if they are not the actual buyer.
- If you have any reason to believe a straw purchase is taking place, do not go through with the transaction. Facilitating a straw purchase is grounds for revocation of your license if cited by ATF.

# Other Possible Indicators of a Straw Purchase

- Nervousness. Questioning the need for Form 4473. Or tight-lipped.
- Lack of knowledge about firearms or familiarity with the firearm they want to buy after being questioned by sale associates.
- Evasive when asked questions by staff.
- Bulk or repetitive purchase of the same or similar firearms, especially non-collectible models.
- Purchases made with brand new identification documents.
- No previous purchases, but now a frequent buyer.
- Buying multiple firearms with large amounts of cash.
- Another person seen passing cash to the 'buyer'.

# More Indicators of a Potential Straw Purchase

- Buyer conversing with another person while completing Form 4473, particularly if the other person is in another section of the store.
- Persons attempting to conceal conversations inside of shop.
- Scouting of firearms by the straw buyer with the actual purchaser, who then departs the store.
- Taking/sending cell phone pictures of firearms to persons unknown to the FFL.
- Talking on a cell phone while looking at firearms.
- Reluctance of the apparent buyer to complete Form 4473.

# Questions FFLs Should Ask Suspected Straw Purchasers

- In our opinion there is one question a sales associate should ask if they have any doubts about the legality of any firearms sale?
- "Now tell me, who are you buying this firearm for today?"
- Other questions could be:
  - What is it about this firearm that you like?
  - What other models have you considered?
  - How do you plan to use it?



# Gift Sales

- A person can buy a firearm as a gift if they are doing so with their own funds.
- If you suspect the mention of a gift is a subterfuge, offer to sell the would-be buyer a gift card.
- Whether to stop a straw sale or for any gift sale, we recommend that you sell a gift card instead of a firearm for three reasons:
  - The person presenting the gift card will complete a Form 4473 and undergo a background check.
  - The person will buy the firearm they want.
  - You can upsell the buyer with ammunition and other accessories.

# Keep Track of Denials

- Many ATF Industry Operations Investigators have put more emphasis on inspecting Forms 4473 where the background check resulted in a NICS denial.
- Many will check to see who ultimately received the firearm listed on the denied Form 4473 and will try to determine if there is a link between the denied person and the transferee and, hence, a possible straw sale. As mentioned previously willful blindness to a straw sale can be a cause for FFL revocation.
- We recommend that FFLs keep track of denied persons, their addresses and the firearm on denied transactions for about a week or longer and that sales associates review it prior to making a firearms transfer.

# Quarantining Firearms

- Because the attempt by a relative or associate of a denied person is common, many FFLs will 'quarantine' or move to back stock the firearm(s) associated with the denied person's Form 4473.
- This may not work for very large stores, but where it does work, the would-be straw purchaser will not see the exact firearm they want and may be deterred at that point without any discussion with store employees.
- If they do ask, they are told that the firearm has been sold.

# On-Line Sales



- On-line buyers will send in other persons to pick up the firearm for them.
- Only transfer firearms to the person who actually bought it from the shipping FFL.
- Do not allow the shipping FFL or the individual shipper to change the name of the buyer on the invoice or other document. Such an effort would be an indicator of straw purchase attempt since the actual buyer would not be completing Form 4473.
- If you are the on-line seller of a handgun, get a copy of the DL of the buyer to verify age and address, so you have evidence the sale is legal.

# If a Straw Purchase Attempt is Suspected

- Ask questions of the purchaser.
- Sales associates must be totally empowered to trust their instincts. If it doesn't 'feel' right, it probably isn't.
- If possible, get Section B of Form 4473 completed by the would-be straw purchaser before shutting the sale down.
- Also, if possible, get a telephone number.
- Maintain complete records of the attempt. If the store maintains a 'no sale' list add the person to that list.
- Employees should be trained to report the attempt to management or ownership ASAP.
- FFLs that have good rapport with local competitors, report what happened to them. If they tried one store, they probably would try others.
- After conferring with your attorney, you may want to refer the attempted straw purchase to your local ATF LE office.

# If a Straw Purchase Has Occurred

- If ATF determines, from inspection, that an FFL made a willful straw sale, or turned a blind eye to what it should have detected, the agency may try to revoke the FFL.
- FFLs cannot be indifferent to a suspected or actual straw purchase made! They must act. The situation must be fully investigated to understand what happened.
- Employees should report the situation to their management immediately.
- Immediately document exactly what happened and maintain these documents.
- Retain security camera footage of the sale, if available.
- We strongly recommend consultation with an attorney before any contact is made with ATF or a state agency.
- Your attorney may recommend, and we support, attempting to get the firearm back from the buyer and re-logging it in the A&D record.

# Recap: Prevent Straw Sales

- Train employees on the regulations covering the transfer of a firearm and on Form 4473 and that they have read over the notices, instructions and definitions on Form 4473.
- Make sure they understand the instructions for Question 21.a.
- *Question 21.a. Actual Transferee/Buyer: For purposes of this form, a person is the actual transferee/buyer if he/she is purchasing the firearm for him/herself or otherwise acquiring the firearm for him/herself. (e.g., redeeming the firearm from pawn, retrieving it from consignment, firearm raffle winner). A person is also the actual transferee/buyer if he/she is legitimately purchasing the firearm as a bona fide gift for a third party. A gift is not bona fide if another person offered or gave the person completing this form money, service(s), or item(s) of value to acquire the firearm for him/her, or if the other person is prohibited by law from receiving or possessing the firearm*
- Have standard procedures for the completion of Forms 4473. As previously mentioned, one could be asking all would-be purchasers "Who are you buying this firearm for?"
- Train employees on straw purchase indicators.
- Employees must be empowered to shut down a suspected straw sale without getting approval from management. Owners should not second guess employees' suspicions.
- Consider quarantining any firearm involved in a denied transaction. Straw purchasers often come in looking for that one firearm.
- Have several persons review Forms 4473 before the transfer occurs.

## NSSF Member Benefits for Retailers & Ranges

- Compliance Hotline
- SHOT University Online
- Discounts to Live Events including SHOT Show (first buyer badge is free - additional registrations discounted)
- Member Benefit Provider Discounts
- Access to Programs Such as First Shots

**Join Today!**

# NSSF Compliance Team

### ATF Consultants



**Judy Bender**
judybender73@gmail.com
630-418-0141



**John "JB" Bocker**
jb@fflconsultants.com
720-336-0028



**Harry McCabe**
harry@mccabeconsultingllc.com
931-505-3638



**Andrew Graham**
andy@grahamia.com
720-670-0096



**Bill Napier**
lpcbill@gmail.com
308-249-0131



**Wally Nelson**
nels4947@outlook.com
703-505-2617



**Judyth Ledoux**
ledoux.judyth@gmail.com
202-528-9465

### ATF & OSHA Consultant



**John "JC" Clark**
jc@fflconsultants.com
720-431-8821

### CA DOJ Consultant



**Renee Lewis**
rlewis.consultant@gmail.com
916-717-5304

### OSHA Consultant



**Dale Krupinski**
oshacoach@ontargetsafetyacademy.com
303-351-7915

### Federal Excise Tax Consultant



**Richard M. Weimer**
akrich246@yahoo.com
704-641-0531

**Meet The Team**

# Questions?

**Wally Nelson**
**(703) 505-2617**
**nels4947@outlook.com**

**Judy LeDoux**
**(202) 528-9465**
**ledoux.judyth@gmail.com**

NSSF®
The Firearm Industry
Trade Association

SHOT SHOW
AN NSSF EVENT

T: 203.426.1320 | nssf.org