# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| State of Minnesota by its Attorney General, Keith Ellison,<br><br>              Plaintiff,<br><br>      v.<br><br>Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC,<br><br>              Defendants. | Case No.: 0:22-cv-02694-JRT-JFD<br><br>**MEMORANDUM IN SUPPORT OF STATE'S MOTION FOR SUMMARY JUDGMENT ON FLEET FARM AFFIRMATIVE DEFENSES** |

The State of Minnesota has brought six claims against Fleet Farm for selling firearms to straw buyers despite obvious warning signs of straw buying: (1) negligence; (2) negligence per se; (3) negligent entrustment; (4) aiding and abetting; (5) public nuisance; and (6) violations of the Minnesota Gun Control Act. During discovery, the State gathered compelling evidence to prove all six claims at trial.

In response to the State's claims, Fleet Farm pled a laundry list of seventeen affirmative defenses. In contrast to the State's claims, most of the defenses Fleet Farm pled do not apply in this action as a matter of law and have no evidentiary support. These defenses should be dismissed to streamline this case for trial.

First, summary judgment should be granted on Fleet Farm's "unclean hands and unjust enrichment" defenses, which are inapplicable and have no evidentiary support. Second, summary judgment should be granted on Fleet Farm's defenses directed to

1

damages, because the State is not seeking proprietary damages.[1] Third, summary judgment should be granted on Fleet Farm's comparative fault defenses, because they are also inapplicable and have no evidentiary support. Finally, summary judgment should be granted on additional defenses asserted by Fleet Farm, including Fleet Farm's defense that the State purportedly "failed to join all necessary parties," which is an argument about causation, not an affirmative defense. All of these affirmative defenses should be dismissed with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

The State of Minnesota commenced this lawsuit against Fleet Farm on October 5, 2022. The State's original complaint brought five claims under Minnesota state law against Fleet Farm based on the company's sales of firearms to straw purchasers during 2020 and 2021: (1) negligence; (2) negligence per se; (3) negligent entrustment; (4) aiding and abetting; and (5) public nuisance. ECF No. 1-1, Ex. A, at 28-35. The State's amended complaint added a sixth claim for violation of the Minnesota Gun Control Act, which prohibits firearms sales to straw buyers, under Minnesota Statutes section 8.31. ECF No. 79 at 35-36. The State's complaint requests multiple forms of relief, including injunctive relief, civil penalties, and disgorgement.[2] *Id.* at 36-38.

---

[1] The State is seeking injunctive relief, civil penalties, and equitable monetary relief.

[2] On November 6, 2024, via a sworn interrogatory response, the State informed Fleet Farm that the State was not seeking proprietary legal damages related to spending by the State, as originally requested in paragraph 4 of the complaint's request for relief. Ex. A at 22 ("[T]he State will not be seeking damages from Fleet Farm in this action due to the costs to the State associated with investigating, monitoring, treating, policing, and remediating the misuse of firearms in Minnesota for which Fleet Farm is responsible.").

Fleet Farm pled seventeen "affirmative defenses" in its answer:

1.   Plaintiff's claims are preempted, in whole or in part, by federal laws and regulations.

2.   Plaintiff's claims are barred, in whole or in part, because at all times Fleet Farm's activities conformed with its obligations under all applicable state and federal statutes and regulations, including all applicable legal and regulatory duties, and because Fleet Farm's conduct was authorized by federal and/or state authorities.

3.   Plaintiff's claims are barred, in whole or in part, because Fleet Farm did not proximately cause any of the alleged harm or injury complained of, and because any alleged harm or injury was the result of superseding or intervening causes not under Fleet Farm's control, including, but not limited to, the intentional criminal acts of third persons.

4.   Plaintiff's claims are barred, in whole or in part, by the principle of comparative or contributory fault.

5.   Plaintiff's claims are barred, in whole or in part, under the doctrine of *in pari delicto*.

6.   Plaintiff's claims are barred, in whole or in part, by Minn. Stat. § 604.01 because Plaintiff's claimed damages, if any, were caused primarily by Plaintiff's own actions or omissions, and/or Plaintiff's own negligence.

7.   Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or statute of repose.

8.   Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

9.   Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands and unjust enrichment.

10.  Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and/or ratification.

11.  Plaintiff's claims are barred, in whole or in part, under the principle of assumption of risk.

12.    Plaintiff is barred, in whole or in part, from recovering costs incurred in providing public services pursuant to the free public services doctrine and/or municipal cost recovery rule.

