# Exhibit A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| State of Minnesota by its Attorney General, Keith Ellison,<br><br>Plaintiff,<br><br>v.<br><br>Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC,<br><br>Defendants. | Case No.: 0:22-cv-02694-JRT-JFD<br><br>**STATE OF MINNESOTA'S SECOND SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff State of Minnesota by its Attorney General, Keith Ellison ("State" or "Plaintiff"), hereby makes its second supplementation of its responses and objections to the First Set of Interrogatories to Plaintiff from Defendants Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC (together, "Fleet Farm" or "Defendants") dated November 2, 2023 (the "Interrogatories" and each, an "Interrogatory") as follows:

**GENERAL OBJECTIONS**

1.      The State objects to Defendants' definitions and interrogatories to the extent that they attempt to seek information from state agencies, which are outside of the possession, custody, or control of the State. The Attorney General is an independent constitutional officer of the State of Minnesota and cannot answer for or on behalf of other entities, including state agencies. The scope of the State's answers will be limited to information within the possession, custody, or control of the State. The appropriate mechanism for seeking discovery from any non-party agencies is by way of subpoena.

**INTERROGATORY NO. 11:**

Identify and describe the specific claimed harms, and the specific costs that you contend were incurred as a result of those claimed harms, referenced and alleged in Paragraphs 109 and 110 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 11:**

The State objects to this interrogatory as a premature contention interrogatory that, at this stage of the litigation, improperly invades the State's work product.

Subject to and without waiving the foregoing objections and general objections, the State responds that the Complaint alleges the specific claimed harms associated with the public nuisance caused by Defendants' misconduct, including that the unlawful proliferation of firearms "interferes with rights common to the general public, deprives Minnesota residents and visitors of the peaceful use of public streets, sidewalks, parks, and other public places, interferes with commerce, travel, and the quality of daily life, and endangers the health, welfare, peace, safety, well-being, convenience, and property of considerable numbers of residents of, and visitors to, Minnesota." Compl. ¶ 109. The Complaint specifies the crimes that the State is aware of which have been committed with firearms unlawfully sold by Defendants, and notes that most of the firearms unlawfully sold by Defendants are unaccounted for and pose an ongoing danger to the health and safety of Minnesotans. Compl. ¶¶ 45–49, 51, 60. The Complaint also details that the costs incurred by state government due to the unlawful proliferation of firearms include the costs of investigating, monitoring, treating, policing, and remediating the misuse of firearms in Minnesota, and that these harms and costs continue to accrue. Compl. ¶ 110.

Discovery is ongoing and incomplete, and the State is waiting for substantial discovery from Defendants. The State reserves the right to amend and supplement its response or otherwise identify information upon further investigation, discovery, and trial preparation.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

The State incorporates its prior general and specific objections to this interrogatory. The State also objects to this interrogatory as premature to the extent it seeks information that may be provided by an expert witness for the State. The State will provide expert information in accordance with the Federal Rules of Civil Procedure and the deadline set for expert disclosures in the Court's scheduling order.

The State further objects that its response to this interrogatory remains premature given the State's outstanding Motion to Further Modify the Amended Pretrial Scheduling Order and Compel Discovery from Fleet Farm regarding the circumstances described in FF_0075711.

Subject to and without waiving the foregoing objections and general objections, the State further responds that Fleet Farm's actions and inaction have directly resulted in the facilitation and commission of multiple crimes in Minnesota, as detailed in the State's First Amended Complaint. Moreover, because numerous guns sold by Fleet Farm to Jerome Horton and Sarah Elwood remain unaccounted-for, Fleet Farm is responsible for crimes caused in the future by these firearms as well. The AGO is continuing to assess the costs to the State associated with investigating, monitoring, treating, policing, and remediating the misuse of firearms in Minnesota for which Fleet Farm is responsible.

The State reserves the right to supplement this response or otherwise identify information upon further investigation, discovery, and trial preparation.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

The State incorporates its prior general and specific objections to this interrogatory. Subject to and without waiving the foregoing objections and general objections, the State further responds that the State will not be seeking damages from Fleet Farm in this action due to the costs to the State associated with investigating, monitoring, treating, policing, and remediating the misuse of firearms in Minnesota for which Fleet Farm is responsible.

**INTERROGATORY NO. 12:**

Identify and describe the specific instances and actions that you contend constitute Fleet Farm "breach[ing] . . . their duties in Minnesota" and the specific "damages for injury" that you contend were "sustained" as a result of these claimed "repeated breaches." Compl., Prayer for Relief ¶ 4.

**RESPONSE TO INTERROGATORY NO. 12:**

The State objects to this interrogatory as a premature contention interrogatory that, at this stage of the litigation, improperly invades the State's work product. The State also objects to this request to the extent that Defendants possess information and documents about firearm purchases that it has not produced to the State that would inform which instances and actions the State contends were breaches of duty and what injuries resulted. The State served requests for production of documents on Defendants on July 20, 2023, and continues to wait for Defendants to produce responsive documents. The State also objects to this interrogatory to the extent it requires the State to draw a legal conclusion.

22

**AS TO OBJECTIONS:**

Dated:  November 6, 2024

KEITH ELLISON
Attorney General
State of Minnesota

**/s/ Eric J. Maloney**
ERIC J. MALONEY (#0396326)
Assistant Attorney General
JAMES W. CANADAY (#030234X)
Deputy Attorney General
JASON T. PLEGGENKUHLE (#0391772)
Assistant Attorney General
KATHERINE A. MOERKE (#0312277)
Assistant Attorney General

445 Minnesota Street, Suite 1200
St. Paul, Minnesota 55101-2130
(651) 757-1021
eric.maloney@ag.state.mn.us
james.canaday@ag.state.mn.us
jason.pleggenkuhle@ag.state.mn.us
katherine.moerke@ag.state.mn.us

**UNIVERSITY OF MINNESOTA GUN
VIOLENCE PREVENTION CLINIC**

MEGAN WALSH (#0394837)
Special Assistant Attorney General
ARIELLE HUGEL
WILLIAM ROBERTS
CALLAN SHOWERS
Certified Student Attorneys

University of Minnesota Law School
190 Mondale Hall
229 19th Avenue South
Minneapolis, MN 55455
Phone: 612-625-5515
wals0270@umn.edu

*Attorneys for State of Minnesota*

33

## VERIFICATION

I am Marianne L. Ellis, Manager of Outside Counsel Relationships and Investigator at the Minnesota Attorney General's Office. I have read the State of Minnesota's Second Supplemental Responses to Defendants' First Set of Interrogatories ("Second Supplemental Responses") dated November 6, 2024, and know the contents thereof. The Second Supplemental Responses are true to the best of my current knowledge, recollection, information, and belief based on a reasonable investigation. I make no verification with respect to any objections stated within the Second Supplemental Responses.

I declare under penalty of perjury that everything I have stated in this Verification is true and correct.

Executed November 6, 2024                           By: /s/ Marianne L. Ellis

Dakota County, Minnesota

34