IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Case No.: 0:22-CV-02694-JRT-JFD
_____

DEPOSITION OF WILLIAM NAPIER
January 30, 2025
**CONFIDENTIAL**
_____

STATE OF MINNESOTA BY ITS ATTORNEY GENERAL, KEITH
ELLISON,

Plaintiff,

v.

FLEET FARM LLC;  FLEET FARM GROUP LLC; and FLEET FARM
WHOLESALE SUPPLY CO. LLC,

Defendants.
_____

                    A P P E A R A N C E S

For the Plaintiff:        KATHERINE A. MOERKE, ESQ.
                          ERIC J. MALONEY, ESQ.
                          Office of the Attorney General
                          445 Minnesota Street
                          Suite 1200
                          St. Paul, Minnesota  55101
                          katherine.moerke@ag.state.mn.us
                          eric.maloney@ag.state.mn.us

For the Defendants:       ANDREW DAVIS, ESQ.
                          ANDREW LEIENDECKER, ESQ. (remote)
                          Stinson LLP
                          50 South Sixth Street
                          Suite 2600
                          Minneapolis, Minnesota  55402
                          andrew.davis@stinson.com
                          andrew.leiendecker@stinson.com


Also Present:        Will Roberts

P R O C E E D I N G S

WILLIAM NAPIER,

the Witness herein, having been first duly sworn, was examined and testified on his oath as follows:

MR. DAVIS:  Before we begin, we will be designating this deposition transcript as confidential pursuant to the protective order in this case.

MS. MOERKE:  That's fine, thank you.

EXAMINATION

BY MS. MOERKE:

Q    Good morning, Mr. Napier.  My name is Katherine Moerke.  I'm an attorney representing the State of Minnesota in the lawsuit against Fleet Farm.

A    Okay.

Q    Before I start asking you more questions, we're going to go over some ground rules for the deposition.  I believe you've been deposed once before; is that right?

A    Two times, ma'am.

Q    We have a court reporter in the room who's taking down everything we say, so we need to be careful to speak one at a time so that there's a clear record. Does that make sense?

A    Yes, ma'am.

Q    You're -- are you represented by an attorney

have everything in front of us.  We don't know what was said, and simply because someone -- as I point out here in my report, there's many reasons somebody could buy similar firearms of the same caliber.  There's many reasons someone could do that, and they're perfectly legal.

Q    Warning signs are legal, right?

A    I'm not a lawyer.

Q    Well, you just said -- you just told me that there -- you talked about what was legal and what wasn't.  Warning signs are in and of themselves not illegal, right?

MR. DAVIS:  Object to form.

THE WITNESS:  What I can tell you is that the warning signs are not required by law, as far as I know. It's a tool to use.

Q    (By Ms. Moerke)  Right.  And it's a tool to use that is, in fact, the industry standard, right?

A    As a total package and not just one instance or one assumption.  It has to be what went on in this sale.

Q    So, Mr. Napier, is it true that you don't actually disagree with the warning signs in the State's Complaint because they're the same warning signs and materials you rely on, but that you really are just

DEPOSITION OF
WILLIAM NAPIER

REPORTER'S CERTIFICATE

I, Laurie Heckman, Registered Professional Reporter, do hereby certify that prior to the commencement of the examination, the Witness was by me first duly sworn to testify the truth; that said deposition was taken in shorthand by me at the time and place hereinabove set forth and was thereafter reduced to typewritten form under my supervision, as per the foregoing transcript; that the same is a full, true and correct transcription of my shorthand notes then and there taken.

I further certify that I am not related to, employed by, nor of counsel for any of the parties or attorneys herein, nor otherwise interested in the event of the within action.

I have hereunto set my hand February 5, 2025.

_____

Registered Professional Reporter