UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| State of Minnesota by its Attorney General, Keith Ellison,<br><br>   Plaintiff,<br><br>  v.<br><br>Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC,<br><br>   Defendants. | Case No.: 0:22-cv-02694-JRT-JFD<br><br>**REPLY MEMORANDUM IN SUPPORT OF STATE'S MOTION FOR SUMMARY JUDGMENT ON FLEET FARM AFFIRMATIVE DEFENSES** |

  The State of Minnesota seeks summary judgment on Fleet Farm's fourth, sixth, ninth, eleventh, twelfth, thirteenth, fourteenth, sixteenth, and seventeenth affirmative defenses. Despite Fleet Farm's prior refusal to stipulate to dismissal of these defenses, Fleet Farm's opposition briefing now concedes that summary judgment on most of these affirmative defenses is appropriate:

- Fleet Farm concedes "that its ninth affirmative defense, invoking the doctrines of unclean hands and unjust enrichment, may be dismissed." Fleet Farm Opp. at 11 n.6 (Doc. 215 at 15).

- Fleet Farm concedes that, "[i]f this case concerns only equitable relief, Fleet Farm's damages-based [fourteenth and sixteenth] defenses are no longer applicable." Fleet Farm Opp. at 17 (Doc. 215 at 21). And the State is not

1

seeking proprietary damages, as the State has made clear to Fleet Farm and the Court.[1] State Mem. (Doc. 193) at 2 n.2.

- Fleet Farm concedes that its "twelfth affirmative defense would no longer be applicable" if the State does not "recover incurred costs from providing public services." Fleet Farm Opp. at 15 n.9 (Doc. 215 at 19). Because the State does not seek to recover proprietary damages, the State does not seek to recover any costs incurred by the State from providing public services.

- Fleet Farm concedes that its thirteenth affirmative defense "is duplicative of its other comparative-fault defenses." Fleet Farm Opp. at 14 (Doc. 215 at 18).

The only disputes remaining are with respect to Fleet Farm's fourth, sixth, and eleventh affirmative defenses, which are all comparative fault defenses, and Fleet Farm's seventeenth defense that the State "has an adequate remedy at law." Fleet Farm fails to refute the State's showing that summary judgment is appropriate on all of these defenses.

Fleet Farm's comparative fault defenses should be dismissed because, even if they were successful, these defenses could only limit damages—not defeat claims—and the State does not seek damages. To the extent that Fleet Farm seeks to maintain these defenses to introduce evidence at trial that others are to blame, any such evidence could be considered by the Court in awarding equitable relief, but such evidence is not relevant to Fleet Farm's liability and should not be presented to the jury. Likewise, Fleet Farm's

---

[1] As the State has also made clear, the State is seeking other remedies, including equitable monetary relief, civil penalties, and attorney fees and costs. State Mem. (Doc. 193) at 2 n.1.

2

assertion that the State has an adequate remedy at law is only relevant to the Court's award of equitable relief—this defense does not defeat any of the State's claims. Thus, summary judgment should be entered on Fleet Farm's fourth, sixth, eleventh, and seventeenth defenses.[2]

## ARGUMENT

I. **Fleet Farm Concedes That Summary Judgment Is Appropriate on Fleet Farm's Ninth, Twelfth, Thirteenth, Fourteenth, and Sixteenth Affirmative Defenses.**

    A. **Fleet Farm Concedes That Its Ninth Affirmative Defense of "Unclean Hands and Unjust Enrichment" Should Be Dismissed.**

Fleet Farm's opposition concedes that "its ninth affirmative defense, invoking the doctrines of unclean hands and unjust enrichment, may be dismissed." Fleet Farm Opp. at 11 n.6 (Doc. 215 at 15). Accordingly, summary judgment should be granted on this defense.

    B. **Fleet Farm Concedes That Its Fourteenth and Sixteenth Affirmative Defenses Directed to "Damages" Should Be Dismissed.**

Fleet Farm's opposition concedes that, "[i]f this case concerns only equitable relief, Fleet Farm's damages-based defenses are no longer applicable." Fleet Farm Opp. at 17 (Doc. 215 at 21). The State is not seeking damages. The Attorney General told Fleet Farm that the State is not seeking proprietary damages for costs incurred by the State six months ago on November 6, 2024, via a sworn interrogatory response.[3] State Mem. (Doc. 193) at

---

[2] The State's proposed order (Doc. 197) inadvertently omitted a reference to Fleet Farm's eleventh affirmative defense, although the State's memorandum demonstrated that this defense should be dismissed (Doc. 193 at 8).

[3] Thus, Fleet Farm wrongly asserts that the State's decision not to seek damages is "newfound." Fleet Farm Opp. at 15-16 (Doc. 215 at 19-20).

