**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| State of Minnesota by its Attorney General, Keith Ellison,<br><br>            Plaintiff,<br><br>      v.<br><br>Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC,<br><br>            Defendants. | Case No.: 0:22-cv-02694-JRT-JFD |

**FLEET FARM'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO FOR SUMMARY JUDGMENT**

### TABLE OF CONTENTS

INTRODUCTION ................................................................................................................... 1

ARGUMENT ......................................................................................................................... 2

   I.    Most facts offered by the State are irrelevant to Fleet Farm's motion .............. 2

   II.   The State lacks *parens patriae* standing for its common-law claims ................ 3

   III.  The State cannot establish causation .................................................... 6

   IV.  The undisputed facts confirm the State's claims fail ........................................ 8

        A.   There is no evidence supporting the public-nuisance claim ...................... 8

        B.   The aiding-and-abetting claim fails because Fleet Farm did not have "actual knowledge" of straw purchasing ................................................... 9

        C.   The negligent-entrustment claim fails as a matter of law ........................ 10

        D.   There is no evidence that Fleet Farm violated the laws cited to support the State's negligence and negligence per se claims ................... 11

        E.   The State's expert agrees that most of the MNGCA claim fails ............. 13

CONCLUSION ..................................................................................................................... 14

### TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abel v. Abbott Northwestern Hosp.*,
  947 N.W.2d 58 (Minn. 2020) ........................................................................ 8

*Aery v. Nohre*,
  688 F. Supp. 3d 862 (D. Minn. 2023) ......................................................... 1, 2

*Alfred L. Snapp & Son, Inc. v. Puerto Rico, ex rel., Barez*,
  458 U.S. 592 (1982) ................................................................................ 3, 4, 5

*Arizona v. Garland*,
  730 F. Supp. 3d 258 (W.D. La. 2024) .......................................................... 5

*Bertelsen v. Walker*,
  2020 WL 11039168 (Minn. Dist. Ct. Nov. 10, 2020) .................................. 11

*Bradley v. Cooper Tire & Rubber Co.*,
  2006 WL 8455083 (S.D. Miss. July 20, 2006) ........................................... 4, 7

*Chapman v. Tristar Prods., Inc.*,
  940 F.3d 299 (6th Cir. 2019) ....................................................................... 4

*Connecticut v. Physicians Health Servs. of Conn., Inc.*,
  103 F. Supp. 2d 495 (D. Conn. 2000) ........................................................... 6

*Datalink Corp. v. Perkins Eastman Architects, P.C.*,
  2015 WL 3607784 (D. Minn. June 8, 2015) ............................................... 1, 7

*Fairmont Cash Mgmt., L.L.C. v. James*,
  858 F.3d 356 (5th Cir. 2017) ..................................................................... 12

*Forbes v. Wells Fargo Bank, N.A.*,
  420 F. Supp. 2d 1018 (D. Minn. 2006) ......................................................... 7

*Gilbert v. Bangs*,
  813 F. Supp. 2d 669 (D. Md. 2011) ............................................................ 12

*Glob.-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011) ................................................................................... 10

*Griffey v. Magellan Health Inc.*,
    562 F. Supp. 3d 34 (D. Ariz. 2021) ............................................................. 7

*Grp. Health Plan, Inc. v. Philip Morris Inc.*,
    621 N.W.2d 2 (Minn. 2001)........................................................................ 6

*Harrison v. Jefferson Parish Sch. Bd.*,
    78 F.4th 765 (5th Cir. 2023) ..................................................................... 4

*State ex rel. Hatch v. Cross Country Bank, Inc.*,
    703 N.W.2d 562 (Minn. Ct. App. 2005) ..................................................... 5

*Henderson v. Mercy Catholic Med. Ctr.*,
    2018 WL 3344655 (E.D. Pa. July 9, 2018)........................................... 1, 3, 4

*Johnson v. Johnson*,
    611 N.W.2d 823 (Minn. Ct. App. 2000) .............................................. 10, 11

