**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| State of Minnesota by its Attorney General, Keith Ellison,<br><br>Plaintiff,<br><br>v.<br><br>Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC,<br><br>Defendants. | Case No.: 0:22-cv-02694-JRT-JFD<br><br><br>**JOINT MOTION REGARDING CONTINUED SEALING IN CONNECTION WITH THE STATE OF MINNESOTA'S MOTION TO EXCLUDE EXPERT TESTIMONY OF GARRY KLECK** |

Plaintiff State of Minnesota by its Attorney General, Keith Ellison, and Defendants Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC, temporarily filed certain documents under seal in connection with the State of Minnesota's Motion to Exclude Expert Testimony of Gary Kleck. *See* ECF Doc. 186. Pursuant to Local Rule 5.6(d)(2), the parties hereby submit this Joint Motion Regarding Continued Sealing of Docket Nos. 212 and 212-1. The parties' positions on the continued sealing of these documents are noted below.

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| 212 | 210-1 | Exhibit A to Declaration of Andrew W. Davis in Support of Fleet Farm's Opposition to Motion to Exclude Expert Testimony of Gary Kleck | **Plaintiff's Position:** Exhibit should be unsealed.<br><br>**Defendants' Position:** This document should remain sealed. | N/A | **Plaintiff's Position:** The Fleet Farm documents cited by William Napier in his expert report are not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the documents do not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that these documents reveal any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to these documents, particularly given that these documents have been filed by Fleet Farm in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). Similarly, Fleet Farm's claimed "safety and security" concerns are insufficient to overcome the presumption of public access because the documents largely reflect publicly available information about straw purchases, have already been discussed by the parties in open court, and directly relate to central issues in this lawsuit. *See N. Am. Science Assocs., LLC v. Conforti*, No. 24-CV-287, 2025 WL 692128, at \*3 (D. Minn. Mar. 4, 2025) ("An exhibit which has been publicly disclosed in open court does not retain its confidentiality."); *Marden's Ark*, 534 F. Supp. 3d at 1049 (denying motion to seal information that "may be embarrassing" to the defendant but went to "the very heart of Plaintiff's allegations against" the defendant"). |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | **Defendants' Position:** The unredacted version of this document should remain sealed because the portions of this document that have been redacted are discussions of commercially sensitive information, information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases, quotations from and descriptions of documents Fleet Farm has produced in this litigation as confidential, and quotations and descriptions of documents produced by non-parties as confidential.<br><br>This document should also remain under seal because the redacted portions of this document detail and illustrate internal Fleet Farm processes that are implemented to monitor for and prevent criminal activity (including straw purchases). Several courts have determined that information regarding safety or security systems should remain under seal. *See, e.g.*, *Sheppard v. Mandalay Bay, LLC*, 2018 WL 7500285, at *1 (D. |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | Nev. Nov. 28, 2018) (granting motion to seal certain filings containing exhibits regarding "security planning and procedures," because the court "recognized security and safety concerns as compelling reasons to seal documents"); *Blair v. City of Omaha*, 2011 WL 148120 (D. Neb. Jan. 18, 2011) (granting motion to limit disclosure of City police department standard operating procedures manual because "disclosure of several sections of the manual would likely compromise police operations and endanger public safety"). Indeed, this Court previously granted an unopposed motion for continued sealing of a Fleet Farm document that contained "commercially sensitive information and information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases." *See* ECF Docs. 96, 164. |
| 212-1 | 210-1 | Exhibit B to Declaration of Andrew W. | **Plaintiff's Position:** Exhibit should be unsealed. | N/A | **Plaintiff's Position:** The Fleet Farm documents cited by Andrew Graham in his expert report are not appropriately designated as confidential by |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | Davis in Support of Fleet Farm's Opposition to Motion to Exclude Expert Testimony of Gary Kleck | **Defendants' Position:** This document should remain sealed. | | Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the documents do not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that these documents reveal any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to these documents, particularly given that these documents have been filed by Fleet Farm in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). Similarly, Fleet Farm's claimed |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | "safety and security" concerns are insufficient to overcome the presumption of public access because the documents largely reflect publicly available information about straw purchases, have already been discussed by the parties in open court, and directly relate to central issues in this lawsuit. *See N. Am. Science Assocs., LLC v. Conforti*, No. 24-CV-287, 2025 WL 692128, at *3 (D. Minn. Mar. 4, 2025) ("An exhibit which has been publicly disclosed in open court does not retain its confidentiality."); *Marden's Ark*, 534 F. Supp. 3d at 1049 (denying motion to seal information that "may be embarrassing" to the defendant but went to "the very heart of Plaintiff's allegations against" the defendant"). **Defendants' Position:** The unredacted version of this document should remain sealed because the portions of this document that have been redacted are discussions of commercially sensitive information, information regarding the specific |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | monitoring systems and policies that Fleet Farm implements to prevent straw purchases, quotations from and descriptions of documents Fleet Farm has produced in this litigation as confidential, and quotations and descriptions of documents produced by non-parties as confidential. <br><br> This document should also remain under seal because the redacted portions of this document detail and illustrate internal Fleet Farm processes that are implemented to monitor for and prevent criminal activity (including straw purchases). Several courts have determined that information regarding safety or security systems should remain under seal. *See, e.g.*, *Sheppard v. Mandalay Bay, LLC*, 2018 WL 7500285, at *1 (D. Nev. Nov. 28, 2018) (granting motion to seal certain filings containing exhibits regarding "security planning and procedures," because the court "recognized security and safety concerns as compelling reasons to seal documents"); *Blair v.* |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | *City of Omaha*, 2011 WL 148120 (D. Neb. Jan. 18, 2011) (granting motion to limit disclosure of City police department standard operating procedures manual because "disclosure of several sections of the manual would likely compromise police operations and endanger public safety"). Indeed, this Court previously granted an unopposed motion for continued sealing of a Fleet Farm document that contained "commercially sensitive information and information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases." *See* ECF Docs. 96, 164. |

Dated:  May 30, 2025

Respectfully submitted,

**STATE OF MINNESOTA**

KEITH ELLISON
Attorney General
State of Minnesota

JAMES W. CANADAY (#030234X)
Deputy Attorney General

*/s/ Katherine Moerke* (with permission)
KATHERINE MOERKE (#0312277)
ERIC J. MALONEY (#0396326)
JASON PLEGGENKUHLE (#0391772)
Assistant Attorneys General

445 Minnesota Street, Suite 1200
St. Paul, Minnesota 55101-2130
katherine.moerke@ag.state.mn.us
Telephone: (651) 728-7174

**UNIVERSITY OF MINNESOTA GUN
VIOLENCE PREVENTION CLINIC**

MEGAN WALSH (#0394837)
Special Assistant Attorney General

University of Minnesota Law School
190 Mondale Hall
229 19th Avenue South
Minneapolis, MN 55455
Phone: 612-625-5515
wals0270@umn.edu

*Attorneys for State of Minnesota*

*/s/ Andrew P. Leiendecker*
Todd A. Noteboom (#0240047)
Andrew W. Davis (#0386634)
Sharon R. Markowitz (#0392043)
Andrew P. Leiendecker (#0399107)
Zachary J. Wright (#0402945)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
(612) 335-1500
todd.noteboom@stinson.com
andrew.davis@stinson.com
sharon.markowitz@stinson.com
andrew.leiendecker@stinson.com
zachary.wright@stinson.com

*Attorneys for Defendants*