**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| State of Minnesota by its Attorney General, Keith Ellison,<br><br>Plaintiff,<br><br>v.<br><br>Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC,<br><br>Defendants. | Case No.: 0:22-cv-02694-JRT-JFD<br><br><br>**JOINT MOTION REGARDING CONTINUED SEALING IN CONNECTION WITH FLEET FARM'S MOTION TO EXCLUDE CERTAIN TESTIMONY OF JOSEPH BISBEE** |

Plaintiff State of Minnesota by its Attorney General, Keith Ellison, and Defendants Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC, temporarily filed certain documents under seal in connection with Fleet Farm's Motion to Exclude Certain Testimony of Joseph Bisbee. *See* ECF Doc. 178. Pursuant to Local Rule 5.6(d)(2), the parties hereby submit this Joint Motion Regarding Continued Sealing of Docket Nos. 182, 182-1, 211, 214, 214-1, 214-2, 214-3, and 214-4. The parties' positions on the continued sealing of these documents are noted below.

- 1 -

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| 182 | 181-1 | Exhibit A to Declaration of Andrew P. Leiendecker in Support of Fleet Farm's Motion to Exclude Certain Testimony of Joseph Bisbee | **Plaintiff's Position:** Exhibit should be unsealed. <br><br> **Defendants' Position:** The unredacted version of this document should remain sealed. | N/A | **Plaintiff's Position:** The Fleet Farm documents cited by Joseph Bisbee in his expert report are not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the documents do not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that these documents reveal any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to these documents, particularly given that these documents have been filed by Fleet Farm in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | Article III power," and holding that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). Similarly, Fleet Farm's claimed "safety and security" concerns are insufficient to overcome the presumption of public access because the documents largely reflect publicly available information about straw purchases, have already been discussed by the parties in open court, and directly relate to central issues in this lawsuit. *See N. Am. Science Assocs., LLC v. Conforti*, No. 24-CV-287, 2025 WL 692128, at *3 (D. Minn. Mar. 4, 2025) ("An exhibit which has been publicly disclosed in open court does not retain its confidentiality."); *Marden's Ark*, 534 F. Supp. 3d at 1049 (denying motion to seal information that "may be embarrassing" to the defendant but went to "the very heart of Plaintiff's allegations against" the defendant"). |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | **Defendants' Position:** The unredacted version of this document should remain sealed because it contains commercially sensitive information and information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases.<br><br>Throughout this litigation, Fleet Farm has taken care to ensure that processes for monitoring for and deterring criminal activity are treated confidentially. This document should remain under seal because it details and illustrates internal Fleet Farm processes that are implemented to monitor for and prevent criminal activity (including straw purchases). Several courts have determined that information regarding safety or security systems should remain under seal. *See, e.g.*, *Sheppard v. Mandalay Bay, LLC*, 2018 WL 7500285, at *1 (D. Nev. Nov. 28, 2018) (granting motion to seal certain filings containing exhibits regarding "security planning and |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | procedures," because the court "recognized security and safety concerns as compelling reasons to seal documents"); *Blair v. City of Omaha*, 2011 WL 148120 (D. Neb. Jan. 18, 2011) (granting motion to limit disclosure of City police department standard operating procedures manual because "disclosure of several sections of the manual would likely compromise police operations and endanger public safety"). Indeed, this Court previously granted an unopposed motion for continued sealing of a Fleet Farm document that contained "commercially sensitive information and information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases." *See* ECF Docs. 96, 164. |
| 182-1 | 181-3 | Exhibit C to Declaration of Andrew P. Leiendecker in | **Plaintiff's Position:** Exhibit should be unsealed. | N/A | **Plaintiff's Position:** The Fleet Farm documents cited by Joseph Bisbee in his rebuttal expert report are not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | Support of Fleet Farm's Motion to Exclude Certain Testimony of Joseph Bisbee | **Defendants' Position:** The unredacted version of this document should remain sealed. | | or requirements of Rule 26, because the documents do not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that these documents reveal any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to these documents, particularly given that these documents have been filed by Fleet Farm in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). Similarly, Fleet Farm's claimed "safety and |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | security" concerns are insufficient to overcome the presumption of public access because the documents largely reflect publicly available information about straw purchases, have already been discussed by the parties in open court, and directly relate to central issues in this lawsuit. *See N. Am. Science Assocs., LLC v. Conforti*, No. 24-CV-287, 2025 WL 692128, at *3 (D. Minn. Mar. 4, 2025) ("An exhibit which has been publicly disclosed in open court does not retain its confidentiality."); *Marden's Ark*, 534 F. Supp. 3d at 1049 (denying motion to seal information that "may be embarrassing" to the defendant but went to "the very heart of Plaintiff's allegations against" the defendant).<br><br>**Defendants' Position:**<br>The unredacted version of this document should remain sealed because it contains commercially sensitive information and information regarding |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases. Throughout this litigation, Fleet Farm has taken care to ensure that processes for monitoring for and deterring criminal activity are treated confidentially.  