**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| State of Minnesota by its Attorney General, Keith Ellison,<br><br>Plaintiff,<br><br>v.<br><br>Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC,<br><br>Defendants. | Case No.: 0:22-cv-02694-JRT-JFD<br><br><br>**JOINT MOTION REGARDING CONTINUED SEALING IN CONNECTION WITH FLEET FARM'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiff State of Minnesota by its Attorney General, Keith Ellison, and Defendants Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC, temporarily filed certain documents under seal in connection with Defendants' Motion for Summary Judgment. *See* ECF Doc. 198. Pursuant to Local Rule 5.6(d)(2), the parties hereby submit this Joint Motion Regarding Continued Sealing of Docket Nos. 203, 203-1, 203-2, 203-3, 203-4, 203-5, 203-6, 203-7, 203-8, 203-9, 203-10, 203-11, 203-12, 203-13, 203-14, 203-15, 203-16, 203-17, 203-18, 203-19, 203-20, 203-21, 203-22, 203-23, 203-24, 206, 206-1, 220, 222, 222-1, 222-2, 222-3, 222-4, 222-5, 222-6, 222-7, 222-8, 222-9, and 222-10. The parties' positions on the continued sealing of these documents are noted below.

- 1 -

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| 203 | 204 | Exhibit 1 to Declaration of Kevin McKown in Support of Fleet Farm's Motion for Summary Judgment | **Plaintiff's Position:** Exhibit should be unsealed.<br><br>**Defendants' Position:** This document should remain sealed | N/A | **Plaintiff's Position:** The document is not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the document does not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that this document reveals any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to this document, particularly given that this document has been filed by Fleet Farm in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | information is "sensitive" fail to sustain the burden to maintain information under seal).<br><br>**Defendants' Position:** This document should remain sealed because it contains commercially sensitive information regarding Fleet Farm sales. |
| 203-1 | 204 | Exhibit 2 to Declaration of Kevin McKown in Support of Fleet Farm's Motion for Summary Judgment | **Plaintiff's Position:** Exhibit should be unsealed except for all nonparty personally identifying information (including names, addresses, and phone numbers), which should be redacted.<br><br>**Defendants' Position:** This document should remain sealed. | N/A | **Plaintiff's Position:** The document is not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the document does not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that this document reveals any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to this document, particularly given that this document has been filed by Fleet Farm in |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). But the State agrees that nonparty identities and other personally identifying information should be redacted.<br><br>**Defendants' Position**: This document should remain sealed because it contains personal identifying information, including social security numbers, birthdays, email addresses, phone numbers, and addresses. In addition, this document should remain sealed because it contains commercially sensitive information. |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| 203-2 | 204 | Exhibit 3 to Declaration of Kevin McKown in Support of Fleet Farm's Motion for Summary Judgment | **Plaintiff's Position:** Exhibit should be unsealed except for all nonparty personally identifying information (including names, addresses, and phone numbers), which should be redacted.<br><br>**Defendants' Position:** This document should remain sealed. | N/A | **Plaintiff's Position:** The document is not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the document does not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that this document reveals any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to this document, particularly given that this document has been filed by Fleet Farm in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | information is "sensitive" fail to sustain the burden to maintain information under seal). But the State agrees that nonparty identities and other personally identifying information should be redacted.<br><br>**Defendants' Position**: This document should remain sealed because it is commercially sensitive, contains personal identifying information, including addresses of nonparties, and details sensitive information regarding law-abiding residents' firearm ownership. |
| 203-3 | 204 | Exhibit 4 to Declaration of Kevin McKown in Support of Fleet Farm's Motion for Summary Judgment | **Plaintiff's Position:** Exhibit should be unsealed except for all nonparty personally identifying information (including names, addresses, and phone numbers), which should be redacted. | N/A | **Plaintiff's Position:** The document is not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the document does not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that this document reveals any |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | **Defendants' Position:** This document should remain sealed. | | trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to this document, particularly given that this document has been filed by Fleet Farm in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). But the State agrees that nonparty identities and other personally identifying information should be redacted. **Defendants' Position**: This document should remain sealed because it is commercially sensitive, contains personal identifying |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | information, including addresses of nonparties, and details sensitive information regarding law-abiding residents' firearm ownership. |
| 203-4 | 204 | Exhibit 5 to Declaration of Kevin McKown in Support of Fleet Farm's Motion for Summary Judgment | **Plaintiff's Position:** Exhibit should be unsealed except for all nonparty personally identifying information (including names, addresses, and phone numbers), which should be redacted.<br><br>**Defendants' Position:** This document should remain sealed. | N/A | **Plaintiff's Position:** The document is not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the document does not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that this document reveals any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to this document, particularly given that this document has been filed by Fleet Farm in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). But the State agrees that nonparty identities and other personally identifying information should be redacted. **Defendants' Position**: This document should remain sealed because it is commercially sensitive, contains personal identifying information, including addresses of nonparties, and details sensitive information regarding law-abiding residents' firearm ownership. |
| 203-5 | 204 | Exhibit 6 to Declaration of Kevin McKown in Support of Fleet Farm's | **Plaintiff's Position:** Exhibit should be unsealed except for all nonparty personally identifying information (including names, addresses, | N/A | **Plaintiff's Position:** The document is not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the document does not reveal trade secrets or other |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | Motion for Summary Judgment | and phone numbers), which should be redacted.<br><br>**Defendants' Position:** This document should remain sealed. | | confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that this document reveals any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to this document, particularly given that this document has been filed by Fleet Farm in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). But the State agrees that nonparty identities and other personally identifying information should be redacted. |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | **Defendants' Position**: This document should remain sealed because it is commercially sensitive, contains personal identifying information, including addresses of nonparties, and details sensitive information regarding law-abiding residents' firearm ownership. |
| 203-6 | 204 | Exhibit 7 to Declaration of Kevin McKown in Support of Fleet Farm's Motion for Summary Judgment | **Plaintiff's Position:** Exhibit should be unsealed except for all nonparty personally identifying information (including names, addresses, and phone numbers), which should be redacted.<br><br>**Defendants' Position:** This document should remain sealed. | N/A | **Plaintiff's Position:** The document is not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the document does not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that this document reveals any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to this document, particularly given that this document has been filed by Fleet Farm in |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
|  |  |  |  |  | connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). But the State agrees that nonparty identities and other personally identifying information should be redacted. **Defendants' Position**: This document should remain sealed because it is commercially sensitive, contains personal identifying information, including addresses of nonparties, and details sensitive information regarding law-abiding residents' firearm ownership. |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| 203-7 | 204 | Exhibit 8 to Declaration of Kevin McKown in Support of Fleet Farm's Motion for Summary Judgment | **Plaintiff's Position:** Exhibit should be unsealed except for all nonparty personally identifying information (including names, addresses, and phone numbers), which should be redacted.<br><br>**Defendants' Position:** This document should remain sealed. | N/A | **Plaintiff's Position:** The document is not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the document does not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that this document reveals any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to this document, particularly given that this document has been filed by Fleet Farm in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | information is "sensitive" fail to sustain the burden to maintain information under seal). But the State agrees that nonparty identities and other personally identifying information should be redacted.<br><br>**Defendants' Position**: This document should remain sealed because it is commercially sensitive, contains personal identifying information, including addresses of nonparties, and details sensitive information regarding law-abiding residents' firearm ownership. |
| 203-8 | 204 | Exhibit 9 to Declaration of Kevin McKown in Support of Fleet Farm's Motion for Summary Judgment | **Plaintiff's Position:** Exhibit should be unsealed except for all nonparty personally identifying information (including names, addresses, and phone numbers), which should be redacted. | N/A | **Plaintiff's Position:** The document is not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the document does not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | **Defendants' Position:** This document should remain sealed. | | any showing that this document reveals any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to this document, particularly given that this document has been filed by Fleet Farm in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). But the State agrees that nonparty identities and other personally identifying information should be redacted.<br><br>**Defendants' Position**: This document should remain sealed because it is commercially |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | sensitive, contains personal identifying information, including addresses of nonparties, and details sensitive information regarding law-abiding residents' firearm ownership. |
