UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| State of Minnesota by its Attorney General, Keith Ellison,<br><br>    Plaintiff,<br><br>  v.<br><br>Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC,<br><br>    Defendants. | Case No.: 0:22-cv-02694-JRT-JFD<br><br>**STATE OF MINNESOTA'S RESPONSE TO FLEET FARM'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

  The Supreme Court's June 5, 2025, decision in *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 605 U.S. __ (2025), has no impact on any of the issues raised by Fleet Farm's Motion for Summary Judgment. Contrary to Fleet Farm's arguments in its Notice of Supplemental Authority, *Smith & Wesson*'s analysis of *federal* aiding-and-abetting law is not relevant to this action, because the State's aiding-and-abetting claim is based on state law, not federal law.

  In *Smith & Wesson*, the Supreme Court held that Mexico's lawsuit did not satisfy PLCAA's predicate exception because Mexico did not adequately plead aiding-and-abetting under federal law: "[W]e find that Mexico has not plausibly alleged aiding and abetting on the manufacturers' part." Slip Op. at 7. To reach this holding, the Supreme Court evaluated the requirements of the federal criminal aiding and abetting statute, 18 U.S.C. § 2(a), and federal aiding-and-abetting law:

> [A]iding and abetting can qualify as a PLCAA predicate violation by virtue of another law assimilating an accomplice's liability to a principal's. The federal statute generally accomplishing that task is 18 U. S. C. §2(a) . . . . *So*

> *principles of aiding and abetting from the criminal law—establishing what counts as aiding and abetting and what does not—may determine whether a plaintiff can satisfy PLCAA's predicate exception and thus proceed with a civil suit otherwise barred.*

Slip Op. at 2–3 (emphasis added). *Smith & Wesson* decided nothing about the scope of PLCAA or PLCAA's predicate exception.

The Supreme Court's analysis of federal aiding-and-abetting law in *Smith & Wesson* that Fleet Farm discusses is not relevant to this action. *See* Slip Op. at 7-14 (discussing "[f]ederal aiding-and-abetting law" and evaluating whether Mexico's complaint satisfied the requirements of federal aiding-and-abetting law, including as discussed in *Twitter, Inc. v. Taamneh*, 598 U. S. 471, 493 (2023)). The State does not allege any violations of federal aiding-and-abetting law or the federal criminal aiding-and-abetting statute, 18 U.S.C. § 2(a).

One of the State's six claims is an aiding-and-abetting claim—aiding and abetting negligence per se, via the violation of several federal and state statutes and regulations (Count IV). But Count IV is based on the requirements for an aiding-and-abetting claim under Minnesota common law. *See Witzman v. Lehrman, Lehrman & Flom*, 601 N.W.2d 179, 187 (Minn. 1999) (setting forth the three requirements for a claim of aiding and abetting the tortious conduct of another under Minnesota law). Unlike Mexico's claims in *Smith & Wesson*, Count IV in this action is not based on 18 U.S.C. § 2(a) or any other federal standards.

Indeed, Fleet Farm only made arguments about Minnesota's aiding-and-abetting claim based on Minnesota common law in Fleet Farm's Motion for Summary Judgment.

Doc. No. 200 at 30 (page 23) (citing *Witzman*, 601 N.W.2d 179, and other decisions addressing Minnesota common law). Fleet Farm's Motion for Summary Judgment did not make any arguments about Minnesota's aiding-and-abetting claim based on any federal aiding-and-abetting law. *See generally id.* Now, a month after the conclusion of briefing on Fleet Farm's Motion for Summary Judgment, Fleet Farm suggests for the first time that federal aiding-and-abetting law applies to the State's aiding-and-abetting claim. *See* Doc. 239 at 1-3 (quoting language from *Smith & Wesson* regarding "[f]ederal aiding-and-abetting law" and wrongly asserting that "[t]he analysis in *Smith & Wesson* supports granting summary judgment on the State's aiding-and-abetting theory"). Further, Fleet Farm admits that *Smith & Wesson* addressed federal aiding-and-abetting law—not Minnesota common law. Doc. 239 at 3 ("*Smith & Wesson* discusses the federal aiding-and-abetting doctrine."). Fleet Farm's Notice of Supplemental Authority should be disregarded for this reason alone.

Moreover, even if federal aiding-and-abetting standards applied, which they do not, Fleet Farm would still not be entitled to summary judgment on the State's aiding-and-abetting claim. Unlike the allegations in the *Smith & Wesson* case, there is evidence in this case showing Fleet Farm's culpability. As the State demonstrated, Fleet Farm should have known that Horton and Elwood were straw buying based on substantial and specific evidence, and, despite this, Fleet Farm substantially assisted these straw buyers by repeatedly selling them numerous guns. Doc. No. 220 at 10-20.

Finally, Fleet Farm wrongly states that "the State has argued only that 'actual knowledge' is not required to prove aiding and abetting." Doc. No. 239 at 3 n.2. To the

3

contrary, the State argued that, "even if actual knowledge were required, there is evidence from which a reasonable jury could find that Fleet Farm knew that Horton and Elwood were straw buyers." Doc. No. 220 at 39-40.

For all these reasons, *Smith & Wesson* has no impact on Fleet Farm's Motion for Summary Judgment, which should be denied for all the reasons set forth in the State's prior briefing.

| | |
|---|---|
| Dated: July 3, 2025 | KEITH ELLISON<br>Attorney General<br>State of Minnesota<br><br>JAMES W. CANADAY (#030234X)<br>Deputy Attorney General<br><br>**/s/** *Katherine Moerke*<br>KATHERINE MOERKE (#0312277)<br>ERIC J. MALONEY (#0396326)<br>JASON PLEGGENKUHLE (#0391772)<br>Assistant Attorneys General<br><br>445 Minnesota Street, Suite 1200<br>St. Paul, Minnesota 55101-2130<br>james.canaday@ag.state.mn.us<br>Telephone: (651) 757-1421<br>katherine.moerke@ag.state.mn.us<br>Telephone: (651) 757-1288<br>jason.pleggenkuhle@ag.state.mn.us<br>Telephone: (651) 757-1147<br>eric.maloney@ag.state.mn.us<br>Telephone: (651) 757-1021<br><br>**UNIVERSITY OF MINNESOTA GUN VIOLENCE PREVENTION CLINIC**<br><br>MEGAN WALSH (#0394837)<br>Special Assistant Attorney General<br><br>University of Minnesota Law School<br>190 Mondale Hall<br>229 19th Avenue South<br>Minneapolis, MN 55455<br>Phone: 612-625-5515<br>wals0270@umn.edu<br><br>*Attorneys for State of Minnesota* |

5