# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

|  |  |
|---|---|
| State of Minnesota by its Attorney General, Keith Ellison,<br><br>    Plaintiff,<br><br>  v.<br><br>Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC,<br><br>    Defendants. | Case No.: 0:22-cv-02694-JRT-JFD<br><br>**FLEET FARM'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

Defendants Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC (together, "Fleet Farm"), hereby provide notice of supplemental authority relating to their Motion for Summary Judgment. *See* ECF Doc. 198.

On August 4, 2025, the Minnesota Court of Appeals issued a decision in *Shega v. American Bank of the North*, A25-0168, 2025 WL 2202721 (Minn. Ct. App. Aug. 4, 2025), affirming the grant of summary judgment on the appellant's aiding-and-abetting claim. *See id.* at *1. In *Shega*, appellant Estate of Cheryl M. Shega alleged that Laura and Stephen Craig had unduly influenced Cheryl Shega to designate Laura Craig as the payee-on-death ("POD") for certain certificate of deposit ("CD") funds, and that respondent American Bank of the North aided-and-abetted this wrongdoing by disbursing the CD funds to Laura Craig upon Shega's death. *See id.* at *1-4, 7. After explaining that neither the Minnesota Legislature nor Minnesota Supreme Court recognized the Estate's claim for "aiding and abetting the financial exploitation of a vulnerable adult," the court concluded that even assuming such a claim existed, the undisputed facts established the Estate could not satisfy

the *Witzman* test for imposing aiding-and-abetting liability.  *See id.* at *5, 7-10 (citing *Witzman v. Lehrman, Lehrman & Flom*, 601 N.W.2d 179 (Minn. 1999)).  Two aspects of the court's analysis are directly relevant here.

**First**, the court explained that under *Witzman*, an aiding-and-abetting claim requires "the defendant … **know** that the primary tort-feasor's conduct constitutes a breach of duty." *Id.* at *8 (citing *Witzman*, 601 N.W.2d at 187) (emphasis added).  Although the bank was aware of "concerns about how Laura [Craig] became the beneficiary of [Shega]'s CD" and that Shega "may have been exploited as a vulnerable adult," the court determined this showed only that the bank was "aware of the alleged undue influence."  *Id.* at *8.  This was insufficient, the court explained, because "[a]iding and abetting liability is based on proof of a scienter—the defendants must *know* that the conduct they are aiding and abetting is a tort," and "[a] 'bare inference that the defendant must have had knowledge of the primary violation is insufficient.'"  *Id.* (quoting *Witzman*, 601 N.W.2d at 186 (emphasis in original); *Camp v. Dema*, 948 F.2d 455, 459 (8th Cir. 1991)).  *Shega* confirms the State is wrong to assert actual knowledge is not required to prove an aiding-and-abetting claim under Minnesota law.  *See* ECF Doc. 220 at 38-39; ECF Doc. 229 at 9-10.

**Second**, the court explained "constructive knowledge" is not a basis to impose aiding-and-abetting liability absent evidence that: (1) "the primary tortfeasor's conduct is clearly tortious or illegal," **and** (2) the defendant has "a long-term or in-depth relationship with that tortfeasor."  2025 WL 2202721, at *8 (quoting *Witzman*, 601 N.W.2d at 188).  Appellant could not advance its aiding-and-abetting claim on a "constructive knowledge"

- 2 -

theory, the court explained, because there was no evidence in the summary judgment record suggesting the bank had "a 'long-term or in-depth relationship' with the Craigs." *Id.* at *9.

At summary judgment, it is the State's burden, ***not Fleet Farm's***, to point to specific, admissible evidence in the record purporting to create a material dispute of fact relevant to Fleet Farm's summary judgment arguments. *E.g.*, *Wilson v. Miller,* 821 F.3d 963, 967 (8th Cir. 2016); *Aery v. Nohre,* 688 F. Supp. 3d 862, 873 (D. Minn. 2023). Fleet Farm has explained that the State has failed to meet this burden in response to ***any*** of the legal issues raised in Fleet Farm's summary judgment papers.[1] ECF Doc. 229 at 2-9. As for the State's aiding-and-abetting claim, *Shega* confirms summary judgment should be granted because the record contains ***zero*** evidence that Fleet Farm actually knew Elwood or Horton were straw purchasing at the time of their transactions. *See* ECF Doc. 200 at 23-24, 26; ECF Doc. 229 at 9-10, 12. Just as the appellant in *Shega* failed to create a triable fact dispute regarding aiding-and-abetting liability based on evidence indicating the bank "was at least aware of the alleged undue influence," 2025 WL 2202721, at *8, here the State cannot withstand summary judgment by arguing Fleet Farm ***should have known*** Horton was straw purchasing on account of claimed "suspicious purchasing patterns" and

---

[1] For example, the State has not presented (and could not present) any evidence, testimony, or expert opinion in the summary judgment record suggesting Fleet Farm's alleged wrongdoing harmed a "substantial" or "considerable" number of Minnesotans or caused any general societal harm, *see* ECF Doc. 200 at 13-17, 21-23, or that Fleet Farm proximately caused any specific harms resulting from Horton's criminal conduct, *see id.* at 17-21. And it is undisputed that the State's own expert: (1) "do[es]n't believe that [Fleet Farm] willfully and knowingly allowed a straw purchase," ECF Doc. 205-4, Ex. P at 307:14-308:5; and (2) believes that sixteen of Fleet Farm's sales to Elwood and Horton were not wrongful, *see id.* at 204:20-206:1, 209:20-23, 213:12-24, 215:16-216:3.

one employee's "suspicions," ECF Doc. 220 at 39-40; *see also* ECF Doc. 200 at 23-24; ECF Doc. 229 at 9-10; *Zayed v. Associated Bank, N.A.*, 913 F.3d 709, 715 (8th Cir. 2019) (affirming grant of summary judgment on aiding-and-abetting theory where "[t]he summary judgment record contain[ed] no direct evidence [that defendant] knew of the Ponzi scheme" and plaintiff's own expert "stated that he agreed" there was no evidence of actual knowledge, rather than just "red flags").[2]  And *Shega* also confirms the State's "constructive knowledge" theory has no application because—even assuming the doctrine has been adopted by Minnesota courts[3]—the State has not (and cannot) put any evidence in the summary judgment record indicating that Fleet Farm had a long-term or in-depth relationship with Elwood or Horton.  *See id.* at *8-9; ECF Doc. 229 at 9-10.

---

[2] Fleet Farm has explained that for the same reason, the State has no evidence to support the "knowing" violations of any of the laws it invokes as the basis for its negligence claim. *See* ECF Doc. 200 at 25-27, 27 n.7; ECF Doc. 229 at 12.

[3] *See* ECF Doc. 229 at 9-10 (explaining *Witzman* merely observes that "some" ***other*** (non-Minnesota) courts recognize a "constructive knowledge" exception in limited circumstances, but does not adopt the exception (quoting *Witzman*, 601 N.W.2d at 188)).

Dated: August 13, 2025

Respectfully submitted,

*/s/ Andrew W. Davis*

Todd A. Noteboom (#0240047)
Andrew W. Davis (#0386634)
Andrew P. Leiendecker (#0399107)
Zachary J. Wright (#0402945)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
todd.noteboom@stinson.com
andrew.davis@stinson.com
andrew.leiendecker@stinson.com
zachary.wright@stinson.com

***Attorneys for Defendants***

230818853