# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| State of Minnesota by its Attorney General, Keith Ellison,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC,<br><br>　　　　　Defendants. | Case No.: 0:22-cv-02694-JRT-JFD<br><br>**FLEET FARM'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

Defendants Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC (together, "Fleet Farm"), hereby provide notice of supplemental authority relating to their Motion for Summary Judgment. *See* ECF Doc. 198.

On August 8, 2025, the United States District Court for the Eastern District of Virginia issued a decision in *Nansemond Indian Nation v. Commonwealth of Virginia*, __ F. Supp. 3d __, 2025 WL 2320358 (E.D. Va. Aug. 8, 2025). In that case, the Nansemond Indian Nation ("Nation") invoked *parens patriae* standing "to safeguard the rights and interests of its citizens, including their access to federally protected healthcare," alleging the Commonwealth of Virginia and certain state officials and agencies were "engaging in a retaliatory campaign" to obscure their claimed mismanagement of Medicaid funding by obstructing and withholding Medicaid reimbursements from its citizens. *Id.* at *3-4, 7. The court granted the defendants' motion to dismiss, concluding, among other things, that the Nation lacked *parens patriae* standing because it failed to allege the defendants' actions harmed a substantial segment of its population. *Id.* at *7.

- 1 -

Specifically, the court explained *parens patriae* standing requires, among other things, the plaintiff to show **more** than injury to "a narrow and definable class"—the plaintiff must establish the defendant's conduct injured "a sufficiently substantial segment of [its] population."[1]  *Id.* (cleaned up).  Applying these principles, the court held that the Nation's general allegations of harm to its citizens did not satisfy the "substantiality" requirement because the Nation did not allege "how many of [its] members [were] affected by [d]efendants' alleged actions, let alone how many [were] being deprived of healthcare." *Id.*  The court also explained that although the Nation alleged its citizens were being denied care, it did so in general terms, alleging only that "[t]ribal citizens—including children and elders—and other Medicaid-eligible patients in underserved areas [were] being deprived of crucial dental care," but failing to make "clear" who the "other Medicaid-eligible patients" were, or which "underserved areas" were being denied care.  *Id.*  The court held "[t]hese general allegations [were] not enough to support *parens patriae* standing."  *Id.*

*Nansemond Indian Nation* supports granting summary judgment on the State's common-law claims for lack of *parens patriae* standing.  At summary judgment, it is **the State's burden** to "substantiate [its] allegations with sufficient probative evidence that would permit a finding in [its] favor."  *Davidson & Assocs. v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005).  If the State cannot identify "evidence in the record" to counter Fleet Farm's

---

[1] Although *Nansemond Indian Nation* concerns a tribal nation's *parens patriae* authority, the scope of *parens patriae* authority is identical regardless of whether the plaintiff invoking the doctrine is a State or an Indian tribe.  *See id.* (explaining "[a] state may sue on behalf of its citizens as *parens patriae* when the interests of a group of citizens are at stake" and "[t]his doctrine is also available to Indian tribes").

arguments, summary judgment should be granted. *Wilson v. Miller*, 821 F.3d 963, 967 (8th Cir. 2016). Here, there is no evidence in the summary-judgment record showing injuries to "a substantial segment" of Minnesota's population. The State has not pointed this Court to any documentary evidence, deposition testimony, expert opinion, or third-party materials indicating Fleet Farm's alleged wrongdoing harmed a "substantial" number of Minnesotans or caused any general societal harm.[2] *See* ECF Doc. 200 at 13-15; ECF Doc. 229 at 3-4. And Fleet Farm has offered unrebutted expert testimony establishing that its alleged conduct "cannot be shown to be a significant cause of [any] alleged increase in gun trafficking or gun crime in Minnesota." ECF Doc. 205-4 at 143.

Just as general allegations of harm to citizens in *Nansemond Indian Nation* failed to satisfy *parens patriae*'s substantiality requirement, here the State's unsupported assertions of harm to Minnesotans do not establish *parens patriae* standing because there is no evidence in the summary-judgment record indicating Fleet Farm's actions harmed "a sufficiently substantial segment of [Minnesota's] population." *Nansemond Indian Nation*, 2025 WL 2320358, at *7. Rather, the summary-judgment record contains, at most, evidence of harm to a "narrow and definable class"—"the fifteen victims of the Truck Yard shooting (and, possibly, the three '[f]amily members who discovered a firearm purchased

---

[2] *Nansemond Indian Nation* recognized that evidence of intangible effects may satisfy the substantiality requirement. *See id.* Here, the State has **not** cited any evidence in the record supporting the notion that Fleet Farm's conduct has caused intangible harms to a "substantial segment" of Minnesota's populace. *See* ECF Doc. 220 at 27-31. The State offered no expert testimony on this topic, and the summary-judgment record contains no evidence to support finding an "intangible" harm.

from Fleet Farm in their yard')," ECF Doc. 200 at 13—which is insufficient to establish *parens patriae* standing. *Nansemond Indian Nation,* 2025 WL 2320358, at *7.

Dated: August 18, 2025                Respectfully submitted,

                                      */s/ Andrew W. Davis*
                                      Todd A. Noteboom (#0240047)
                                      Andrew W. Davis (#0386634)
                                      Andrew P. Leiendecker (#0399107)
                                      Zachary J. Wright (#0402945)
                                      STINSON LLP
                                      50 South Sixth Street, Suite 2600
                                      Minneapolis, MN 55402
                                      (612) 335-1500
                                      todd.noteboom@stinson.com
                                      andrew.davis@stinson.com
                                      andrew.leiendecker@stinson.com
                                      zachary.wright@stinson.com

                                      ***Attorneys for Defendants***