UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| State of Minnesota by its Attorney General, Keith Ellison,<br><br>Plaintiff,<br><br>v.<br><br>Fleet Farm LLC, Fleet Farm Group LLC, and Fleet Farm Wholesale Supply Co. LLC,<br><br>Defendants. | Case No.: 0:22-cv-02694-JRT-JFD<br><br>**STATE OF MINNESOTA'S NOTICE OF SUPPLEMENTAL AUTHORITY AND RESPONSE TO FLEET FARM'S NOTICES OF SUPPLEMENTAL AUTHORITY** |

**I.** *State of Minnesota v. Glock, Inc. & Glock Ges.m.b.H.*, **No. 27-CV-24-18827, 2025 WL 2531619 (Minn. Henn. Cty. Aug. 21, 2025)**

On August 21, 2025, a Hennepin County District Court decision fully denied a motion to dismiss a lawsuit brought by the State of Minnesota against two firearm manufacturer defendants. *See generally State of Minnesota v. Glock, Inc. & Glock Ges.m.b.H.*, No. 27-CV-24-18827, 2025 WL 2531619 (Minn. Henn. Cty. Aug. 21, 2025) (Order Denying Defendants' Motions to Dismiss). This decision supports denying Fleet Farm's Motion for Summary Judgment.

The *Glock* decision rejected the argument that PLCAA barred the lawsuit and rejected dismissal of many of the same claims the State has brought against Fleet Farm in this action—public nuisance, aiding-and-abetting, negligence, and negligence per se claims under Minnesota law. In particular, the *Glock* decision rejected two of the exact same arguments Fleet Farm makes with respect to proximate cause and negligence per se.

First, just like Fleet Farm does in this case, Glock argued "that third-party criminals are the sole proximate cause of the State's injury." *Glock*, 2025 WL 2531619, at *6–7. The court rejected this argument because the relevant third-party criminal conduct in that lawsuit is alleged to be foreseeable and "thus said acts cannot be superseding, intervening causes." *Id*. at *7. The *Glock* decision also recognized that "[t]he existence of proximate cause in a particular case is a question of fact for the jury to decide." *Id*. at *6 (citing *Norberg v. Northwestern Hosp. Ass'n*, 270 N.W.2d 271, 274 (Minn. 1978)).

Likewise here, in the State's case against Fleet Farm, there is evidence that the criminal conduct of straw buyers and others was foreseeable to Fleet Farm because of the multiple warning signs of straw buying that were present during Fleet Farm's sales of multiple, similar guns to straw buyers. The issue of proximate cause is a question for the jury, along with the State's multiple claims against Fleet Farm.

Second, just like Fleet Farm does in this case, Glock argued that criminal provisions that do not provide for civil liability cannot be the basis of a negligence per se claim on the basis of *Kronzer v. First Nat. Bank of Minneapolis*, 235 N.W.2d 187, 192–93 (1975). *Glock*, 2025 WL 2531619, at *9–10. The *Glock* decision relied on this Court's June 2023 decision rejecting this same argument in denying Fleet Farm's Motion to Dismiss. *Id*. at *9 (quoting *Minnesota v. Fleet Farm LLC*, 679 F. Supp. 3d 825, 847 (D. Minn. 2023), for "analyzing the exact argument presented to this Court by Defendants").

## II.  Fleet Farm's August 13, 2025 Notice of Supplemental Authority (Doc. 245)

The recent nonprecedential decision[1] issued by the Minnesota Court of Appeals, *Shega v. American Bank of the North*, A25-0168, 2025 WL 2202721 (Minn. Ct. App. Aug. 4, 2025), does not support Fleet Farm's Motion for Summary Judgment.

As *Shega* confirms, *Witzman*—the precedential Minnesota Supreme Court decision on aiding-and-abetting liability—does not require actual knowledge for an aiding-and-abetting claim under Minnesota law. *See Shega*, 2025 WL 2202721, at *8–9 (first addressing whether the defendant bank in that case had "actual knowledge" and then addressing whether the bank could "be said to have constructive knowledge"); *see also Witzman v. Lehrman, Lehrman & Flom*, 601 N.W.2d 179, 188 (Minn. 1999) (referring to the "*requisite degree* of knowledge" (emphasis added) and indicating that "constructive knowledge" could satisfy the "knowledge" requirement under certain circumstances, including "a facial breach of duty").

As the State has demonstrated, there is ample evidence from which a jury could find that Fleet Farm aided and abetted straw purchasers based on Fleet Farm's actual or constructive knowledge and substantial assistance in repeatedly selling handguns to straw purchasers over the course of years and several transactions.

---

[1] "Nonprecedential opinions and order opinions are not binding authority except as law of the case, res judicata or collateral estoppel, but nonprecedential opinions may be cited as persuasive authority." Minn. R. Civ. App. P. 136.01, subd. 1(c).

### III. Fleet Farm's August 18, 2025 Notice of Supplemental Authority (Doc. 246)

The decision from a federal court in Virginia, *Nansemond Indian Nation v. Commonwealth of Virginia*, __ F. Supp. 3d __, 2025 WL 2320358 (E.D. Va. Aug. 8, 2025), that a tribal nation does not have *parens patriae* standing does not support Fleet Farm's Motion for Summary Judgment. *Nansemond Indian Nation* breaks no new ground and simply applies the standards set forth in *Alfred L. Snapp & Son, Inc. v. Puerto Rico*, 458 U.S. 592, 607-609 (1982)).

For the reasons set forth in the State's briefing, the State's interest in protecting the Minnesota public at large from the effects, both direct and indirect, of actual and potential gun violence attributable to Fleet Farm's sale of guns to straw purchasers more than satisfies *Snapp*. The State has standing.

Dated: September 5, 2025

KEITH ELLISON
Attorney General
State of Minnesota

JAMES W. CANADAY (#030234X)
Deputy Attorney General

**/s/** *Katherine Moerke*
KATHERINE MOERKE (#0312277)
ERIC J. MALONEY (#0396326)
JASON PLEGGENKUHLE (#0391772)
Assistant Attorneys General

445 Minnesota Street, Suite 1200
St. Paul, Minnesota 55101-2130
james.canaday@ag.state.mn.us
Telephone: (651) 757-1421
katherine.moerke@ag.state.mn.us
Telephone: (651) 757-1288
jason.pleggenkuhle@ag.state.mn.us
Telephone: (651) 757-1147
eric.maloney@ag.state.mn.us
Telephone: (651) 757-1021

**UNIVERSITY OF MINNESOTA GUN VIOLENCE PREVENTION CLINIC**

MEGAN WALSH (#0394837)
Special Assistant Attorney General

University of Minnesota Law School
190 Mondale Hall
229 19th Avenue South
Minneapolis, MN 55455
Phone: 612-625-5515
wals0270@umn.edu

*Attorneys for State of Minnesota*