13.    Plaintiff has failed to join all necessary parties, including, but not limited to, other third parties whom Plaintiff alleges engaged in the unlawful sale or use of firearms in Minnesota.

14.    Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's alleged damages are speculative, uncertain, or hypothetical.

15.    Plaintiff's claims are barred, in whole or in part, to the extent they seek to regulate or limit conduct in violation of the Second Amendment of the United States Constitution.

16.    To the extent Plaintiff has sustained any damages, Plaintiff has failed to mitigate such damages.

17.    Plaintiff's request for equitable relief is barred because to the extent Plaintiff has sustained any damages, Plaintiff has an adequate remedy at law.

ECF No. 38 at 24-27.[3]

The State and Fleet Farm met and conferred about Fleet Farm's affirmative defenses and other issues on March 27, 2025. On April 1, 2025, Fleet Farm agreed to stipulate to dismissal of some of Fleet Farm's affirmative defenses: Fleet Farm's fifth, seventh, eighth, tenth, and fifteenth affirmative defenses.[4] The parties filed a stipulation of dismissal of these defenses on April 3, 2025. ECF No. 176.

---

[3] Fleet Farm's answer to the State's amended complaint pled the same seventeen affirmative defenses. ECF No. 99 at 25-28.

[4] Fleet Farm also offered to stipulate to dismissal of Fleet Farm's twelfth, fourteenth, sixteenth, and seventeenth affirmative defenses—but only if the State agreed to stipulate that it would not seek relief in accordance with Paragraph 6 of the Complaint's Request for Relief, which is unacceptable.

The State seeks summary judgment on Fleet Farm's fourth, sixth, ninth, twelfth, thirteenth, fourteenth, sixteenth, and seventeenth affirmative defenses.

## LEGAL STANDARDS

Summary judgment is warranted on a claim or defense "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute over a fact is "material" only if its resolution might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Id*. at 255.

## ARGUMENT

Summary judgment should be granted on Fleet Farm's fourth, sixth, ninth, twelfth, thirteenth, fourteenth, sixteenth, and seventeenth affirmative defenses. These defenses are either inapplicable, wholly lacking in evidentiary support, or both. Accordingly, the State of Minnesota is entitled to summary judgment on these defenses as a matter of law. *See* Fed. R. Civ. P. 56(a).

**I.    Judgment Should Be Entered on Fleet Farm's "Unclean Hands and Unjust Enrichment" Defense Because There Is No Evidence That the State Acted Illegally or Unconscionably.**

Fleet Farm pled "the doctrines of unclean hands and unjust enrichment" as its ninth affirmative defense, but neither applies. The equitable defense of "unclean hands" is premised on the principle of withholding judicial assistance from a party guilty of

illegal or unconscionable conduct. *Watson Co. v. United States Life Ins. Co.*, 258 N.W.2d 776, 778 (Minn. 1977). The defense derives from the equitable maxim that one "who comes into equity must come with clean hands." *See, e.g.*, *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945).

The doctrine may be invoked against the State only if the State's conduct has been "unconscionable by reason of a bad motive, or where the result induced by [its] conduct will be unconscionable." *Creative Commc'ns Consultants, Inc. v. Gaylord*, 403 N.W.2d 654, 658 (Minn. Ct. App. 1987) (quotation omitted). Examples of such unconscionable conduct include diverting money intended for charity, *Abers v. Elliott*, No. A05-2439, 2006 WL 2053425, at *3 (Minn. Ct. App. July 25, 2006), or engaging in a campaign to defraud creditors, *Peterson v. Holiday Recreational Indus., Inc.*, 726 N.W.2d 499, 504–05 (Minn. Ct. App. 2007). There is no evidence of any such illegal or unconscionable conduct here.

For its part, unjust enrichment is an equitable claim—not a defense—when a defendant has inequitably received money from the plaintiff. *See, e.g.*, *Caldas v. Affordable Granite & Stone, Inc.*, 820 N.W.2d 826, 838 (Minn. 2012) ("Unjust enrichment is an equitable doctrine that allows a plaintiff to recover a benefit conferred upon a defendant when retention of the benefit is not legally justifiable."). There is no evidence of any such facts in this case, let alone an unjust enrichment claim.

Accordingly, the Court should grant judgment on Fleet Farm's ninth affirmative defense.

## II. Judgment Should Be Granted on Fleet Farm's Defenses About "Damages" Because the State Is Not Seeking Damages and There Is No Evidence Supporting Such Defenses.