3

2 n.2. The Attorney General confirmed this position in its representations to the Court in the State's motion for summary judgment on affirmative defenses in accordance with Federal Rule of Civil Procedure 11. *Id.* Thus, "Fleet Farm's damages-based defenses are no longer applicable." Fleet Farm Opp. at 17 (Doc. 215 at 21).

Yet, despite the State's express representations to Fleet Farm and the Court that the State is not seeking proprietary damages, Fleet Farm repeatedly suggests that the State might still be seeking damages, and Fleet Farm improperly conflates actual "damages" with any "monetary relief." Fleet Farm Opp. at 10 (Doc. 215 at 14) (asserting that "the State's position appears to be keeping open the possibility of attempting to seek some 'monetary relief' from Fleet Farm separate and apart from 'disgorgement' and 'civil penalties'"); *see also id.* at 1-2, 8, 10, 15-17 (Doc. 215 at 5-6, 12, 14, 19-21) (conflating "damages" with "monetary relief"). Fleet Farm emphasizes that, "when Fleet Farm requested that the State stipulate it is no longer seeking 'damages' or 'monetary relief,' *the State refused*." Fleet Farm Opp. at 1-2 (Doc. 215 at 5-6) (emphasis in original); *see also id.* at 8 (Doc. 215 at 12) (asserting that "the State refuses to stipulate that it is not seeking to recover 'monetary relief'"); *id.* at 15 (Doc. 215 at 19) (stating that "the State has asserted claims for 'monetary relief' and 'damages' that it refused to formally disavow earlier this month").

It is straightforward—and not at all "difficult to square"—why the State refused to stipulate that it is not seeking "monetary relief." *See* Fleet Farm Opp. at 15-16 (Doc. 215 at 19-20). Actual "damages" are not synonymous with "monetary relief," and "monetary relief" is not limited to actual "damages." The State is not seeking proprietary damages,

4

but the State is absolutely seeking other "monetary relief" from Fleet Farm.[4] The State seeks civil penalties. The State seeks equitable monetary relief in the form of disgorgement from Fleet Farm. And the State seeks all its attorneys' fees and costs. But none of these types of monetary relief are actual "damages."

Summary judgment should be granted dismissing Fleet Farm's fourteenth and sixteenth affirmative defenses.

### C. Fleet Farm Concedes That Its Twelfth Affirmative Defense of the "Free Public Services Doctrine and/or Municipal Cost Recovery Rule" Should Be Dismissed.

Fleet Farm concedes that its twelfth defense does not apply if the State does not seek to "recover incurred costs": "If this Court orders that—consistent with the State's concession in its brief—the State may not 'recover incurred costs from providing public services,' State's Br. 11, Fleet Farm's twelfth affirmative defense would no longer be applicable." Fleet Farm Opp. at 15 n.9 (Doc. 215 at 19).

Because the State does not seek to recover any propriety damages, the State does not seek to recover any costs incurred from providing public services. Thus, summary judgment should be granted dismissing Fleet Farm's twelfth affirmative defense.

### D. Fleet Farm Concedes That Its Thirteenth Affirmative Defense That the State "Has Failed to Join All Necessary Parties" Should Be Dismissed.

Fleet Farm's opposition makes no argument that summary judgment should not be

---

[4] Accordingly, Fleet Farm's suggestion that "this Court should enter an order confirming the State is not allowed to seek to recover any 'damages' or 'monetary relief' in this case" (Fleet Farm Opp. at 17 (Doc. 215 at 21)) should be rejected.

granted on its thirteenth affirmative defense that the State purportedly "has failed to join all necessary parties." As the State demonstrated, the State is entitled to summary judgment on this defense as a matter of law.

Fleet Farm concedes that this defense may be dismissed: "Fleet Farm acknowledges that, given how the record in this case has developed, this [thirteenth affirmative] defense is duplicative of its other comparative-fault defenses." Fleet Farm Opp. at 14 n.8 (Doc. 215 at 18). Thus, summary judgment should be granted dismissing Fleet Farm's thirteenth affirmative defense.

## II. Summary Judgment Should Be Granted on Fleet Farm's Comparative Fault Defenses Because They Are Not Applicable as a Matter of Law.

Fleet Farm seeks to place responsibility for Fleet Farm's sales of 37 guns to straw buyers, despite obvious warning signs, on everyone else but Fleet Farm. By admittedly selling 37 guns to two straw buyers, Fleet Farm increased gun trafficking by at least this amount in Minnesota by definition. Yet Fleet Farm's opposition briefing repeats the same falsehoods as Fleet Farm's affirmative summary judgment briefing, including that there is "zero evidence that Fleet Farm caused any increase in gun trafficking." Fleet Farm. Opp. at 1 (Doc. 215 at 5).