*Missouri ex rel. Koster v. Harris*,
    847 F.3d 646 (9th Cir. 2017) ............................................................. 3, 4, 5

*Larson v. Dunn*,
    460 N.W.2d 39 (Minn. 1990).................................................................. 13

*Malas v. Hinsdale T'ship Dist. #86*,
    2019 WL 2743590 (N.D. Ill. July 1, 2019).................................................. 2

*Maryland v. Louisiana*,
    451 U.S. 725 (1981) ............................................................................. 3, 6

*Minnesota v. Fleet Farm LLC*,
    679 F. Supp. 3d 825 (D. Minn. 2023)................................................. 11, 13

*Regions Bank v. J.R. Oil Co.*,
    387 F.3d 721 (8th Cir. 2004) ................................................................... 7

*Reichel v. Wendland Utz, LTD*,
    11 N.W.3d 602 (Minn. 2024)................................................................... 7

*Richardson v. Omaha Sch. Dist.*,
    957 F.3d 869 (8th Cir. 2020) ............................................................... 9, 12

*Russell v. Rodensal*,
    2023 WL 8354931 (W.D. Wis. Dec. 1, 2023) ........................................ 3, 4

*Rygwall v. ACR Homes, Inc.*,
   6 N.W.3d 416 (Minn. 2024) .................................................................................... 7

*Sage v. Bridgestone Ams. Tires Operations, LLC*,
   514 F. Supp. 3d 1081 (D. Minn. 2021) .............................................................. 9, 12

*Seim v. Garavalia*,
   306 N.W.2d 806 (Minn. 1981) ............................................................................. 13

*State v. Juul Labs, Inc.*,
   2023 WL 2586110 (Minn. Dist. Ct. Mar. 14, 2023) ............................................. 6

*State v. Minn. Sch. of Bus., Inc.*,
   935 N.W.2d 124 (Minn. 2019) ............................................................................... 6

*Wilson v. Miller*,
   821 F.3d 963 (8th Cir. 2016) ............................................................................. 1, 2

*Witzman v. Lehrman, Lehrman & Flom*,
   601 N.W.2d 179 (Minn. 1999) .......................................................................... 9, 10

*Zarling v. Abbott Lab'ys*,
   2023 WL 2652575 (D. Minn. Mar. 27, 2023) ..................................................... 13

*Zayed v. Associated Bank, N.A.*,
   913 F.3d 709 (8th Cir. 2019) ............................................................................... 10

**Statutes**

18 U.S.C. § 922 ........................................................................................................ 12

18 U.S.C. § 923 ........................................................................................................ 12

Minn. Stat. § 609.74 .................................................................................................. 8

Minn. Stat. § 624.7132 ............................................................................................ 12

**Court Rules**

Fed. R. Civ. P. 56 ..................................................................................................... 13

**Other Authorities**

27 C.F.R. § 478.21 ................................................................................................... 12

<u>INTRODUCTION</u>

The State's opposition to Fleet Farm's summary judgment motion fails to present "specific facts" showing "a genuine issue for trial." *Datalink Corp. v. Perkins Eastman Architects, P.C.*, 2015 WL 3607784, at *18 (D. Minn. June 8, 2015). Instead, the State offers pages of "facts" that are irrelevant, lack evidentiary support, or merely refer back to the complaint. The State's legal arguments are similarly unsupported. Consequently, the State has not presented a "genuine dispute as to any material fact" relevant to the dispositive legal issues raised in Fleet Farm's motion. *E.g.*, *Wilson v. Miller*, 821 F.3d 963, 967 (8th Cir. 2016); *Aery v. Nohre*, 688 F. Supp. 3d 862, 873 (D. Minn. 2023); *Henderson v. Mercy Catholic Med. Ctr.*, 2018 WL 3344655, at *6 (E.D. Pa. July 9, 2018). In fact, the State does not dispute that:

- There is no evidence of "widespread" societal harm, much less that Fleet Farm caused such harm, Doc. 200 ("Opening Br.") at 5, 13-17, 21-22;

- The only evidence of harm to Minnesotans relates to the Truck Yard gunfight, Doc. 205-6 at 88-99, 132-39;

- Fleet Farm's conduct was not "a significant cause" of any "increase in gun trafficking or gun crime in Minnesota," Doc. 205-4 at 143;

- Four criminal acts occurred between Fleet Farm's sale of a firearm to Horton and its use in the gunfight, Doc. 205-6 at 77-84; and

- Fleet Farm did not know Elwood or Horton were straw purchasing, Doc. 205-4 at 132-33.