This document should remain under seal because it details and illustrates internal Fleet Farm processes that are implemented to monitor for and prevent criminal activity (including straw purchases).  Several courts have determined that information regarding safety or security systems should remain under seal.  *See, e.g.*, *Sheppard v. Mandalay Bay, LLC*, 2018 WL 7500285, at *1 (D. Nev. Nov. 28, 2018) (granting motion to seal certain filings containing exhibits regarding "security planning and procedures," because the court "recognized security and safety concerns as compelling reasons to seal documents"); *Blair v. City of Omaha*, 2011 WL 148120 (D. Neb. Jan. 18, 2011) |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | (granting motion to limit disclosure of City police department standard operating procedures manual because "disclosure of several sections of the manual would likely compromise police operations and endanger public safety"). Indeed, this Court previously granted an unopposed motion for continued sealing of a Fleet Farm document that contained "commercially sensitive information and information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases." *See* ECF Docs. 96, 164. |
| 211 | 209 | State's Memorandum in Opposition to Fleet Farm's Motion to Exclude Certain Testimony of Joseph Bisbee | The parties agree this document may be unsealed. | N/A | This document may be unsealed because the redacted portions of the State's memorandum are quotations to portions of Fleet Farm's experts' reports that do not concern confidential information regarding Fleet Farm's monitoring systems and policies for preventing straw purchasing, or other commercially sensitive information. |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| 214 | 216 | Exhibit 1 to Declaration of Eric J. Maloney in Opposition to Fleet Farm's Motion to Exclude Certain Testimony of Joseph Bisbee | **Plaintiff's Position:** Exhibit should be unsealed. **Defendants' Position:** This document should remain sealed. | N/A | **Plaintiff's Position:** The excerpted contents of this deposition transcript are not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because they do not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that these excerpts reveal any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to these excerpts, particularly given that these excerpts have been filed in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | "sensitive" fail to sustain the burden to maintain information under seal). Similarly, Fleet Farm's claimed "safety and security" concerns are insufficient to overcome the presumption of public access because the excerpted information largely reflects publicly available information about straw purchases, has already been discussed by the parties in open court, and goes directly to central issues in this lawsuit. *See N. Am. Science Assocs., LLC v. Conforti*, No. 24-CV-287, 2025 WL 692128, at *3 (D. Minn. Mar. 4, 2025) ("An exhibit which has been publicly disclosed in open court does not retain its confidentiality."); *Marden's Ark*, 534 F. Supp. 3d at 1049 (denying motion to seal information that "may be embarrassing" to the defendant but went to "the very heart of Plaintiff's allegations against" the defendant"). |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | **Defendants' Position:** This document should remain sealed because it contains commercially sensitive information and information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases.<br><br>Throughout this litigation, Fleet Farm has taken care to ensure that processes for monitoring for and deterring criminal activity are treated confidentially. This document should remain under seal because it details and illustrates internal Fleet Farm processes that are implemented to monitor for and prevent criminal activity (including straw purchases). Several courts have determined that information regarding safety or security systems should remain under seal. *See, e.g., Sheppard v. Mandalay Bay, LLC*, 2018 WL 7500285, at *1 (D. Nev. Nov. 28, 2018) (granting motion to seal certain filings containing exhibits regarding "security planning and |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | procedures," because the court "recognized security and safety concerns as compelling reasons to seal documents"); *Blair v. City of Omaha*, 2011 WL 148120 (D. Neb. Jan. 18, 2011) (granting motion to limit disclosure of City police department standard operating procedures manual because "disclosure of several sections of the manual would likely compromise police operations and endanger public safety"). Indeed, this Court previously granted an unopposed motion for continued sealing of a Fleet Farm document that contained "commercially sensitive information and information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases." *See* ECF Docs. 96, 164. |
| 214-1 | 216 | Exhibit 2 to Declaration of Eric J. Maloney in Opposition to | The parties agree this document may be unsealed. | N/A | Fleet Farm agrees to de-designate as confidential the pages of the transcript of Andrew Graham's deposition included in this exhibit. |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | Fleet Farm's Motion to Exclude Certain Testimony of Joseph Bisbee | | | |
| 214-2 | 216 | Exhibit 3 to Declaration of Eric J. Maloney in Opposition to Fleet Farm's Motion to Exclude Certain Testimony of Joseph Bisbee | The parties agree this document may be unsealed. | N/A | Fleet Farm agrees to de-designate as confidential the pages of the transcript of William Napier's deposition included in this exhibit. |
| 214-3 | 216 | Exhibit 4 to Declaration of Eric J. Maloney in Opposition to Fleet Farm's | **Plaintiff's Position:** Exhibit should be unsealed. | N/A | **Plaintiff's Position:** The Fleet Farm documents cited by Andrew Graham in his expert report are not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the documents |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