| 203-9 | 204 | Exhibit 10 to Declaration of Kevin McKown in Support of Fleet Farm's Motion for Summary Judgment | **Plaintiff's Position:** Exhibit should be unsealed except for all nonparty personally identifying information (including names, addresses, and phone numbers), which should be redacted.<br><br>**Defendants' Position:** This document should remain sealed. | N/A | **Plaintiff's Position:** The document is not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the document does not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that this document reveals any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to this document, particularly given that this document has been filed by Fleet Farm in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth* |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | *Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). But the State agrees that nonparty identities and other personally identifying information should be redacted. **Defendants' Position**: This document should remain sealed because it is commercially sensitive, contains personal identifying information, including addresses of nonparties, and details sensitive information regarding law-abiding residents' firearm ownership. |
| 203-10 | 204 | Exhibit 11 to Declaration of Kevin McKown in Support of | **Plaintiff's Position:** Exhibit should be unsealed except for all nonparty personally identifying information | N/A | **Plaintiff's Position:** The document is not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | Fleet Farm's Motion for Summary Judgment | (including names, addresses, and phone numbers), which should be redacted.<br><br>**Defendants' Position:** This document should remain sealed. | | document does not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that this document reveals any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to this document, particularly given that this document has been filed by Fleet Farm in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). But the State agrees that nonparty identities and |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | other personally identifying information should be redacted. **Defendants' Position**: This document should remain sealed because it is commercially sensitive, contains personal identifying information, including addresses of nonparties, and details sensitive information regarding law-abiding residents' firearm ownership. |
| 203-11 | 204 | Exhibit 12 to Declaration of Kevin McKown in Support of Fleet Farm's Motion for Summary Judgment | **Plaintiff's Position:** Exhibit should be unsealed except for all nonparty personally identifying information (including names, addresses, and phone numbers), which should be redacted. **Defendants' Position:** This document should remain sealed. | N/A | **Plaintiff's Position:** The document is not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the document does not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that this document reveals any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | this document, particularly given that this document has been filed by Fleet Farm in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). But the State agrees that nonparty identities and other personally identifying information should be redacted. **Defendants' Position**: This document should remain sealed because it is commercially sensitive, contains personal identifying information, including addresses of nonparties, and details sensitive information regarding law-abiding residents' firearm ownership. |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| 203-12 | 204 | Exhibit 13 to Declaration of Kevin McKown in Support of Fleet Farm's Motion for Summary Judgment | **Plaintiff's Position:** Exhibit should be unsealed except for all nonparty personally identifying information (including names, addresses, and phone numbers), which should be redacted.<br><br>**Defendants' Position:** This document should remain sealed. | N/A | **Plaintiff's Position:** The document is not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the document does not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that this document reveals any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to this document, particularly given that this document has been filed by Fleet Farm in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | information is "sensitive" fail to sustain the burden to maintain information under seal). But the State agrees that nonparty identities and other personally identifying information should be redacted. **Defendants' Position**: This document should remain sealed because it is commercially sensitive, contains personal identifying information, including addresses of nonparties, and details sensitive information regarding law-abiding residents' firearm ownership. |
| 203-13 | 204 | Exhibit 14 to Declaration of Kevin McKown in Support of Fleet Farm's Motion for Summary Judgment | **Plaintiff's Position:** Exhibit should be unsealed except for all nonparty personally identifying information (including names, addresses, and phone numbers), which should be redacted. | N/A | **Plaintiff's Position:** The document is not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the document does not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that this document reveals any |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | **Defendants' Position:** This document should remain sealed. | | trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to this document, particularly given that this document has been filed by Fleet Farm in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). But the State agrees that nonparty identities and other personally identifying information should be redacted. **Defendants' Position**: This document should remain sealed because it is commercially sensitive,    contains    personal    identifying |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | information, including addresses of nonparties, and details sensitive information regarding law-abiding residents' firearm ownership. |
| 203-14 | 204 | Exhibit 15 to Declaration of Kevin McKown in Support of Fleet Farm's Motion for Summary Judgment | **Plaintiff's Position:** Exhibit should be unsealed except for all nonparty personally identifying information (including names, addresses, and phone numbers), which should be redacted.<br><br>**Defendants' Position:** This document should remain sealed. | N/A | **Plaintiff's Position:** The document is not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the document does not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that this document reveals any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to this document, particularly given that this document has been filed by Fleet Farm in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). But the State agrees that nonparty identities and other personally identifying information should be redacted.<br><br>**Defendants' Position**: This document should remain sealed because it is commercially sensitive, contains personal identifying information, including addresses of nonparties, and details sensitive information regarding law-abiding residents' firearm ownership. |
| 203-15 | 204 | Exhibit 16 to Declaration of Kevin McKown in Support of Fleet Farm's | **Plaintiff's Position:** Exhibit should be unsealed except for all nonparty personally identifying information (including names, addresses, | N/A | **Plaintiff's Position:** The document is not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the document does not reveal trade secrets or other |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | Motion for Summary Judgment | and phone numbers), which should be redacted.<br><br>**Defendants' Position:** This document should remain sealed. | | confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that this document reveals any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to this document, particularly given that this document has been filed by Fleet Farm in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). But the State agrees that nonparty identities and other personally identifying information should be redacted. |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | **Defendants' Position**: This document should remain sealed because it is commercially sensitive, contains personal identifying information, including addresses of nonparties, and details sensitive information regarding law-abiding residents' firearm ownership. |
| 203-16 | 204 | Exhibit 17 to Declaration of Kevin McKown in Support of Fleet Farm's Motion for Summary Judgment | **Plaintiff's Position:** Exhibit should be unsealed except for all nonparty personally identifying information (including names, addresses, and phone numbers), which should be redacted.<br><br>**Defendants' Position:** This document should remain sealed. | N/A | **Plaintiff's Position:** The document is not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the document does not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that this document reveals any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to this document, particularly given that this document has been filed by Fleet Farm in |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). But the State agrees that nonparty identities and other personally identifying information should be redacted.<br><br>**Defendants' Position**: This document should remain sealed because it is commercially sensitive, contains personal identifying information, including addresses of nonparties, and details sensitive information regarding law-abiding residents' firearm ownership. |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| 203-17 | 204 | Exhibit 18 to Declaration of Kevin McKown in Support of Fleet Farm's Motion for Summary Judgment | **Plaintiff's Position:** Exhibit should be unsealed except for all nonparty personally identifying information (including names, addresses, and phone numbers), which should be redacted.<br><br>**Defendants' Position:** This document should remain sealed. | N/A | **Plaintiff's Position:** The document is not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the document does not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that this document reveals any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to this document, particularly given that this document has been filed by Fleet Farm in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | information is "sensitive" fail to sustain the burden to maintain information under seal). But the State agrees that nonparty identities and other personally identifying information should be redacted.<br><br>**Defendants' Position**: This document should remain sealed because it is commercially sensitive, contains personal identifying information, including addresses of nonparties, and details sensitive information regarding law-abiding residents' firearm ownership. |
| 203-18 | 204 | Exhibit 19 to Declaration of Kevin McKown in Support of Fleet Farm's Motion for Summary Judgment | **Plaintiff's Position:** Exhibit should be unsealed except for all nonparty personally identifying information (including names, addresses, and phone numbers), which should be redacted. | N/A | **Plaintiff's Position:** The document is not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the document does not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that this document reveals any |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
|  |  |  | **Defendants' Position:** This document should remain sealed. |  | trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to this document, particularly given that this document has been filed by Fleet Farm in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). But the State agrees that nonparty identities and other personally identifying information should be redacted.<br><br>**Defendants' Position**: This document should remain sealed because it is commercially sensitive,   contains   personal   identifying |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | information, including addresses of nonparties, and details sensitive information regarding law-abiding residents' firearm ownership. |