Fleet Farm's fourteenth affirmative defense is that "Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's alleged *damages* are speculative, uncertain, or hypothetical." ECF No. 99 at 27 (emphasis added). Similarly, Fleet Farm's sixteenth affirmative defense is that, "[t]o the extent Plaintiff has sustained any *damages*, Plaintiff has failed to mitigate such damages." *Id.* at 28 (emphasis added). But the State is not seeking damages, as the State previously informed Fleet Farm: "the State will not be seeking damages from Fleet Farm in this action due to the costs to the State associated with investigating, monitoring, treating, policing, and remediating the misuse of firearms in Minnesota for which Fleet Farm is responsible." Ex. A at 22. Therefore, Fleet Farm's defenses that damages are "speculative, uncertain, or hypothetical" or were not mitigated are wholly inapplicable in this case.

Moreover, disputing proof of damages would not bar a claim, as Fleet Farm's fourteenth defense asserts. And monetary remedies the State is seeking—civil penalties and equitable monetary relief via disgorgement—are readily calculable and not in any way speculative.

Failure to mitigate is also inapplicable to Plaintiff's nuisance claim and claims under Minnesota Statutes section 8.31. A failure to mitigate damages defense has long "been held not to apply in cases of nuisance." *Am. Smelting & Ref. Co. v. Riverside Dairy & Stock Farm*, 236 F. 510, 514 (8th Cir. 1916); *see also, e.g., Miller v. City of Woodburn*, 270 P.

781, 784 (Or. 1928); *United Verde Extension Min. Co. v. Ralston*, 296 P. 262, 265 (Ariz. 1931).

Likewise, failure to mitigate "is not a defense to an award of statutory damages." *Glover v. Mary Jane M. Elliott, P.C.*, No. 1:07-CV-648, 2007 WL 2904050, at *3 (W.D. Mich. Oct. 2, 2007). Minnesota Statutes section 8.31 confers on the Court the authority "to require the payment of civil penalties" for violations of Minnesota laws "respecting unfair, discriminatory, and other unlawful practices in business, commerce, or trade" and grants the Attorney General authority to sue to recover those penalties. *Id.*, subd. 3. Nothing in Section 8.31 obligates the State to perform any mitigation to receive the penalties sought for violations of Minnesota laws.

Finally, there is no evidence that the State unreasonably failed to undertake a legal duty to mitigate the harm from Fleet Farm's sales to straw buyers.

Summary judgment should be granted dismissing both of these defenses.

## III. Judgment Should Be Entered on Fleet Farm's Comparative Fault Defenses Because There Is No Evidence Supporting Them.

Judgment should be granted dismissing Fleet Farm's comparative defenses of comparative or contributory fault (fourth affirmative defense), Minnesota Statutes section 604.01 (sixth affirmative defense), and assumption of risk (eleventh affirmative defense).[5]

---

[5] The affirmative defenses of failure to mitigate and comparative fault are interrelated, as evidenced by the inclusion of an unreasonable failure to mitigate damages in the Minnesota comparative fault statute's definition of "fault." *See* Minn. Stat. § 604.01, subd. 1a.

These defenses have no applicability to the State's *parens patriae* action. Moreover, there is no evidence supporting such defenses.

### A. Comparative or Contributory Fault Defenses Are Inapplicable to This Action and Lack Any Evidentiary Support.

First of all, Fleet Farm's comparative fault defenses would—if they applied—only limit damages, not bar a claim. Minn. Stat. § 604.01, subd. 1 ("[A]ny *damages* allowed must be diminished in proportion to the amount of fault attributable to the person recovering." (emphasis added)). But the State is not seeking damages. Ex. A at 22. Thus, Fleet Farm's comparative fault defenses are wholly inapplicable in this case, like Fleet Farm's fourteenth and sixteenth affirmative defenses discussed above.

In addition, under Minnesota's comparative fault statute, Minn. Stat. § 604.01, subd. 1, "any damages allowed must be diminished in proportion to the amount of fault attributable to the person recovering." *Id.* Fault is defined to include "acts or omissions that are in any measure negligent or reckless toward the person or property of the actor or others." *Id.*, subd. 1a. Accordingly, Fleet Farm would need to show *negligent or reckless action* by the State that *caused* the harm alleged in the complaint. *See Winge v. Minnesota Transfer Ry. Co.*, 201 N.W.2d 259, 263 (1972) ("[I]n application what is really compared [under Minnesota's comparative fault statute] . . . is the relative contribution of each party's negligence to the damage in a causal sense."). But there is no evidence of any negligent or reckless action by the State relating to Fleet Farm's sales to straw buyers.