In this same vein, Fleet Farm argues that it "has the right" to present evidence of other alleged wrongdoers to the jury "as part of its defense":

> Accordingly, as part of its defense, Fleet Farm has the right to have the factfinder consider the wrongdoing of, at minimum: (1) the State, (2) the FBI, (3) Jerome Horton and Sarah Elwood, (4) other Minnesota FFLs that sold firearms to Horton and Elwood, (5) the other criminal actors involved in selling firearms on the black market, and (6) Devondre Phillips.

6

Fleet Farm Opp. at 12 (Doc. 215 at 16). Even if comparative fault defenses did apply, which they do not, Fleet Farm's sweeping identification of alternative villains as purportedly being at "fault"—encompassing not only Horton and Elwood, but also the FBI, other FFLs, and even the Minnesota State Legislature for not passing hypothetical legislation—is absurd. *See* Fleet Farm Opp. at 7-8, 12-13 (Doc. 215 at 11-12, 16-17). Moreover, Fleet Farm's argument is contrary to law because the State does not seek damages.

Fleet Farm's comparative fault defenses would—if they applied—only limit damages, not bar a claim. *See* Minn. Stat. § 604.01, subd. 1. Fleet Farm faults the State for citing "*zero* caselaw" to support the statement that Minnesota's comparative fault principles apply only to "limit damages." Fleet Farm Opp. at 14 (citing State Mem. at 9) (emphasis in original). Fleet Farm's statement deliberately refers only to "case law" because the State cited controlling law for its statement: Minnesota Statutes section 604.01, subd. 1. Given the State's reliance on this statute, Fleet Farm's assertion that "the State does not offer any authority supporting its argument that a comparative-fault defense is inapplicable in the context of claims for equitable relief" is simply false. Fleet Farm Opp. at 18 (Doc. 215 at 22).

Minnesota Statutes section 604.01 speaks only to limiting *damages* based on any contributory fault:

> Contributory fault does not bar recovery in an action by any person or the person's legal representative to *recover damages* for fault resulting in death, in injury to person or property, or in economic loss, if the contributory fault was not greater than the fault of the person against whom recovery is sought, but *any damages* allowed must be diminished in proportion to the amount of fault attributable to the person recovering. The court may, and when requested by any party shall, direct the jury to find separate special verdicts

7

> determining the *amount of damages* and the percentage of fault attributable to each party and the court shall then reduce the *amount of damages* in proportion to the amount of fault attributable to the person recovering. . . .
>
> "Fault" includes acts or omissions that are in any measure negligent or reckless toward the person or property of the actor or others, or that subject a person to strict tort liability. . . .
>
> Evidence of unreasonable failure to avoid aggravating an injury or to mitigate damages *may be considered only in determining the damages* to which the claimant is entitled. It may not be considered in determining the cause of an accident.

Minn. Stat. § 604.01, subd. 1, 1a (emphasis added). Fleet Farm does not assert or cite any law, whether statutory or case law, contradicting the statutory language or the State's position that comparative fault defenses only limit damages rather than barring a claim under Minnesota law. Because the State does not seek damages, comparative fault defenses do not apply.

The few cases Fleet Farm cites with respect to this point do not support Fleet Farm's position and instead support the State. The *Minnwest* decision simply used the words "comparable degree of fault" as a reference to the balancing of equities in evaluating whether to award injunctive relief by the court—not a jury. *See In re Minnwest Bank Litig. Concerning Real Prop.*, 873 N.W.2d 135, 145 (Minn. Ct. App. 2015). The plaintiff in that case sought both monetary damages and injunctive relief, and the decision did not raise, address, or answer the question of whether comparative fault defenses apply when damages are not sought. *Caronia*'s single statement about comparative fault is dicta—and does not involve, let alone address, Minnesota law on comparative fault defenses. *See Caronia v. Philip Morris USA, Inc.*, No. 06–CV–224, 2011 WL 338425, at *13 n.5 (E.D.N.Y. Jan. 13,

2011).

Moreover, Fleet Farm cites a decision that, unlike *Minnwest* and *Caronia*, directly addressed the issue and held that comparative fault principles do not apply in a suit for equitable relief and, thus, summary judgment dismissing comparative fault affirmative defenses is appropriate: "[The State] argues that comparative fault is not a proper consideration in a suit for injunctive relief and, therefore, summary judgment is appropriate for this defense. The Court agrees. . . . The Court, therefore, concludes that summary judgment is appropriate for [Defendant's] tenth defense." *N.C. ex rel. Cooper v. Tenn. Valley Auth.*, 549 F. Supp. 2d 725, 733-34 (W.D.N.C. 2008), *cited in* Fleet Farm Opp. at 20 n.11 (Doc. 215 at 24). Fleet Farm's comparable fault defenses are not applicable here for the same reason.