Likewise, the State has conceded:

- Its "claims pertain only to guns Fleet Farm sold to" Elwood and Horton;

- Whether firearms sold to Elwood and Horton are "a 'significant cause' of gun trafficking or gun crime in Minnesota" is "not at issue";

- It "will not be seeking to prove the *general* prevalence of straw purchasing and its connection to future crime";

- "[T]his case is not about the general population of firearms";

- Its case "is not focused on how 'significant' the impact of Fleet Farm's sales w[as] on gun trafficking and violent crime" in Minnesota; and

- It "is not seeking proprietary damages."

Doc. 187 at 1, 10, 12-13, 19.

These facts and concessions establish summary judgment should be granted.

<u>**ARGUMENT**</u>

**I.    Most facts offered by the State are irrelevant to Fleet Farm's motion.**

Three underlying problems with the State's opposition establish it cannot overcome summary judgment.

***First***, the facts in sections I, II, III.A, III.B, III.C, and III.E of the State's "Background" are irrelevant to Fleet Farm's motion, and the State does not invoke them to support its arguments. Doc. 220 ("State's Br.") at 4-19, 21-22, 26-45. Fleet Farm disputes some of these facts, but because they are "irrelevant to the issues before the Court," *Malas v. Hinsdale T'ship Dist. #86*, 2019 WL 2743590, at *4 (N.D. Ill. July 1, 2019), they cannot "preclude the entry of summary judgment," *Aery*, 688 F. Supp. 3d at 873 (quotation omitted).

***Second***, several "facts" offered by the State have no citation, or merely cite the complaint. *E.g.*, State's Br. 10-12. This is insufficient. *E.g.*, *Wilson*, 821 F.3d at 970 (granting summary judgment where plaintiff did not identify "any evidence in the record"

supporting its allegations); *Henderson*, 2018 WL 3344655, at *6 (granting summary judgment where plaintiff did "not come forward with evidence, as opposed to his say-so, to counter Defendant's motion"); *accord Russell v. Rodensal*, 2023 WL 8354931, at *4 (W.D. Wis. Dec. 1, 2023).

***Third***, the State does not dispute the ***relevant*** facts that establish summary judgment should be granted. *Supra* pp. 1-2.

## II.    The State lacks *parens patriae* standing for its common-law claims.

The State agrees it needs *parens patriae* standing to advance its common-law claims. State's Br. 28-32. To invoke *parens patriae* standing, the State must establish: (1) "the injury alleged affect[ed] the general population … in a substantial way," *Maryland v. Louisiana*, 451 U.S. 725, 737 (1981), not just "an identifiable group of individual residents," *Alfred L. Snapp & Son, Inc. v. Puerto Rico, ex rel., Barez*, 458 U.S. 592, 593 (1982); ***and*** (2) the injured residents cannot seek "private relief," *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 652 (9th Cir. 2017). The undisputed facts confirm the State cannot satisfy these requirements.[1]

***First***, the undisputed facts establish Fleet Farm's conduct did not "affect the general population of [Minnesota] in a substantial way." *Maryland*, 451 U.S. at 737. The State offers no evidence showing its claims involve injuries to Minnesotans beyond those injured in the Truck Yard gunfight, let alone to a "substantial segment" of residents. *Snapp*, 458 U.S. at 607; Opening Br. 13-15. The State's claims are based on injury to an "identifiable

---

[1] None of the Minnesota Supreme Court decisions cited by the State address the scope of *parens patriae* standing, and all pre-date *Maryland* and *Snapp*. State's Br. 26-27.