|  |  | Motion to Exclude Certain Testimony of Joseph Bisbee | **Defendants' Position:** This document should remain sealed. |  | do not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that these documents reveal any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to these documents, particularly given that these documents have been filed in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). Similarly, Fleet Farm's claimed "safety and security" concerns are insufficient to overcome the presumption of public |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | access because the documents largely reflect publicly available information about straw purchases, have already been discussed by the parties in open court, and directly relate to central issues in this lawsuit. *See N. Am. Science Assocs., LLC v. Conforti*, No. 24-CV-287, 2025 WL 692128, at *3 (D. Minn. Mar. 4, 2025) ("An exhibit which has been publicly disclosed in open court does not retain its confidentiality."); *Marden's Ark*, 534 F. Supp. 3d at 1049 (denying motion to seal information that "may be embarrassing" to the defendant but went to "the very heart of Plaintiff's allegations against" the defendant"). **Defendants' Position:** This document should remain sealed because it contains commercially sensitive information and information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases. |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | Throughout this litigation, Fleet Farm has taken care to ensure that processes for monitoring for and deterring criminal activity are treated confidentially. This document should remain under seal because it details and illustrates internal Fleet Farm processes that are implemented to monitor for and prevent criminal activity (including straw purchases). Several courts have determined that information regarding safety or security systems should remain under seal. *See, e.g.*, *Sheppard v. Mandalay Bay, LLC*, 2018 WL 7500285, at *1 (D. Nev. Nov. 28, 2018) (granting motion to seal certain filings containing exhibits regarding "security planning and procedures," because the court "recognized security and safety concerns as compelling reasons to seal documents"); *Blair v. City of Omaha*, 2011 WL 148120 (D. Neb. Jan. 18, 2011) (granting motion to limit disclosure of City police department standard operating procedures manual |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | because "disclosure of several sections of the manual would likely compromise police operations and endanger public safety"). Indeed, this Court previously granted an unopposed motion for continued sealing of a Fleet Farm document that contained "commercially sensitive information and information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases." *See* ECF Docs. 96, 164. |
| 214-4 | 216 | Exhibit 5 to Declaration of Eric J. Maloney in Opposition to Fleet Farm's Motion to Exclude Certain Testimony of Joseph Bisbee | **Plaintiff's Position:** Exhibit should be unsealed.<br><br>**Defendants' Position:** This document should remain sealed. | N/A | **Plaintiff's Position:** The Fleet Farm documents cited by William Napier in his expert report are not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the documents do not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that these documents reveal any trade secrets or would |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
|  |  |  |  |  | cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to these documents, particularly given that these documents have been filed in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). Similarly, Fleet Farm's claimed "safety and security" concerns are insufficient to overcome the presumption of public access because the documents largely reflect publicly available information about straw purchases, have already been discussed by the parties in open court, and directly relate to central issues in this lawsuit. *See N. Am. Science Assocs.,* |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | *LLC v. Conforti*, No. 24-CV-287, 2025 WL 692128, at *3 (D. Minn. Mar. 4, 2025) ("An exhibit which has been publicly disclosed in open court does not retain its confidentiality."); *Marden's Ark*, 534 F. Supp. 3d at 1049 (denying motion to seal information that "may be embarrassing" to the defendant but went to "the very heart of Plaintiff's allegations against" the defendant"). **Defendants' Position:** This document should remain sealed because it contains commercially sensitive information and information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases. Throughout this litigation, Fleet Farm has taken care to ensure that processes for monitoring for and deterring criminal activity are treated confidentially.  This document should remain |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | under seal because it details and illustrates internal Fleet Farm processes that are implemented to monitor for and prevent criminal activity (including straw purchases).  Several courts have determined that information regarding safety or security systems should remain under seal.  *See, e.g.*, *Sheppard v. Mandalay Bay, LLC*, 2018 WL 7500285, at *1 (D. Nev. Nov. 28, 2018) (granting motion to seal certain filings containing exhibits regarding "security planning and procedures," because the court "recognized security and safety concerns as compelling reasons to seal documents"); *Blair v. City of Omaha*, 2011 WL 148120 (D. Neb. Jan. 18, 2011) (granting motion to limit disclosure of City police department standard operating procedures manual because "disclosure of several sections of the manual would likely compromise police operations and endanger public safety").  Indeed, this Court previously granted an unopposed motion for continued sealing of a Fleet Farm |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | document that contained "commercially sensitive information and information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases." *See* ECF Docs. 96, 164. |