| 203-19 | 204 | Exhibit 22 to Declaration of Kevin McKown in Support of Fleet Farm's Motion for Summary Judgment | **Plaintiff's Position:** Exhibit should be unsealed.<br><br>**Defendants' Position:** This document should remain sealed. | N/A | **Plaintiff's Position:** The document is not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the document does not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that this document reveals any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to this document, particularly given that this document has been filed by Fleet Farm in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). Similarly, Fleet Farm's claimed "safety and security" concerns are insufficient to overcome the presumption of public access because the document largely reflects publicly available information about straw purchases, has already been discussed by the parties in open court, and goes directly to central issues in this lawsuit. *See N. Am. Science Assocs., LLC v. Conforti*, No. 24-CV-287, 2025 WL 692128, at *3 (D. Minn. Mar. 4, 2025) ("An exhibit which has been publicly disclosed in open court does not retain its confidentiality."); *Marden's Ark*, 534 F. Supp. 3d at 1049 (denying motion to seal information that "may be embarrassing" to the defendant but went to "the very heart of Plaintiff's allegations against" the defendant"). |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | **Defendants' Position:** This document should remain sealed because it contains commercially sensitive information and information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases. Throughout this litigation, Fleet Farm has taken care to ensure that processes for monitoring for and deterring criminal activity are treated confidentially. This document should remain under seal because it details and illustrates internal Fleet Farm processes that are implemented to monitor for and prevent criminal activity (including straw purchases). Several courts have determined that information regarding safety or security systems should remain under seal. *See, e.g., Sheppard v. Mandalay Bay, LLC*, 2018 WL 7500285, at *1 (D. Nev. Nov. 28, 2018) (granting motion to seal certain filings |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | containing exhibits regarding "security planning and procedures," because the court "recognized security and safety concerns as compelling reasons to seal documents"); *Blair v. City of Omaha*, 2011 WL 148120 (D. Neb. Jan. 18, 2011) (granting motion to limit disclosure of City police department standard operating procedures manual because "disclosure of several sections of the manual would likely compromise police operations and endanger public safety"). Indeed, this Court previously granted an unopposed motion for continued sealing of a Fleet Farm document that contained "commercially sensitive information and information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases." *See* ECF Docs. 96, 164. |
| 203-20 | 204 | Exhibit 23 to Declaration of Kevin McKown | **Plaintiff's Position:** Exhibit should be unsealed. | N/A | **Plaintiff's Position:** The document is not appropriately designated as confidential by Fleet Farm under the terms of the Protective |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
|  |  | in Support of Fleet Farm's Motion for Summary Judgment | **Defendants' Position:** This document should remain sealed. |  | Order or requirements of Rule 26, because the document does not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that this document reveals any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to this document, particularly given that this document has been filed by Fleet Farm in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). Similarly, Fleet Farm's claimed "safety and |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | security" concerns are insufficient to overcome the presumption of public access because the document largely reflects publicly available information about straw purchases, has already been discussed by the parties in open court, and goes directly to central issues in this lawsuit. *See N. Am. Science Assocs., LLC v. Conforti*, No. 24-CV-287, 2025 WL 692128, at *3 (D. Minn. Mar. 4, 2025) ("An exhibit which has been publicly disclosed in open court does not retain its confidentiality."); *Marden's Ark*, 534 F. Supp. 3d at 1049 (denying motion to seal information that "may be embarrassing" to the defendant but went to "the very heart of Plaintiff's allegations against" the defendant"). **Defendants' Position:** This document should remain sealed because it contains commercially sensitive information and information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases. |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | Throughout this litigation, Fleet Farm has taken care to ensure that processes for monitoring for and deterring criminal activity are treated confidentially. This document should remain under seal because it details and illustrates internal Fleet Farm processes that are implemented to monitor for and prevent criminal activity (including straw purchases). Several courts have determined that information regarding safety or security systems should remain under seal. *See, e.g., Sheppard v. Mandalay Bay, LLC*, 2018 WL 7500285, at *1 (D. Nev. Nov. 28, 2018) (granting motion to seal certain filings containing exhibits regarding "security planning and procedures," because the court "recognized security and safety concerns as compelling reasons to seal documents"); *Blair v. City of Omaha*, 2011 WL 148120 (D. Neb. Jan. 18, 2011) (granting motion to limit disclosure of City police department standard |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | operating procedures manual because "disclosure of several sections of the manual would likely compromise police operations and endanger public safety"). Indeed, this Court previously granted an unopposed motion for continued sealing of a Fleet Farm document that contained "commercially sensitive information and information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases." *See* ECF Docs. 96, 164. |
| 203-21 | 204 | Exhibit 24 to Declaration of Kevin McKown in Support of Fleet Farm's Motion for Summary Judgment | **Plaintiff's Position:** Exhibit should be unsealed.<br><br>**Defendants' Position:** This document should remain sealed. | N/A | **Plaintiff's Position:** The document is not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the document does not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that this document reveals any trade secrets or would cause competitive harm |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to this document, particularly given that this document has been filed by Fleet Farm in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). Similarly, Fleet Farm's claimed "safety and security" concerns are insufficient to overcome the presumption of public access because the document largely reflects publicly available information about straw purchases, has already been discussed by the parties in open court, and goes directly to central issues in this lawsuit. *See N. Am. Science Assocs., LLC v. Conforti,* |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | No. 24-CV-287, 2025 WL 692128, at *3 (D. Minn. Mar. 4, 2025) ("An exhibit which has been publicly disclosed in open court does not retain its confidentiality."); *Marden's Ark*, 534 F. Supp. 3d at 1049 (denying motion to seal information that "may be embarrassing" to the defendant but went to "the very heart of Plaintiff's allegations against" the defendant").<br><br>**Defendants' Position:**<br>This document should remain sealed because it contains commercially sensitive information and information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases.<br><br>Throughout this litigation, Fleet Farm has taken care to ensure that processes for monitoring for and deterring criminal activity are treated confidentially. This document should remain under seal because it details and illustrates internal Fleet Farm processes that are |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | implemented to monitor for and prevent criminal activity (including straw purchases). Several courts have determined that information regarding safety or security systems should remain under seal. *See, e.g., Sheppard v. Mandalay Bay, LLC*, 2018 WL 7500285, at *1 (D. Nev. Nov. 28, 2018) (granting motion to seal certain filings containing exhibits regarding "security planning and procedures," because the court "recognized security and safety concerns as compelling reasons to seal documents"); *Blair v. City of Omaha*, 2011 WL 148120 (D. Neb. Jan. 18, 2011) (granting motion to limit disclosure of City police department standard operating procedures manual because "disclosure of several sections of the manual would likely compromise police operations and endanger public safety"). Indeed, this Court previously granted an unopposed motion for continued sealing of a Fleet Farm document that contained "commercially sensitive information |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | and information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases." *See* ECF Docs. 96, 164. |
| 203-22 | 204 | Exhibit 25 to Declaration of Kevin McKown in Support of Fleet Farm's Motion for Summary Judgment | **Plaintiff's Position:** Exhibit should be unsealed.<br><br>**Defendants' Position:** This document should remain sealed. | N/A | **Plaintiff's Position:** The document is not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the document does not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that this document reveals any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to this document, particularly given that this document has been filed by Fleet Farm in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth* |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | *Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). Similarly, Fleet Farm's claimed "safety and security" concerns are insufficient to overcome the presumption of public access because the document largely reflects publicly available information about straw purchases, has already been discussed by the parties in open court, and goes directly to central issues in this lawsuit. *See N. Am. Science Assocs., LLC v. Conforti*, No. 24-CV-287, 2025 WL 692128, at *3 (D. Minn. Mar. 4, 2025) ("An exhibit which has been publicly disclosed in open court does not retain its confidentiality."); *Marden's Ark*, 534 F. Supp. 3d at 1049 (denying motion to seal information that "may be embarrassing" to the |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | defendant but went to "the very heart of Plaintiff's allegations against" the defendant"). <br><br> **Defendants' Position:** <br> This document should remain sealed because it contains commercially sensitive information and information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases. <br><br> Throughout this litigation, Fleet Farm has taken care to ensure that processes for monitoring for and deterring criminal activity are treated confidentially. This document should remain under seal because it details and illustrates internal Fleet Farm processes that are implemented to monitor for and prevent criminal activity (including straw purchases). Several courts have determined that information regarding safety or security systems should remain under seal. *See, e.g., Sheppard v. Mandalay Bay, LLC*, 2018 WL |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | 7500285, at *1 (D. Nev. Nov. 28, 2018) (granting motion to seal certain filings containing exhibits regarding "security planning and procedures," because the court "recognized security and safety concerns as compelling reasons to seal documents"); *Blair v. City of Omaha*, 2011 WL 148120 (D. Neb. Jan. 18, 2011) (granting motion to limit disclosure of City police department standard operating procedures manual because "disclosure of several sections of the manual would likely compromise police operations and endanger public safety"). Indeed, this Court previously granted an unopposed motion for continued sealing of a Fleet Farm document that contained "commercially sensitive information and information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases." *See* ECF Docs. 96, 164. |