Summary judgment should be granted on Fleet Farm's fourth and sixth affirmative defenses.

**B.    An Assumption of Risk Defense Is Inapplicable to This Action and Lacks Any Evidentiary Support.**

For the same reasons there is no comparative fault defense, there is no assumption of risk defense. The "assumption of risk is an affirmative defense that may be invoked when the plaintiff has unreasonably and voluntarily chosen to encounter a known and appreciated danger created by the defendant's negligence."[6] *Soderberg v. Anderson*, 922 N.W.2d 200, 202-03 (Minn. 2019) (citing *Springrose v. Willmore*, 192 N.W.2d 826, 827–28 (1971)).

Such assumption of risk is "an aspect of contributory negligence" and part of the calculation of comparative fault. *Soderberg*, 922 N.W.2d at 202-03 (quoting *Springrose*, 192 N.W.2d at 827–28). As a result, judgment should be granted on Defendants' assumption of risk defense for all the same reasons the State is entitled to judgment as a matter of law on Defendants' comparative or contributory fault defenses.

**IV.    Judgment Should Be Granted on Fleet Farm's Remaining Defenses.**

**A.    The "Free Public Services Doctrine" or "Municipal Cost Recovery Rule" Is Inapplicable to This Action.**

Fleet Farm pled as its twelfth affirmative defense that the State is barred "from recovering costs incurred in providing public services" pursuant to "the free public services doctrine" or "municipal cost recovery rule." The "municipal cost recovery rule" and the "free public services doctrine" mean the same thing—that, absent specific statutory

---

[6] By contrast, "primary assumption of risk" is not a defense and applies only in limited circumstances. *Daly v. McFarland*, 812 N.W.2d 113, 120–21 (Minn. 2012); *Springrose*, 192 N.W.2d at 827 (explaining that primary assumption of risk "is not . . . an affirmative defense").

authorization or damage to government-owned property, a municipality cannot recover the costs of carrying out public services from a tortfeasor whose conduct caused the need for the services. *See, e.g.*, *City of Chicago v. Beretta U.S.A. Corp.*, 821 N.E.2d 1099, 1143-44 (Ill. 2004) (explaining that the "municipal cost recovery rule" is "also called the 'free public services doctrine,'" and means that "public expenditures made in the performance of governmental functions are not recoverable in tort").

The State is not aware of any Minnesota law recognizing or addressing this doctrine in Minnesota. Even if Minnesota law recognized this doctrine, however, the doctrine would not apply in this action because the State does not seek to recover incurred costs from providing public services. Ex. A at 22. ("[T]he State will not be seeking damages from Fleet Farm in this action due to the costs to the State associated with investigating, monitoring, treating, policing, and remediating the misuse of firearms in Minnesota for which Fleet Farm is responsible.").

Moreover, there is an exception to the free public services doctrine for a public nuisance claim, as the State has brought here. *City of Flagstaff v. Atchison, Topeka & Santa Fe Ry. Co.*, 719 F.2d 322, 324 (9th Cir. 1983) ("Recovery has also been allowed where the acts of a private party create a public nuisance which the government seeks to abate.").

Summary judgment should be granted on Fleet Farm's twelfth affirmative defense.

### B.    The State Has Not Failed to Join Any Necessary Parties.

Fleet Farm pled that the State "has failed to join all necessary parties" as its thirteenth affirmative defense. During discovery, Fleet Farm confirmed to the State that Fleet Farm did not contend that the State had failed to name a necessary business entity:

"Fleet Farm . . . is not contending Plaintiff named the wrong corporate entities." Fleet Farm Mem., ECF 80 at 42 (page 36) n.24.

Rather, Fleet Farm admitted that it pled this defense, not to actually argue that any additional parties needed to be joined to this lawsuit, but to emphasize Fleet Farm's argument that Fleet Farm is not the sole cause of harm from Fleet Farm's sales of guns to straw buyers:

> [T]his defense speaks to the notion that from a causation standpoint, by choosing to cherry pick Fleet Farm as the only defendant in this case, Plaintiff has not named the numerous third parties whose actions may be the direct and substantial causes of the alleged harms it seeks to remedy.

*Id*.