Fleet Farm further argues that—even if the Court agrees that comparative fault defenses are inapplicable because the State is not seeking damages—the purported fact "[t]hat numerous other actors, including the State, bear responsibility" for harm "speaks directly" to the Court's award of injunctive relief and civil penalties. Fleet Farm Opp. at 19 (Doc. 215 at 23). Thus, Fleet Farm concludes that it "should be permitted to introduce the evidence underlying these defenses to support arguments regarding what, if any, injunctive relief and civil penalties should be imposed." *Id*. at 20 n.11 (Doc. 215 at 24). But award of injunctive relief is a matter for the Court—not the jury, as Fleet Farm recognizes. Fleet Farm Opp. at 19-20 (Doc. 215 at 23-24) (referring to what "the district court then considers" and what "the district court must consider" in awarding injunctive relief and civil penalties and citing the factors set forth for injunctive relief in *State ex rel.*

9

*Hatch v. Cross Country Bank, Inc.*, 703 N.W.2d 562, 572 (Minn. Ct. App. 2005), and for civil penalties in *State by Humphrey v. Alpine Air Prods., Inc.*, 490 N.W.2d 888, 897 (Minn. Ct. App. 1992)).

That the Court will consider multiple equitable factors in awarding injunctive relief and equitable monetary relief does not make "comparative fault"—and Fleet Farm's attempts to blame others for its own carelessness—an affirmative defense that allows Fleet Farm to present evidence blaming other actors to the jury, which will decide liability but not equitable relief.[5]

### III. Judgment Should Be Entered on Fleet Farm's Seventeenth Affirmative Defense.

Fleet Farm does not argue that its seventeenth affirmative defense—that the State purportedly "has an adequate remedy at law"—is a cognizable affirmative defense that would defeat any of the State's claims. It is not. *See, e.g.*, *Xingen v. Inland Energy, Inc.*, No. SA CV19-01039, 2020 WL 13211718, at *4 (C.D. Cal. Feb. 18, 2020) (granting motion to strike and holding that proof of "no adequate remedy at law would be an element" of a claim for equitable relief and "would not be an affirmative defense").

Rather, Fleet Farm argues that the State must show the "inadequacy of legal remedy" to obtain injunctive relief on the State's common law claims, but not the State's

---

[5] Fleet Farm wrongly suggests that evidence accusing others of fault must be presented to the jury in this case. *See* Fleet Farm Opp. at 11 (Doc. 215 at 15) (stating that "the factfinder 'must have the opportunity to consider the negligence of all parties to the transaction'" and quoting *Lines v. Ryan*, 272 N.W.2d 896, 902-03 (Minn. 1978)). *Lines* is inapplicable because it concerned a claim for damages—which are awarded by a jury rather than the Court. *See Lines v. Ryan*, 272 N.W.2d 896, 900 (Minn. 1978) (explaining that the jury apportioned negligence to apportion damages between tortfeasors).

10

public nuisance claim or claim for violation of the Minnesota Gun Control Act. Fleet Farm Opp. at 17 n.10 (Doc. 215 at 21). Accordingly, like Fleet Farm's comparative fault defenses, the Court may consider this factor in awarding injunctive relief as a remedy to the State's common law claims (but not its statutory claims), but Fleet Farm should not be permitted to assert this defense to the jury because it is not relevant to liability.

Summary judgment should be granted on Fleet Farm's seventeenth affirmative defense.

## CONCLUSION

For the reasons demonstrated in the State's moving brief and above, summary judgment should be granted on Fleet Farm's fourth, sixth, ninth, eleventh, twelfth, thirteenth, fourteenth, sixteenth, and seventeenth affirmative defenses.

Dated: May 9, 2025

KEITH ELLISON
Attorney General
State of Minnesota

JAMES W. CANADAY (#030234X)
Deputy Attorney General

**/s/** *Katherine A. Moerke*
KATHERINE MOERKE (#0312277)
JASON PLEGGENKUHLE (#0391772)
ERIC J. MALONEY (#0396326)
Assistant Attorneys General

445 Minnesota Street, Suite 1200
St. Paul, Minnesota 55101-2130
james.canaday@ag.state.mn.us
Telephone: (651) 757-1421
katherine.moerke@ag.state.mn.us
Telephone: (651) 757-1288
eric.maloney@ag.state.mn.us
Telephone: (651) 757-1021
jason.pleggenkuhle@ag.state.mn.us
Telephone: (651) 757-1147

**UNIVERSITY OF MINNESOTA GUN VIOLENCE PREVENTION CLINIC**

MEGAN WALSH (#0394837)
Special Assistant Attorney General

CALLAN SHOWERS
ARIELLE HUGEL
WILLIAM ROBERTS
Certified Student Attorneys

University of Minnesota Law School
190 Mondale Hall
229 19th Avenue South
Minneapolis, MN 55455
Phone: 612-625-5515
wals0270@umn.edu

*Attorneys for State of Minnesota*