- 3 -

group of individual residents," rendering the State "a nominal party." *Snapp*, 458 U.S. at 600; *see also Harrison v. Jefferson Parish Sch. Bd.*, 78 F.4th 765, 773 (5th Cir. 2023); *Koster*, 847 F.3d at 652-53.

**Second**, the State also lacks *parens patriae* standing because the "small group of [injured] citizens" are suing Fleet Farm for the same alleged harm. Doc. 205-6 at 101-31; *see also Chapman v. Tristar Prods., Inc.*, 940 F.3d 299, 306 (6th Cir. 2019); *Koster*, 847 F.3d at 652; Opening Br. 15.

The State offers three responses, but none have merit. To start, the State argues it has standing because its claims "encompass every one of Fleet Farm's sales" to Elwood and Horton, and "additional harms … that have yet to occur from unrecovered guns." State's Br. 28. This argument may have worked at the motion-to-dismiss stage, but fails at summary judgment because the State offers no evidence of "additional harms."[2] The State's say-so cannot defeat summary judgment. *Russell*, 2023 WL 8354931, at *4; *Henderson*, 2018 WL 3344655, at *6. Moreover, the State has conceded its case does not concern such harms. *See* Doc. 187 at 13, 19 (representing its case does not concern "how 'significant' the impact of Fleet Farm's sales w[as] on gun trafficking and violent crime," nor any "connection" between straw purchasing and "future crime"); *Bradley v. Cooper Tire & Rubber Co.*, 2006 WL 8455083, at *1 (S.D. Miss. July 20, 2006) (plaintiff cannot

---

[2] Even if there were "additional harms," the State has not demonstrated they would impact a "substantial segment" of Minnesotans. *E.g.*, *Harrison*, 78 F.4th at 773 (no standing where State asserted claims based on injuries to 52,000 students).

oppose summary judgment with positions "flatly inconsistent with [its] prior representations").[3]

The State also argues it has standing because it seeks "injunctive relief to prevent future sales to straw buyers."  State's Br. 28.  This is the wrong inquiry: *parens patriae* requires examining the nature of the injury asserted, not the relief sought.  *Snapp*, 458 U.S. at 607; *Koster*, 847 F.3d at 651.[4]  That the State is seeking to recover for harms "to an identifiable group of individual residents" ends the inquiry.  *Snapp*, 458 U.S. at 607; *see also Arizona v. Garland*, 730 F. Supp. 3d 258, 276 (W.D. La. 2024) (no standing where states "fail[ed] to provide evidence substantiating the … impact on the general economic welfare of its citizens").[5]

Similarly, the State argues it has *parens patriae* standing because it seeks "injunctive" and "monetary equitable" relief that private plaintiffs "cannot seek."  State's Br. 31-32.  The State has the law wrong.  *Parens patriae* standing is lacking where a State's

---

[3] Likewise, the State cannot now assert this case concerns "secondary effects" of gun trafficking and violence, State's Br. 29, as there is no evidence of such effects and the State has represented its case does not concern the "impact" of Fleet Farm's sales on "gun trafficking" or "the general population of firearms."  Doc. 187 at 13, 19.

[4] *State ex rel. Hatch v. Cross Country Bank, Inc.*, 703 N.W.2d 562 (Minn. Ct. App. 2005), is not on point.  *See* State's Br. 29.  *Hatch* concerned whether certain consumer-protection claims asserted by the State were subject to arbitration, and involved claims brought against a "bank that issue[d] credit cards to consumers in the 'subprime' market" to "protect[] the privacy of [Minnesotans]" in general.  703 N.W.2d at 566, 569-71.  *Hatch* also observed *parens patriae* requires "an injury to the state and a real interest of the state's own," *id.* at 570, both of which are lacking here, Opening Br. 10-15.