- 23 -

Dated:  May 30, 2025

Respectfully submitted,

**STATE OF MINNESOTA**

KEITH ELLISON
Attorney General
State of Minnesota

JAMES W. CANADAY (#030234X)
Deputy Attorney General

*/s/ Katherine Moerke* (with permission)
KATHERINE MOERKE (#0312277)
ERIC J. MALONEY (#0396326)
JASON PLEGGENKUHLE (#0391772)
Assistant Attorneys General

445 Minnesota Street, Suite 1200
St. Paul, Minnesota 55101-2130
katherine.moerke@ag.state.mn.us
Telephone: (651) 728-7174

**UNIVERSITY OF MINNESOTA GUN VIOLENCE PREVENTION CLINIC**

MEGAN WALSH (#0394837)
Special Assistant Attorney General

University of Minnesota Law School
190 Mondale Hall
229 19th Avenue South
Minneapolis, MN 55455
Phone: 612-625-5515
wals0270@umn.edu

***Attorneys for State of Minnesota***

*/s/ Andrew P. Leiendecker*
Todd A. Noteboom (#0240047)
Andrew W. Davis (#0386634)
Sharon R. Markowitz (#0392043)
Andrew P. Leiendecker (#0399107)
Zachary J. Wright (#0402945)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
(612) 335-1500
todd.noteboom@stinson.com
andrew.davis@stinson.com
sharon.markowitz@stinson.com
andrew.leiendecker@stinson.com
zachary.wright@stinson.com

***Attorneys for Defendants***