- 46 -

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| 203-23 | 204 | Exhibit 26 to Declaration of Kevin McKown in Support of Fleet Farm's Motion for Summary Judgment | **Plaintiff's Position:** Exhibit should be unsealed.<br><br>**Defendants' Position:** This document should remain sealed. | N/A | **Plaintiff's Position:** The document is not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the document does not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that this document reveals any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to this document, particularly given that this document has been filed by Fleet Farm in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | information is "sensitive" fail to sustain the burden to maintain information under seal). Similarly, Fleet Farm's claimed "safety and security" concerns are insufficient to overcome the presumption of public access because the document largely reflects publicly available information about straw purchases, has already been discussed by the parties in open court, and goes directly to central issues in this lawsuit. *See N. Am. Science Assocs., LLC v. Conforti*, No. 24-CV-287, 2025 WL 692128, at *3 (D. Minn. Mar. 4, 2025) ("An exhibit which has been publicly disclosed in open court does not retain its confidentiality."); *Marden's Ark*, 534 F. Supp. 3d at 1049 (denying motion to seal information that "may be embarrassing" to the defendant but went to "the very heart of Plaintiff's allegations against" the defendant"). **Defendants' Position:** This document should remain sealed because it contains commercially sensitive information |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | and information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases.

Throughout this litigation, Fleet Farm has taken care to ensure that processes for monitoring for and deterring criminal activity are treated confidentially. This document should remain under seal because it details and illustrates internal Fleet Farm processes that are implemented to monitor for and prevent criminal activity (including straw purchases). Several courts have determined that information regarding safety or security systems should remain under seal. *See, e.g.*, *Sheppard v. Mandalay Bay, LLC*, 2018 WL 7500285, at *1 (D. Nev. Nov. 28, 2018) (granting motion to seal certain filings containing exhibits regarding "security planning and procedures," because the court "recognized security and safety concerns as compelling reasons to seal documents"); *Blair* |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | *v. City of Omaha*, 2011 WL 148120 (D. Neb. Jan. 18, 2011) (granting motion to limit disclosure of City police department standard operating procedures manual because "disclosure of several sections of the manual would likely compromise police operations and endanger public safety"). Indeed, this Court previously granted an unopposed motion for continued sealing of a Fleet Farm document that contained "commercially sensitive information and information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases." *See* ECF Docs. 96, 164. |
| 203-24 | 204 | Exhibit 27 to Declaration of Kevin McKown in Support of Fleet Farm's Motion for | **Plaintiff's Position:** Exhibit should be unsealed. **Defendants' Position:** This document should remain sealed. | N/A | **Plaintiff's Position:** The document is not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the document does not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | Summary Judgment | | | assertions of commercial sensitivity, without any showing that this document reveals any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to this document, particularly given that this document has been filed by Fleet Farm in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). Similarly, Fleet Farm's claimed "safety and security" concerns are insufficient to overcome the presumption of public access because the document largely reflects publicly available information about straw purchases, has already |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | been discussed by the parties in open court, and goes directly to central issues in this lawsuit. *See N. Am. Science Assocs., LLC v. Conforti*, No. 24-CV-287, 2025 WL 692128, at *3 (D. Minn. Mar. 4, 2025) ("An exhibit which has been publicly disclosed in open court does not retain its confidentiality."); *Marden's Ark*, 534 F. Supp. 3d at 1049 (denying motion to seal information that "may be embarrassing" to the defendant but went to "the very heart of Plaintiff's allegations against" the defendant").<br><br>**Defendants' Position:**<br>This document should remain sealed because it contains commercially sensitive information and information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases.<br><br>Throughout this litigation, Fleet Farm has taken care to ensure that processes for monitoring for and deterring criminal activity are treated |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | confidentially. This document should remain under seal because it details and illustrates internal Fleet Farm processes that are implemented to monitor for and prevent criminal activity (including straw purchases). Several courts have determined that information regarding safety or security systems should remain under seal. *See, e.g., Sheppard v. Mandalay Bay, LLC*, 2018 WL 7500285, at *1 (D. Nev. Nov. 28, 2018) (granting motion to seal certain filings containing exhibits regarding "security planning and procedures," because the court "recognized security and safety concerns as compelling reasons to seal documents"); *Blair v. City of Omaha*, 2011 WL 148120 (D. Neb. Jan. 18, 2011) (granting motion to limit disclosure of City police department standard operating procedures manual because "disclosure of several sections of the manual would likely compromise police operations and endanger public safety"). Indeed, this Court |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | previously granted an unopposed motion for continued sealing of a Fleet Farm document that contained "commercially sensitive information and information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases." *See* ECF Docs. 96, 164. |
| 206 | 205-2 | Exhibit H to Declaration of Andrew W. Davis in Support of Fleet Farm's Motion for Summary Judgment | **Plaintiff's Position:** Exhibit should be unsealed.<br><br>**Defendants' Position:** The unredacted version of this document should remain sealed. | N/A | **Plaintiff's Position:** The Fleet Farm documents cited in Joseph Bisbee's expert report are not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the documents do not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that these documents reveal any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to these documents, particularly given that these |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | documents have been filed by Fleet Farm in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). Similarly, Fleet Farm's claimed "safety and security" concerns are insufficient to overcome the presumption of public access because the documents largely reflect publicly available information about straw purchases, have already been discussed by the parties in open court, and directly relate to central issues in this lawsuit. *See N. Am. Science Assocs., LLC v. Conforti*, No. 24-CV-287, 2025 WL 692128, at *3 (D. Minn. Mar. 4, 2025) ("An exhibit which has been publicly disclosed in open court does |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | not retain its confidentiality."); *Marden's Ark*, 534 F. Supp. 3d at 1049 (denying motion to seal information that "may be embarrassing" to the defendant but went to "the very heart of Plaintiff's allegations against" the defendant"). <br><br> **Defendants' Position:** The unredacted version of this document should remain sealed because the portions of this document that have been redacted are discussions of commercially sensitive information, information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases, and quotations from and descriptions of documents Fleet Farm has produced in this litigation as confidential. <br><br> This document should also remain under seal because the redacted portions of this document detail and illustrate internal Fleet Farm processes that are implemented to monitor for and prevent criminal activity (including straw |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | purchases). Several courts have determined that information regarding safety or security systems should remain under seal. *See, e.g., Sheppard v. Mandalay Bay, LLC*, 2018 WL 7500285, at *1 (D. Nev. Nov. 28, 2018) (granting motion to seal certain filings containing exhibits regarding "security planning and procedures," because the court "recognized security and safety concerns as compelling reasons to seal documents"); *Blair v. City of Omaha*, 2011 WL 148120 (D. Neb. Jan. 18, 2011) (granting motion to limit disclosure of City police department standard operating procedures manual because "disclosure of several sections of the manual would likely compromise police operations and endanger public safety"). Indeed, this Court previously granted an unopposed motion for continued sealing of a Fleet Farm document that contained "commercially sensitive information and information regarding the specific monitoring systems and policies that Fleet Farm |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | implements to prevent straw purchases." *See* ECF Docs. 96, 164. |