Fleet Farm's argument that Fleet Farm is not the sole cause of harm is not an affirmative defense and should be dismissed. Moreover, Fleet Farm's argument that Fleet Farm is not the sole cause of harm does not defeat the State's claims because the risk of harm from violent crime resulting from selling guns to straw buyers is plainly foreseeable. *See, e.g.*, *Rieger v. Zackoski*, 321 N.W.2d 16, 21 (Minn. 1982) ("It is sufficient to establish a lack of superseding cause that the unreasonable risk of harm attributable to the third party's conduct be foreseeable."). The State's claims rest on Fleet Farm's failure to fulfill its own legal obligations not to sell firearms when it has reason to know that the purchaser is not the actual purchaser.

**C.      Fleet Farm's Final Affirmative Defense Does Not Apply.**

Finally, as Fleet Farm's seventeenth affirmative defense, Fleet Farm pled that the State's request for equitable relief is barred because there is an adequate remedy at law. This principle does not apply in this action.

The State, acting through the Attorney General, is not an ordinary private plaintiff seeking to be made whole. Instead, the State brought this civil law enforcement action to punish and deter Fleet Farm's unlawful conduct. *See, e.g.*, *Slezak v. Ousdigian*, 110 N.W.2d 1, 5 (Minn. 1961) ("[The Attorney General's] powers are not limited to those granted by statute but include extensive common-law powers inherent in his office. He may institute, conduct, and maintain all such actions and proceedings as he deems necessary for the enforcement of the laws of the state, the preservation of order, and the protection of public rights."); *State by Humphrey v. Standard Oil Co.*, 568 F. Supp. 556, 563 (D. Minn. 1983) ("A state maintains a quasi-sovereign interest either where the health and well-being of its residents is affected, or where the state works to assure that its residents enjoy the full benefit of federal laws."). Unlike a private plaintiff, the State does not need to prove that monetary damages are inadequate to obtain equitable relief, whether injunctive or monetary. *See, e.g.*, *Buetow v. A.L.S. Enterprises, Inc*., 650 F.3d 1178, 1184-85 (8th Cir. 2011) (explaining that, unlike in "a civil enforcement action brought by the Attorney General," a private plaintiff must prove that legal relief is inadequate to obtain equitable relief).

Indeed, Minnesota law expressly provides for the Attorney General's ability to obtain injunctive relief, civil penalties, and "other equitable relief":

> (a) to sue for and have injunctive relief in any court of competent jurisdiction against any such violation or threatened violation without abridging the penalties provided by law; and (b) to sue for and recover for the state, from any person who is found to have violated any of the laws referred to in subdivision 1, a civil penalty, in an amount to be determined by the court, not in excess of $25,000.

Minn. Stat. § 8.31, subd. 3.; *see also* Minn. Stat. § 8.31, subd. 3a (allowing recovery of "other equitable relief as determined by the court" in "any action brought by the attorney general pursuant to this section").

Therefore, the State does not need to show that there is an inadequate remedy at law to obtain equitable relief. Summary judgment should be granted on Fleet Farm's seventeenth affirmative defense.

## CONCLUSION

For the reasons demonstrated above, summary judgment should be granted on Fleet Farm's fourth, sixth, ninth, twelfth, thirteenth, fourteenth, sixteenth, and seventeenth affirmative defenses.

Dated:  April 4, 2025

KEITH ELLISON
Attorney General
State of Minnesota

JAMES W. CANADAY (#030234X)
Deputy Attorney General

/s/ *Katherine A. Moerke*
KATHERINE MOERKE (#0312277)
JASON PLEGGENKUHLE (#0391772)
ERIC J. MALONEY (#0396326)
Assistant Attorneys General

445 Minnesota Street, Suite 1200
St. Paul, Minnesota 55101-2130
james.canaday@ag.state.mn.us
Telephone: (651) 757-1421
katherine.moerke@ag.state.mn.us
Telephone: (651) 757-1288
eric.maloney@ag.state.mn.us
Telephone: (651) 757-1021
jason.pleggenkuhle@ag.state.mn.us
Telephone: (651) 757-1147

**UNIVERSITY OF MINNESOTA GUN
VIOLENCE PREVENTION CLINIC**

MEGAN WALSH (#0394837)
Special Assistant Attorney General

University of Minnesota Law School
190 Mondale Hall
229 19th Avenue South
Minneapolis, MN 55455
Phone: 612-625-5515
wals0270@umn.edu

*Attorneys for State of Minnesota*