[5] The State's argument that it has standing because "straw buying and gun trafficking is harmful" is meritless.  State's Br. 30-31.  The inquiry is not whether "straw buying and gun trafficking is harmful" in the abstract, but whether evidence shows Fleet Farm's conduct has injured a "substantial segment" of Minnesotans.

claims concern harm to "a small group of citizens who are likely to challenge the [alleged wrongdoing] directly." *Maryland*, 451 U.S. at 739. Here, the Truck Yard gunfight victims are actively seeking to recover from Fleet Farm for the same alleged harm as the State. That the State may be seeking different relief ***for the same harm*** makes no difference. *E.g.*, *Connecticut v. Physicians Health Servs. of Conn., Inc.*, 103 F. Supp. 2d 495, 507-09 (D. Conn. 2000) (no standing where residents "may obtain complete relief through private or other litigation brought on their behalf," even though "private litigants might not achieve the State's idea of complete relief" by seeking "individualized relief" rather than "broad … injunctive relief").[6]

## III.    The State cannot establish causation.

Summary judgment should be granted on all claims because the State offers no evidence of general societal harm, let alone that Fleet Farm was a substantial factor causing such harm, nor that Fleet Farm proximately caused any specific harm involving straw-purchased firearms.[7]  Opening Br. 15-21.  The State's opposition confirms four core problems with these two causation theories.

***First***, the State offers no evidence of general societal harm, let alone that Fleet Farm's conduct was a "substantial factor" causing such harm.  In fact, the State has

---

[6] Even if this Court concludes the *Wiley* plaintiffs are not seeking "complete relief," the State lacks standing because its only evidence of harm is to that identifiable group of residents.

[7] The State contends, without citing any authority, that claims brought under section 8.31 "do[] not require proximate cause." State's Br. 32 n.14.  Minnesota law disagrees. *E.g.*, *State v. Minn. Sch. of Bus., Inc.*, 935 N.W.2d 124, 135-38 (Minn. 2019); *Grp. Health Plan, Inc. v. Philip Morris Inc.*, 621 N.W.2d 2, 13 (Minn. 2001); *State v. Juul Labs, Inc.*, 2023 WL 2586110, at *15 (Minn. Dist. Ct. Mar. 14, 2023).

disavowed this causal theory, representing whether the guns sold to Elwood and Horton are "a 'significant cause' of gun trafficking" in Minnesota is "not at issue." Doc. 187 at 1. There is no triable issue regarding whether Fleet Farm caused general societal harm. *E.g.*, *Datalink Corp.*, 2015 WL 3607784, at \*18.

    ***Second***, the State now asserts Fleet Farm proximately caused "future harms" that may never occur. State's Br. 33. That theory is speculative and legally inviable. *E.g.*, *Regions Bank v. J.R. Oil Co.*, 387 F.3d 721, 730 (8th Cir. 2004) (affirming summary judgment because "proximate causation requires identification of actual, not hypothetical harm"); *Griffey v. Magellan Health Inc.*, 562 F. Supp. 3d 34, 45 (D. Ariz. 2021) (alleging "future injuries" failed to plead proximate causation); *cf. Forbes v. Wells Fargo Bank, N.A.*, 420 F. Supp. 2d 1018, 1020 (D. Minn. 2006) ("threat of future harm, not yet realized" is insufficient for negligence claim (quotation omitted)). Moreover, the State offers no evidence that "future harms" may occur. In fact, it has conceded this case does not concern "future crime." Doc. 187 at 12-13; *see also Bradley*, 2006 WL 8455083, at \*1.

    ***Third***, causation is absent where "harm would have occurred even without the negligent act," *Reichel v. Wendland Utz, LTD*, 11 N.W.3d 602, 613 (Minn. 2024) (quotation omitted), and the State bears the burden of proof on this issue, *Rygwall v. ACR Homes, Inc.*, 6 N.W.3d 416, 429 (Minn. 2024). Opening Br. 18. The State offers nothing to rebut the testimony that "there is no evidence … the ultimate recipients of [the straw-purchased firearms] could not have obtained guns from other sources … not involv[ing] straw purchasing" from Fleet Farm. Doc. 205-4 at 138.