| 206-1 | 205-5 | Exhibit R to Declaration of Andrew W. Davis in Support of Fleet Farm's Motion for Summary Judgment | **Plaintiff's Position:** Exhibit should be unsealed.<br><br>**Defendants' Position:** The unredacted version of this document should remain sealed. | N/A | **Plaintiff's Position:** The Fleet Farm documents cited in Joseph Bisbee's expert rebuttal report are not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the documents do not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that these documents reveal any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to these documents, particularly given that these documents have been filed by Fleet Farm in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). Similarly, Fleet Farm's claimed "safety and security" concerns are insufficient to overcome the presumption of public access because the documents largely reflect publicly available information about straw purchases, have already been discussed by the parties in open court, and directly relate to central issues in this lawsuit. *See N. Am. Science Assocs., LLC v. Conforti*, No. 24-CV-287, 2025 WL 692128, at *3 (D. Minn. Mar. 4, 2025) ("An exhibit which has been publicly disclosed in open court does not retain its confidentiality."); *Marden's Ark*, 534 F. Supp. 3d at 1049 (denying motion to seal information that "may be embarrassing" to the defendant but went to "the very heart of Plaintiff's allegations against" the defendant"). |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | **Defendants' Position:** The unredacted version of this document should remain sealed because the portions of this document that have been redacted are discussions of commercially sensitive information, information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases, and quotations from and descriptions of documents Fleet Farm has produced in this litigation as confidential.<br><br>This document should also remain under seal because the redacted portions of this document detail and illustrate internal Fleet Farm processes that are implemented to monitor for and prevent criminal activity (including straw purchases). Several courts have determined that information regarding safety or security systems should remain under seal. *See, e.g., Sheppard v. Mandalay Bay, LLC*, 2018 WL 7500285, at *1 (D. Nev. Nov. 28, 2018) |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | (granting motion to seal certain filings containing exhibits regarding "security planning and procedures," because the court "recognized security and safety concerns as compelling reasons to seal documents"); *Blair v. City of Omaha*, 2011 WL 148120 (D. Neb. Jan. 18, 2011) (granting motion to limit disclosure of City police department standard operating procedures manual because "disclosure of several sections of the manual would likely compromise police operations and endanger public safety"). Indeed, this Court previously granted an unopposed motion for continued sealing of a Fleet Farm document that contained "commercially sensitive information and information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases." *See* ECF Docs. 96, 164. |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| 220 | 219 | State of Minnesota's Memorandum in Opposition to Fleet Farm's Motion for Summary Judgment | **Plaintiff's Position:** The entire memorandum should be unsealed.<br><br>**Defendants' Position:** The unredacted version of this memorandum should remain sealed. | N/A | **Plaintiff's Position:** The redacted portions of the State's Memorandum contain information from Fleet Farm documents which are not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the documents do not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that these documents reveal any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to these documents, particularly given that these documents have been filed by Fleet Farm in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). Similarly, Fleet Farm's claimed "safety and security" concerns are insufficient to overcome the presumption of public access because the documents largely reflect publicly available information about straw purchases, have already been discussed by the parties in open court, and directly relate to central issues in this lawsuit. *See N. Am. Science Assocs., LLC v. Conforti*, No. 24-CV-287, 2025 WL 692128, at *3 (D. Minn. Mar. 4, 2025) ("An exhibit which has been publicly disclosed in open court does not retain its confidentiality."); *Marden's Ark*, 534 F. Supp. 3d at 1049 (denying motion to seal information that "may be embarrassing" to the defendant but went to "the very heart of Plaintiff's allegations against" the defendant). |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | **Defendants' Position:** This document should remain sealed because the portions of this document that have been redacted contain commercially sensitive information, information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases, and quote from and describe documents Fleet Farm has produced in this litigation as confidential. This document should also remain under seal because the redacted portions of this document detail and illustrate internal Fleet Farm processes that are implemented to monitor for and prevent criminal activity (including straw purchases). Several courts have determined that information regarding safety or security systems should remain under seal. *See, e.g., Sheppard v. Mandalay Bay, LLC*, 2018 WL 7500285, at *1 (D. Nev. Nov. 28, 2018) (granting motion to seal certain filings containing exhibits regarding "security |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | planning and procedures," because the court "recognized security and safety concerns as compelling reasons to seal documents"); *Blair v. City of Omaha*, 2011 WL 148120 (D. Neb. Jan. 18, 2011) (granting motion to limit disclosure of City police department standard operating procedures manual because "disclosure of several sections of the manual would likely compromise police operations and endanger public safety"). Indeed, this Court previously granted an unopposed motion for continued sealing of a Fleet Farm document that contained "commercially sensitive information and information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases." *See* ECF Docs. 96, 164. |
| 222 | N/A | Exhibit 1 to Declaration of Katherine A. Moerke in | **Plaintiff's Position:** Exhibit should be unsealed except for information required to be | N/A | **Plaintiff's Position:** The document is not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | Opposition to Fleet Farm's Motion for Summary Judgment | redacted under Fed. R. Civ. P. 5.2, including birthdates.<br><br>**Defendants' Position:** This document should remain sealed. | | document does not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that this document reveals any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to this document, particularly given that this document has been filed in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). Similarly, Fleet Farm's claimed "safety and security" concerns are insufficient to overcome the |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | presumption of public access because the document largely reflects publicly available information about straw purchases, has already been discussed by the parties in open court, and goes directly to central issues in this lawsuit. *See N. Am. Science Assocs., LLC v. Conforti*, No. 24-CV-287, 2025 WL 692128, at *3 (D. Minn. Mar. 4, 2025) ("An exhibit which has been publicly disclosed in open court does not retain its confidentiality."); *Marden's Ark*, 534 F. Supp. 3d at 1049 (denying motion to seal information that "may be embarrassing" to the defendant but went to "the very heart of Plaintiff's allegations against" the defendant"). **Defendants' Position:** This document should remain sealed because it contains commercially sensitive information and information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases. |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | Throughout this litigation, Fleet Farm has taken care to ensure that processes for monitoring for and deterring criminal activity are treated confidentially. This document should remain under seal because it details and illustrates internal Fleet Farm processes that are implemented to monitor for and prevent criminal activity (including straw purchases). Several courts have determined that information regarding safety or security systems should remain under seal. *See, e.g., Sheppard v. Mandalay Bay, LLC*, 2018 WL 7500285, at *1 (D. Nev. Nov. 28, 2018) (granting motion to seal certain filings containing exhibits regarding "security planning and procedures," because the court "recognized security and safety concerns as compelling reasons to seal documents"); *Blair v. City of Omaha*, 2011 WL 148120 (D. Neb. Jan. 18, 2011) (granting motion to limit disclosure of City police department standard operating procedures manual because |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | "disclosure of several sections of the manual would likely compromise police operations and endanger public safety"). Indeed, this Court previously granted an unopposed motion for continued sealing of a Fleet Farm document that contained "commercially sensitive information and information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases." *See* ECF Docs. 96, 164. |