**Fourth**, the State does not respond to the fact that four intervening criminal acts occurred between Fleet Farm's July 31, 2021 sale to Horton and the Truck Yard gunfight, nor to any of the evidence or legal authorities establishing this causal chain fails as a matter of law.  Opening Br. 18-21.  Instead, the State cites a 1982 Minnesota Supreme Court case to argue "the *specific* harm … does not need to be foreseeable."  State's Br. 37.  More recent Minnesota Supreme Court caselaw confirms that is **exactly** what the State must establish.  *E.g.*, *Abel v. Abbott Northwestern Hosp.*, 947 N.W.2d 58, 78-79 (Minn. 2020).

## IV.   The undisputed facts confirm the State's claims fail.

The State's opposition confirms additional grounds exist for summary judgment.

### A.   There is no evidence supporting the public-nuisance claim.

To overcome summary judgment on its public-nuisance claim, the State must offer evidence that Fleet Farm "maintain[ed] or permit[ted] a condition which unreasonably … injure[d] or endanger[ed] … any **considerable number** of members of the public."  Minn. Stat. § 609.74 (emphasis added).  The State has not made this showing.  Opening Br. 21-23.

The State does not dispute there is no evidence of Fleet Farm "maintain[ing] or permit[ting]" the nuisance it pleaded: the "unlawful proliferation of firearms" and "illegal secondary market for firearms" in Minnesota.  Doc. 79 ¶¶ 108-09, 113.  Nor could it, as the State has conceded its case does not concern "how 'significant' the impact of Fleet Farm's sales w[as] on gun trafficking and violent crime" statewide.  Doc. 187 at 19.  For this reason alone, summary judgment should be granted.  Opening Br. 21-22.

Rather than defend its pleaded nuisance, the State shifts gears, arguing for the first time that the nuisance is "endanger[ment]" resulting from "Fleet Farm s[elling] guns to … Horton and Elwood" specifically.  State's Br. 37-38.  This nuisance theory **was not pleaded**, so should be disregarded.  *E.g.*, *Richardson v. Omaha Sch. Dist.*, 957 F.3d 869, 878 (8th Cir. 2020) ("A district court considering a defendant's motion for summary judgment does not err by disregarding a theory of liability asserted in the plaintiff's response that was not pleaded …." (cleaned up)); *accord Sage v. Bridgestone Ams. Tires Operations, LLC*, 514 F. Supp. 3d 1081, 1086-87 (D. Minn. 2021).  It also fails on the merits, because the State has not identified any "specific facts" establishing injury to Minnesotans beyond the Truck Yard gunfight victims.  Nor has it identified any Minnesota authority condoning a public-nuisance claim based on injuries to such a small segment of residents.  With good reason: no such authority exists.  Opening Br. 22-23.

## B. The aiding-and-abetting claim fails because Fleet Farm did not have "actual knowledge" of straw purchasing.

The undisputed evidence establishes Fleet Farm lacked "actual knowledge" that Elwood or Horton were straw purchasing.  Opening Br. 23-24.  In opposition, the State contends an aiding-and-abetting claim does not require actual knowledge, arguing *Witzman v. Lehrman, Lehrman & Flom*, 601 N.W.2d 179 (Minn. 1999), holds "constructive knowledge" suffices.  State's Br. 39.  This overstates *Witzman*, which explains although "some courts" recognize an exception to the actual-knowledge requirement, in those non-Minnesota jurisdictions the exception applies only "where the primary tortfeasor's conduct is clearly tortious" **and** the defendant has a "long-term or in-depth relationship with [the]

tortfeasor." 601 N.W.2d at 188. *Witzman* did not adopt this exception, and regardless, there is no evidence Fleet Farm had a long-term or in-depth relationship with Elwood or Horton. And while *Witzman* noted "knowledge and substantial assistance" are "evaluate[d] … in tandem," it reiterated that actual knowledge is required: "[t]o state a cognizable claim … for aiding and abetting," plaintiff must "show[] that [defendant] *knew* the tortious nature of" the primary tortfeasor's activities. *Id.* (emphasis added).