| 222-1 | 224 | Exhibit 2 to Declaration of Katherine A. Moerke in Opposition to Fleet Farm's Motion for Summary Judgment | **Plaintiff's Position:** Exhibit should be unsealed except for information required to be redacted under Fed. R. Civ. P. 5.2, including social security numbers and birthdates. | N/A | **Plaintiff's Position:** The document is not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the document does not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that this document reveals any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | **Defendants' Position:** This document should remain sealed. | | to overcome the presumption of public access to this document, particularly given that this document has been filed in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). Similarly, Fleet Farm's claimed "safety and security" concerns are insufficient to overcome the presumption of public access because the document largely reflects publicly available information about straw purchases, has already been discussed by the parties in open court, and goes directly to central issues in this lawsuit. *See N. Am. Science Assocs., LLC v. Conforti*, No. 24-CV-287, 2025 WL 692128, at |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | *3 (D. Minn. Mar. 4, 2025) ("An exhibit which has been publicly disclosed in open court does not retain its confidentiality."); *Marden's Ark*, 534 F. Supp. 3d at 1049 (denying motion to seal information that "may be embarrassing" to the defendant but went to "the very heart of Plaintiff's allegations against" the defendant"). **Defendants' Position:** This document should remain sealed because it contains personal identifying information, including social security numbers, birthdays, email addresses, phone numbers, and addresses. In addition, this document should remain sealed because it contains commercially sensitive information and information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases. |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| 222-2 | 224 | Exhibit 3 to Declaration of Katherine A. Moerke in Opposition to Fleet Farm's Motion for Summary Judgment | **Plaintiff's Position:** Exhibit should be unsealed.<br><br>**Defendants' Position:** This document should remain sealed. | N/A | **Plaintiff's Position:** The document is not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the document does not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that this document reveals any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to this document, particularly given that this document has been filed in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is "sensitive" |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
|  |  |  |  |  | fail to sustain the burden to maintain information under seal). Similarly, Fleet Farm's claimed "safety and security" concerns are insufficient to overcome the presumption of public access because the document largely reflects publicly available information about straw purchases, has already been discussed by the parties in open court, and goes directly to central issues in this lawsuit. *See N. Am. Science Assocs., LLC v. Conforti*, No. 24-CV-287, 2025 WL 692128, at \*3 (D. Minn. Mar. 4, 2025) ("An exhibit which has been publicly disclosed in open court does not retain its confidentiality."); *Marden's Ark*, 534 F. Supp. 3d at 1049 (denying motion to seal information that "may be embarrassing" to the defendant but went to "the very heart of Plaintiff's allegations against" the defendant"). **Defendants' Position:** This document should remain sealed because it contains commercially sensitive information and information |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases.<br><br>Throughout this litigation, Fleet Farm has taken care to ensure that processes for monitoring for and deterring criminal activity are treated confidentially. This document should remain under seal because it details and illustrates internal Fleet Farm processes that are implemented to monitor for and prevent criminal activity (including straw purchases). Several courts have determined that information regarding safety or security systems should remain under seal. *See, e.g., Sheppard v. Mandalay Bay, LLC*, 2018 WL 7500285, at *1 (D. Nev. Nov. 28, 2018) (granting motion to seal certain filings containing exhibits regarding "security planning and procedures," because the court "recognized security and safety concerns as compelling reasons to seal documents"); *Blair* |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | *v. City of Omaha*, 2011 WL 148120 (D. Neb. Jan. 18, 2011) (granting motion to limit disclosure of City police department standard operating procedures manual because "disclosure of several sections of the manual would likely compromise police operations and endanger public safety"). Indeed, this Court previously granted an unopposed motion for continued sealing of a Fleet Farm document that contained "commercially sensitive information and information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases." *See* ECF Docs. 96, 164. |
| 222-3 | 224 | Exhibit 11 to Declaration of Katherine A. Moerke in Opposition to Fleet Farm's Motion for | The parties agree this document may be unsealed. | N/A | Fleet Farm agrees to de-designate as confidential the pages of the transcript of Michelle Granato's deposition included in this exhibit. |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | Summary Judgment | | | |
| 222-4 | 224 | Exhibit 12 to Declaration of Katherine A. Moerke in Opposition to Fleet Farm's Motion for Summary Judgment | **Plaintiff's Position:** Exhibit should be unsealed.<br><br>**Defendants' Position:** Lines 137:23 through 139:25 in this document should remain sealed. | N/A | **Plaintiff's Position:** The excerpted contents of this deposition transcript are not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because they do not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that these excerpts reveal any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to these excerpts, particularly given that these excerpts have been filed in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). Similarly, Fleet Farm's claimed "safety and security" concerns are insufficient to overcome the presumption of public access because the excerpted information largely reflects publicly available information about straw purchases, has already been discussed by the parties in open court, and goes directly to central issues in this lawsuit. *See N. Am. Science Assocs., LLC v. Conforti*, No. 24-CV-287, 2025 WL 692128, at *3 (D. Minn. Mar. 4, 2025) ("An exhibit which has been publicly disclosed in open court does not retain its confidentiality."); *Marden's Ark*, 534 F. Supp. 3d at 1049 (denying motion to seal information that "may be embarrassing" to the defendant but went to "the very heart of Plaintiff's allegations against" the defendant"). |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | **Defendants' Position:** Lines 137:23 through 139:25 in this exhibit should remain sealed because they contain commercially sensitive information and information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases, and quotes from a document Fleet Farm produced in this case as confidential.<br><br>Throughout this litigation, Fleet Farm has taken care to ensure that processes for monitoring for and deterring criminal activity are treated confidentially. This document should remain under seal because it details and illustrates internal Fleet Farm processes that are implemented to monitor for and prevent criminal activity (including straw purchases). Several courts have determined that information regarding safety or security systems should remain under seal. *See, e.g., Sheppard v. Mandalay Bay, LLC*, 2018 WL 7500285, at *1 (D. Nev. Nov. 28, 2018) |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | (granting motion to seal certain filings containing exhibits regarding "security planning and procedures," because the court "recognized security and safety concerns as compelling reasons to seal documents"); *Blair v. City of Omaha*, 2011 WL 148120 (D. Neb. Jan. 18, 2011) (granting motion to limit disclosure of City police department standard operating procedures manual because "disclosure of several sections of the manual would likely compromise police operations and endanger public safety"). Indeed, this Court previously granted an unopposed motion for continued sealing of a Fleet Farm document that contained "commercially sensitive information and information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases." *See* ECF Docs. 96, 164. |
| 222-5 | 224 | Exhibit 13 to Declaration of | **Plaintiff's Position:** Exhibit should be unsealed. | N/A | **Plaintiff's Position:** The excerpted contents of this deposition transcript are not appropriately |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