The State's expert concedes he "do[es]n't believe" Fleet Farm "willfully and knowingly allowed a straw purchase."[8] Doc. 205-4 at 132-33. That ends the inquiry. *Zayed v. Associated Bank, N.A.*, 913 F.3d 709, 715 (8th Cir. 2019).[9]

## C.    The negligent-entrustment claim fails as a matter of law.

Summary judgment should be granted on the negligent-entrustment claim for three reasons.

*First*, Fleet Farm did not "control" the firearms when the wrongdoing occurred. Opening Br. 24-25. In opposition, the State asserts "control" is not an element, and that the "control" discussion in *Johnson v. Johnson*, 611 N.W.2d 823, 825-26 (Minn. Ct. App. 2000) spoke to foreseeability. State's Br. 40. This misstates *Johnson*, which is clear that

---

[8] The State blurs the issue by citing a patent-infringement case to argue Fleet Farm was "willful[ly] blind[]." State's Br. 39. The State does not cite any Minnesota authority applying a willful-blindness standard to an aiding-and-abetting claim. Even if it applied, the State's claim fails because there is no evidence that Fleet Farm took "*deliberate* action[] to avoid learning" of straw purchasing. *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011) (emphasis added).

[9] The State characterizes *Zayed* as "a conflicting Eighth Circuit" decision, State's Br. 39 n.18, ignoring that *Zayed*'s entire analysis is *based on Witzman*. 913 F.3d at 714-15, 719-20.

*separate* from foreseeability, a defendant cannot be found liable for negligent entrustment if it "had no control of the [property]" when the wrongdoing occurred. 611 N.W.2d at 827 ("Moreover, respondents had no control of the pickup on the day the accident occurred.").

**Second**, a negligent-entrustment claim fails where someone other than the direct entrustee uses the property dangerously. Opening Br. 25. In claiming this argument has already been rejected, *see* State's Br. 41, the State misreads this Court's motion-to-dismiss order, which concluded only that the State **plausibly alleged** Elwood and Horton satisfied the "youth, inexperience, or otherwise" requirement for a negligent-entrustment claim, *Minnesota v. Fleet Farm LLC*, 679 F. Supp. 3d 825, 846 (D. Minn. 2023). Now at summary judgment—and at this Court's invitation, *see id.* at 846 n.8—the question is whether Elwood or Horton "use[d]" firearms "in a manner involving unreasonable risk of physical harm." *Johnson*, 611 N.W.2d at 826. The record confirms that third parties, **not** Elwood and Horton, "used" certain firearms in a dangerous manner. This is insufficient under Minnesota law. *Id.*; *Bertelsen v. Walker,* 2020 WL 11039168, at *3-4 (Minn. Dist. Ct. Nov. 10, 2020).

**Third**, Minnesota has never recognized negligent entrustment "in the context of a sale." *Johnson*, 611 N.W.2d at 826; Opening Br. 25 n.6. The State has no response.

### D.    There is no evidence that Fleet Farm violated the laws cited to support the State's negligence and negligence per se claims.

The State's opposition confirms summary judgment is proper on its negligence and negligence per se claims. Of the thirteen laws cited to support these claims, the State concedes, by not responding, that there is no evidence suggesting Fleet Farm violated **ten**

of them.  The State argues only that Fleet Farm violated five laws, two of which it did not plead.  The State is wrong.

**27 C.F.R. § 478.21(a)**: The State argues Fleet Farm violated this regulation by failing to timely submit a Form 3310.4.  State's Br. 42.  But a section 478.21(a) violation occurs where ATF forms are not "properly complet[ed]."  *Gilbert v. Bangs*, 813 F. Supp. 2d 669, 676 (D. Md. 2011); *Fairmont Cash Mgmt., L.L.C. v. James*, 858 F.3d 356, 359 (5th Cir. 2017) (regulation violated by "failing to execute the required paperwork").  The State offers no facts indicating Fleet Farm failed to properly complete ATF forms.[10]

**18 U.S.C. § 922(m); Minn. Stat. § 624.7132, subd. 15(a)(2)**: The State cannot rely on the "should have known" standard in these laws because it has invoked them only to support its negligence claim, which requires a "***knowing***" violation.  Opening Br. 26; Compl. ¶¶ 74-75.  The undisputed facts establish Fleet Farm did not "know[]" Horton or Elwood were straw purchasing.  Doc. 205-4 at 132-33.  And there is no evidence Fleet Farm knowingly made a false statement in an ATF record or knowingly failed to maintain such records.