|  |  | Katherine A. Moerke in Opposition to Fleet Farm's Motion for Summary Judgment | **Defendants' Position:** Lines 120:4 through 121:25 in this document should remain sealed. |  | designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because they do not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that these excerpts reveal any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to these excerpts, particularly given that these excerpts have been filed in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | Similarly, Fleet Farm's claimed "safety and security" concerns are insufficient to overcome the presumption of public access because the excerpted information largely reflects publicly available information about straw purchases, has already been discussed by the parties in open court, and goes directly to central issues in this lawsuit. *See N. Am. Science Assocs., LLC v. Conforti*, No. 24-CV-287, 2025 WL 692128, at *3 (D. Minn. Mar. 4, 2025) ("An exhibit which has been publicly disclosed in open court does not retain its confidentiality."); *Marden's Ark*, 534 F. Supp. 3d at 1049 (denying motion to seal information that "may be embarrassing" to the defendant but went to "the very heart of Plaintiff's allegations against" the defendant"). **Defendants' Position:** Lines 120:4 through 121:25 in this exhibit should remain sealed because it contains commercially sensitive information and information regarding the specific monitoring systems and policies that |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | Fleet Farm implements to prevent straw purchases, and quotes from a document Fleet Farm produced in this case as confidential.<br><br>Throughout this litigation, Fleet Farm has taken care to ensure that processes for monitoring for and deterring criminal activity are treated confidentially. This document should remain under seal because it details and illustrates internal Fleet Farm processes that are implemented to monitor for and prevent criminal activity (including straw purchases). Several courts have determined that information regarding safety or security systems should remain under seal. *See, e.g., Sheppard v. Mandalay Bay, LLC*, 2018 WL 7500285, at *1 (D. Nev. Nov. 28, 2018) (granting motion to seal certain filings containing exhibits regarding "security planning and procedures," because the court "recognized security and safety concerns as compelling reasons to seal documents"); *Blair* |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | *v. City of Omaha*, 2011 WL 148120 (D. Neb. Jan. 18, 2011) (granting motion to limit disclosure of City police department standard operating procedures manual because "disclosure of several sections of the manual would likely compromise police operations and endanger public safety"). Indeed, this Court previously granted an unopposed motion for continued sealing of a Fleet Farm document that contained "commercially sensitive information and information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases." *See* ECF Docs. 96, 164. |
| 222-6 | 224 | Exhibit 14 to Declaration of Katherine A. Moerke in Opposition to Fleet Farm's Motion for | **Plaintiff's Position:** Exhibit should be unsealed except for information required to be redacted under Fed. R. Civ. P. 5.2, including social security numbers and birthdates. | N/A | **Plaintiff's Position:** These documents are not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because the documents do not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | Summary Judgment | **Defendants' Position:** This document should remain sealed. | | assertions of commercial sensitivity, without any showing that these documents reveal any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to these documents, particularly given that these documents have been filed in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). Similarly, Fleet Farm's claimed "safety and security" concerns are insufficient to overcome the presumption of public access because the documents largely reflect publicly available information about straw purchases, have already been discussed |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | by the parties in open court, and directly relate to central issues in this lawsuit. *See N. Am. Science Assocs., LLC v. Conforti*, No. 24-CV-287, 2025 WL 692128, at *3 (D. Minn. Mar. 4, 2025) ("An exhibit which has been publicly disclosed in open court does not retain its confidentiality."); *Marden's Ark*, 534 F. Supp. 3d at 1049 (denying motion to seal information that "may be embarrassing" to the defendant but went to "the very heart of Plaintiff's allegations against" the defendant"). **Defendants' Position:** This document should remain sealed because it contains personal identifying information, including social security numbers, birthdays, email addresses, phone numbers, and addresses. In addition, this document should remain sealed because it contains commercially sensitive information and information regarding the specific monitoring systems and policies that |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | Fleet Farm implements to prevent straw purchases. |
| 222-7 | 224 | Exhibit 15 to Declaration of Katherine A. Moerke in Opposition to Fleet Farm's Motion for Summary Judgment | **Plaintiff's Position:** Exhibits should be unsealed.<br><br>**Defendants' Position:** Lines 306:8 through 13 of this document should remain sealed. | N/A | **Plaintiff's Position:** The excerpted contents of this deposition transcript are not appropriately designated as confidential by Fleet Farm under the terms of the Protective Order or requirements of Rule 26, because they do not reveal trade secrets or other confidential research, development, or commercial information. Fleet Farm's bare assertions of commercial sensitivity, without any showing that these excerpts reveal any trade secrets or would cause competitive harm if unsealed, are not sufficiently "compelling" to overcome the presumption of public access to these excerpts, particularly given that these excerpts have been filed in connection with a motion concerning a district court's exercise of Article III judicial power. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047-50 (D. Minn. 2021) (explaining that the public interest |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | in disclosure is even greater when the record is "more integral" to "the exercise of Article III power," and holding that mere assertions that information is "sensitive" fail to sustain the burden to maintain information under seal). Similarly, Fleet Farm's claimed "safety and security" concerns are insufficient to overcome the presumption of public access because the excerpted information largely reflects publicly available information about straw purchases, has already been discussed by the parties in open court, and goes directly to central issues in this lawsuit. *See N. Am. Science Assocs., LLC v. Conforti*, No. 24-CV-287, 2025 WL 692128, at *3 (D. Minn. Mar. 4, 2025) ("An exhibit which has been publicly disclosed in open court does not retain its confidentiality."); *Marden's Ark*, 534 F. Supp. 3d at 1049 (denying motion to seal information that "may be embarrassing" to the defendant but went to "the very heart of Plaintiff's allegations against" the defendant). |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | **Defendants' Position:** Lines 306:8 through 13 should remain sealed because it contains commercially sensitive information and describes details from a document produced in this case as confidential because it describes the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases. |
| | | | | | Throughout this litigation, Fleet Farm has taken care to ensure that processes for monitoring for and deterring criminal activity are treated confidentially. This document should remain under seal because it details and illustrates internal Fleet Farm processes that are implemented to monitor for and prevent criminal activity (including straw purchases). Several courts have determined that information regarding safety or security systems should remain under seal. *See, e.g., Sheppard v. Mandalay Bay, LLC*, 2018 WL 7500285, at *1 (D. Nev. Nov. 28, 2018) |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | | | | (granting motion to seal certain filings containing exhibits regarding "security planning and procedures," because the court "recognized security and safety concerns as compelling reasons to seal documents"); *Blair v. City of Omaha*, 2011 WL 148120 (D. Neb. Jan. 18, 2011) (granting motion to limit disclosure of City police department standard operating procedures manual because "disclosure of several sections of the manual would likely compromise police operations and endanger public safety"). Indeed, this Court previously granted an unopposed motion for continued sealing of a Fleet Farm document that contained "commercially sensitive information and information regarding the specific monitoring systems and policies that Fleet Farm implements to prevent straw purchases." *See* ECF Docs. 96, 164. |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| 222-8 | 224 | Exhibit 16 to Declaration of Katherine A. Moerke in Opposition to Fleet Farm's Motion for Summary Judgment | **Plaintiff's Position:** Exhibits should be unsealed except for information required to be redacted under Fed. R. Civ. P. 5.2, including social security numbers and birthdates.<br><br>**Defendants' Position**: This document should remain sealed to the extent it contains personal identifying information. | N/A | **Plaintiff's Position:** The document should be unsealed with the redactions required under Fed. R. Civ. P. 5.2.<br><br>**Defendants' Position**: This document should remain sealed to the extent it contains personal identifying information. |
| 222-9 | 224 | Exhibit 17 to Declaration of Katherine A. Moerke in Opposition to Fleet Farm's Motion for | The parties agree this document may be unsealed. | N/A | Fleet Farm agrees to de-designate as confidential the pages of the transcript of Andrew Graham's deposition included in this exhibit. |