**18 U.S.C. §§ 922(d), 923(g)(3)**: The State did not cite either statute as a basis for its claims, Compl. ¶¶ 74, 84, so cannot now invoke them to overcome summary judgment.  *E.g.*, *Richardson*, 957 F.3d at 878; *Sage*, 514 F. Supp. 3d at 1086-87.[11]

---

[10] Moreover, the State offers no evidence the alleged failure to timely submit a Form 3310.4 caused the harms at-issue in this case.

[11] The State also offers no evidence that Fleet Farm's alleged section 923(g)(3) violation ***caused*** any at-issue harm.

Separately, most of the laws invoked by the State cannot provide a basis for its claims because they are criminal statutes that do not contemplate civil liability.[12] *Larson v. Dunn*, 460 N.W.2d 39, 47 n.4 (Minn. 1990); Opening Br. 28. The State's only substantive response is citing *Seim v. Garavalia*, 306 N.W.2d 806 (Minn. 1981). State's Br. 44. But *Seim* is not on point. That case concerned the interplay between Minnesota's strict-liability dog-bite statute and comparative-fault laws, and the court observed, in dicta, that "penal statutes" ***sometimes*** set forth a "standard of care owed to another." 306 N.W.2d at 808-10. *Seim* does not hold that negligence theories may be premised on criminal statutes that do not contemplate civil liability.

### E.  The State's expert agrees that most of the MNGCA claim fails.

The State asserts Fleet Farm committed thirty-seven MNGCA violations, and seeks $25,000 in civil penalties for each violation. Doc. 205-3 at 32-33. If the Court declines to dismiss this claim in its entirety for lack of causation, summary judgment remains warranted on this claim to the extent it is premised on sales ***the State's expert agrees*** were not wrongful. Doc. 205-4 at 124-31. Ignoring the merits, the State attempts a procedural objection, asserting it "does not make any sense" to dismiss ***part*** of this claim. State's Br. 44-45. The State is wrong. Summary judgment is appropriate on ***a portion*** of a claim. *See* Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying … ***the part of each claim*** … on which summary judgment is sought." (emphasis added)); *Zarling v.*

---

[12] In asserting this Court has already considered this argument, State's Br. 44, the State misreads the motion-to-dismiss order, which addressed the distinct question of whether a statute lacking a private right of action could support a negligence per se claim. *Fleet Farm*, 679 F. Supp. 3d at 847.

*Abbott Lab'ys*, 2023 WL 2652575, at *22 (D. Minn. Mar. 27, 2023) (granting summary judgment on portion of defamation claim).  Here, this Court should grant summary judgment on the portion of the MNGCA claim that the State's own expert agrees fails as a matter of law.  Opening Br. 28-29.

## CONCLUSION

This Court should grant Fleet Farm's summary judgment motion.

Dated:  May 9, 2025                    Respectfully submitted,

                                       */s/ Todd A. Noteboom*
                                       Todd A. Noteboom (#0240047)
                                       Andrew W. Davis (#0386634)
                                       Sharon R. Markowitz (#0392043)
                                       Andrew P. Leiendecker (#0399107)
                                       Zachary J. Wright (#0402945)
                                       STINSON LLP
                                       50 South Sixth Street, Suite 2600
                                       Minneapolis, MN 55402
                                       (612) 335-1500
                                       todd.noteboom@stinson.com
                                       andrew.davis@stinson.com
                                       sharon.markowitz@stinson.com
                                       andrew.leiendecker@stinson.com
                                       zachary.wright@stinson.com

                                       **ATTORNEYS FOR DEFENDANTS**