| Sealed Docket No. | Docket No. of Redacted Version (if filed) | Description of Document | Precisely identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty that Designated Document Confidential (If Any) | Reason Why Document Should Remained Sealed or be Unsealed |
|---|---|---|---|---|---|
| | | Summary Judgment | | | |
| 222-10 | 224 | Exhibit 18 to Declaration of Katherine A. Moerke in Opposition to Fleet Farm's Motion for Summary Judgment | The parties agree this document may be unsealed. | N/A | Fleet Farm agrees to de-designate as confidential the pages of the transcript of William Napier's deposition included in this exhibit. |

Dated:  May 30, 2025

**STATE OF MINNESOTA**

KEITH ELLISON
Attorney General
State of Minnesota

JAMES W. CANADAY (#030234X)
Deputy Attorney General

*/s/ Katherine Moerke* (with permission)
KATHERINE MOERKE (#0312277)
ERIC J. MALONEY (#0396326)
JASON PLEGGENKUHLE (#0391772)
Assistant Attorneys General

445 Minnesota Street, Suite 1200
St. Paul, Minnesota 55101-2130
katherine.moerke@ag.state.mn.us
Telephone: (651) 728-7174

**UNIVERSITY OF MINNESOTA GUN
VIOLENCE PREVENTION CLINIC**

MEGAN WALSH (#0394837)
Special Assistant Attorney General

University of Minnesota Law School
190 Mondale Hall
229 19th Avenue South
Minneapolis, MN 55455
Phone: 612-625-5515
wals0270@umn.edu

***Attorneys for State of Minnesota***

Respectfully submitted,

*/s/ Andrew P. Leiendecker*
Todd A. Noteboom (#0240047)
Andrew W. Davis (#0386634)
Sharon R. Markowitz (#0392043)
Andrew P. Leiendecker (#0399107)
Zachary J. Wright (#0402945)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
(612) 335-1500
todd.noteboom@stinson.com
andrew.davis@stinson.com
sharon.markowitz@stinson.com
andrew.leiendecker@stinson.com
zachary.wright@stinson.com

***Attorneys for Defendants***

- 92 -